USDS SDNY
DOCUMENT
ELECTRONICALLY FIL..
DOC #: _____
DATE FILED: 12-15-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――――

JEANNETTE HAUSLER, et al().        )
                                   )   09 Civ. 10289 (VM)
                                   )
                                   )
               Petitioner,         )   [PROPOSED] ORDER
                                   )   COMPELLING TURNOVER
       v.                          )   OF FUNDS PURSUANT TO
                                   )   FED. R. CIV. P. 69 AND
                                   )   NY CPLR § 5225(B)
JP MORGAN CHASE BANK, N.A,         )
CITIBANK, N.A. and UBS AG          )   Related to JPM Chase/Citibank
                                   )   Turnover Proceeding
               Garnishee-Respondents. )
                                   )
――――――――――――――――――――――――――

WHEREAS, by Order and Judgment of this Court, dated September 24, 2008, a Florida federal judgment was duly registered in this Court, which was entered by the United States District Court for the Southern District of Florida, which granted full faith and credit to an Amended Final Judgment that the Eleventh Judicial District in and for Miami-Dade County, Florida, entered in favor of Petitioner Jeanette Hausler ("Petitioner" or "Hausler") and against Defendants-Judgment Debtors The Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, and the Cuban Revolutionary Armed Forces (the "Judgment Debtors"), awarding total damages against the Judgment Debtors in the amount of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, including interest at the rate of 9% per year from the date of entry of the judgment until satisfied, of which $94,960,136.78 of the compensatory damages and of which $300,000,000.00 of the punitive damages remains unsatisfied, not including interest accruing on and after the date of the judgment (the "Hausler Judgment");

WHEREAS Petitioner, by and through her respective attorneys, having commenced a separate proceeding pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note and pursuant to N.Y. C.P.L.R. § 5225(b), made applicable through Fed. R. Civ. P. 69, to enforce her judgment against Judgment Debtors, seeks to compel Garnishee-Respondent JPMorgan Chase Bank, N.A. ("JPM Chase") to turn over to the United States Marshal certain funds held in the accounts specified below, in amounts not to exceed in the aggregate $94,960,136.78 plus accrued interest;

WHEREAS, the Petition and Amended Petition were filed on July 22, 2010 with the Clerk of the Court for service on Judgment Debtor the Republic of Cuba pursuant to Section 1608 of the FSIA by way of a mailing by the Clerk of the Court by registered mail;

WHEREAS, the service on Judgment Debtor the Republic of Cuba was supplemented by filing a request on July 26, 2010 and causing the Clerk of the Court to serve the Petition and the Amended Petition on the Republic of Cuba by using DHL Express to effect service thereof, which service was duly acknowledged on behalf of the Republic of Cuba on August 2, 2010;

WHEREAS, Petitioner caused the Clerk of the Court to issue a Writ of Execution based on her Judgment and thereafter deliver such Writ of Execution to the United States Marshal;

WHEREAS, the United States Marshal has levied upon JPM Chase by delivering the Petitioner's Writ of Execution to it, and such Writ remains in place as of the date of this Order;

WHEREAS, an account is maintained at JPM Chase containing funds that belong or that may belong, on information and belief, to Judgment Debtor the Republic of Cuba, and that are or may be therefore subject to the Petition and Amended Petition, namely: Republic of Cuba Interest Account T7161 (Account No. 125259.1), with a balance of approximately $3,569,448.54 as of

March 6, 2008, which is a sinking fund (hereinafter "the Sinking Fund") established to pay principal and interest on the Republic of Cuba's 4-1/2% Bonds of the External Debt of the Republic of Cuba, 1937-1977 (the "4-1/2% External Debt Bonds");

WHEREAS, the funds held in the aforementioned Sinking Fund have been blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the CACRs"), as issued by the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC");

WHEREAS, the Judgment Debtor the Republic of Cuba has not responded to the Petition or the Amended Petition;

WHEREAS, on August 13, 2010, Garnishee-Respondent JPM Chase filed a Third-Party Petition Alleging Claims in the Nature of Interpleader ("Interpleader Petition") in an attempt to bring before this Court all claimants to the Sinking Fund pursuant to CPLR §§ 5239 and 6221;

WHEREAS, on motion of JPM Chase, this Court ordered on September 9, 2010 that JPM Chase provide notice by first class mail to third parties known or believed to claim an interest in the Sinking Fund, namely the holders of the 4-1/2% External Debt Bonds, and to publish notice in the Wall Street Journal and the Miami Herald, thereby giving notice of this proceeding to such third party holders of the 4-1/2% External Debt Bonds who may claim an interest in the Sinking Fund;

