# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------

JOHN H. LARY, JR.,

      Plaintiff,

vs.

THE REPUBLIC OF CUBA, a foreign government

      Defendant.

------------------------------------

Civil Action
No. 86-0028

      MICHAEL KRINSKY, being an attorney duly admitted to the practice of law, affirms under penalty of perjury that the following is true and accurate to the best of his knowledge and belief:

      1. I am a member of the firm of Rabinowitz, Boudin, Standard, Krinsky and Lieberman, P.C., attorneys for the defendant Republic of Cuba. My firm has represented the Republic of Cuba and its agencies and instrumentalities in all matters concerning the United States for the last twenty-five years. Together with Garfinkle, Liotta, Finklestein & Dranitzke of Washington, D.C., we represent the Republic of Cuba in this action.

      2. I submit this affirmation in support of defendant's motion for an extension of time to answer or to file Rule 12(b) motions.

3. Plaintiff pro se filed his complaint on August 22, 1985 in the United States District Court for the Northern District of Alabama. Invoking the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 et seq., plaintiff seeks recovery against defendant, a foreign sovereign, for the unpaid principal and interest on two series of Republic of Cuba bonds issued in 1937 and 1953 and payable solely in Havana and New York. To our knowledge, this is the first action brought on these bonds despite the passage of twenty-five years since the Republic of Cuba's last payment on them in 1960 and 1961.

4. On November 12, 1985, defendant filed a motion under Rule 12(b)(3) of the Federal Rules of Civil Procedure and under 28 U.S.C. §1406(a) to dismiss or, in the alternative, to transfer the action on the ground that plaintiff pro se had improperly placed venue in the Northern District of Alabama. On December 27, 1985, that Court entered an order granting defendant's motion under 28 U.S.C. §1406(a) and ordering that the action be transferred to the District of Columbia, a proper venue under 28 U.S.C. §1391(f)(4). That order is appended hereto as Exhibit A. Notice of that order was served on defendant's counsel by mail.

5. Under Rule 12(a), the Northern District of Alabama's disposition of defendant's venue motion triggered a ten-day period "after notice of the court's action" for

- 2 -

defendant to serve a responsive pleading, "unless a different time is fixed by the court." Because notice of that court's order was served by mail, Rule 6(e) extends defendant's time to answer by three days. In addition, because the ten-day period covers three weekends and one legal holiday (New Year's Day), Rule 6(a) extends defendant's time to answer by seven additional days. Defendant thus automatically has twenty days from December 26, 1985, in which to serve a responsive pleading.

6. Defendant now moves for twelve additional days to serve a responsive pleading. Good cause for such an extension is shown by the complexity and number of the grounds for dismissal which defendant intends to assert in its contemplated pre-answer motion under Rule 12(b), *viz.*:

    a. That the court lacks personal and subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§1604-1608.

    b. That the court lacks personal jurisdiction under the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

    c. That the court lacks subject matter jurisdiction under the terms of the indenture agreement incorporated by reference in the bond at issue.

- 3 -

      d.    That the Act of State doctrine bars the claim.

      e.    That the action is time-barred by statute of limitations.

      f.    That the plaintiff cannot bring suit by reason of his failure to obtain a Treasury Department license as required by the Cuban Assets Control Regulations.

7. Given the range and complexity of these issues, there is good cause for this court to grant defendant's request for an extension of time to answer in order for counsel to prepare and brief the contemplated motion.

8. Plaintiff *pro se* served a Request for Admission of Facts with his complaint. In order to respond to those requests, defendant's counsel would have to consult in Havana and otherwise to undertake substantial factual investigation. It would be unduly burdensome and expensive to require defendant to respond to the requests at this time, because they do not appear to be pertinent to the dispositive defenses defendant intends to raise in its Rule 12(b) motion and because they would be rendered moot if that motion is granted. Accordingly, defendant requests an extension of time to respond to the requests until twenty days after this court's disposition of defendant's Rule

- 4 -

12(b) motion. Alternatively, defendant requests that the court defer decision as to whether to grant such an extension until defendant has filed its Rule 12(b) motion, at which time the court can assess whether responses to the requests for admissions should be ordered prior to disposition of that motion.

WHEREFORE, it is prayed that the instant motion be granted.

                                    _____
                                    MICHAEL KRINSKY, ESQ.

Dated:  New York, New York
        January 7, 1986