

RECEIVED
JAN 20 2011
CHAMBERS OF
JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

| | |
|---|---|
| JEANETTE HAUSLER, | Index No. M18-302 |
|  | Civil Action No. 09 Civ. 10289 |
| Petitioner, | (VM) (S.D.N.Y.) |
| -against- | Republic of Cuba, |
|  | Judgment Debtor |
| THE REPUBLIC OF CUBA, et al., |  |
|  | **CONFIDENTIALITY** |
| Respondents. | **STIPULATION** |
|  | **AND ORDER** |

----------------------------------------x

WHEREAS Petitioner, as Plaintiff in her own right and as Successor Personal Representative of the Estate of Robert Otis Fuller, Deceased, has brought suit against Defendants the Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, the Cuban Revolutionary Armed Forces, and El Ministro del Interior (collectively, "Cuba"), in the Eleventh Judicial District in and for Miami-Dade County, Florida, and has recovered a judgment against Cuba in the amount of $400,000,000.00 (the "Judgment"); and

WHEREAS the Judgment was granted Full Faith and Credit by the United States District Court for the Southern District of Florida, and was thereafter duly registered by Petitioner with the United States District Court for the Southern District of New York on September 24, 2008; and

WHEREAS Petitioner is seeking to obtain discovery, documents and information from, and has served an information subpoena on, non-party The Bank of New York Mellon ("BNY Mellon"), and Petitioner may hereafter seek to obtain further discovery, documents and information from BNY Mellon, whether prior to or in the course of legal proceedings against BNY Mellon; and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/11

WHEREAS the information and documents that the Petitioner is seeking or may hereafter seek to obtain from BNY Mellon may constitute or contain confidential and/or proprietary information, and BNY Mellon may, in the event of litigation, seek discovery from Petitioner that Petitioner may consider to be or to contain confidential and/or proprietary information; and

WHEREAS, the parties to this Stipulation and Order have agreed to establish procedures that will protect the confidentiality and the proprietary nature of such documents and information, as set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for Petitioner and BNY Mellon (hereinafter Petitioner and BNY Mellon will be referred to collectively as the "Parties") on behalf of themselves and their clients, as follows:

1. Except as hereinafter provided, the Parties and their counsel agree that the responses to information subpoenas, interrogatory answers, documents, witness testimony and other items or information produced or otherwise provided or disclosed by any of the Parties, their present and former officers or employees or their counsel to any of the other Parties or their counsel, if designated by any of the Parties or its counsel as "Confidential," and the information contained therein (collectively, the "Confidential Information"), shall be confidential, and shall be maintained in confidence and not disclosed to anyone (except as permitted under paragraphs 7 and 12 hereof) other than (1) attorneys with the law firms representing any of the Parties in connection with any matter within the scope of the Permitted Purpose (as that term is defined below) and (2) other persons as specified in paragraph 5 below.

2

2.  The Parties and their counsel further agree that except as provided below, Confidential Information shall be used only for the purposes of (1) seeking to execute on or satisfy the Judgment or (2) prosecuting or defending any action brought to enforce the Judgment (the "Permitted Purpose"), and not for any other purpose. Without limiting the foregoing, Confidential Information shall not be used for any commercial, business or competitive purpose whatsoever or the purpose of prosecuting or defending any other action outside of the scope of the Permitted Purpose, except to the extent permitted by paragraph 12 hereof.

3.  Confidential Information may be designated as such by the Party producing, serving or providing it or by such Party's counsel by marking the first page of a document, or the confidential pages or portions of a page, with the word "CONFIDENTIAL" at the time the document is produced, served or provided, or by otherwise designating the information, testimony or other item as Confidential Information at the time it is produced, served, provided or otherwise created, imparted or disclosed (or at any time thereafter, in accordance with the provisions of paragraph 11).

4.  Parties and their counsel will designate as "Confidential" only documents, information, and other material (1) that the person making the designation believes in good faith contains or reflects trade secrets, confidential, customer or proprietary information or information covered by a legitimate privacy right or interest of such Party or that Party's customers, clients, employees or agents, or (2) that a third party, including but not limited to the Office of Foreign Assets Control of the United States Department of the Treasury, has disclosed, provided or produced on the condition

3

or understanding that such information and/or documents will be kept confidential or has requested be treated as confidential.

