UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEANNETTE FULLER HAUSLER, et al,          :
                                          :
            Petitioner,                   :
                                          :
    v.                                    :
                                          :    09 Civ. 10289 (VM)
JP MORGAN CHASE BANK, N.A., et al,        :
                                          :
            Garnishee-Respondents.        :    Related to JPM Chase/Citibank
                                          :    Turnover Proceeding
------------------------------------------------------------X
JP MORGAN CHASE BANK, N.A., et al         :    In Respect of a Judgment Entered
                                          :    in the State of Florida
            Garnishee-Respondents and     :    Case No. 02-12475-CA-09
            Third-Party Petitioners,      :
                                          :
    v.                                    :
                                          :
BANCO FINANCIERO INTERNACIONAL            :
S.A., et al,                              :
                                          :
            Adverse Claimants-            :
            Respondents.                  :
------------------------------------------------------------X

## ANSWER TO THIRD PARTY PETITION

Tisdale Law Offices, LLC on behalf of Adverse Claimant-Respondent Premuda S.p.A., submits this answer to the Third Party Petition for Interpleader.

### RESPONSES

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph of the Third Party Petition.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph of the Third Party Petition.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third paragraph of the Third Party Petition.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth paragraph of the Third Party Petition.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph of the Third Party Petition.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth paragraph of the Third Party Petition.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh paragraph of the Third Party Petition.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth paragraph of the Third Party Petition.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth paragraph of the Third Party Petition.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the tenth paragraph of the Third Party Petition.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eleventh paragraph of the Third Party Petition.

12. Admits the allegations contained in the twelfth paragraph of the Third Party Petition.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the thirteenth paragraph of the Third Party Petition.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourteenth paragraph of the Third Party Petition.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifteenth paragraph of the Third Party Petition.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixteenth paragraph of the Third Party Petition.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventeenth paragraph of the Third Party Petition.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighteenth paragraph of the Third Party Petition.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the nineteenth paragraph of the Third Party Petition.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twentieth paragraph of the Third Party Petition.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-first paragraph of the Third Party Petition.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-second paragraph of the Third Party Petition.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-third paragraph of the Third Party Petition.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-fourth paragraph of the Third Party Petition.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-fifth paragraph of the Third Party Petition.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26a through 26cc of the Third Party Petition.

Admits the allegations contained in paragraph 26dd of the Third Party Petition.

Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26ee through 26jj of the Third Party Petition.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27a through 27c of the Third Party Petition.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 28a through 28d of the Third Party Petition.

29a-g. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29a through 29g of the Third Party Petition.

29h. Admits the allegations contained in paragraph 29h of the Third Party Petition.

29i-j. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29i through 29j of the Third Party Petition.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30a through 30k of the Third Party Petition.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 31a through 31b of the Third Party Petition.

32. Admit that Interpleader Defendant Primera has a property interest in funds identified in paragraph 29h but, except as so admitted, denies knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph 32 of the Third Party Petition.

33. The allegations in paragraph thirty-three of the Third Party Petition do not require a response.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the thirty-fourth paragraph of the Third Party Petition.

35. The allegations in paragraph thirty-five of the Third Party Petition do not require a response.

36. Admits the allegations contained in the thirty-sixth paragraph of the Third Party Petition.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

37. Adverse Claimant/Respondent is not liable to the Plaintiff because of an accord and satisfaction.

### SECOND AFFIRMATIVE DEFENSE

38. Adverse Claimant/Respondent is not liable to the Plaintiff because of subsequent separate payment.

## ADVERSE CLAIMANT/RESPONDENT PREMUDA'S COUNTER CLAIM AGAINST GARNISHEE RESPONDENT/THIRD PARTY PETITIONER CITIBANK, N.A.

1. Adverse Claimant/Respondent Premuda, S.p.A. ("Premuda") file this Counter Claim for a turnover order directing Garnishee/Respondent/Third Party Petitioner Citibank, N.A, ("Citibank") to turn over Premuda's funds to Premuda that are currently held at Citibank.

2. This Court has jurisdiction over this proceeding under 12 U.S.C. § 632 because it is a suit to which a corporation organized under the laws of the United States (Garnishee-

Respondents JPM Chase, Citibank, and BofA) are parties, and that arises out of transactions involving international or foreign banking. This Court has supplemental jurisdiction over these interpleader claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Petitioner's claims.

3. Venue in respect of the Third-Party Petition is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the interpleader claims occurred here and because a substantial part of the property that is the subject of the interpeader claims is situated here.

4. Citibank is a national banking association incorporated under the laws of the United States that maintains its head office at 399 Park Avenue in the City and State of New York. Citibank maintains the blocked account that is the subject of Petitioner's turnover claims and against which the Petitioner has directed the U.S. Marshal to levy a writ of execution.

5. Premuda S.p.A. is a business entity with a place of business at Corso Italia 31 - 34122 Trieste, Italy. Premuda S.p.A. was a party to a wire transfer that was blocked on the books of Citibank, as described in paragraph 29(h) below.

6. Premuda S.p.A. was the originator, through its bank in Italy of a $119,444.45 wire transfer originated on March 6, 2007. Banco Financiero Internacional, a Cuban party, was the designated beneficiary bank and Selecmar Ship Management was the designated beneficiary of the wire transfer. Citibank, as intermediary bank, blocked the wire transfer pursuant to OFAC regulations and placed the funds into a interest-bearing blocked account.

7. This wire transfer, initiated on or about March 5, 2007, represented a payment by Permuda of vessel crew wages to Selecmar Cuba, a crewing agency.

6

8. The payment was for wages earned by crew members employed aboard Italian Flag Vessels operating outside of Cuban territories.

9. This payment was blocked by Citibank on March 6, 2007.

10. Because Premuda was still liable for this payment, it subsequently remitted a second payment to Selecmar on March 23, 2007 in the amount of €88,465.00, the equivalent of $119,444.45.

11. That payment was received by Selecmar, and, at this time, Premuda owes no money to Selecmar and Premuda's debt has been fully satisfied.

12. The $119,444.45 that has been blocked by Citibank should be returned to Premuda as it is no longer payable to Selecmar or any other Cuban entity or instrumentally and is rightly the property of Premuda.

WHEREFORE, Adverse-Claimant/Respondent Premuda, S.p.A. requests that the Court enter judgment determining:

a. That the funds blocked at Citibank in the name of Premuda are not assets of the Republic of Cuba or an instrumentality of the Republic of Cuba and thus may not be used to satisfy any judgment against the Republic of Cuba;

b. That judgment be entered in favor of Adverse-Claimant/Respondent Premuda, S.p.A. directing the release of the blocked funds in the amount of $119,444.45 plus interest currently blocked at Citibank, N.A.;

c. Awarding Adverse Claimant/Respondent Premuda, S.p.A. costs and reasonable attorneys fees in defending this action, and such other and further relief as may be appropriate.

Dated: January 21, 2011
       New York, NY

                                        Adverse Claimant-Respondent
                                        Premuda S.p.A.,

By: *[signature]*
          Claurisse Campanale-Orozco (CC3581)
          Tisdale Law Offices, LLC
          60 East 42nd Street, Suite 1638
          New York, NY 10165
          Tel:   212 354 0025
          Fax:  212 869-0067
          corozco@tisdale-law.com

## CERTIFICATION OF SERVICE

I hereby certify that on January 21, 2011, a copy of the foregoing ANSWER TO THIRD PARTY PETITION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Claurisse Campanale-Orozco