# Greenberg Traurig



James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

February 1, 2011

**BY HAND DELIVERY**

Judge Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/2/11
```

> **Re:** *Hausler v. The Republic of Cuba, et al.*
> **09 Civ. 10289**

Dear Judge Marrero:

We are counsel to Jeanette Hausler, the Petitioner in the above-captioned judgment enforcement proceeding. We write the Court to request that it grant an additional extension of the levies of two writs of execution that were issued as part of the Petitioner's enforcement efforts.[1] Copies of the two writs of execution are attached hereto as Exhibits A and B, and are referred to herein as "Writ A" and "Writ B."

The first levy concerns service of Writ A on certain financial institutions, which levy occurred on or around March 27, 2009. On July 30, 2010, the Court granted the most recent extension of the levy for an additional 180 days, until February 21, 2011. A copy of the Court's endorsed order granting the extension is attached hereto as Exhibit C.

The second levy concerns service of Writ B on August 31, 2010, on other specified financial institutions. Petitioner requests an extension of the levy of Writ B for 180 days from the date it grants such relief (should the Court so determine). *See Kitson & Kitson v. City of Yonkers*, 10 A.D.3d 21 (2d Dep't 2004)(court may extend levy *nunc pro tunc*).

---

[1] Under New York law (as applied through Federal Rule of Civil Procedure 69), a levy is valid for ninety days from the service of the execution, and will remain effective thereafter if the creditor has either filed a turnover petition within such time or the Court grants an extension of the levy. CPLR 5232(a).

As the Court is aware, Petitioner has filed four petitions concerning JP Morgan Chase Bank, N.A.; Citibank, N.A.; Bank of America, National Association; ABN AMRO (now Royal Bank of Scotland N.V.); and National Bank of Canada seeking turnover of discrete accounts identified on schedules attached to the respective petitions.  Although the filing of these petitions preserves the levy of Writs A and B as to the accounts for which Petitioner seeks turnover (*see* CPLR 5232(a)), the petitions do not include relief on all of the accounts subject to levy.  Petitioner intends to file an additional turnover petition or petitions, but is not yet in a position to do so, as we continue to work to identify the accounts for which turnover is appropriate.

Accordingly, Petitioner respectfully requests that the Court grant a 180-day extension of the levies covering the accounts which are not yet the subject of a turnover petition, but which are held by the Banks listed in Writs A and B.

Should the Court have any questions, I may be contacted at (212) 801-3188.

Respectfully submitted,

James W. Perkins

Enclosures

cc:  James L. Kerr, Esq. (by e-mail; w/ encl.)
Frank Panopoulos, Esq. (by e-mail; w/ encl.)

Request GRANTED. The time for plaintiff's levies of the two writs of execution referred to above as writs A and B is extended for an additional 180 days to on or about 8-22-11.

SO ORDERED:

DATE 2-2-11                 VICTOR MARRERO, U.S.D.J.

*Exh. A*

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO.  08, 1700                                    DOCKET NO.  18 MS 302

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
*To the Marshal of the Southern District of New York, GREETING:*

(\*)   YOU ARE COMMANDED, that of the goods and chattels of THE REPUBLIC OF CUBA(INCLUDING ITS

AGENCIES AND INSTRUMENTALITIES), FIDEL CASTRO RUZ, RAUL CASTRO RUZ, THE CUBAN

REVOLUTIONARY ARMED FORCES

in your district you cause to be made the sum of  NINETY NINE MILLION PLUS ACCRUED INTEREST
                                                                                                           INTEREST
_____ dollars and  0 _____ cents, ($ 99,000,000 PLUS/

which lately in the United States District Court of the United States for the Southern District of New York, in the Second

Circuit,  JEANNETTE HAUSLER AS SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF
              ROBERT OTIS FULLER, ET. AL.,
recovered against the said  THE REPUBLIC OF CUBA (INCLUDING ITS AGENCIES AND INSTRUMENTALITIES),

FIDEL CASTRO RUZ,RAUL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES

in an action between  JEANNETTE HAUSLER, ET. AL.


