# Greenberg Traurig



James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

February 8, 2011

**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/11

Re:   *Hausler v. JP Morgan Chase Bank, N.A., et al.*
      09 Civ. 10289 (VM)

Dear Judge Marrero:

    We are counsel to Jeannette Hausler, the Petitioner in the above-referenced proceedings and write to request that the Court enter a turnover order concerning the remaining account that is the subject of Petitioner's Tranche I Turnover Petition, filed on January 20, 2010, more than a year ago. (A copy of the Tranche I Petition is enclosed herewith.) This account, held in the name of Banco National de Cuba at Citibank, N.A. (the "Account"), is also the subject of an interpleader petition involving Shanghai Pudong Development Bank Co., Ltd. in China ("SPB"). As the Petition was duly delivered to judgment debtors and Citibank has confirmed the interpleader petition was delivered to the Chinese government over 8 months ago, Petitioner respectfully requests that the Court enter judgment pursuant to the Hague Convention and order the turnover of the funds held in the Account.

    Petitioner seeks this relief because, although the interpleader petition was delivered to the Chinese government, Citibank has not been able to confirm its delivery to the interpleader defendant SPB. In particular, according to Citibank, the interpleader petition was delivered to the appropriate Chinese authorities on May 17, 2010, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163 (entered into force for the U.S. on Feb. 10, 1969 and for China on Jan. 1, 1992)(the "Hague Convention"). Notwithstanding the passage of over 8

Judge Victor Marrero
February 8, 2011
Page 2

months since the Chinese Central Authority received the interpleader petition for service on SPB, to this date no certificate of service or delivery has been received either by Citibank, the Petitioner, or the Court. We have been in communication with Citibank counsel, Davis Polk Wardwell, to confirm delivery, but it is unable to provide any assurance that the interpleader petition will ever be delivered to SPB.

Given the length of the delay in receipt of proof of service of the interpleader petition (which may never come), this Court has the power to order the relief requested. As explained below, under the specific terms of the Hague Convention, as agreed to and specifically declared applicable by both the United States and China, this Court may "give judgment even if no certificate of service or receipt has been received" so long as the document to be served was "transmitted pursuant to the Hague Convention," "every reasonable effort has been made to obtain it through the competent [Chinese] authorities," and "a period of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document." Hague Convention, Art. 15, ¶2. Petitioner therefore submits that a time period that is adequate under the circumstances in this particular case has elapsed such that the Court may give judgment and order turnover.

**Background**

On January 20, 2010, Petitioner moved for turnover of four accounts for which Cuba or an agency or instrumentality of Cuba had been identified as the originator of blocked wire transfers in documents produced by Garnishees JPMorgan Chase Bank, N.A. ("Chase") and Citibank. After several stipulated extensions of time, on April 13, 2010, Citibank filed an Answer to the Turnover Petition, in which Citibank alleged:

> . . . on information and belief that subaccount number 203, as reflected on Exhibit C [to Turnover Petition 1], contains the proceeds of a blocked EFT originated by Banco Nacional de Cuba in respect of which Shanghai Pudong Development Bank Co. Ltd. ("Shanghai Pudong Bank"), as the originating bank, instructed Citibank to debit Shanghai Pudong Bank's account with Citibank in order to fund the transfer to the ultimate beneficiary, all as reflected on the schedule of blocked wire transfers produced by Citibank to petitioner on December 15, 2009 pursuant to Petitioner's information subpoena.

D.E. # 16 at 11.

On April 21, 2010, Chase and Citibank filed a Joint Third Party Complaint (Petition Alleging Claims in the Nature of Interpleader) (the "Interpleader Petition") against, i.e., Banco Nacional de Cuba, Mrs. Hausler, and SPB, and the Court issued a summons with respect to that interpleader on the same day.

On May 12, 2010, the Clerk docketed a Clerk's Certificate of Mailing of the Summons, Joint Third-Party Petition Alleging Claims in the Nature of Interpleader, Translations in Spanish to Banco Nacional de Cuba by Registered Mail #295 872 916. Citibank has not filed a Certificate of Service with respect to service upon SPB.

On July 23, 2010, the parties filed a Joint Submission Regarding Petition for Turnover Filed January 20, 2010 (Tranche 1: Turnover Petition 1) in response to the Court's Order of July 2, 2010 that the "parties outline on what issues they agree and on what issues they differ." In that joint submission, the parties advised the Court that there was agreement as to how to proceed as to 3 out of the 4 accounts that were the subject of the January 20, 2010 Turnover Petition 1, and that as to the remaining account:

> The fourth account is one maintained at Citibank in the name of Banco Nacional de Cuba (and valued as of July 9, 2001 at $1,957,183.84) with respect to which Citibank is in the process of interpleading Shanghai Pudong Development Bank in China pursuant to service via the Hague Convention. Counsel for Citibank has been informed that the interpleader petition was delivered to the Chinese authorities on May 17, 2010, but that it normally takes the Chinese authorities approximately six months to process such service requests. The parties may yet come back to the Court with respect to how to proceed with respect to this account.

D.E. #40 at 2-3.

The six month period referred to above is significant because under the Hague Convention, if no certificate of service or delivery has been received from the State in which service is to be delivered within six months from the date of transmission, then under certain conditions that are expressly listed in Article 15, paragraph 2 of the Hague Convention, a Judge "may give judgment."

