UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNETTE FULLER HAUSLER, et al,

Petitioner,

v.

JP MORGAN CHASE BANK, N.A., et al,

Garnishee-Respondents.

JP MORGAN CHASE BANK, N.A., et al

Garnishee-Respondents and Third-Party Petitioners,

v.

BANCO FINANCIERO INTERNACIONAL S.A., et al,

Adverse Claimants-Respondents.

09 Civ. 10289 (VM)

Related to JPM Chase/Citibank Turnover Proceeding

In Respect of a Judgment Entered in the State of Florida Case No. 02-12475-CA-09

**AMENDED ANSWER TO THIRD PARTY PETITION**

Tisdale Law Offices, LLC on behalf of Adverse Claimant-Respondent Premuda S.p.A., submits its Amended Answer to the Third Party Petition for Interpleader.

**RESPONSES**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph of the Third Party Petition.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph of the Third Party Petition.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third paragraph of the Third Party Petition.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth paragraph of the Third Party Petition.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph of the Third Party Petition.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth paragraph of the Third Party Petition.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh paragraph of the Third Party Petition.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth paragraph of the Third Party Petition.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth paragraph of the Third Party Petition.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the tenth paragraph of the Third Party Petition.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eleventh paragraph of the Third Party Petition.

12. Admits the allegations contained in the twelfth paragraph of the Third Party Petition.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the thirteenth paragraph of the Third Party Petition.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourteenth paragraph of the Third Party Petition.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifteenth paragraph of the Third Party Petition.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixteenth paragraph of the Third Party Petition.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventeenth paragraph of the Third Party Petition.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighteenth paragraph of the Third Party Petition.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the nineteenth paragraph of the Third Party Petition.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twentieth paragraph of the Third Party Petition.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-first paragraph of the Third Party Petition.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-second paragraph of the Third Party Petition.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-third paragraph of the Third Party Petition.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-fourth paragraph of the Third Party Petition.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the twenty-fifth paragraph of the Third Party Petition.

26 a-26c. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26a - 26cc and paragraphs 26ee – 26jj of the Third Party Petition.

26dd. Admits the allegations contained in paragraph 26dd of the Third Party Petition.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27a through 27c of the Third Party Petition.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 28a through 28d of the Third Party Petition.

29a-g. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29a through 29g of the Third Party Petition.

29h. Admits the allegations contained in paragraph 29h of the Third Party Petition.

29i-j. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29i through 29j of the Third Party Petition.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30a through 30k of the Third Party Petition.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 31a through 31b of the Third Party Petition.

32. Admit that Interpleader Defendant Primera has a property interest in funds identified in paragraph 29h but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph 32 of the Third Party Petition.

33. The allegations in paragraph thirty-three of the Third Party Petition do not require a response.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the thirty-fourth paragraph of the Third Party Petition.

35. The allegations in paragraph thirty-five of the Third Party Petition do not require a response.

36. Admits the allegations contained in the thirty-sixth paragraph of the Third Party Petition.

**AFFIRMATIVE DEFENSE**

Premuda was the originator, through its bank in Italy of a $119,444.45 wire transfer on March 6, 2007. Banco Financiero Internacional, a Cuban party, was the designated beneficiary bank and Selecmar Ship Management was the designated beneficiary of the wire transfer.

This wire transfer represented a payment by Premuda of vessel crew wages to Selecmar Cuba, a crewing agency. The payment was for wages earned by crew members employed aboard Italian Flag Vessels operating outside of Cuban territorial waters.

Citibank, as intermediary bank, blocked the wire transfer pursuant to OFAC regulations which prevented Citibank, as the intermediary bank, from completing the transfer. Citibank placed the funds into an interest-bearing blocked account.

Because Premuda was still liable for this payment, it subsequently remitted a second payment to Selecmar on March 23, 2007 in the amount of €88,465.00, the equivalent of $119,444.45 and that payment was received by Selecmar in full satisfaction of Premuda's debt to it. Premuda owes no money to Selecmar and Premuda's debt has been fully satisfied.

Banco Financiero Internacional, as the deposit holder for Selecmar, has no ownership claim to the funds held by Citibank acting as an intermediary bank. The status of the beneficiary's bank, *ie*., Banco Financiero Internacional, has no impact on the ownership of the funds which remain at the intermediary bank.

The funds must be returned to Premuda as neither the beneficiary nor its bank has any claim to the funds that are restrained at Citibank.

WHEREFORE, Adverse-Claimant/Respondent Premuda, S.p.A. requests that the Court enter judgment determining:

a. That the funds blocked at Citibank in the name of Premuda S.p.A. are not assets of the Republic of Cuba or an instrumentality of the Republic of Cuba and thus may not be used to satisfy any judgment against the Republic of Cuba;

b. That Citibank be permitted to release the blocked funds in the amount of $119,444.45, plus accrued interested, to Premuda, as soon as such transfer may be permitted pursuant to applicable OFAC regulations;

c. Awarding Premuda, S.p.A. costs and reasonable attorneys fees in defending this action against the Plaintiff, and such other and further relief as may be appropriate.

Dated: February 11, 2011
New York, NY

Adverse Claimant-Respondent
Premuda S.p.A.,

By: ______________________

Claurisse Campanale-Orozco (CC3581)
Tisdale Law Offices, LLC
60 East 42nd Street, Suite 1638
New York, NY 10165
Tel: 212 354 0025
Fax: 212 869-0067
corozco@tisdale-law.com

**CERTIFICATION OF SERVICE**

I hereby certify that on February 11, 2011, a copy of the foregoing VERIFIED AMENDED ANSWER TO THIRD PARTY PETITION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Claurisse Campanale-Orozco