UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANNETTE FULLER HAUSLER, *et al.*, <br><br> Petitioners, <br><br> -against- <br><br> JPMORGAN CHASE BANK, N.A., *et al.*, <br><br> Garnishee-Respondents. <br> <hr> JPMORGAN CHASE BANK, N.A., *et al.*, <br><br> Garnishee-Respondents <br> and Third-Party Petitioners, <br><br> -against- <br><br> NOVAFIN FINANCIÈRE, S.A., *et al.*, <br><br> Adverse Claimants-<br>Respondents. | 09 Civ. 10289 (VM) <br> ECF Case <br><br> Related to the JPM Chase/Citibank Turnover Proceeding <br><br> In Respect of a Judgment Entered in the State of Florida, <br> Case No. 02-12475-CA-09 |

### NOVAFIN FINANCIÈRE, S.A.'S ANSWER TO THE THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER

Adverse Claimant-Respondent Novafin Financière, S.A. ("Novafin"), by and through undersigned counsel, submits this answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader.

### RESPONSES

1. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 1 of the Third-Party Petition.

2. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 2 of the Third-Party Petition.

3. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 3 of the Third-Party Petition.

4. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 4 of the Third-Party Petition.

5. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 5 of the Third-Party Petition.

6. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 6 of the Third-Party Petition.

7. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 7 of the Third-Party Petition.

8. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 8 of the Third-Party Petition.

9. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 9 of the Third-Party Petition.

10. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 10 of the Third-Party Petition.

11. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 11 of the Third-Party Petition.

12. Novafin admits the allegations contained in Paragraph 12 of the Third-Party Petition

13. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 13 of the Third-Party Petition.

14. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 14 of the Third-Party Petition.

15. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 15 of the Third-Party Petition.

16. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 16 of the Third-Party Petition.

17. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 17 of the Third-Party Petition.

18. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 18 of the Third-Party Petition.

19. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 19 of the Third-Party Petition.

20. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 20 of the Third-Party Petition.

21. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 21 of the Third-Party Petition.

22. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 22 of the Third-Party Petition.

23. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 23 of the Third-Party Petition.

24. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 24 of the Third-Party Petition.

25. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 25 of the Third-Party Petition.

26. Novafin admits the allegations contained in Paragraph 26z of the Third-Party Petition. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 26a through 26y and 26aa through 26jj of the Third-Party Petition and therefore denies those allegations.

27. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 27 of the Third-Party Petition.

28. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 28 of the Third-Party Petition.

29. Novafin admits the allegations contained in Paragraph 29d of the Third-Party Petition. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 29a through 29c and 29e through 29j of the Third-Party Petition and therefore denies those allegations.

30. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 30 of the Third-Party Petition.

31. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 31 of the Third-Party Petition.

32. Novafin admits that it has a property interest in the funds identified in Paragraph 29d of the Third-Party Petition because it was a party to the wire transfer identified in Paragraph 29d, but Novafin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Third-Party Petition and therefore denies those allegations.

33. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 33 of the Third-Party Petition.

34. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 34 of the Third-Party Petition.

35. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 35 of the Third-Party Petition.

36. Novafin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations in Paragraph 36 of the Third-Party Petition.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

37. Novafin is not liable to the Plaintiffs because of an accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

38. Novafin is not liable to the Plaintiffs because of subsequent separate payment.

## THIRD AFFIRMATIVE DEFENSE

39. Novafin is entitled to and has a property interest in the funds because Novafin was the originator of the transfer.

## FOURTH AFFIRMATIVE DEFENSE

40. Novafin is entitled to and has a property interest in the funds because the funds are not the assets of the Republic of Cuba or an agency or instrumentality thereof.

## FIFTH AFFIRMATIVE DEFENSE

41. Novafin is entitled to the funds because the transfer was the result of a mistake by Novafin and the funds were improperly blocked.

## SIXTH AFFIRMATIVE DEFENSE

42. Novafin intends to rely on such other defenses that may become available or apparent, and reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, Novafin requests that the Court enter judgment ordering:

A. That the funds that were transferred by Novafin and blocked by intermediary bank Citibank, as described in Paragraph 29d of the Third-Party Petition, are not assets of the Republic of Cuba or any agency or instrumentality thereof, and therefore may not be used to satisfy any judgment against the Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, or the Cuban Revolutionary Armed Forces;

B. That judgment be entered in favor of Novafin and indicate that the blocked funds described in Paragraph 29d of the Third-Party Petition are subject to release; and

C.      That Novafin be awarded its costs and reasonable attorney's fees in defending this action and any additional relief the Court deems just and proper.

Dated:  February 17, 2011

                                          AKIN GUMP STRAUSS HAUER & FELD LLP

                                      By: _____

                                          Jason W. Sunshine
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          One Bryant Park
                                          New York, NY 10036
                                          (212) 872-1000
                                          (212) 872-1002 (fax)
                                          jsunshine@akingump.com

                                          *Attorneys for Novafin Financière, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANNETTE FULLER HAUSLER, *et al.*,<br><br>Petitioners,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br><br>Garnishee-Respondents.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br><br>Garnishee-Respondents<br>and Third-Party Petitioners,<br><br>-against-<br><br>NOVAFIN FINANCIÈRE, S.A., *et al.*,<br><br>Adverse Claimants-<br>Respondents. | 09 Civ. 10289 (VM)<br>ECF Case<br><br>Related to the JPM Chase/Citibank<br>Turnover Proceeding<br><br>In Respect of a Judgment Entered in the<br>State of Florida,<br>Case No. 02-12475-CA-09 |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of NOVANFIN FINANCIÈRE, S.A.'S ANSWER TO THE THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER to be served via the CM/ECF system of the United States District Court for the Southern District of New York:

Dated: February 17, 2011

BY: _____
Jason W. Sunshine
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000
(212) 872-1002 (fax)
jsunshine@akingump.com
*ATTORNEYS FOR NOVAFIN FINANCIÈRE, S.A.*