```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-18-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JEANNETTE FULLER HAUSLER as Successor :
Personal Representative of the Estate of :
ROBERT OTIS FULLER ("BOBBY :
FULLER"), Deceased, on behalf of THOMAS :
CASKEY as Personal Representative of the : 09 Civ. 10289 (VM)
Estate of LYNITA FULLER CASKEY, :
surviving daughter of ROBERT OTIS FULLER, : Related to JPM Chase/Citibank
THE ESTATE OF ROBERT OTIS FULLER, : Turnover Proceeding
FREDERICK FULLER, FRANCIS FULLER, :
GRACE LUTES, JEANNETTE FULLER : In Respect of a Judgment
HAUSLER, and IRENE MOSS, : Entered in the State of Florida,
: Case No. 02-12475-CA-09
            Petitioner, :
: **ORDER**
        -against- : **COMPELLING TURNOVER**
: **OF REMAINING FUNDS IN**
JPMORGAN CHASE BANK, N.A., : **PETITION I PURSUANT TO**
CITIBANK, N.A., and UBS AG, : **FED. R. CIV. P. 69 AND**
: **NY CPLR § 5225(B)**
            Garnishee-Respondents. :
:
:
------------------------------------------------------x

CITIBANK, N.A.,

        Garnishee-Respondent
        and Third-Party
        Petitioner,

-against-

BANCO NACIONAL DE CUBA, BANCO
FINANCIERO INTERNACIONAL, S.A.,
SHANGHAI PUDONG DEVELOPMENT
BANK CO. LTD., DRESDNER
LATEINAMERIKA AG, f/k/a DRESDNER
BANK LATEINAMERIKA AG, and
JEANNETTE FULLER HAUSLER, as
Successor Personal Representative of the Estate
of ROBERT OTIS FULLER ("BOBBY
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS FULLER,
THE ESTATE OF ROBERT OTIS FULLER,
FREDERICK FULLER, FRANCIS FULLER,
GRACE LUTES, JEANNETTE FULLER
HAUSLER, and IRENE MOSS,

        Adverse Claimants-
        Respondents.

WHEREAS, on January 21, 2010, Petitioner commenced this proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, and N.Y. C.P.L.R. § 5225(b), to enforce a duly-registered Florida federal judgment awarding $100,000,000 in compensatory damages to Petitioner against, inter alia, Judgment Debtors the Republic of Cuba (the "Hausler Judgment"), and to compel Garnishee-Respondent Citibank, N.A. ("Citibank") to turn over to Petitioner certain funds held in the account specified below ("Petition I");

2

WHEREAS, the United States Marshal had previously levied upon Citibank by serving a Writ of Execution issued in respect of the Hausler Judgment, which Writ remains in place as of the date of this Order;

WHEREAS, the Petition was served on Defendant The Republic of Cuba and on Adverse Claimant-Respondent Banco Nacional de Cuba ("Banco Nacional") pursuant to Section 1608 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 USC §§ 1330, 1602-11 by way of a mailing by the Clerk of the Court by registered mail;

WHEREAS, the service on The Republic of Cuba and on Banco Nacional was supplemented by requesting and causing the Clerk of the Court to serve the Petition on The Republic of Cuba and on Adverse Claimant-Respondent Banco Nacional by using DHL World Courier to effect service thereof, which service was duly acknowledged by Banco Nacional;

WHEREAS, on April 21, 2010, Citibank and another garnishee filed a Joint Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third-Party Petition"), for the purposes of providing notice to potential claimants to funds targeted for turnover in Petition I;

WHEREAS, Citibank named Banco Nacional and Shanghai Pudong Development Bank Co., Ltd. ("Shanghai Pudong Bank") as Adverse Claimants-Respondents in the Third Party Petition because they were parties to an electronic funds transfer in (the "Banco Nacional EFT"), the proceeds of which were frozen and placed into a blocked, interest-bearing account in July 2001 ("Subaccount 203"), pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "CACRs"), as issued by the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC");

WHEREAS, the balance of Subaccount 203 was $1,957,183.84 as of July 9, 2001;

3

FEB-18-2011 1 Case 1:09-cv-10289-VM Document 159 Filed 02/18/11 Page 3 of 9 Page: 4/10

WHEREAS, on or about May 10, 2010, Citibank initiated service of the summons and Third-Party Petition on Banco Nacional pursuant to the FSIA, and subsequently supplemented that service on or about June 9, 2010, which service was duly effected on or about June 21, 2010;

WHEREAS, Banco Nacional is alleged by Petitioner and has previously been found to be an agency or instrumentality of the Republic of Cuba within the meaning of the FSIA and TRIA;

WHEREAS, neither Judgment Debtor the Republic of Cuba nor Banco Nacional has responded to Petition 1 or to the Third-Party Petition;

WHEREAS, on May 12, 2010, Citibank caused service to be initiated on Shanghai Pudong Bank pursuant to Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention") by the transmission of copies of the required Hague Convention forms and the summons and Third-Party Petition, together with required translations of such documents, to the Central Authority of the People's Republic of China ("Chinese Central Authority");

WHEREAS, as of February 17, 2011, Citibank has not received any confirmation that the summons and Third-Party Petition have been served on Shanghai Pudong Bank;

WHEREAS, the United States of America and the People's Republic of China have filed declarations pursuant to Article 15 of the Hague Convention which permit courts in each country to enter judgment against a party in the other country even if no certificate of service or delivery has been received, provided that at least six months have elapsed since the necessary papers were transmitted by a method provided for under the Hague Convention and "every reasonable effort has been made to obtain [a certificate of service] through the competent authorities of the State addressed;"

4

WHEREAS, more than eight months have elapsed since Citibank initiated service on Shanghai Pudong Bank under the Hague Convention, and every effort has been made to ascertain the status of service from the Chinese Central Authority;

WHEREAS, in response to Petition's application for an immediate order of turnover, Citibank submitted a proposed order for supplemental service of process on Shanghai Pudong Bank via private international courier, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure; and

