```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JEANNETTE HAUSLER,                  :
                                    :
              Petitioner,           :
                                    :
      - against -                   :    09 Civ. 10289 (VM)
                                    :
                                    :
JP MORGAN CHASE BANK, N.A.,         :    ORDER
CITIBANK, N.A., UBS AG, THE ROYAL   :
BANK OF SCOTLAND, N.V. AND BANK OF  :
AMERICA, N.A.,                      :
                                    :
              Defendants.           :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-22-11

**VICTOR MARRERO, United States District Judge.**

Petitioner Jeannette Hausler ("Hausler") brings this action as the successor and personal representative of the Estate of Robert Otis Fuller ("Fuller") pursuant to § 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), to execute a default judgment obtained by Hausler in Florida state court (the "Florida Judgment") against the Republic of Cuba, Fidel and Raul Castro, and the Cuban Revolutionary Armed Services (collectively, "Defendants") in an action alleging the torture and extrajudicial killing of Fuller.

In connection with her efforts to enforce the Florida Judgment, Hausler commenced a proceeding in this Court seeking to compel garnishee-respondent JPMorgan Chase Bank, N.A. ("JPM") to turn over to the United States Marshal (the

"Marshal") for transfer to Hausler certain funds held in specified JPM accounts (the "Sinking Fund") established to pay principal and interest on the Republic of Cuba's 4-1/2% Bonds of the External Debt of the Republic of Cuba, 1937-77 (the "4-1/2% External Debt Bonds").

By Order dated November 5, 2010 (the "November Order"), the Court ordered turnover of most, but not all, of the balance of the Sinking Fund, and ordered that approximately $609,000 be reserved from the balance of the Sinking Fund until any persons claiming to own the sum of the 4-1/2% External Debt Bonds were afforded sufficient time and opportunity to provide written notice of their claims to amounts in the Sinking Fund and to appear in this Court by filing an answer to the interpleader filed by JPM and served on them.

When no claimants had responded by November 30, 2010, the deadline set by the November Order, the Court, by Order dated December 15, 2010 (the "December Order"), ordered turnover of the reserve balance of the Sinking Fund. However, on December 20, 2010, Hugh E. Stancil ("Stancil"), an individual claiming to be the holder of a single 4-1/2% External Debt Bond, filed an interpleader answer (the "Interpleader Answer") with the Court. Stancil requested that his Interpleader Answer be accepted by the Court,

notwithstanding that it was submitted after the November 30, 2010 deadline had passed, and, in this regard, the Court notes that Stancil, who appears in this action <u>pro se</u>, had previously sent a letter to counsel for Hausler on October 20, 2010, asserting his claim against the Sinking Fund. On February 8, 2011, the Court directed the parties to respond to Stancil's submission. Hausler, alone, elected to respond, which she did by memorandum dated February 11, 2011.

Upon review of Stancil's Interpleader Answer and Hausler's submission in response, the Court finds Stancil's claim to be without merit. As an initial matter, Stancil has failed to provide evidence, as required by the November Order, of ownership of or clear title to any 4-1/2% External Debt Bond, nor has he established a perfected claim to the Sinking Fund. Further, Stancil has not demonstrated that any legally-cognizable claim to the Sinking Fund he might possess would be senior in priority to Hausler's secured claim. Consequently, the Court finds no grounds for reconsideration of its December Order. <u>See</u> <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to

3

correct a clear error or prevent manifest injustice." (quotation marks omitted)). Stancil's Interpleader Answer is hereby DISMISSED.

## ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the interpleader answer of Hugh E. Stancil (Docket No. 146) is DISMISSED; and it is further

**ORDERED** that the United States Marshal is directed to release to petitioner Jeanette Hausler ("Hausler") the funds in his custody turned over by garnishee-respondent JPMorgan Chase Bank, N.A. and intended for transfer to Hausler.

**SO ORDERED.**

Dated:     New York, New York
           18 February 2011

_____
VICTOR MARRERO
U.S.D.J.