# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | x |  |
| JEANNETTE FULLER HAUSLER as Successor Personal Representative of the Estate of ROBERT OTIS FULLER, et al., | : | |
|  | : | |
|  | : | |
| Petitioner, | : | |
|  | : | |
| -against- | : | |
|  | : | |
| JPMORGAN CHASE BANK, N.A., et al., | : | 09 Civ. 10289 (VM) |
|  | : | |
| Garnishee-Respondents. | : | Related to JPM Chase/Citibank Turnover Proceeding |
|  | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | x | In Respect of a Judgment |
| JPMORGAN CHASE BANK, N.A., et al., | : | Entered in the State of Florida, Case No. 02-12475-CA-09 |
|  | : | |
| Garnishee-Respondents and Third-Party Petitioners, | : | **ANSWER OF BANCO BILBAO VIZCAYA ARGENTARIA, S.A. TO THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |
|  | : | |
| -against- | : | |
|  | : | |
| BANCO FINANCIERO INTERNACIONAL, S.A., BANCO BILBAO VIZCAYA ARGENTARIA, S.A., et al., | : | |
|  | : | |
| Adverse Claimants-Respondents. | : | |
|  | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | x | |

Adverse Claimant-Respondent Banco Bilbao Vizcaya Argentaria, S.A. (named incorrectly as Banco Bilbao Vizcaya "Argentina," S.A.) ("BBVA"), by and through its attorneys, White & Case LLP, for its Answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third-Party Petition"), dated October 29, 2010, states as follows:

1.         BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except admits that there are claimants to the blocked accounts targeted by Petitioner, Jeannette Fuller Hausler ("Petitoner"), for turnover who are or may be adverse to Petitioner.

2.         The allegations in the first sentence of Paragraph 2 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.         The allegations in the first sentence of Paragraph 3 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies the allegations in the first sentence of Paragraph 3.  BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 3.

4.         BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.         The allegations in the first sentence of Paragraph 5 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.         The allegations in Paragraph 6 state legal conclusions to which no response is required.

7.         The allegations in Paragraph 7 state legal conclusions to which no response is required.

8.      BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except that BBVA respectfully refers the Court to Paragraphs 28 and 29 below.

12.     Paragraph 12 consists of a quotation from a federal statute, to which no response is required.

13.     The allegations in Paragraph 13 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except that BBVA denies that either of Banco Financiero Internacional, S.A. ("BFI") or Banco Internacional de Comercio, S.A. ("BICSA") is an agency or instrumentality of the Republic of Cuba and denies, as alleged in Paragraphs 28 and 29 below, that the funds underlying the blocked wire transfers are available for execution or are subject to turnover.

14.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required.

16.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 22.  The allegations in the second sentence of Paragraph 22 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in the second sentence of Paragraph 22 are denied.

23.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 23.  The allegations in the second and third sentences of Paragraph 23 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies that BFI is an agency or instrumentality of the Republic of Cuba.

24.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 24.  The allegations in the second and third sentences of Paragraph 24 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies that BICSA is an agency or instrumentality of the Republic of Cuba.

25.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 25.  The allegations in the second sentence of Paragraph 25 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in the second sentence of Paragraph 25 are denied.

26.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 a. – c. and f. – jj.  As to the allegations in Paragraph 26 d. and e., BBVA respectfully refers the Court to paragraphs 28 and 29 below.

27.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 b., c. and d.  BBVA denies the allegations in Paragraph 28 a., except admits that BBVA participated in a wire transfer, originated on January 26, 1996, in the amount of $4,000,000, which Bank of America, as intermediary bank, blocked pursuant to Office of Foreign Assets Control ("OFAC") regulations.  BBVA avers that the funds underlying the blocked wire transfer alleged in Paragraph 28 a. of the Third-Party Petition constitute property owned by BBVA, not BFI, and that Bank of America owes a debt, in the amount of such funds, to BBVA, not BFI.

29.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 a., b., d., and f. – j.  BBVA denies the allegations in Paragraph 29 c., except admits that BBVA was the originator's bank in a wire transfer, originated on September 7, 2005, in the amount of $1,000,000, that Banco Bilbao Vizcaya Argentaria (Panama), S.A. was the beneficiary's bank, that BFI was the beneficiary and that Citibank, as intermediary bank, blocked the wire transfer pursuant to OFAC regulations.  BBVA avers that the funds underlying the blocked wire transfer alleged in Paragraph 29 c. of the Third-Party Petition constitute property owned by BBVA, not BFI, and that Citibank owes a debt, in the amount of such funds, to BBVA, not BFI.  BBVA denies the allegations in Paragraph 29 c., except admits that BBVA was the originator's bank in a wire transfer, originated on February 3, 2004, in the amount of $300,000, that Banco Bilbao Vizcaya Argentaria (Panama), S.A. was the beneficiary's bank, that BICSA was the beneficiary and that Citibank, as intermediary bank, blocked the wire transfer pursuant to OFAC regulations.  BBVA avers that the funds underlying the blocked wire transfer alleged in Paragraph 29 e. of the Third-Party Petition constitute property owned by BBVA, not BICSA, and that Citibank owes a debt, in the amount of such funds, to BBVA, not BICSA.

30.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.        BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required.  To the extent that a response is required, BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     BBVA denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 36 are denied.

**FIRST AFFIRMATIVE DEFENSE**

37.     The Third-Party Petition fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

38.     If, pursuant to the Terrorism Risk Insurance Act of 2002, 28 U.S.C. §1610 note, the Cuban Assets Control Regulations, 31 C.F.R. Part 515, or any other provision of law, the funds underlying the blocked wire transfers alleged in Paragraphs 28 a., 29 c., 29 d. and/or 29 e. of the Third-Party Petition are turned over to Petitioner, then, under the Fifth Amendment to the United States Constitution, such law(s) are unconstitutional as applied.  Specifically, any such turnover would constitute a taking of BBVA's private property without just compensation.

WHEREFORE, BBVA respectfully prays that the Court enter judgment denying turnover of the funds underlying the blocked wire transfers alleged in Paragraphs 28 a., 29 c., 29 d. and 29 e. of the Third-Party Petition, and awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 24, 2011

WHITE & CASE LLP

By: _____
    Kenneth A. Caruso

1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

*Attorneys for Adverse Claimant-Respondent*
*Banco Bilbao Vizcaya Argentaria, S.A.*