UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JEANNETTE FULLER HAUSLER, et al.,                    :

                   Petitioner,                              :

    -against-                                                  :

JPMORGAN CHASE BANK, N.A., et al.,                    :

            Garnishee-Respondents.                :

                                   :   09 Civ. 10289 (VM)
                                   :   ECF Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Related to JPM Chase/Citibank
                                   :   Turnover Proceeding

JPMORGAN CHASE BANK, N.A., et al.,

                                   :   In Respect of a Judgment
           Garnishee-Respondents and     Entered in the State of Florida,
           Third-Party Petitioners             :   Case No. 02-12475-CA-09

    -against-                                                  :

BANCO FINANCIERO INTERNACIONAL     :
S.A., et al.,

                                   :

            Adverse Claimants-
            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ANSWER OF
## ESTUDIOS MERCADOS Y SUMINISTROS S.L. TO THIRD-PARTY
## PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER

      Adverse Claimant-Respondent Estudios Mercados y Suministros S.L. ("EMS"), by and

through its attorneys herein, Morgan, Lewis & Bockius, LLP, as and for its answer to the

"Third-Party Petition Alleging Claims in the Nature of Interpleader," dated October 29, 2010

(the "Third-Party Petition"), alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Third-Party Petition, except admits that there are claimants to the blocked accounts targeted by Petitioner Jeannette Fuller Hausler ("Petitioner") for turnover who are or may be adverse to Petitioner and that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Third-Party Petition, except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Third-Party Petition, except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "6" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Third-Party Petition.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Third-Party Petition.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Third-Party Petition, except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Third-Party Petition, except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

12.     Denies the allegations contained in Paragraph "12" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b"

of the Third-Party Petition.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Third-Party Petition.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Third-Party Petition, except admits that EMS had a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Third-Party Petition.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Third-Party Petition.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Third-Party Petition.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Third-Party Petition.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Third-Party Petition.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Third-Party Petition.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Third-Party Petition, except admits that Banco Internacional de Comercio, S.A. was the beneficiary bank with respect to the wire transfer described in Paragraph "28(b)" of the Third-Party Petition.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Third-Party Petition.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26," except admits the allegations contained in Paragraphs "26s" and "26cc" of the Third-Party Petition.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Third-Party Petition.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Third-Party Petition, except admits the allegations contained in Paragraph "28b" of the Third-Party Petition.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Third-Party Petition.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Third-Party Petition.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "31" of the Third-Party Petition.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Third-Party Petition, except admits that EMS had a property interest in the funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition because it was the intended payee on the wire transfer identified in that paragraph.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Third-Party Petition.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

37.     Philips Mexicana S.A. de C.V. ("Philips Mexicana") is entitled to and has a property interest in the funds described in Paragraph "28b" of the Third-Party Petition because the funds are not the assets of the Republic of Cuba or an agency or instrumentality thereof.

38.    EMS assigned all of its rights, title, and interest in the blocked funds described in Paragraph "28b" of the Third-Party Petition to Philips Mexicana since after the payment described in Paragraph "28b" of the Third-Party Petition was blocked, Philips Mexicana's obligation to EMS was subsequently satisfied in full without involvement of a U.S. bank or U.S. persons.

39.    EMS is a Spanish company which previously had a branch office in Cuba.  This branch office was not incorporated or organized under the laws of Cuba.

40.    Philips Mexicana is not incorporated or organized under the laws of Cuba.

## SECOND AFFIRMATIVE DEFENSE

41.    Philips Mexicana is entitled to the funds because the transfer was the result of a mistake by Philips Mexicana and the funds were improperly blocked.

42.    A subordinate of the Philips Mexicana Treasurer, without appropriate supervision, mistakenly requested that a U.S. bank, instead of a Mexican bank, facilitate the transfer of funds to the EMS branch office in Cuba for the installation of medical equipment.

## THIRD AFFIRMATIVE DEFENSE

43.    EMS intends to rely on such other defenses that may become available or apparent, and reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, EMS requests that the Court enter judgment ordering:

A.    That the funds described in Paragraph "28b" of the Third-Party Petition are not assets of the Republic of Cuba or any agency or instrumentality thereof, and therefore may not be used to satisfy any judgment against the Republic of Cuba;

B.    That judgment be entered directing the release to Philips Mexicana of the blocked funds, with accrued interest, described in Paragraph "28b" of the Third-Party Petition; and

C.      That EMS be awarded its costs and reasonable attorneys fees in defending this

action, and any additional and further relief that the Court deems just and proper.

Dated: New York, New York
       March 4, 2011

MORGAN, LEWIS & BOCKIUS LLP


By: _____/S/_____
    Bernard J. Garbutt III (BG-1970)
    101 Park Avenue
    New York, NY 10178-0060
    Tel: (212) 309-6000

    *Attorneys for Adverse-Claimant
    Respondent Estudios Mercados y
    Suministros S.L.*

     *and*

     *Named (but not yet served) Adverse-
    Claimant Respondent Philips Mexicana
    S.A. de C.V.*

<u>Of Counsel</u>:
James D. Pagliaro
Ramin Afshar-Mohajer
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel: (215) 963-500)