UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEANETTE FULLER HAUSLER as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANETTE FULLER HAUSLER, and IRENE MOSS, | x : : : : : : : : | |
| Petitioner, | : | |
| -against- | : | 09 Civ. 10289 (VM) |
| JPMORGAN CHASE BANK, N.A., CITIBANK, N.A., and UBS AG, | : | Related to JPM Chase/Citibank Turnover Proceeding |
| Garnishee-Respondents. | : | In Respect of Judgment Entered in the State of Florida, Case No. 02-12475-CA-09 |
| JPMORGAN CHASE BANK, N.A., | x : | **ANSWER OF SHANGHAI PUDONG DEVELOPMENT BANK CO., LTD TO JOINT THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |
| Garnishee-Respondent and Third-Party Petitioner, | : : | |
| -against- | : | |
| BANCO NACIONAL DE CUBA, BANCO DE ESPAÑA, and JEANETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANETTE FULLER HAUSLER, | : : : : : : | |

|  | : |
| and IRENE MOSS, | : |
| Adverse Claimants-Respondents. | : |

x

| CITIBANK, N.A., | |
| Garnishee-Respondent and Third-Party Petitioner, | : |
|  | : |
| -against- | : |
| BANCO NACIONAL DE CUBA, BANCO FINANCIERO INTERNATIONAL, S.A., SHANGHAI PUDONG DEVELOPMENT BANK CO. LTD., DRESDNER LATEINAMERIKA AG, f/k/a DRESDNER BANK LATEINAMERIKA AG, and JEANETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANETTE FULLER HAUSLER, and IRENE MOSS, | : |
| Adverse Claimants-Respondents. | : |

x

### ANSWER OF SHANGHAI PUDONG DEVELOPMENT BANK CO., LTD TO JOINT THIRD-PARTY PETITION <u>ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER</u>

Adverse Claimant-Respondent Shanghai Pudong Development Bank Co., Ltd. ("SPDB"),

by and through its attorneys, White & Case LLP, for its Answer to the Joint Third-Party Petition

Alleging Claims in the Nature of Interpleader (the "Third-Party Petition") dated April 21, 2010, states as follows:

1.        Paragraph 1 of the Third-Party Petition characterizes the nature of the Third-Party Petition and the motivations of Garnishee-Respondents and Third-Party Petitioners JPM Chase and Citibank, and therefore no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form as to the truth of the allegations in Paragraph 1 of the Third-Party Petition, except admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition and is or may be adverse to Petitioner.

**The Judgments Against the Republic of Cuba Subject to Enforcement**

2.        Paragraph 2 of the Third-Party Petition characterizes the nature of this and other proceedings and therefore no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Third-Party Petition, except respectfully refers the Court to the record in the proceedings referenced in Paragraph 2 of the Third-Party Petition for the content thereof.

**The Attempted Execution Pursuant to TRIA**

3.        SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Third-Party Petition, except respectfully refers the Court to the writs of execution, Federal Judgment, Cuban Assets Control Regulations, Part 515 (the "CACRs") and the Trading with the Enemy Act, 50 U.S.C. App. 5(b) ("TWEA") for the content thereof.

4.        SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Third-Party Petition, except respectfully refers the Court to

the Petition for Turnover and Section 201(a) of the Terrorism Risk Insurance Act of 2002, Pub.

L. No. 107-297; 116 Stat 2337, codified at 28 U.S.C. § 1610 note ("TRIA") for the content

thereof.

5.      The allegations in Paragraph 5 of the Third-Party Petition consist of a quotation from

TRIA to which no response is required.  To the extent a response is required, SPDB respectfully

refers the Court to Section 201(a) of TRIA for the content thereof.

6.      The allegations in Paragraph 6 of the Third-Party Petition characterize the Petition for

Turnover to which no response is required.  To the extent a response is required, SPDB denies

that Petitioner is entitled to the execution and turnover of the blocked funds described in

Paragraph 44 of the Third-Party Petition.

