
**GT GreenbergTraurig**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/11
```

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

March 25, 2011

**VIA FACSIMILE**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

    Re:   *Hausler v. JP Morgan Chase Bank, N.A., et al.*
           09 Civ. 10289 (VM)

Dear Judge Marrero:

    We are counsel to Jeanette Hausler, the Petitioner/Interpleader Respondent in the above-captioned special proceeding. We write the Court pursuant to Individual Rule II A to request a pre-motion conference in advance of Petitioner's contemplated motion to dismiss the interpleader petition concerning the Tranche III Turnover Petition ("Petition III") as to the non-Cuban entity interpleader parties and for a default judgment as to the Cuban entity parties, the latter of which have failed to appear in this proceeding.

    As background, this is a judgment enforcement proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610, note ("TRIA") and N.Y. C.P.L.R. § 5225(b) as applied through Fed. R. Civ. P. 69. Petitioner is a judgment creditor of the Republic of Cuba and others under TRIA and has caused the Marshal to levy on accounts located at the Respondent Banks.[1] The accounts are comprised of the proceeds of electronic funds transfers ("EFT") that were previously blocked pursuant to the Cuban Assets Control Regulations ("CACR") and are required, by regulation, to be maintained in the name of the Cuban entities whose interest in the EFT transaction led to the blocking action. By Petition III, filed and served in July 2010, Petitioner seeks the turnover of funds in the accounts in satisfaction of her TRIA judgment.

    In response to the filing of the Petition, Respondent Banks filed an interpleader petition. Approximately two weeks ago, the Respondent Banks advised Petitioner for the first time comprehensively as to the status of service of process on the particular parties named in the interpleader petition. It now appears that the interpleader petition names as respondents all

---

[1] Respondent Banks to Petition III are Bank of America, N.A., Citibank, N.A., JP Morgan Chase, N.A., The Royal Bank of Scotland, N.V. (previously ABN Amro N.V.) and UBS AG.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

Hon. Victor Marrero
March 25, 2011
Page 2

parties to the subject EFTs, including the originating and beneficiary banks and parties ("Respondents"). The interpleader petition names the account owners and Petitioner, but no other judgment creditors. Some of the interpleader respondents have been served with process and have recently answered, others are in default, and for others (including Cuban and all non-Cuban entities) Respondent Banks have not filed confirmation of service of process. Separately, Petitioner has served the judgment debtors with notice of the Petition (including translated copy of same), pursuant to 28 U.S.C. § 1608.

The dispositive motion Petitioner seeks to file is appropriate now because there is no basis to continue further the interpleader, as the parties to the EFTs are not proper interpleader parties within the meaning of Fed. Rule Civ. P. 22, and the judgment debtors have defaulted in appearance. In short, under the blocking regime established under CACR, none of the alleged interpleader Respondents has a claim to the funds maintained in the subject accounts and if it had, the time to pursue any such claim has long since run. Judgment against the Cuban entities and a grant of the turnover petition is also appropriate because such parties have been given due notice of these proceedings, served with process, but have still not appeared.

Only those "persons with claims that may expose a plaintiff to double or multiple liability may joined as [interpleader] defendants." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967). Such double liability exists only if the claim is based on the exact same identifiable funds. *Id*. General claims for negligence or other acts or omissions do not suffice. Respondent Banks cannot demonstrate that this criteria is satisfied by any of the Respondents for at least the following reasons. First, none of the originators or beneficiary Respondents has a claim to be interpleaded because the EFTs that have been blocked "are not the property of either the originator or the beneficiary." *Shipping Corporation of India LTD v. Jahldi Overseas PTE LTD*, 585 F.3d 58, 71 (2d Cir. 2009). Moreover, since Respondent Banks served as the intermediary bank in the EFT transactions, neither originator nor intended beneficiary has a claim against them. *See e.g., Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 101 (2d Cir. 1998).

