# Davis Polk

New York
Menlo Park
Washington DC
London
Paris

Madrid
Tokyo
Beijing
Hong Kong

James L. Kerr

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4552 tel
212 701 5552 fax
james.kerr@davispolk.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/11
```

March 29, 2011

Re:  Jeanette Fuller Hausler, et al. v. JPMorgan Chase Bank, N.A., et al.
     No. 09 Civ. 10289 (VM) (Tranche III)

By Facsimile

Hon. Victor Marrero, U.S.D.J.
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Marrero:

This firm represents Garnishee-Respondents and Third-Party Petitioners JPMorgan Chase Bank, N.A., Bank of America, National Association, Citibank, N.A., The Royal Bank of Scotland N.V. and UBS AG (collectively, the "Garnishee Banks") in the above-referenced case. Pursuant to this Court's Individual Rules of Practice, I write in response to Petitioner's letter of March 25, 2011, which requests a pre-motion conference in advance of filing a "motion to dismiss" the Tranche III interpleader petition.

The Garnishee Banks do not oppose the making of Petitioner's proposed motion to dismiss at the proper time, though we believe it may be necessary to oppose the motion when made. However, we firmly believe that the proposed motion would be premature at the present time. This is because not all of the adverse claimants-respondents whose claims to the blocked funds are put in jeopardy by the proposed motion will have an opportunity to respond to a motion made at this time.

In denying the Garnishee Banks' motion to dismiss the Tranche III turnover petition, this Court ruled that the Garnishee Banks "will . . . have the opportunity to seek discharge in interpleader" against "any interested third party," including "all known third parties to the blocked [electronic fund transfers ("EFTs")]." Hausler v. JPMorgan Chase Bank, N.A., No 09-cv-10289, slip op. at 41 (S.D.N.Y. Sept. 13, 2010). Following that decision, the Garnishee Banks commenced a third-party interpleader proceeding on October 29, 2010, and named as adverse claimants-respondents all of the parties to the blocked EFTs that are the target of Petitioner's turnover petition.

Since then, the Garnishee Banks have made considerable efforts to serve more than forty adverse claimants-respondents located in nineteen countries. To date, fifteen adverse claimants-respondents have appeared in this litigation. We are awaiting confirmation of service as to eleven others, and believe that only a small number of adverse claimants-respondents—at most, seven—may be in default. In accordance with the Court's directive following the February 17, 2011 telephone conference with the Court, we are in the process of reaching out to those parties as to which confirmation of service is outstanding, and to the relevant central authorities, to obtain either waivers or confirmations of service. We believe that, in line with the Court's understandable preference to resolve all third-party claims at one time, rather than on a piecemeal basis, Petitioner's motion should be filed after all of the parties which have been summoned to appear in this Court have received the notice to which they are entitled and been given an opportunity to be heard.

We will respond in an opposition brief to the merits of Petitioner's proposed motion at such time as it is filed. For the moment, only a few points require an immediate response.

First, Petitioner suggests that until we advised Petitioner's counsel as to the status of service a short time ago, they had no way of knowing that we had named as adverse claimants-respondents all of the parties to the underlying wire transfers. See Petitioner's Letter of March 25, 2011, at 1-2 ("It now appears that the interpleader petition names as respondents all parties to the subject EFTs . . . .") (emphasis added). However, the identities of the adverse-claimants respondents have been known to Petitioner for months. Indeed, their names appear in the caption of the interpleader petition, and Petitioner filed an answer to that petition, which identified the role of each party, on November 22, 2010. If Petitioner had wanted to preclude the Garnishee Banks from giving notice to all or some of the adverse claimants-respondents, it should have done so five months ago—before it filed an answer.

Second, Petitioner claims that all of the Cuban entities "have been given due notice of these proceedings [and] served with process, but have still not appeared." Petitioner's Letter of March 25, 2011, at 2. This is only partially accurate. The Garnishee Banks first requested the assistance of the Clerk of Court to serve process via registered mail, return receipt requested, on seven adverse claimants-respondents located in the Republic of Cuba. When no return receipt had been received by the Clerk, the Garnishee Banks requested the assistance of the Clerk of Court in serving process via DHL, a private international courier, on the Cuban adverse claimants-respondents. We have recently received confirmation that six of the seven Cuban adverse claimants-respondents have been served. The earliest answer will be due this Friday, April 1, 2011.[1]

---

[1] Banco Nacional de Cuba and Banco Popular de Ahorro, which are alleged and believed to be agencies or instrumentalities of the Republic of Cuba, were served via DHL on March 11, 2011. Their deadline to respond is May 11, 2011. Banco Financiero Internacional S.A. and Banco Internacional de Comercio, S.A., which are alleged to be "agencies or instrumentalities" of the Republic of Cuba within the meaning of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1603, but may not be, were served via DHL on March 11, 2011. Their deadline to respond is April 1, 2011—a period of 21 days after service—if they are not agencies or instrumentalities of Cuba, or May 11, 2011, if Petitioner is correct. Instituto de Cardiologia y Cirugia Cardiovascular Cuba was served via DHL on March 11, 2011; its deadline to respond is April 1, 2011. Albet Ingeniera y Sistemas was served via DHL on March 14, 2011; its deadline to respond is April 4, 2011. As of the filing of this letter, the Garnishee Banks do not have confirmation that Selecmar Ship Management has been served.

Hon. Victor Marrero 3 March 29, 2011

However the Court ultimately rules, the Garnishee Banks believe that the motion proposed by Petitioner could lead to a streamlining of the proceedings, and perhaps obviate the need for a Tranche V interpleader with all the complexities of the Tranche III proceeding currently underway. There is no question, however, that the proposed motion implicates quite directly the claims of the adverse claimant-respondents to the blocked property, and that all such parties should therefore have an opportunity to respond.

Very respectfully yours,

James L. Kerr

cc: All counsel of record (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Garnishee-Respondents.

SO ORDERED.

3-30-11
DATE            VICTOR MARRERO, U.S.D.J.