UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
JEANNETTE FULLER HAUSLER, et al,

       Petitioner,

    -against-                                  Case No. 09-civ-10289 (VM)

JP MORGAN CHASE BANK, N.A., et al,      Related to JPM Chase/Citibank
                                                    Turnover Proceeding
       Garnishee-Respondents.
------------------------------------------------------x     In Respect of a Judgment Entered
                                                    in the State of Florida
JP MORGAN CHASE BANK, N.A., et al,      Case No. 02-12475-CA-09

       Garnishee-Respondents
       and Third-Party Petitioners,

-against-

BANCO FINANCIERO INTERNATIONAL
S.A., et al,

       Adverse Claimants-
       Respondents.
------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES OF
CAJA DE AHORROS Y MONTE DE PIEDAD DE MADRID TO
THIRD-PARTY PETITION ALLEGING CLAIMS
<u>IN THE NATURE OF INTERPLEADER</u>**

       Adverse Claimant-Respondent, Caja de Ahorros y Monte de Piedad de Madrid ("Caja Madrid"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third Party Petition"), and states as follows:

1. Caja Madrid admits that it has a claim and is the rightful owner of the funds held in the blocked accounts at Citibank N.A. more specifically described in paragraphs 29(a) and 29(b) of the Third Party Petition which are being targeted by Petitioner Hausler ("Petitioner") for execution and turnover. Caja Madrid further admits that its claim to the subject blocked accounts is adverse (and superior) to Petitioner's claims. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and, therefore, denies same.

2. Caja Madrid admits that it was a party to the blocked wire transfers identified in paragraphs 29(a) and 29(b) and that its claim to such funds is adverse to Petitioner's claims. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies same.

3. Caja Madrid admits that it is properly identified as a claimant to the blocked wire transfers in paragraph 26(o) of the Third Party Petition. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies same.

4. Caja Madrid admits that it originated (*albeit*, in error) the wire transfers identified in paragraphs 29(a) and 29(b) of the Third Party Petition. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and, therefore, denies same.

5. Caja Madrid admits that none of the Garnishee-Respondents, including Citibank N.A., have any rightful claims to the blocked accounts containing Caja Madrid's funds identified in paragraphs 29(a) and 29(b) of the Third Party Petition. Caja Madrid lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies same.

      6.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      7.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      8.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      9.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      10.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      11.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      12.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      13.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      14.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

      15.      Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

16. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

17. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

18. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

19. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

20. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

21. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

22. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

23. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

24. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

25. As more particularly described in the Affirmative Defenses below, Caja Madrid admits that Banco Popular de Ahorro de la Habana ("Banco Popular") was designated as the beneficiary of the wire transfers described in paragraphs 29(a) and 29(b) of the Third Party Petition but, affirmatively states that those wire transfers were sent to Citibank in error. Caja

Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies same.

26. Caja Madrid admits the allegations contained in paragraph 26(o) of the Third Party Petition. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph (and all of its subparts) and, therefore, denies same.

27. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

28. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

29. Caja Madrid admits the allegations contained in paragraphs 29(a) and 29(b) of the Third Party Petition. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph (and all its subparts) and, therefore, denies same.

30. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

31. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

32. Caja Madrid admits that it has a rightful claim and superior ownership interest in and to the funds contained in the blocked accounts identified in paragraphs 29(a) and 29(b) of the Third Party Petition. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and, therefore, denies same.

33. Caja Madrid lacks knowledge or information sufficient to form a belief about Garnishee-Respondents' position, or lack thereof, as alleged in this paragraph and, therefore, denies same.

34. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

35. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

36. Caja Madrid lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies same.

## **AFFIRMATIVE DEFENSES**

*Introduction and Background.*

Caja Madrid is one of the oldest and most prestigious financial institutions in Spain. Established in 1869, Caja Madrid is the parent of one of the largest financial services group in Spain, and is the second largest savings bank in that country. It is a non-profit institution that reinvests a substantial part of its earnings into the Spanish communities it serves. As a major European financial institution, Caja Madrid engages in a wide range of banking and other financial activities, including maintaining banking and business relationships with many banks throughout the world. One of the banks with which it maintains a business relationship is Banco Popular.

As more particularly discussed below, the blocked funds identified in paragraphs 29(a) and 29(b) of the Third Party Petition pertain to legitimate and legally authorized business transactions with Banco Popular that were to be conducted entirely outside of the United States. These transactions were not subject to U.S. jurisdiction or the laws of the United States involving

Cuba. In fact, the blocking of the subject funds by Citibank N.A. was the result of two separate unfortunate and unintentional human errors on the part of administrative desk clerks at Caja Madrid. The funds in question are the property and assets of Caja Madrid and not Banco Popular or any of the Judgment Debtors (or their instrumentalities or agencies) and are, therefore, not subject to execution, attachment or turnover to Petitioner.

