**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

Direct Dial + (212) 819-8853  kcaruso@whitecase.com

March 30, 2011

**VIA FACSIMILE**

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/11
```

Re: Hausler v. JP Morgan Chase Bank, N.A., et al.
09 Civ. 10289 (VM)

Dear Judge Marrero:

    We represent Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA Paris") and Banco Bilbao Vizcaya Argentaria Panama, S.A ("BBVA Panama") (together, "BBVA"). I write in reply to the letter, dated March 25, 2011, from James Perkins, Esq. to the Court, requesting a pre-motion conference in connection with Mr. Perkins' anticipated motion to dismiss the Third-Party Petition. For the reasons summarized below, BBVA opposes turnover of the funds underlying at least three EFTs -- those alleged in ¶¶ 28(a), 29(c) and 29(e) of the Third-Party Petition. BBVA may cross-move for summary judgment.

    I.    A judgment creditor may execute only on a "debt" owed to the judgment debtor. CPLR § 5201(a); Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 313 (2010). In this case, as shown below, the intermediary banks do not owe a debt to the judgment debtor.

    II.    In connection with ¶¶ 29(c) and (e), BBVA Paris was the originator's bank, Citibank was the intermediary bank, BBVA Panama was the beneficiary's bank and either BFI (¶ 29(c)) or BICSA (¶ 29(e)) was the beneficiary.

    These two EFTs have not been completed. "After it is initiated by an originator, and until it is completed, an EFT takes the form of debts between the three banks involved in the transfer, debts to which neither the originator nor beneficiary is a party." Scanscot Shipping Servs. GMBH v. Metales Tracomex Ltda., 617 F.3d 679, 682 (2d Cir. 2010). Thus, Citibank would owe a debt to either the originator's bank, BBVA Paris, or the beneficiary's bank, BBVA Panama. Citibank, however, does not owe a debt to the beneficiary, BFI or BICSA. Export-Import Bank v. Asia Pulp & Paper Co., 609 F.3d 111, 119-20 (2d Cir. 2010) ("The beneficiary likewise has no claim to any payment from the intermediary bank.").

ABU DHABI ALMATY ANKARA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MEXICO CITY MIAMI MOSCOW MUNICH NEW YORK PALO ALTO PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SINGAPORE STOCKHOLM TOKYO WARSAW WASHINGTON DC

Honorable Victor Marrero

**WHITE & CASE**

March 30, 2011

      A.      Because Citibank did not accept the payment order, BBVA Paris' obligation to pay was excused. N.Y. U.C.C. § 4A-402(3). BBVA Paris, however, paid Citibank. Accordingly, Citibank is obliged to "refund payment" to BBVA Paris. § 4A-402(4). Thus, under New York law, Citibank owes a "debt" to BBVA Paris, not BFI or BICSA. See Asia Pulp, 609 F.3d at 120 ("credits in an intermediary bank are credits in favor of the originator's bank, and are not property of either the originator or the beneficiary").

      B.      Even if Citibank were able to accept BBVA Paris' payment order at a future time -- when the funds are unblocked -- Citibank would still not owe a "debt" to BFI or BICSA. Rather, under § 4A-402(2), Citibank would owe a debt to BBVA Panama. See Asia Pulp, 609 F.3d at 119. Of course, BBVA Panama would in turn owe a debt to BFI or BICSA. Petitioner, however, can reach that debt only by serving creditor process on BBVA Panama, not on Citibank. See N.Y. U.C.C. § 4A-502(4); European American Bank v. Bank of Nova Scotia, 12 A.D.3d 189, 190 (1st Dep't 2004).

      III.      With respect to ¶28(a), the transaction involved the payment of the purchase price of certain corporate stock sold by a Dutch corporation to other Dutch corporations. BBVA Paris was the originator's bank, Bank of America ("BofA") was the intermediary bank, BFI was the beneficiary's bank and BFI's customer (the seller of the stock) was the beneficiary.