WHEREAS, JPM Chase provided the requisite notice as provided in the declaration as to publication and mailing of notice dated November 5, 2010;

WHEREAS, in accordance with the terms set forth in the Court's September 9, 2010 Order, and pursuant to the published and mailed notices directed to the holders of the 4-1/2% External Debt Bonds, the holders were required, inter alia, to provide written notice of their

3

claims to amounts in the Sinking Fund (and specified information in support of their claims) no later than October 31, 2010 to counsel for both JPM Chase and the Petitioner, and, on or before November 30, 2010, to file an answer to the Interpleader Petition, or to otherwise intervene in the proceeding;

WHEREAS, as of the end of business on November 4, 2010, counsel for both JPM Chase and the Petitioner had each received notice of four claims by third parties purporting to claim interest in amounts in the Sinking Fund;

WHEREAS, by Order entered November 8, 2010, this Court ordered JPM Chase to turnover within 15 business days $2,969,448.54 plus interest accrued thereon since March 6, 2008 and to reserve the remainder ($600,000 plus interest accrued thereon since March 6, 2008) to satisfy any claims asserted by the four claimants;

WHEREAS, on December 3, 2010, JPM Chase delivered a check in the amount of $3,011,191.10 – i.e., $2,969,448.54 plus interest accrued thereon since March 6, 2008 – to the U.S. Marshal's Service in the Southern District of New York as ordered by this Court;

WHEREAS, it now appears that none of the four claimants provided timely notice which complied with the directives of this Court's September 9 Order, in particular, each such notice failed to disclose information in support of their claim, as specified in this Court's September 9 Order;

WHEREAS, none of these four claimants has filed an answer to the Interpleader Petition as of November 30, 2010, or otherwise intervened in the proceeding, as required by this Court's September 9 Order, and none of these four claimants has sought leave from this Court to file out

of time or to be relieved of the obligation to answer the Interpleader Petition or otherwise to intervene;

WHEREAS, this proceeding, based on Petitioners' Petition and Amended Petition for turnover, having regularly come on to be heard before the Hon. Victor Marrero of the United States District Court for the Southern District of New York, held at the courthouse thereof, located at 500 Pearl Street, New York, New York, on December__, 2010, and the issues in that proceeding having duly come on to be heard and the Petitioner having duly appeared by her attorneys, and the Judgment Debtor the Republic of Cuba having received notice thereof, and Garnishee-Respondent JPM Chase having appeared through its counsel; and

NOW THEREFORE, IT IS HEREBY DETERMINED, based upon the record herein that:

(a) As set forth in the Judgment, the Hausler Judgment is against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of the Terrorism Risk Insurance Act, Pub. L. 107-297, and as set forth in the Judgment it is based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under 28 U.S.C. § 1605(a)(7);

(b) Hausler has fully complied with all requirements of service of pleadings upon and/or notice to the Republic of Cuba in accordance with 28 U.S.C. §1608;

(c) The supplemental service by DHL Express constitutes good and sufficient service within the meaning of Section 1608 of the FSIA;

(d) As determined by the Order for Immediate Issuance of Writ of Execution issued by the United States District Court for the Southern District of New York on March 26, 2009, a reasonable period of time has elapsed following the entry of the Hausler Judgment and the giving of notice to Judgment Debtor the Republic of Cuba in accordance with 28 U.S.C. §1608(e);

5

  (e)  The Judgment Debtors have not appeared in this action;

  (f)  In accordance with Section 201 of the Terrorism Risk Insurance Act ("TRIA"), the blocked assets of a terrorist party (which are statutorily defined to include the blocked assets of any agency or instrumentality of that terrorist party) may be executed upon to satisfy a judgment against that terrorist party to the extent of any compensatory damages awarded by that judgment and that, therefore, the Hausler Judgment may be satisfied by execution against the blocked assets of the Republic of Cuba or any agency or instrumentality of the Republic of Cuba;

  (g)  Garnishee-Respondent JPM Chase maintains the Sinking Fund Account that is the subject of this Petition: Republic of Cuba Interest Account T7161 (Account No. 125259.1), with a balance of approximately $3,569,448.54 as of March 6, 2008;