5. Persons to whom Confidential Information is produced, provided or made available may not disclose or provide such Confidential Information to any person other than those specified in paragraph 1 above, except to the following:

    a. The Court and Court personnel;

    b. Counsel retained or employed by the Parties to the extent necessary for the Permitted Purpose, including the paralegals, employees and agents of such counsel as necessary to assist such counsel in any matter within the scope of the Permitted Purpose;

    c. The Petitioner, to the extent necessary for the Permitted Purpose, provided that Petitioner has signed an agreement in the form of Appendix A hereto to be bound by this Stipulation and Order prior to receiving access to Confidential Information;

    d. Officers and employees of any of the Parties, to the extent necessary for the Permitted Purpose;

    e. Experts retained by any of the Parties or that Party's counsel to give testimony, submit an affidavit or declaration or act as non-testifying consultants or advisors with respect to any legal proceedings that come within the scope of the Permitted Purpose, provided that such experts

4

sign an agreement in the form of Appendix A hereto to be bound by this Stipulation and Order;

f.  Such other persons as are agreed to in writing by the Party that originally produced, provided or disclosed or is the source of the Confidential Information in question (the "Source Party") (and limited to the Confidential Information produced, provided or disclosed by said Party or that said Party is the source of), on such conditions, including an agreement by the person receiving the Confidential Information, in the form of Appendix A hereto, to be bound by and subject to this Confidentiality Order, as the Party agreeing in writing to permit such other person to receive Confidential Information may impose; and

g.  Such other persons as are agreed to in writing by all of the Parties to this Stipulation and Order.

6.  The production of any document or information designated as "Confidential" and/or the designation of any document or information as "Confidential" shall not constitute an admission by the Party producing the document and/or information or making the designation or waive any rights of the producing or designating Party with respect to the propriety of its disclosure or its relevance. Nothing in this Stipulation and Order shall be construed as precluding a Party producing Confidential Information from objecting to, or waiving any objection to, any use of Confidential Information.

5

7. Nothing in this Stipulation and Order shall limit or restrict any of the Parties in any way in complying with their obligations under the laws and regulations of the United States, any of the states of the United States or any foreign nation or in producing or disclosing Confidential Information in response to a court order, subpoena, formal discovery request in legal proceedings or request from a governmental or regulatory organization, or as otherwise required by law or regulation. If the disclosure of Confidential Information is sought or directed in a court order, motion, application for a court order, subpoena or discovery request in litigation that is not directed to the Source Party of the Confidential Information, the Party from whom Confidential Information is being sought shall make reasonable efforts, if lawfully permitted to do so, (1) to provide prompt notice of any such court order, motion, application for such an order, subpoena or discovery request, and a copy of any such court order, motion papers, application, subpoena or discovery request, to the Source Party of the Confidential Information and (2) to cooperate with the Source Party in its efforts to prevent or limit the disclosure of such Confidential Information (provided that the Party from which the Confidential Information is sought shall have no obligation to seek relief from any Court, disobey a Court order or expose itself to a substantial risk of penalties for non-compliance with a Court order, compulsory process or any law or regulation).

8. If a Party producing, providing or disclosing Confidential Information inadvertently produces, provides or discloses material that it considers to be protected by any privilege or immunity, including, without limitation, the attorney-client and work product privileges, the fact of such production shall not constitute or be deemed a waiver of any such privilege or immunity. The Party producing, providing or

6

disclosing such Confidential Information shall notify the Party to whom such material was produced, and the recipient of the material shall promptly return such material, and all copies thereof, to the producing Party and shall not maintain any documents or information which refer to, or make use of in any way, the inadvertently produced material. In the event a Party wishes to challenge an assertion of privilege or immunity with respect to any inadvertently produced material, the Party shall not assert the production of such material as the basis for a claim of waiver of any such privilege or immunity.

9. In the event that any Party disagrees at any stage of these proceedings with any designation of Confidential Information as Confidential, the Parties shall try first to resolve such dispute in good faith on a consensual basis. If the dispute cannot be resolved, any Party may apply to the Court for an order determining whether the Confidential Information is properly designated as Confidential. Parties shall not be obligated to challenge the propriety of a Confidential designation at the time it is made, and a failure to do so at that time shall not preclude a subsequent challenge thereto.

10. Prior to the use of any Confidential Information at any hearing to be held in open court, counsel shall provide reasonable notice to counsel to the Party that produced and designated the Confidential Information and allow such counsel the opportunity to object to the disclosure of Confidential Information in open court. Any Confidential Information filed with or referred to in any motion papers or other documents filed with the Court shall be filed under seal.

11. Documents, testimony and other items or information produced, served, provided or otherwise imparted or disclosed without a designation as

7

"Confidential" may be retroactively designated by notice in writing, or on the record at a deposition or in court, clearly specifying the matter so designated, and all documents, testimony and other items and information so designated shall be treated as Confidential Information from the date when such notice is provided.