PLAINTIFF and THE REPUBLIC OF CUBA, ET. AL.


DEFENDANT, in favor of said  PLAINTIFFS


as appears by the record filed in the Clerk's Office of said District Court on the _____ 24 _____ day

of  SEPTEMBER _____, in the year of _____ 2008

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the
same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time
thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to
the Clerk of said District Court.

        WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern
District of New York, at the City of New York, on the ____ 5th ____ day of ____ November _____ in the
year of our Lord  2009 _____, and of the Independence of the United States the two hundred twenty-seventh
year.
              *(year)*                                          **J. MICHAEL McMAHON**

(\*) SEE SCHEDULE "A" ATTACHED

                                                                                          CLERK

SDNY Web 7/2002

## SCHEDULE A

The foregoing writ is to be levied in accordance with section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, against any property of the Republic of Cuba and/or its agencies or instrumentalities, *i.e.,* any property (whether real or personal, tangible or intangible, including but not limited to cash, coins, bullion, deposits, accounts, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and/or interests of any kind in the foregoing) held, maintained, or in the possession or control of the banks listed below\* that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*; and which is not held or maintained in the name of any individual Cuban person, whether living or dead, unless that person is either Fidel or Raul Castro.

The Amended Final Default Judgment Granting Full Faith and Credit to State Judgment, registered in this Court, is in the amount of $400,000,000.00, comprised of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, plus interest. One million dollars in compensatory damages has already been paid against the Judgment.

The amount to be levied and collected is limited to compensatory damages in the amount of $99,000,000.00, plus accrued interest.

### \*Banks holding "blocked" property:

- Bank of America, 9 West 57th Street, New York, New York, 10019
- Citibank, 399 Park Avenue, New York, New York, 10022
- HSBC Bank, 452 Fifth Avenue, New York, New York, 10018
- JP Morgan Chase, 270 Park Avenue, New York, New York, 10017

- Federal Reserve Bank of New York, 33 Liberty Street, New York, New York, 10045

- Keybank, 11 E 22nd St, New York, New York, 10010

- PNC Bank, 345 Park Avenue, Suite 1202, New York, New York, 10154

- US Bank, 461 Fifth Avenue, New York, New York, 10017

- Wachovia, 1133 Avenue of the Americas, New York, New York, 10036-6710

- Wells Fargo, 45 Broadway, Suite 1203, New York, New York, 10006-3798

- Abn Amro, 55 East 52nd Street, New York, New York, 10055

- Banco Bilbao Vizcaya Argentaria, 1345 Avenue Of The Americas, New York, New York 10105

- Banco Industrial de Venezuela, 900 Third Avenue, New York, New York, 10022-4794

- Deutsche Bank, 280 Park Avenue, New York, New York, 10017

- UBS Bank, 299 Park Avenue, New York, New York, 10017

- Bank of Montreal, 3 Times Square Plaza, New York, New York, 10036

- The Bank of Nova Scotia, 1 Liberty Plaza, 165 Broadway, New York, New York, 100006

- National Bank of Canada, 65 East 55th Street, New York, New York, 10019

- Royal Bank of Canada, 1 Liberty Plaza, New York, New York, 100006

- The Toronto Dominion Bank, 31 West 52nd Street, New York, New York, 10019

- Banco Espanol de Credito SA, 730 Fifth Avenue, New York, New York, 10019

- Banco Santander, SA, 45 East 53rd Street, New York, New York, 10022

- Banco Latinoamericano de Exportaciones, S.A., 600 Lexington Avenue, New York, New York, 10022

2

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

Exh. B

JUDGMENT NO. ___08, 1700___

DOCKET NO. ___08-Civ-10289 (VM)___  M18-302

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
*To the Marshal of the Southern District of New York, GREETING:*

(\*)   YOU ARE COMMANDED, that of the goods and chattels of   The Republic of Cuba (including its agencies and instrumentalities), Fidel Casto Ruz, Raul Castro Ruz, and the Cuban Revolutionary Armed Forces.