**Hague Convention on Service of Process**

Article 15 of the Hague Convention provides in full:

Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

> a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or b) the document was actually delivered to the

Judge Victor Marrero
February 8, 2011
Page 4

> defendant or to his residence by another method provided for by this Convention,
>
> and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.
>
> *Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -*
>
> > *a) the document was transmitted by one of the methods provided for in this Convention,*
> > *b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,*
> > *c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.*
>
> Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

(Emphasis added.) The italicized second paragraph of Article 15 makes clear that if a Contracting State makes a declaration that a Judge within that State may "give judgment even if no certificate of service or delivery has been received" for service transmitted by one of the methods provided for in the Convention, where every reasonable effort has been made to obtain a certificate through the competent authorities of the State addressed, and where no certificate of any kind has been received for at least six months since the date of the transmission of the document.

The United States has made such a declaration, essentially putting on notice, as per the Hague Convention, all other Contracting States that choosing not to respond to service emanating from the United States could result in a judgment being entered against nationals of those States. More specifically, the U.S. declaration provides:

> In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled

Declaration of the United States, available on the website of the Hague Conference of Private International Law, available at http://www.hcch.net/index_en.php?act=status.comment&csid=428&disp=resdn.

GREENBERG TRAURIG LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

Judge Victor Marrero
February 8, 2011
Page 5

As another Contracting Party to the Hague Convention, this Declaration by the United States will not come as a surprise to the People's Republic of China and is, in fact, mirrored by China's own Declaration with respect to Article 15:

> to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.

Declaration of the People's Republic of China to the Hague Convention, available on the website of the Hague Conference of Private International Law, at http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn.

**Caselaw**

The Second Circuit has recognized the six-month rule contained in Article 15 of the Hague Convention.

> Article 15 provides that a member state may permit its courts to enter a default judgment in the absence of a returned Certificate where at least six months have passed since the documents were sent to the defendant and the plaintiff has made "every reasonable effort" to obtain a Certificate."

*Burda Media Inc. v. Viertel*, 417 F.3d 292, 302 (2d Cir. 2005). *See also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 1988) ("Thus compliance with the [Hague] Convention is mandatory in all case to which it applies, and Articles 15 and 16 provide an indirect sanction against those who ignore it." (internal cross references omitted). And both federal and state courts in New York have enforced the default judgment provision of Article 15 of the Hague Convention. *See, e.g., Daly v. Llanes*, 1999 WL 1067876 (S.D.N.Y. 1999); *Thomas v. Biocine Sclavo*, 1998 WL 51861 (N.D.N.Y. 1998); *Galliano SA v. Stallion, Inc.*, 15 N.Y.3d 75 (N.Y. 2010), *cert. denied* 131 S.Ct. 288 (Oct. 4, 2010).

Accordingly, in this instance, adjudication of Petitioner's turnover motion at this time is proper, notwithstanding the fact that no certificate of service or delivery has been received in response to Garnishee-Respondents' attempted service of its Interpleader petition on SPB. Under the Hague Convention there are only three requirements that must be met: (1) the document must be properly transmitted pursuant to the Hague Convention, (2) every reasonable effort must have been made to obtain the certificate "through the competent authorities" and (3) more than 6 months must have passed since the date of transmission of the document to be served that is "considered adequate by the judge in the particular case". *See* Hague Convention, Art. 15, ¶2.

Here, all the requirements of Article 15 of the Hague Convention have been met. First, there is no evidence that that the documents were not properly transmitted pursuant to the Hague Convention. In fact, because Garnishee-Respondent Citibank has chosen to utilize Process Forwarding International – the only private process server to which has been delegated official functions of the United States government[1] and which interacts regularly with the competent authorities, not only for China but also for the rest of the more than 60 states parties to the Hague Convention – there is no entity in the United States more likely to be able to better or more properly serve process in China pursuant to the Hague Convention.

Second, the same analysis applies to using "every reasonable effort" to obtain the certificate "through the competent authorities" in the People's Republic of China. Whether or not Citibank, which clearly has at the very least a correspondent banking relationship with SPB, has any other means of communicating with SPB or making it aware of these proceedings, the test under the Hague Convention is whether every reasonable effort has been made to obtain the certificate of service or delivery through the competent Chinese authorities – and as noted above, this is the task that Citibank hired Process Forwarding International to accomplish. To the extent Process Forwarding International has been unable to obtain a certificate of service or delivery from the Chinese in authorities in what is now more than 8 months – when the Chinese government is obviously aware of the consequence of waiting more than 6 months -- all reasonable efforts have been made and this Court should consider the more than 8 months to have passed since the documents were transmitted to the Chinese authorities as more than adequate under the circumstances of this particular case.

Today, Citibank counsel, Mr. Kerr, proposed to effect an alternative service by DHL by the end of this week. Given the lapse of time, however, Petitioner did not agree to this proposal, which is not authorized or required under the Hague Convention and would only lead to further delay in obtaining the requested relief.

Under the foregoing circumstances, Petitioner requests that the Court order Citibank to turnover the funds contained in the last remaining account that was the subject of Petitioner's January 20, 2010 Turnover Petition I. A Proposed Order is enclosed.

> Garnishee-Respondent Citibank, N.A. is directed to respond by 2-14-11, by letter not to exceed six pages, to the matter set forth above by petitioner, and to show cause why the relief requested herein should not be
> SO ORDERED. granted.
>
> 2-9-11
> DATE    VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

James W. Perkins

---

[1] *See* Letter dated 3 December 2009 from the United States to the Hague Convention Depositary (the Ministry of Foreign Affairs of the Netherlands) on the Outsourcing of the U.S. Central Authority's Activities to Process Forwarding International. Available at http://www.hcch.net/index_en.php?act=authorities.details&aid=279.

cc:    James L. Kerr, Esq. (by Hand Delivery; w/ Proposed Order only)
        Frank Panopoulos, Esq. (by E-mail; w/ Proposed Order only)
        Roberto Martinez, Esq. (by E-mail; w/ Proposed Order only)
        David A. Baron, Esq. (by E-mail; w/ Proposed Order only)