WHEREAS, this proceeding, based on Petition I, having regularly come on to be heard before the Hon. Victor Marrero of the United States District Court for the Southern District of New York, held at the courthouse thereof, located at 500 Pearl Street, New York, New York, on February 18, 2011, and the issues in that proceeding having duly come on to be heard, and the Petitioner having duly appeared by her attorneys, and Garnishee-Respondent Citibank having appeared through its counsel;

NOW, THEREFORE, IT IS HEREBY DETERMINED, based upon the record herein, that:

(a) As set forth therein, the Hausler Judgment is against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of TRIA, and the Judgment is based on claims for acts of terrorism for which the Republic of Cuba is not immune under the FSIA, 28 U.S.C. § 1605(a)(7);

(b) Petitioner has fully complied with all requirements of service of pleadings upon and the giving of notice to the Republic of Cuba in accordance with the FSIA, 28 U.S.C. § 1608;

5

(c) As determined by the Order of this Court for Immediate Issuance of Writ of Execution dated March 26, 2009, a reasonable period of time has elapsed following the entry of the Hausler Judgment and the giving of notice to Judgment Debtor the Republic of Cuba in accordance with the FSIA, 28 U.S.C. §1608(e);

(d) Subaccount 203 is maintained on the books of Citibank, is a target for turnover pursuant Petition I, contains the blocked assets of agency or instrumentality of a terrorist party within the meaning of TRIA, and held a balance of approximately $1,957,183.84 as of July 9, 2001;

(e) Citibank has fully complied with all requirements for service of pleadings upon and the giving of notice to Banco Nacional in accordance with the FSIA, 28 U.S.C. § 1608;

(f) The requirements of Article 15 of the Hague Convention for entry of a judgment without confirmation of service on Shanghai Pudong Bank have been satisfied—specifically, (1) the summons and Third-Party Petition, along with all other documents and required forms, were transmitted by one of the methods provided for in the Hague Convention, (2) an adequate period of time of at least six months has elapsed since the date of the transmission of the documents, and (3) no certificate of any kind confirming service on Shanghai Pudong Bank has been received from the Chinese Central Authority, even though every reasonable effort has been made to obtain such a certificate;

(g) Neither Banco Nacional nor Shanghai Pudong Bank has given timely notice of a claim to the funds being held in Subaccount 203;

(h) In accordance with Section 201 of TRIA, the blocked assets of a terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) may be

6

executed upon to satisfy a judgment against that terrorist party to the extent of any compensatory damages awarded by that judgment and are not immune from execution in satisfaction of a judgment under any provision of the FSIA;

(i) The Hausler Judgment may be satisfied by execution against the blocked assets of the Republic of Cuba or any agency or instrumentality of the Republic of Cuba, including Banco Nacional, which is an agency or instrumentality of the Republic of Cuba within the meaning of TRIA;

(j) The funds held in Subaccount 203 are blocked assets of the Republic of Cuba within the meaning of Section 201 of TRIA; and

(k) None of the funds held in Subaccount 203 constitute property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Citibank shall provide notice of this Order and a copy of the summons and Third-Party Petition, together with translations of each, to Shanghai Pudong Bank by any means that guarantees prompt and receipted delivery, and that such notice to Shanghai Pudong Bank shall constitute the equivalent of service of process pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure;

2. Judgment shall be entered on and as of February 22, 2011 in favor of Petitioner and against Citibank, in its capacity as Garnishee, directing Citibank to turn over to the United

7

States Marshal on or before March 24, 2011 the sum of one million, nine hundred fifty seven thousand, one hundred eighty three dollars and eighty four cents ($1,957,183.84) plus interest accrued thereon since July 9, 2001, unless prior to that date Shanghai Pudong Bank shall have appeared and filed an answer or otherwise responded to the Third-Party Petition, in which case the judgment of turnover shall be vacated;

3. Within fifteen (15) business days of receipt from Citibank of the funds specified in sub-paragraph (2) the Marshal shall transfer such funds to counsel for Petitioner;

4. Citibank shall be entitled to an award of its reasonable costs and attorneys fees in an amount to be agreed upon with the Petitioner or to be awarded by the Court upon application;

5. Within fifteen (15) business days of receipt of funds from the Marshal, or within 15 business days from the date on which the Court approves an amount agreed upon for the award, counsel for Petitioner or Petitioner shall pay over to counsel for Citibank for payment over to Citibank, from the amount for payment over to Petitioner being turnover pursuant to paragraph 2 above, the amount agreed upon or awarded by the Court;

6. Upon Citibank's compliance with this paragraph 2 of this Order, Citibank shall be fully discharged pursuant to N.Y. C.P.L.R. §§ 5209 or 6204, as applicable, and in interpleader, from any and all obligations or other liabilities to the Republic of Cuba, Banco Nacional, or Shanghai Pudong Bank, or to any other party, with respect to the blocked assets that are the subject of this Order, to the full extent of such amounts so held and paid to the Marshal in accordance with this Order; and

7. Upon Citibank's compliance with paragraph 2 of this Order, Banco Nacional and Shanghai Pudong Bank shall be restrained and enjoined from instituting or prosecuting any claim

8

or action against Citibank in any jurisdiction arising from or relating to any claim to the blocked assets that Citibank turns over to the Marshal in compliance with this Order.

ENTER: *18 February 2011*

*Victor Marrero*
U.S.D.J.

9