**The Property that is the Subject of the Turnover Petition**

7.      The first sentence of Paragraph 7 of the Third-Party Petition states a legal conclusion

to which no response is required.  To the extent a response is required, SPDB denies the first

sentence of Paragraph 7 of the Third-Party Petition, except respectfully refers the Court to

Article 4A of New York's Uniform Commercial Code ("Article 4A") for the contents thereof.

SPDB further denies knowledge or information sufficient to form a belief as to the truth of the

allegations in the second sentence of Paragraph 7 of the Third-Party Petition.

8.      SPDB denies knowledge or information sufficient to form a belief as to the truth of

the allegations in the Paragraph 8 of the Third-Party Petition.

9.      The allegations in Paragraph 9 of the Third-Party Petition state legal conclusions to

which no response is required.  To the extent a response is required, SPDB denies knowledge or

information sufficient to form a belief as to the truth of the allegations in the Paragraph 9 of the

Third-Party Petition, except respectfully refers the Court to the CACRs for the content thereof.

10.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Third-Party Petition concerning Dresdner Lateinamerica AG, f.k.a Dresdner Bank Latinamerica AG ("DBL") and Banco Finaciero.   SPDB denies the remaining allegations in the first and second sentences in Paragraph 10 of the Third-Party Petition and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 10 of the Third-Party Petition, except admits and avers that SPDB was the originator or the originating bank on a payment order in the amount of $1,957,183.84 that SPDB sent to Citibank or a branch or affiliate thereof.

11.     The allegations in Paragraph 11 of the Third-Party Petition state a legal conclusion to which no response is required.  To the extent a response is required, SPDB denies the allegations in Paragraph 11 of the Third-Party Petition except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Third-Party Petition concerning DBL.  SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

**The Legal Principles Involved and the Need for Interpleader Relief**

12.     The allegations in Paragraph 12 of the Third-Party Petition state a legal conclusion to which no response is required.  To the extent a response is required, SPDB admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, and SPDB denies that Petitioner is entitled to attach and execute against such property interest.

13.     The allegations in Paragraph 13 of the Third-Party Petition characterize writs of execution and the Turnover Petition to which no response is required.  To the extent a response is required, SPDB denies the allegations in Paragraph 13 and further denies that Petitioner is

entitled to attach and execute against the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

14.     The allegations in Paragraph 14 of the Third-Party Petition state legal conclusions to which no response is required.  To the extent a response is required, SPDB admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

15.     The allegations in Paragraph 15 of the Third-Party Petition state legal conclusions and characterize the Turnover Petition and Third-Party Petition to which no response is required.  To the extent a response is required, SPDB denies that Petitioner is entitled to relief with respect to the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, and SPDB denies that Citibank is entitled to a discharge in interpleader.  SPDB further admits and avers that as the originator or originating bank, SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

16.     The allegations in Paragraph 16 of the Third-Party Petition state legal conclusions to which no response is required.  To the extent a response is required, SPDB denies the allegations in Paragraph 16 of the Third-Party Petition, except respectfully refers the Court to Fed. R. Civ. P. 22, CPLR §§ 5239 and 6221 and Section 134 of the New York Banking Law for the content thereof.   SPDB further denies that Petitioner is entitled to execution and turnover of the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.  SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

17.     Paragraph 17 of the Third-Party Petition is argumentative and therefore no response is required.  To the extent a response is required, SPDB denies that Petitioner is entitled to relief

with respect to the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition. SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, and SPDB has meritorious defenses.

18.     Paragraph 18 of the Third-Party Petition is argumentative and therefore no response is required. To the extent a response is required, SPDB denies the allegations in Paragraph 18 of the Third-Party Petition. SPDB further states and avers that it hereby appears to assert defenses to execution and a claim to the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.   SPDB further denies that Petitioner is entitled to relief with respect to the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

### Jurisdiction and Venue

19.     The allegations in Paragraph 19 of the Third-Party Petition state legal conclusions to which no response is required. To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 19 of the Third-Party Petition and respectfully refers the Court to 28 U.S.C. § 1330, Section 1603(a) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. 1602 et seq. (the "FSIA"), 12 U.S.C. § 632, 28 U.S.C. § 1376(a) and Rule 69 of the Federal Rules of Civil Procedure for the content thereof.