Second, none of the originating banks has a claim that can be interpleaded, as none has a cognizable property interest in the *res* now held on deposit pursuant to CACR. Under New York law, an account is presumptively owned by the entity in whose name the account is held. *EM Ltd. v. Republic of Argentina*, 473 F.3d 463 (2d Cir. 2007). Such Banks are prohibited from obtaining an interest in the accounts post-blocking (CACR § 515.203) and their failure to pursue any prior claimed interest has resulted in abandonment under N.Y. Abandoned Property Law § 300. Even assuming the originating banks could assert a claim arising out of the EFTs, that claim would be against a party to the transaction (*i.e.*, the particular intermediary bank) and not against the specific blocked funds because the EFT participants do not have "a right to return of the specific funds." *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 97 F.Supp. 12, 18 (D.D.C. 1997), *aff'd per curiam*, 159 F.3d 637 (D.C. Cir. 1998). And, any such claims by the originating banks against Respondent Banks could not establish the "reasonable and credible" fear of double liability necessary to create interpleader status because, among other reasons, (a) the Banks merely did what they were required to do under state and federal law, (b) N.Y. U.C.C. § 4A-402 allocates the risk of loss of a funds transfer which is subject to freezing or blocking to the

Hon. Victor Marrero
March 25, 2011
Page 3

originator, (c) an originator's claim to recover an interest in blocked EFT funds must be pursued through the Office of Assets Control ("OFAC"), not against a party to the transaction, and (d) many of the transactions at issue are subject to applicable statutes of limitations or other time bars. *See Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 88 (2d Cir. 2010)(citing N.Y. U.C.C. § 4A-505 requirement of providing notice of objection to blocking of account) and N.Y. CPLR § 213.

Third, the beneficiary banks also have no claim within the meaning of Rule 22 by virtue of the nature of the EFT transaction where "a credit to a frozen account constitutes payment because it reduces the indebtedness owed by the account holder to the bank." *Grain Traders*, 160 F.3d at 105 (discussing position of New York Clearing House Association). In other words, by virtue of the credit, the beneficiary banks have been made whole.

Finally, judgment and entry of a turnover order based on the Cuban account holders, and judgment debtors' default in appearance is appropriate because, as set forth in Petition III, each of the elements under TRIA has been satisfied. *See, e.g., Dames & Moore v. Regan*, 453 U.S. 654, 672 (1981)(recognizing broad powers under TWEA to employ seized property); *Sardino v. Federal Reserve Bank of New York*, 361 F.2d 106 (2d Cir. 1966) (rejecting claim of Cuban national that seizure of accounts under CACR constituted taking); *Weininger v. Castro*, 462 F. Supp. 2d 498 (S.D.N.Y. 2006)(recognizing and implementing TRIA to enforce judgment against blocked accounts).

Based on the foregoing, Petitioner respectfully requests leave to file its anticipated motion. She seeks further leave to file a 30-page brief, given the issues involved.

Respectfully submitted,

James W. Perkins

cc: James L. Kerr, Esq. (by Hand Delivery)
Frank Panopoulos, Esq. (by E-mail)
Mark Gimbel, Esq. (by E-mail)
Jason Sunshine, Esq. (by E-mail)
Paulo R. Lima, Esq. (by E-mail)
Bernard J. Garbutt, III, Esq. (by E-mail)
Glenn Kurtz, Esq. (by E-mail)
Claurisse Ann Campanale-Orozco, Esq. (by E-mail)
Joshua D. Weedman, Esq. (by E-mail)
Brian C. Dunning, Esq. (by E-mail)
David A. Baron, Esq. (by E-mail)
Roberto Martinez, Esq. (by E-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.
>
> SO ORDERED.
>
> 3-25-11
> DATE — VICTOR MARRERO, U.S.D.J.

GREENBERG TRAURIG, LLP • ATTORNEYS AT LAW • WWW.GTLAW.COM