***August 25, 2000 Wire Transfer of $1,100.197.08.***

On August 23, 2000, Banco Popular opened a one-day time deposit with Caja Madrid in the amount of $1,100,000. On August 24, 2000, one of Caja Madrid's administrative desk clerks received a SWIFT[1] message from Banco Popular requesting that the amount of the deposit (at its expiration, $1,100,197.08) be transferred to another account maintained by Banco Popular with Caja Madrid in Spain. In other words, a purely *internal* transfer from one account at Caja Madrid in Spain to another.

The transfer order contained in Banco Poplular's SWIFT message of August 24, 2000 was denominated in United States Dollars. Because, in the clerk's experience, such requests were routinely a transfer from Caja Madrid to another financial institution outside of Caja Madrid, she did not closely analyze Banco Popular's SWIFT further and erroneously issued an international payment order in the amount of U.S. $1,100,197.08 through Caja Madrid's SWIFT automatic payment system.[2] That same day, Caja Madrid's clerk noticed her error and sent a

---

[1] SWIFT is a universal method of interbank orders and transfers by which payment orders are issued and authenticated through an automatic system.

[2] The payment system utilized by Caja Madrid and by most financial institutions throughout the world is automatic, which means that the system recognizes certain criteria of each payment order issued and uses such criteria to route the payment order through pre-established correspondent banks. As such, Caja Madrid's payment system at all relevant times recognized that all U.S. Dollar-denominated payment orders were automatically routed through Citibank, Caja Madrid's principal correspondent in the United States for transfers. The system does not ask the clerical employee to confirm that the payment order should be routed through Citibank, it simply routes such order through Citibank automatically.

7

SWIFT message to Citibank to cancel the payment order. On August 28, 2000, concerned that Citibank had failed to respond to the cancellation of the payment order, Caja Madrid's clerk sent Citibank another SWIFT message instructing that the payment order be cancelled. On August 29, 2000, Citibank responded and advised that the $1,100,197.08 had been blocked in accordance with the U.S. embargo regulations from the Office of Foreign Assets Control ("OFAC").

*May 22, 2002 Wire Transfer of $4,700,221.94.*

On May 19, 2002, Banco Popular opened a one-day time deposit with Caja Madrid in the amount of $4,700,000. On May 20, 2002, an administrative desk clerk of Caja Madrid received a SWIFT message from Banco Popular requesting that the amount of the deposit (at its expiration, $4,700,221.94) be transferred internally to another account maintained by Banco Popular with Caja Madrid in Spain.[3] Similar to the error made in connection with the 2000 transfer two years earlier, when Caja Madrid's desk clerk read Banco Popular's instructions on the May 20, 2002 SWIFT, she noticed that the transfer was denominated in United States Dollars. The desk clerk did not analyze the May 20, 2002 SWIFT further and, on May 22, 2002, proceeded to issue an international payment order in the amount of $4,700,221.94 through Caja Madrid's SWIFT automatic payment system.[4] Immediately thereafter, the desk clerk involved in this transfer noticed her error and sent a SWIFT message to Citibank to cancel the payment order. On May 23, 2002, Citibank responded and advised that the $4,700,221.94 had been

---

[3] The clerk involved in this transaction in 2002 was not the same clerk that handled the earlier transaction with Banco Popular of August 25, 2000.

[4] During the years 2000 to 2002, when the relevant payment orders were initiated, Caja Madrid initiated an average of 300 payment orders a day.

8

blocked in accordance with OFAC regulations and could not be returned despite the error.[5]

*Caja Madrid's Credit To Banco Popular.*

Caja Madrid was and is fully aware that U.S. financial institutions may not effectuate transfers to Cuba, and that any such attempted transfers are subject to being blocked in accordance with the regulations of OFAC. Caja Madrid, therefore, would never intentionally make a transfer to a Cuban bank, such as Banco Popular, through the United States. If the blocked funds were to have been transferred to Banco Popular in Cuba, instead of to another Banco Popular account at Caja Madrid in Spain, Caja Madrid would have issued a payment order directly or through another non-U.S. bank as is legally authorized to do so. Clearly, the subject payment orders to Citibank, a major correspondent bank of Caja Madrid in the United States, was the result of two separate unintentional clerical errors on the part of Caja Madrid's desk clerks.