Because BofA did not accept the payment order, it owes a debt (a refund) to BBVA Paris. If BofA were able to accept the payment order at a future time -- when the funds are unblocked -- BofA would still not owe a debt to BFI on which Petitioner can execute. Sections 4A-502 and 4A-503 do not provide for service of creditor process by the creditor of the beneficiary's bank. Even if they did, BofA would owe the debt to BBVA Paris, not BFI, because BBVA Paris would be a protected transferee of the debt. On March 26, 2009, the Clerk of the Court issued a writ of execution. By then, however, BBVA Paris had made a full refund to BFI, as required by the law of France, which governed, thereby acquiring the debt. Accordingly, BBVA Paris' rights are superior to those of Petitioner, because BBVA Paris "acquired the debt . . . for fair consideration before it was levied upon. . . ." CPLR §5202(a)(1).

The CACRs do not prohibit this conclusion. Any debt owed by BofA to BFI would arise upon unblocking. And, of course, upon unblocking, the CACRs would not prohibit BBVA Paris' acquisition. Petitioner cannot have it both ways.

      IV.      Petitioner's other contentions are meritless. Any presumption of ownership will be rebutted by transaction documents. The Abandoned Property Law is, on its face, inapplicable. Petitioner points to no statute of limitations applicable to BBVA, which is a respondent here, not a claimant, and which is free to leave its assets on deposit at the intermediary banks, gaining interest, until OFAC unblocks the EFTs.

Honorable Victor Marrero

March 30, 2011

WHITE & CASE

    V.    As a matter of state law, Petitioner, a judgment creditor, cannot execute against a debt owed to BBVA, which is not the judgment debtor. Petitioner, however, contends that TRIA gives her precisely such a right. This contention is meritless.

    We recognize that the Court has already held that TRIA preempts state law of property by allowing Petitioner to execute on blocked assets. We will ask the Court to reach a different conclusion on our concrete set of facts. The Court, furthermore, overlooked the presumption against preemption, which applies in areas of law traditionally reserved to the states, such as property law. Franks Inv. Co. LLC v. Union Pac. R.R. Co., 593 F.3d 404, 407 (5th Cir. 2010).

    Neither the statutory language nor the legislative history is sufficient to allow Petitioner to overcome this presumption against preemption. As Congress and the courts have long recognized, "An interest in property [sufficient to block] is not necessarily synonymous with 'title to or ownership of' property [necessary for turnover]." Asia Pulp, 609 F.3d at 120.

    TRIA's language provides no "clear and manifest" statement that Congress took the radical step of allowing a judgment creditor to execute against a debt owed to a corporation that is not the judgment debtor. Wyeth v. Levine, 129 S. Ct. 1187, 1195 (2009). The language -- "blocked assets of" a terrorist party -- can plausibly be read to mean "blocked assets owned by or owed to" a terrorist party. The Court should therefore "'accept the reading that disfavors pre-emption.'" Altria Grp., Inc. v. Good, 129 S. Ct. 538, 543 (2008).

    The legislative history's reference "to 'standard judicial processes' suggests traditional post-judgment remedies such as writs of execution[,]" Smith v. Fed. Reserve Bank of N.Y., 346 F.3d 264, 271 n.7 (2003), which allow a judgment creditor to execute only upon a debt owed to the judgment debtor, not a debt owed to a person who is not the judgment debtor.

    Finally, under the canon of avoidance -- which the Court also overlooked -- a court will construe a statute narrowly so as to avoid a result that would render the statute unconstitutional. Clark v. Martinez, 543 U.S. 371, 380-85 (2005). If the Court agrees with Petitioner's interpretation of TRIA, then TRIA will have worked a taking of BBVA's private property without just compensation, thus rendering TRIA unconstitutional as applied.

    VI.    Even if the intermediary banks did owe a debt to BFI and BICSA, Petitioner must also establish that BFI and BICSA are "agencies or instrumentalities" of the judgment debtor.

Respectfully submitted,

*[signature]*

Kenneth A. Caruso

cc:    All Counsel of Record (by Fax)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by respondent Banco Bilbao Vizcaya Argentina, S.A.

SO ORDERED.

3-31-11
DATE    VICTOR MARRERO, U.S.D.J.