  (h)  The Sinking Fund has been, and is currently, designated as blocked property within the meaning of TRIA and the funds held in the Sinking Fund (a) to which no claim has arguably been made, or (b) for which no claim has arguably been filed, are or may therefore be deemed to constitute assets of the Republic of Cuba within the meaning of Section 201 of TRIA;

  (i)  Notice was given by publication and first class mail to the holders of the Republic of Cuba's 4-1/2% External Debt Bonds as provided for in the Court's September 9, 2010 order;

  (j)  By Order dated November 5, 2010, this Court ordered that the Petitioner was entitled to execute her judgment against the Sinking Fund, and that the amount of the Fund as to which no third party had given time notice was to be transferred by JPM Chase to Petitioner, and that JPM Chase reserved the remaining balance pending further Order by this Court;

(k) No third party has given a timely notice of claim that complies with this Court's September 9 Order, and no third party has filed a timely answer or other responsive pleading to the Interpleader Petition, as required by that Order;

(l) None of the blocked Funds being made subject to a turnover order consists of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(m) In accordance with Section 201 of TRIA, the blocked assets of the Republic of Cuba (including the blocked assets of its agencies and instrumentalities) are not immune from execution in satisfaction of the Hausler Judgment under any provision of the Foreign Sovereign Immunities Act, including, but not limited to, 28 U.S.C. §§ 1610 and 1611(b);

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That judgment be entered in favor of Petitioner Hausler and against JPM Chase, in its capacity as garnishee, directing JPM Chase to turn over to the United States Marshal the entire balance of the Sinking Fund (including all principle amounts and accrued interest thereon), to the fullest extent not previously transferred as of this date in accordance with this Court's Order of November 5, not to exceed $94,960,136.78; and

2. JPM Chase shall be entitled to an award of its reasonable costs and attorneys fees in an amount to be agreed upon with the Petitioner or to be awarded by the Court upon application;

3. That within fifteen (15) business days of service of this Order, JPM Chase turn over the funds specified in sub-paragraph (1) above to the Marshal; and

4. That within fifteen (15) business days of receipt from JPM Chase of the funds specified in sub-paragraph (1) the Marshal shall transfer such funds to Hausler in accordance with such payment instructions as may be provided jointly by counsel of record for Hausler;

5. That within fifteen (15) business days of receipt of funds from the Marshal, or within 15 business days from the date on which the Court approves an amount agreed upon for the award, counsel for Petitioner or Petitioner shall pay over to JPM Chase from the amount referred to above the amount agreed upon or awarded by the Court;

6. That, upon compliance with this Order, Garnishee-Respondent JPM Chase shall be fully discharged pursuant to CPLR §§ 5209 or 6204, as applicable, from any and all obligations or other liabilities to the Republic of Cuba or to any other party with respect to claims to the funds contained in the Sinking Fund, including, without limitation,

(a) any holder of the Republic of Cuba's 4-1/2% External Debt Bonds who failed to provide a notice of claim to funds held in the Sinking Fund account prior to the October 31, 2010 deadline,

(b) those holders of the Republic of Cuba's 4-1/2% External Debt Bonds who provided a notice of claim prior to the October 31, 2010 deadline but did not perfect that claim because they failed to serve and file an answer to the August 13, 2010 Third-Party Petition Alleging Claims in the Nature of Interpleader prior to the November 30, 3010 deadline or to otherwise intervene in the proceeding—Claimants Hugh E. Stancil, Mrs. Rudolph Rubert, and Peter and Elaine Censorio, and

8

(c)   those holders of the Republic's 4-1/2% External Debt Bonds who provided a notice of claim prior to the October 31, 2010 deadline and served but did not file an answer to the Interpleader Petition or otherwise intervene in the proceeding prior to the November 30, 2010 deadline, i.e., Claimants Fernando and Marianela Arans, all of which funds are now being made subject to turnover, to the full extent of such amounts so held and paid to the Marshal in accordance with this Order, and it is further ordered that upon the compliance by JPM Chase with this Order, each and every party to this proceeding, as well as any holder of the Republic of Cuba's 4-1/2% External Debt Bonds, known or unknown, is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against JPM Chase in any jurisdiction arising from or relating to any claim to the blocked assets held in the Sinking Fund account which JPM Chase turns over to the Marshal in compliance with this Order.

ENTER: 15 December 2010

_____
Victor Marrero
U.S.D.J.

SO ORDERED.

12-15-10
DATE          VICTOR MARRERO, U.S.D.J.