12. As used in this paragraph, (a) the term "Affected Person" shall mean a person or entity that is reflected in records of BNY Mellon, or the records of any of its customers, as being the nominal or beneficial owner of a blocked deposit account at one of the Banks, or a party to a wire transfer that was routed through and blocked by one of the Banks, or as having an interest in funds on deposit in a blocked account at one of Banks or the proceeds of a wire transfer that are being held by one of the Banks, and shall also include Cuba, which shall be deemed to have an interest in all of the Assets (as that term is defined below), and (b) the term "Assets" shall include accounts, wire transfers, wire transfer proceeds, funds, sums of money and other assets being held by one of the Banks. Notwithstanding any other provision of this Stipulation and Order, (1) nothing in this Stipulation and Order shall limit or restrict in any way the right of BNY Mellon or its officers, employees or counsel to disclose or make use of Confidential Information that was in their possession before they were provided with such Confidential Information by one of the Parties; (2) nothing in this Stipulation and Order shall limit or restrict in any way the right of BNY Mellon or its officers, employees or counsel to disclose Confidential Information to the Banks' customers, or to any Affected Person, with respect to any deposit account in the name of that Affected Person, any funds transfer that involved that Affected Person as a party or otherwise, or any Assets in which that Affected Person may have an interest, as reflected in information available to said Bank,

8

(3) nothing in this Stipulation and Order shall limit or restrict in any way the right of the Parties or their officers, employees or counsel to disclose to any Affected Person that a litigation has been commenced that may affect the interest of such Affected Person in any Assets or result in the turnover of such Assets to some other person; (4) nothing in this Stipulation and Order shall limit or restrict in any way the right of any Party to commence an action or a third-party action against any Affected Person or to disclose to any Affected Person, in the pleadings in any such action or otherwise in the course of any such action, any Confidential Information with respect to any Asset as to which that Affected Person appears to be the nominal or beneficial owner, a party to or having an interest in; and (5) nothing in this Stipulation and Order shall limit or restrict in any way the right of any of BNY Mellon or its officers, employees or counsel to respond to inquiries from any such Affected Person with respect to any Assets as to which such Affected Person appears to be the nominal or beneficial owner, a party to or having an interest in.

13. Nothing in this Stipulation and Order shall be deemed to constitute or shall be interpreted as a waiver of any objection that any Party may have to the disclosure of information based on the bank secrecy laws or other laws of any nation or any department, agency, branch or subdivision thereof, which may forbid, limit, restrict or make unlawful any such disclosure.

14. The provisions of this Stipulation and Order shall survive the conclusion of any litigation between or among the Parties, whether by settlement, judgment or otherwise, and shall continue in full force and effect. Within ninety days after the conclusion of any such litigation, each of the Parties shall return to the Source

Party all documents and items that have been designated as "Confidential" or that contain Confidential Information. The Court shall retain jurisdiction over the Parties, and any other person bound by this Stipulation and Order, to enforce this Stipulation and Order.

        15.    This Stipulation and Order may be executed by counsel, on behalf of themselves and the Parties whom they represent, in counterparts, and their signatures may be transmitted by facsimile or by e-mail, without affecting the fact that all of the Parties and their counsel are bound by its terms.

Dated: New York, New York
       December 23, 2010

COLSON HICKS EIDSON

By: _____
    Roberto Martinez
    255 Alhambra Circle, Penthouse
    Coral Gables, FL 33134
    Tel. No. (305) 476-7400
    E-mail address: Bob@colson.com

Attorneys for Petitioner

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    Howard B. Levi, Esq.
    J. Kelley Nevling, Jr., Esq.
    1185 Avenue of the Americas, 17th Floor
    New York, NY 10036
    Tel. No. (212) 308-6100
    E-mail address hlevi@llf-law.com or
    knevling@llf-law.com

Attorneys for Non-Party The Bank of New York Mellon

SO ORDERED.

1-20-11
DATE      VICTOR MARRERO, U.S.D.J.

## APPENDIX A

## CONSENT TO STIPULATION AND PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Confidentiality Stipulation and Order with respect to the confidentiality of documents and information that was so ordered by the United States District Court for the Southern District of New York (the Court") on December , 2010, in the action captioned as Jeannette Hausler against the Republic of Cuba, et al., Index No. M18-302 (the "Confidentiality Order") and understands its terms and provisions, and he/she hereby agrees, [on behalf of himself/herself, the other attorneys with and employees of the law firm of _____, its clients _____, and . . . .] [To be completed as agreed upon between the signatory and the party providing the Confidential Information, so as to cover appropriate persons] (hereinafter Affiliated Persons"), that (1) he/she [and all such Affiliated Persons] shall comply with the terms and provisions of the Confidentiality Order in all respects, and shall not disclose or make use of Confidential Information, using that term as it is defined in the Confidentiality Order, other than in strict compliance with the terms and provisions of the Confidentiality Order, (2) that he/she [and all such Affiliated Persons] hereby submit themselves to the jurisdiction of the Court for all purposes related to the enforcement of the Confidentiality Order, (3) that he/she shall be personally responsible for ensuring that all Affiliated Persons to whom Confidential Information is provided shall have read the Confidentiality Oder and shall comply with its terms and provisions, and (4) that he/she [and all such Affiliated Persons] understand that the requirements of the Confidentiality Order survive the termination of any lawsuit involving any of the parties who have signed the confidentiality Order and agree to continue to perform their obligations thereunder after such termination and (5) that any violation of the terms and provisions of the Confidentiality Order may be submitted to and resolved by the Court, may punishable as a contempt of Court and may result in the imposition of sanctions by the Court.

DATED:


_____
[Signature]


_____
[Print name]