See attached order.

in your district you cause to be made the sum of _____ninety nine million plus accrued interest_____

_____ dollars and ____0____ cents, ($ _99,000,000 plus_ ) interest

which lately in the United States District Court of the United States for the Southern District of New York, in the Second

Circuit, ___Jeannette Hausier, as successor personal representative of the estate of Robert Otis Fuller, et. al.___

recovered against the said   The Republic of Cuba (including its agencies and instrumentalities), Fidel Castro Ruz, Raul Castro Ruz,

and the Cuban Revolutionary Armed Forces

in an action between   Jeannette Hausler, et. al. _____

PLAINTIFF and   The Republic of Cuba, et. al. _____

DEFENDANT, in favor of said   Plaintiffs _____

as appears by the record filed in the Clerk's Office of said District Court on the _____24_____ day

of _____September_____ in the year of _____2008_____

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

   WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern District of New York, at the City of New York, on the __20th__ day of __August__ _____ in the year of our Lord __2010__ _____, and of the Independence of the United States the two hundred twenty-seventh year.
   *(year)*

(\*) SEE GARNISHEES ATTACHED AS SCHEDULE "A"

**A CERTIFIED COPY
RUBY J. KRAJICK, CLERK**

BY _Kaneen Miles_   CLERK
   **Deputy Clerk**

SDNY Web 7/2002

United States District Court

SOUTHERN DISTRICT OF NEW YORK

Jeannette Hausler, et. al.

-against-

The Republic of Cuba, et al

**EXECUTION AGAINST PROPERTY**

GREENBERG TRAURIG, LLP

Attorney for
Jeannette Hausler, et. al.

Borough of Manhattan
City of New York

To the Marshal:

You will levy and collect:

ninety nine million plus accrued interest

_____ _____ Dollars

and _____ 0 _____ _____ cents,

with interest from the _____ 19th _____

day of _____ January _____, 2007

besides your fees, etc.

_____
*Attorney*

## SCHEDULE A

The foregoing writ is to be levied in accordance with section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, against any property of the Republic of Cuba and/or its agencies or instrumentalities, *i.e.,* any property (whether real or personal, tangible or intangible, including but not limited to cash, coins, bullion, deposits, accounts, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and/or interests of any kind in the foregoing) held, maintained, or in the possession or control of the banks listed below* that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*; and which is not held or maintained in the name of any individual Cuban person, whether living or dead, unless that person is either Fidel or Raul Castro.

The Amended Final Default Judgment Granting Full Faith and Credit to State Judgment, registered in this Court, is in the amount of $400,000,000.00, comprised of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, plus interest. One million dollars in compensatory damages has already been paid against the Judgment.

The amount to be levied and collected is limited to compensatory damages in the amount of $99,000,000.00, plus accrued interest.

**\*Banks holding "blocked" property:**

- The Bank of New York Mellon Corporation, One Wall Street, 11th Floor, New York, NY 10286;
- Barclay's Bank PLC, 745 Seventh Avenue, New York, NY 10019;
- Credit Suisse Group AG, 12 East 49th Street, New York, NY 10017; and

- Lloyds TSB Bank, PLC, 1251 Avenue of Americas, 39th Floor, New York, NY 10020.

Exh. C

# Greenberg
# Traurig

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-2-10

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

July 29, 2010

**BY HAND DELIVERY**



Judge Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

      **Re:**   *Hausler v. The Republic of Cuba, et al.*
              **09 Civ. 10289**

Dear Judge Marrero:

      We are counsel to Jeanette Hausler, the Petitioner in the above captioned proceeding, which has been referred to Your Honor for all purposes. We write the Court to request that it grant an additional extension of the levies of the two writs of execution that have been issued as part of the Petitioner's enforcement efforts.[1] Copies of the two writs of execution are attached hereto as Exhibits A and B, and are referred to herein as "Writ A" and "Writ B" respectively.