20.     The allegations in Paragraph 20 of the Third-Party Petition state a legal conclusion to which no response is required. To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 20 of the Third-Party Petition, except respectfully refers the Court to 28 U.S.C. § 1409 for the content thereof.

**The Parties to the Joint Third-Party Petition**

**The Garnishee-Respondents and Third-Party Petitioners**

21.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Third-Party Petition.

22.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 22 of the Third-Party Petition.

23.      The allegations in Paragraph 23 of the Third-Party Petition characterize the Turnover Petition and the Federal Judgment and therefore no response is required.  To the extent a response is required, SPDB denies that Petitioner is entitled to relief with respect to the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

24.      SPDB denies the allegation in Paragraph 24 that "Banco National, which has been recognized by this Court as an agency or instrumentality of the Republic of Cuba, is the originator of one of the EFTs that was blocked on the books of JPM Chase, and one of the EFTs blocked on the books of Citibank" with respect to the referenced electronic funds transfer ("EFT") purportedly on the books of Citibank.  SPDB denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Third-Party Petition.

25.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 25 of the Third-Party Petition.

26.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 26 of the Third-Party Petition.

27.      SPDB admits the allegation in the first sentence of Paragraph 27 of the Third-Party Petition that SPDB is a banking association incorporated under the laws of the People's Republic of China.  SPDB denies the remaining allegations in the first sentence of Paragraph 27 of the

Third-Party Petition.  SPDB further admits and avers that SPDB's registered address is No. 500, Pudong Nan Road, Shanghai, in the People's Republic of China.  SPDB denies the allegations in the second sentence of Paragraph 27 of the Third-Party Petition, except admits and avers that SPDB was the originator or originating bank in an EFT that was blocked by Citibank or a branch or affiliate thereof.

28.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 28 of the Third-Party Petition.

### For the Claim of JPM Chase in the Nature of Interpleader

29.       In response to Paragraph 29 of the Third-Party Petition, SPDB repeats and realleges its answers to Paragraphs 1-28 of the Third-Party Petition as if fully set forth herein.

**The Banco de Espana EFT**

30.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 30 of the Third-Party Petition.

31.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 31 of the Third-Party Petition.

32.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 32 of the Third-Party Petition.

33.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 33 of the Third-Party Petition.

34.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 34 of the Third-Party Petition.

35.      SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 35 of the Third-Party Petition.

**The Banco National Account with JPM Chase**

36.     Paragraph 36 of the Third-Party Petition characterizes the relief sought by Petitioner and therefore no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 36 of the Third-Party Petition.

37.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 37 of the Third-Party Petition.

38.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 38 of the Third-Party Petition.

**For the Claims of Citibank in the Nature of Interpleader**

39.      In response to Paragraph 39 of the Third-Party Petition, SPDB repeats and realleges its answers to Paragraphs 1-28 of the Third-Party Petition as if fully set forth herein.

**The Shanghai Pudong Development Bank EFT**

40.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Third-Party Petition, except admits and avers that on or about July 9, 2001, SPDB initiated an EFT in the amount of $1,957,183.84 that Citibank or a branch or affiliate thereof blocked.  SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

41.     The allegations in the first sentence of Paragraph 41 of the Third-Party Petition state legal conclusions to which no response is required.  To the extent a response is required, SPDB denies the allegations in the first sentence of Paragraph 41 of the Third-Party Petition, except admits and avers that SPDB was the originator or the originating bank in an EFT in the amount of $1,957,183.84 that SPDB initiated on or about July 9, 2001.  The allegations in the second

sentence of Paragraph 41 of the Third-Party Petition state a legal conclusion to which no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 41 of the Third-Party Petition, except admits and avers that SPDB sent a payment order in the amount of $1,957,183.84 to Citibank or a branch or affiliate thereof.

42.    SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Third-Party Petition, except admits and avers that Citibank or a branch or affiliate thereof was to use SPDB's account to effect the transfer.