Because the funds were blocked at Citibank due to errors by Caja Madrid's employees, Caja Madrid had no choice but to credit Banco Popular's account at Caja Madrid for the deposits in 2000 and 2002. Therefore, the blocked funds held at Citibank, which are specifically described in paragraphs 29(a) and 29(b) of the Third Party Petition (the "CM Blocked Funds"), now belong to, and are the sole property of, Caja Madrid and not Banco Popular.

Based upon, and incorporating, the above-referenced facts, Caja Madrid asserts the following affirmative defenses:

---

[5] It is not possible to revoke a payment order initiated through the automatic payment system. The only manner to effectively cancel an erroneous payment order is to request that the receiving bank return the funds to the originating bank. Generally, it is not a problem and the receiving bank acts immediately to return the funds to its originating correspondent bank. However, in both of the erroneous transfers at issue here, due to Citibank's obligations under the OFAC regulations, Citibank was not able to send back the blocked funds to Caja Madrid.

## FIRST AFFIRMATIVE DEFENSE

The CM Blocked Funds are not assets or property of Banco Popular and, are, therefore, not subject to execution or attachment by Petitioner.

## SECOND AFFIRMATIVE DEFENSE

Caja Madrid is the sole and rightful owner of the CM Blocked Funds and its claim to said Funds is superior to any purported claim of the Petitioner or any other third party.

## THIRD AFFIRMATIVE DEFENSE

The CM Blocked Funds are not "blocked assets" (within the meaning of Section 201(a) of TRIA) that belong to the Republic of Cuba or any other judgment debtor (or any agencies or instrumentalities of such debtors, including, but not limited to, Banco Popular) and are, therefore, not subject to execution or attachment by Petitioner in aid of execution of her alleged unsatisfied judgment.

## FOURTH AFFIRMATIVE DEFENSE

The CM Blocked Funds resulted solely from unintentional clerical errors. Caja Madrid had no intent to and did not violate the United State's embargo against Cuba or any other U.S. law or regulation.

## FIFTH AFFIRMATIVE DEFENSE

Following the clerical errors which resulted in the blockage of the subject wire transfers, Caja Madrid credited Banco Popular's account at Caja Madrid in Spain in 2000 and 2002 the full amount of the transfers at issue plus interest. As a result, there has been a full and complete accord and satisfaction and release between Banco Popular and Caja Madrid as it relates to the CM Blocked Funds. Accordingly, the CM Blocked Funds are the sole property and assets of Caja Madrid and not Banco Popular.

**SIXTH AFFIRMATIVE DEFENSE**

It would be unjust and inequitable to allow the turnover of Caja Madrid's property held in the CM Blocked Funds to Petitioner to be used as a credit in favor of any of the judgment debtors, including Banco Popular, towards the partial satisfaction of Petitioner's judgment.

**SEVENTH AFFIRMATIVE DEFENSE**

If the CM Blocked Funds are released or turned over to Petitioner, the Court would be forcing Caja Madrid to pay Petitioner from its own funds, not those of Banco Popular, since Banco Popular has no legal or equitable interest whatsoever in the CM Blocked Funds, thus amounting to an improper and unconstitutional taking of Caja Madrid's property.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to Article 4A of the Uniform Commercial Code (the "UCC"), the CM Blocked Funds are credits in favor of Caja Madrid and are not property of Banco Popular. Since the subject fund transfers were never completed in favor of Banco Popular, Banco Popular does not have any legal claim or contractual rights against the CM Blocked Funds.

**NINTH AFFIRMATIVE DEFENSE**

Petitioner has no legally recognizable interest in the CM Blocked Funds pursuant to applicable New York state laws, the UCC and federal laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Caja Madrid's banking business relationship with Banco Popular and the transactions which led to the CM Blocked Funds did not violate any United States laws, regulations or policies.

WHEREFORE, Adverse Claimant-Respondent Caja Madrid respectfully requests that this Court enter judgment:

(a) dismissing Petitioner's Turnover Order and denying Petitioner's claims to the CM Blocked Funds more specifically described in paragraphs 29(a) and 29(b) of the Third Party Petition;

(b) ordering and determining that the CM Blocked Funds are not the property or assets of Banco Popular, Cuba nor any Cuban entity, agency or instrumentality and thus cannot be used to satisfy any judgment against Cuba or its entities, agencies or instrumentalities;

(c) authorizing the release of the CM Blocked Funds currently held by Citibank to Caja Madrid forthwith;

(d) awarding Caja Madrid its reasonable attorney's fees and costs in defending Petitioner's claims; and

(e) such further relief as this Court deems just and proper.