**Extension of The Levy on Certain Financial Institutions**

      The first levy concerns service of Writ A on certain financial institutions, which levy occurred on or around March 27, 2009. On February 23, 2010, the Court granted the most recent extension of the levy until August 23, 2010. A copy of the Court's endorsed order granting the extension is attached hereto as Exhibit C.

---

[1] Under New York law (as applied through Federal Rule of Civil Procedure 69), a levy is valid for ninety days from the service of the execution, and will remain effective thereafter if the creditor has filed a turnover petition within such time. CPLR 5232(a). If no turnover petition is filed concerning the levy, the Court also has the power to extend the levy. *Id.*

Greenberg Traurig, LLP | Attorneys at Law | Met Life Building | 200 Park Avenue | New York, NY 10166
Tel 212.801.9200 | Fax 212.801.6400 | www.gtlaw.com

Judge Victor Marrero
July 29, 2010
Page 2

As the Court is aware, Petitioner has filed three separate turnover petitions against JP Morgan Chase Bank, Citibank, UBS AG, Bank of America, and ABN AMRO (now Royal Bank of Scotland) concerning discrete accounts identified on schedules attached to the petitions. These petitions do not include relief for turnover of all of the accounts upon which the Marshal has levied. Petitioner intends to file an additional turnover petition or petitions, but is not yet in a position to do so, as we continue to work to identify the accounts for which turnover is appropriate. Thus, although Petitioner does not seek an extension of the levy concerning the accounts identified in the petition (as the filing of the turnover petition preserves the levy, see CPLR 5232(a)), she respectfully requests an extension of the levy on all other accounts held by the Banks listed in Writ A for an additional 180 days.

### Extension of Levy on Debtors' Rights In *Cubatabaco* Litigation

The second levy concerns Writ B, which was issued to place a lien on debtors' rights to any recovery in the pending action, *Empresa Cubana Del Tabaco d/b/a Cubatabaco v. Culbro Corporation, et al.*, No. 97 Civ. 08399 (RWS) (hereinafter "*Cubatabaco*"). Between November 16, 2009 and December 17, 2009, the Marshal levied Writ B on the Clerk of the Court and counsel who have appeared in *Cubatabaco*. Since, to our knowledge, no judgment or settlement has yet been rendered in the *Cubatabaco* case, we respectfully request an extension of the *Cubatabaco* levies for 180 days.

Should the Court have any questions, I may be contacted at (212) 801-3188.

Respectfully submitted,

James W. Perkins

Enclosures

cc:  James L. Kerr, Esq. (by e-mail; w/encl.)
     Mark P. Gimbel, Esq. (by e-mail; w/encl.)

Request GRANTED. The time for plaintiff's levies of the two writs of execution referred to above as writs A and B is extended for an additional 180 days.

**SO ORDERED:**

7-30-10
DATE          VICTOR MARRERO, U.S.D.J.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM



# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO.  08, 1700                    DOCKET NO.   18 MS 302

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
*To the Marshal of the Southern District of New York, GREETING:*

(*)   YOU ARE COMMANDED, that of the goods and chattels of THE REPUBLIC OF CUBA(INCLUDING ITS

AGENCIES AND INSTRUMENTALITIES), FIDEL CASTRO RUZ, RAUL CASTRO RUZ, THE CUBAN

REVOLUTIONARY ARMED FORCES

in your district you cause to be made the sum of   NINETY NINE MILLION PLUS ACCRUED INTEREST
                                                                                                                  INTEREST
_____ dollars and   0 _____ cents, ($ 99,000,000 PLUS/

which lately in the United States District Court of the United States for the Southern District of New York, in the Second

Circuit,  JEANNETTE HAUSLER AS SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF
            ROBERT OTIS FULLER, ET. AL.,
recovered against the said   THE REPUBLIC OF CUBA (INCLUDING ITS AGENCIES AND INSTRUMENTALITIES),

FIDEL CASTRO RUZ,RAUL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES

in an action between   JEANNETTE HAUSLER, ET. AL.