43.    SPDB denies the allegation in Paragraph 43 of the Third-Party Petition that Banco National was involved in the transfer or that the CACRs prevented execution of the payment order.  SPDB denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Third-Party Petition, except SPDB admits and avers that Citibank or a branch or affiliate thereof blocked the transfer and SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

44.    The allegations in Paragraph 44 of the Third-Party Petition characterize the Turnover Petition and therefore no response is required.  To the extent a response is required, SPDB denies that Petitioner is entitled to turnover of the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.  SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

45.    The allegations in Paragraph 45 of the Third-Party Petition are argumentative and therefore no response is required.  To the extent a response is required, SPDB denies that Banco

National de Cuba has any claim to the blocked funds referenced in Paragraph 45 of the Third-Party Petition and denies that Petitioner is entitled to the turnover of such funds.  SPDB further admits and avers that SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

**The Dresdner Bank Lateinamerika EFT**

46.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 46 of the Third-Party Petition.

47.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 47 of the Third-Party Petition, except respectfully refers the Court to New York UCC Articles 4-A-104(2), 4-A-104(3) and 4-A-104(4) for the content thereof.

48.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 48 of the Third-Party Petition.

49.     The first sentence of Paragraph 49 of the Third-Party Petition states a legal conclusion to which no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 49 of the Third-Party Petition.  SPDB denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 49 of the Third-Party Petition.

50.     The allegations in Paragraph 50 of the Third-Party Petition characterize the Turnover Petition and therefore no response is required.  To the extent a response is required, SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Third-Party Petition.

51.     SPDB denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Third-Party Petition.

**THE THIRD-PARTY PETITIONERS'
PRAYER FOR RELIEF**

52.     The allegations in Paragraph 52 of the Third-Party Petition are argumentative and therefore no response is required.  To the extent a response is required, SPDB denies the allegations in Paragraph 52 (a)-(l) and further denies that the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition are subject to execution and turnover to Petitioner.

**DEFENSES, AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS**

53.     The statement of any defense or affirmative defense hereinafter does not assume the burden of proof for any issue as to which applicable law places such burden upon Garnishee-Respondents and Third-Party Petitioners JPMorgan Chase and Citibank, Petitioner, or any other party.  If any part of an affirmative defense listed hereinafter includes, in whole or in part, an element of the relief sought by Petitioner or Garnishee-Respondents and Third-Party Petitioners JPMorgan Chase and Citibank, the burden with respect thereto will rest with Petitioner or Garnishee-Respondents and Third-Party Petitioners JPMorgan Chase and Citibank, respectively, and the inclusion of any such affirmative defense herein hereby places the parties on notice that SPDB opposes such relief.  SPDB expressly reserves the right to assert any other defenses or affirmative defenses that may become available or appear during further investigation or otherwise in these proceedings, and SPDB hereby reserves the right to amend this Answer to assert any such defense or affirmative defense.  SPDB has not knowingly or intentionally waived any applicable affirmative defenses.  SPDB presently lacks sufficient knowledge or information

on which to form a belief as to whether it may have affirmative defenses not stated here, and expressly reserves all rights with respect to the same.

54.     SPDB asserts the following defenses and affirmative defenses:

**FIRST DEFENSE**

(Insufficient Service of Process)

55.     SPDB, a foreign banking association organized under the laws of the People's Republic of China, has not sufficiently been served with process pursuant to the Hague Convention and in accordance with Rule 4(f) and (h) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

(Insufficient Process)

56.     Because SPDB, a foreign banking association organized under the laws of the People's Republic of China, has not sufficiently been served with process pursuant to the Hague Convention and in accordance with Rule 4(f) and (h) of the Federal Rules of Civil Procedure, SPDB has not been served with sufficient process.

**THIRD DEFENSE**

(Failure to State a Claim)

57.     The Third-Party Petition fails to state a claim upon which relief may be granted.

**FIRST AFFIRMATIVE DEFENSE**

58.     The Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA") and the Cuban Assets Control Regulations, 31 C.F.R. Part 515 ("CACRs") are unconstitutional on their face in violation of the Fifth Amendment; or TRIA and the CACRs are unconstitutional as applied to effect a taking in violation of the Fifth Amendment, if, pursuant to such law or laws,

the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition are turned over to Petitioner.