Dated: April 4, 2011

        Respectfully submitted,

        By:    s/ Wilfredo A. Rodriguez
            Wilfredo A. Rodriguez (Florida Bar No. 0334936)
            frodriguez@arhmf.com
            Juancarlos Sanchez (Florida Bar No. 0867071)
            jsanchez@arhmf.com
            AVILA RODRIGUEZ HERNANDEZ
            MENA & FERRI LLP
            2525 Ponce de Leon Boulevard, Suite 1225
            Coral Gables, Florida 33134
            Telephone: (305) 779-3577
            Facsimile: (305) 779-3561

            *Counsel for Adverse Claimant-Respondent*
            *Caja de Ahorros y Monte de Piedad de Madrid*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNETTE FULLER HAUSLER, et al,

    Petitioner,

  -against-                                  Case No. 09-civ-10289 (VM)

JP MORGAN CHASE BANK, N.A., et al,      Related to JPM Chase/Citibank
                                                                Turnover Proceeding
    Garnishee-Respondents.
_____x     In Respect of a Judgment Entered
                                                                in the State of Florida
JP MORGAN CHASE BANK, N.A., et al,      Case No. 02-12475-CA-09

    Garnishee-Respondents
    and Third-Party Petitioners,

-against-

BANCO FINANCIERO INTERNATIONAL
S.A., et al,

    Adverse Claimants-
    Respondents.
_____

     I hereby certify that on April 4, 2011, I electronically filed the foregoing Answer and Affirmative Defenses of Caja de Ahorros y Monte de Piedad de Madrid to Third-Party Petition Alleging Claims in the Nature of Interpleader with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                            s/ Juancarlos Sanchez_____
                                                                            Juancarlos Sanchez

**SERVICE LIST**

Alfonso J. Perez
RASCO REININGER PEREZ & ESQUENAZI
283 Catalonia Avenue, 2nd Floor
Coral Gables, FL 33134
aperez@rrpev.com

Karen Olivia-Marie Stewart
Roberto Martinez
COLSON, HICKS & EIDSON
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134-5008
karen@colson.com
bob@colson.com

Daniel Feist Schreck
LAW OFFICES OF G. OLIVER KOPPEL & ASSOC.
99 Park Avenue, Ste. 800
New York, NY 10016
dschreck@koppellaw.com

James Wilson Perkins
GREENBERG TRAURIG LLP (NYC)
200 Park Avenue
New York, NY 10166
perkinsj@gtlaw.com

David Alan Baron
GREENBERG TRAURIG LLP
2101 L Street, NW
Washington, DC 20037
barond@gtlaw.com

James Loran Kerr
Ian Craig Richardson
Matteo Joshua Rosselli
Thomas Matthew Noone
DAVIS POLK & WARDWELL L.L.P.
450 Lexington Avenue
New York, NY 10017
jkerr@dpw.com
ian.richardson@davispolk.com
matteo.rosselli@dpw.com
thomas.noone@dpw.com

Mark Putnam Gimbel
Pamela Anne Carter
COVINGTON & BURLING LLP (NYC)
620 Eighth Avenue
New York, NY 10018-1405
mgimbel@cov.com
pcarter@cov.com

Frank Panopoulos
Nicole Erb
WHITE & CASE LLP (DC)
701 Thirteenth Street, NW
Washington, DC 20005
fpanopoulos@whitecase.com
nerb@whitecase.com

Jason William Sunshine
AKIN GUMP STRAUSS HAUER & FELD LLP (NYC)
One Bryant Park
New York, NY 10036
jsunshine@akingump.com

Paulo Roberto Lima
HUNTON & WILLIAMS LLP (NYC)
200 Park Avenue, 52nd Floor
New York, NY 10166
plima@hunton.com

Bernard J. Garbutt, III
MORGAN, LEWIS AND BOCKIUS LLP (NY)
101 Park Avenue
New York, NY 10178
bgarbutt@morganlewis.com

Claurisse Ann Campanale-Orozco
TISDALE LAW OFFICES, L.L.c.
60 East 42nd Street, Suite 1638
New York, NY 10165
Corozco@tisdale-law.com

Joshua Douglas Weedman
Kenneth Andrew Caruso
Matthew Robert Belz
WHITE & CASE LLP (NY)
1155 Ave of the Americas
New York, NY 10036
jweedman@whitecase.com
kcaruso@whitecase.com
matthew.belz@whitecase.com

Brian Christopher Dunning
VENABLE LLP (NYC)
1270 Ave of the Americas
New York, NY 10020
bcdunning@venable.com

James D. Pagliaro
Ramin Afshar-Mohajer
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Via Electronic Mail

Lauren B. Kerwin
Akin, Gump, Strauss, Hauer & Feld, LLP (DC)
Robert S. Strauss Bulding
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Via Electronic Mail