PLAINTIFF and  THE REPUBLIC OF CUBA, ET. AL.

DEFENDANT, in favor of said  PLAINTIFFS

as appears by the record filed in the Clerk's Office of said District Court on the _____ 24 _____ day

of  SEPTEMBER _____, in the year of _____ 2008

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the
same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time
thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to
the Clerk of said District Court.

            WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern
District of New York, at the City of New York, on the  6th  day of  November  in the
year of our Lord  2009 , and of the Independence of the United States the two hundred twenty-seventh
year.
            *(year)*                                          **J. MICHAEL McMAHON**

(*) SEE SCHEDULE "A" ATTACHED

SDNY Web 7/2002

## SCHEDULE A

The foregoing writ is to be levied in accordance with section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, against any property of the Republic of Cuba and/or its agencies or instrumentalities, *i.e.,* any property (whether real or personal, tangible or intangible, including but not limited to cash, coins, bullion, deposits, accounts, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and/or interests of any kind in the foregoing) held, maintained, or in the possession or control of the banks listed below* that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*; and which is not held or maintained in the name of any individual Cuban person, whether living or dead, unless that person is either Fidel or Raul Castro.

The Amended Final Default Judgment Granting Full Faith and Credit to State Judgment, registered in this Court, is in the amount of $400,000,000.00, comprised of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, plus interest. One million dollars in compensatory damages has already been paid against the Judgment.

The amount to be levied and collected is limited to compensatory damages in the amount of $99,000,000.00, plus accrued interest.

**\*Banks holding "blocked" property:**

- Bank of America, 9 West 57th Street, New York, New York, 10019
- Citibank, 399 Park Avenue, New York, New York, 10022
- HSBC Bank, 452 Fifth Avenue, New York, New York, 10018
- JP Morgan Chase, 270 Park Avenue, New York, New York, 10017

- Federal Reserve Bank of New York, 33 Liberty Street, New York, New York, 10045

- Keybank, 11 E 22nd St, New York, New York, 10010

- PNC Bank, 345 Park Avenue, Suite 1202, New York, New York, 10154

- US Bank, 461 Fifth Avenue, New York, New York, 10017

- Wachovia, 1133 Avenue of the Americas, New York, New York, 10036-6710

- Wells Fargo, 45 Broadway, Suite 1203, New York, New York, 10006-3798

- Abn Amro, 55 East 52nd Street, New York, New York, 10055

- Banco Bilbao Vizcaya Argentaria, 1345 Avenue Of The Americas, New York, New York 10105

- Banco Industrial de Venezuela, 900 Third Avenue, New York, New York, 10022-4794

- Deutsche Bank, 280 Park Avenue, New York, New York, 10017

- UBS Bank, 299 Park Avenue, New York, New York, 10017

- Bank of Montreal, 3 Times Square Plaza, New York, New York, 10036

- The Bank of Nova Scotia, 1 Liberty Plaza, 165 Broadway, New York, New York, 100006

- National Bank of Canada, 65 East 55th Street, New York, New York, 10019

- Royal Bank of Canada, 1 Liberty Plaza, New York, New York, 100006

- The Toronto Dominion Bank. 31 West 52nd Street, New York, New York, 10019

- Banco Espanol de Credito SA, 730 Fifth Avenue, New York, New York, 10019

- Banco Santander, SA, 45 East 53rd Street, New York, New York, 10022

- Banco Latinoamericano de Exportaciones, S.A., 600 Lexington Avenue, New York, New York, 10022

2

United States District Court
SOUTHERN DISTRICT OF NEW YORK

Jeannette Hausler, et. al.

-against-

The Republic of Cuba, et. al.

**EXECUTION AGAINST PROPERTY**

GREENBERG TRAURIG, LLP

Attorney for
Jeannette Hausler, et. al.