## SECOND AFFIRMATIVE DEFENSE

59.     TRIA and the CACRs are void for vagueness.

## THIRD AFFIRMATIVE DEFENSE

60.     TRIA and the CACRs are unconstitutional on their face in violation of the Fourth Amendment; or TRIA and the CACRs are unconstitutional as applied to effect an improper seizure of the funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, in which SPDB has a property interest.

## FOURTH AFFIRMATIVE DEFENSE

61.     Principles of international comity prohibit TRIA, the CACRs or other provision of law from requiring the blocking, execution and turnover of the funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, in which SPDB has a property interest.

## FIFTH AFFIRMATIVE DEFENSE

62.     If, under TRIA, the CACRs or other provision of law, the funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition are required to be blocked, executed against and turned over to the Petitioner, such law or laws are impermissibly extraterritorially applied.

## SIXTH AFFIRMATIVE DEFENSE

63.     SPDB has a property interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition because SPDB was the originator or originating bank in the electronic transfer of such funds.

## SEVENTH AFFIRMATIVE DEFENSE

64.     Banco National de Cuba was neither the originator of, nor a participant in, the EFT initiated by SPDB, and any designation of Banco National de Cuba as the originator of, or a participant in, the EFT initiated by SPDB was mistaken.

## EIGHTH AFFIRMATIVE DEFENSE

65.     Even if Banco National de Cuba was the originator in the EFT initiated by SPDB (which SPDB does not concede), Petitioner would not be entitled to execution and turnover of the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition because no property of Banco National de Cuba was transferred during the EFT, and Banco National de Cuba neither has nor ever had any interest in the midstream EFT.

## NINTH AFFIRMATIVE DEFENSE

66.     Neither the Republic of Cuba nor any agency or instrumentality thereof, including Banco National de Cuba, has or ever had any interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition.

## TENTH AFFIRMATIVE DEFENSE

67.     The designated beneficiary of the EFT initiated by SPDB did not acquire an interest in the blocked funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition, and even if the designated beneficiary did acquire an interest in such funds, such interest was extinguished, including, without limitation, by a subsequent payment to the beneficiary.

## ELEVENTH AFFIRMATIVE DEFENSE

68.     SPDB has a property interest in the funds identified in the allegations contained in Paragraph 44 of the Third-Party Petition because SPDB is entitled to a refund, with interest, of

the payment identified in the payment order it sent to Citibank or a branch or affiliate thereof because the transfer was not completed with payment to the designated beneficiary, and SPDB made a subsequent payment to the designated beneficiary.

## TWELFTH AFFIRMATIVE DEFENSE

69.     If Citibank or any branch or affiliate thereof possesses any debt or property against which any judgment may be enforced, SPDB is a transferee of any such debt or property who acquired the debt or property from the intended beneficiary for fair consideration before it was levied upon by Petitioner.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.     SPDB intends to rely on such other defenses that may become available or apparent and reserves the right to amend this Answer to assert any and all such defenses.

Wherefore, SPDB respectfully requests that the Court enter an order:

(a) denying the relief requested in the Third-Party Petition and the Turnover Petition;

(b) determining that the funds underlying the transfer initiated by SPDB and blocked by Citibank or a branch or affiliate thereof are not assets of the Republic of Cuba or any agency or instrumentality thereof and thus may not be used to satisfy any judgment against the Republic of Cuba;

(c) permitting Citibank to turnover the blocked funds plus accrued interest to SPDB as soon as such transfer may be allowed pursuant to applicable OFAC regulations;

(d) awarding SPDB its costs and reasonable attorney's fees in defending this action; and

(e) awarding such other and further relief as the Court deems just and proper.

Dated: March 23, 2011
New York, New York

By:     /s/   Glenn M. Kurtz
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, New York, 10036
Telephone:     (212) 819-8252

*Attorneys for Adverse Claimant-Respondent Shanghai Pudong Development Bank Co., Ltd.*