Borough of Manhattan
City of New York

To the Marshal:
You will levy and collect

ninety nine million plus accrued interest

_____ 0 _____ Dollars

and _____ cents,

with interest from the ____ 19th

day of ____ January _____ 2007

besides your fees, etc.

_____
*Attorney*



# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. __08, 1700__                        DOCKET NO. __18 MS 302__

THE PRESIDENT OF THE UNITED STATES OF AMERICA ,
*To the Marshal of the Southern District of New York, GREETING:*

(*)   YOU ARE COMMANDED, that of the goods and chattels of THE REPUBLIC OF CUBA(INCLUDING ITS

__AGENCIES AND INSTRUMENTALITIES), FIDEL CASTRO RUZ, RAUL CASTRO RUZ, THE CUBAN__

__REVOLUTIONARY ARMED FORCES__

in your district you cause to be made the sum of __NINETY NINE MILLION PLUS ACCRUED INTEREST__
                                                                                                INTEREST
_____ dollars and __0_____ cents, ($ 99,000,000 PLUS/

which lately in the United States District Court of the United States for the Southern District of New York, in the Second

Circuit, __JEANNETTE HAUSLER AS SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF__
         __ROBERT OTIS FULLER, ET. AL.,__
recovered against the said __THE REPUBLIC OF CUBA (INCLUDING ITS AGENCIES AND INSTRUMENTALITIES),__

FIDEL CASTRO RUZ,RAUL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES

in an action between __JEANNETTE HAUSLER, ET. AL.__

PLAINTIFF and __THE REPUBLIC OF CUBA, ET. AL.__

DEFENDANT, in favor of said __PLAINTIFFS__

as appears by the record filed in the Clerk's Office of said District Court on the _____24_____ day

of __SEPTEMBER_____, in the year of __2008__

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the
same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time
thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to
the Clerk of said District Court.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern
District of New York, at the City of New York, on the __6th__ day of __November ber__ in the
year of our Lord __2009_____, and of the Independence of the United States the two hundred twenty-seventh
year.
        *(year)*

(*) SEE SCHEDULE "A" ATTACHED

SDNY Web 7/2002

**J. MICHAEL McMAHON**

CLERK

## SCHEDULE A

The foregoing writ is to be levied against plaintiffs' rights to receive the proceeds of any

judgment or settlement, or sale or other transfer of claims in the action captioned *Empresa Cubana Del*

*Tabaco d/b/a/ Cubatabaco v. Culbro Corporation, et al.*, No. 97 Civ. 08399 (RWS).

Please levy the writ upon the following:

Clerk of the Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312


Rabinowitz, Boudin, Standard, Krinsky & Lieberman PC
111 Broadway
11th Floor
New York , NY 10006-1901
Attn: Michael Krinsky, Esq.
(Counsel to Empresa Cubana Del Tabaco, d/b/a Cubatabaco)


DLA Piper US LLP (NY)
1251 Avenue of the Americas
New York , NY 10020
Attn: Andrew Lawrence Deutsch, Esq.
Attn: Joshua Samuel Sohn, Esq.
(Counsel to General Cigar Holdings, Inc.,
Counsel to General Cigar co. Inc., and
Counsel to Culbro Corporation)


Morgan & Finnegan, LLP
Three World Financial Center
New York, NY 10281
Attn: Janet Dore, Esq.
(Counsel to Culbro Corporation, and
General Cigar Co., Inc.)


Kostelanetz & Fink, L.L.P.
530 Fifth Avenue
New York, NY 10036
Caroline Rule, Esq.
(Counsel to Empresa Cubana Del Tabaco)

Dewey & LeBoeuf, L.L.P. (NYC)
1301 Avenue of the Americas
New York, NY 10019
Attn: Kevin Walsh, Esq.
(Counsel to Empresa Cubana Del Tabaco)

United States District Court

SOUTHERN DISTRICT OF NEW YORK

Jeannette Hausler, et. al

-against-

The Republic of Cuba, et. al

**EXECUTION AGAINST PROPERTY**

GREENBERG TRAURIG, LLP

Attorney for
Jeannette Hausler, et. al.

Borough of Manhattan
City of New York

To the Marshal:

You will levy and collect

ninety nine million plus accrued interest

_____ **Dollars**

and _____ 0 _____ cents,

with interest from the   19th

day of ____ January ____ 2007

besides your fees, etc.

_____ *Attorney*



FEB-23-2010  16:55        JUDGE VICTOR MARRERO                    212 805 6382    P.02

 **GT** GreenbergTraurig



James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

February 19, 2010

**BY HAND DELIVERY**

Judge Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   *Hausler v. The Republic of Cuba, et al.*
>           **18 MS 302**

Dear Judge Marrero:

We are counsel to Jeanette Hausler, the Petitioner in the above captioned miscellaneous proceeding to enforce a money judgment, which has been referred to Your Honor for all purposes. We write the Court to request that it grant an additional extension of the levies of two writs of execution that have been issued as part of the Petitioner's enforcement efforts.[1] Copies of the two writs of execution are attached hereto as Exhibits A and B, and are referred to herein as "Writ A" and "Writ B" respectively.

**Extension of The Levy on Certain Financial Institutions**

The first levy concerns service of Writ A on certain financial institutions, which levy occurred on or around March 27, 2009. On December 4, 2009, Judge Sidney H. Stein granted the most recent extension of the levy until March 3, 2010. A copy of Judge Stein's endorsed "so ordered" grant of an extension is attached hereto as Exhibit C.

---

[1] Under New York law (as applied through Federal Rule of Civil Procedure 69), a levy is valid for ninety days from the service of the execution. CPLR 5232(a). The Court, however, has the power to extend the levy. *Id.*

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

FEB-23-2010  16:55        JUDGE VICTOR MARRERO                    212 805 6382       P.03

Judge Victor Marrero
February 19, 2009
Page 2


As discussed during the Court hearing of January 22, 2010, Ms. Hausler has filed a turnover petition against JP Morgan Chase Bank, Citibank, and UBS AG concerning discrete accounts identified on schedules attached to the petition, but she did not include all of the accounts upon which the Marshal has levied. Petitioner intends to file an additional turnover petition or petitions, but is not yet in a position to do so, as we are working to identify the accounts for which turnover is appropriate. Thus, although Petitioner does not seek an extension of the levy concerning the accounts identified in the petition (as the filing of the turnover petition preserves the levy, see CPLR 5232(a)), she respectfully requests an extension of the levy on all other accounts held by the Banks listed in Writ A for an additional 180 days.

## Extension of Levy on Debtors' Rights In *Cubatabaco* Litigation

The second levy concerns Writ B, which was issued to place a lien on debtors' rights to any recovery in the pending action, *Empresa Cubana Del Tabaco d/b/a Cubatabaco v. Culbro Corporation, et al.*, No. 97 Civ. 08399 (RWS) (hereinafter "*Cubatabaco*"). Between November 16, 2009 and December 17, 2009, the Marshal levied Writ B on the Clerk of the Court and all counsel who have appeared in *Cubatabaco*. Copies of the process receipt and returns, are attached hereto as Exhibit D. Since, to our knowledge, no judgment or settlement has yet been rendered in the *Cubatabaco* case, we respectfully request an extension of the *Cubatabaco* levies for 180 days.

Should the Court have any questions, I may be contacted at (212) 801-3188.

Respectfully submitted,

James W. Perkins

Enclosures

cc:   James L. Kerr, Esq. (by e-mail; w/encl.)
      Mark P. Gimbel, Esq. (by e-mail; w/encl.)

*Request GRANTED. The time for levies of the two writs referred to as Writs A and B in the letter and accompanying exhibits from plaintiff is extended for 180 days in each case.*

**SO ORDERED:**

2-23-10
**DATE**       VICTOR MARRERO, U.S.D.J.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM