

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

Direct Dial + (202) 626-3626    fpanopoulos@whitecase.com

April 11, 2011

RECEIVED
APR 11 2011
CHAMBERS OF
JUDGE MARRERO

VIA HAND DELIVERY

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/11

Re:   *Hausler v. JP Morgan Chase Bank, N.A.*, Case No. 09 Civ. 10289 (VM)

Dear Judge Marrero:

On behalf of National Bank of Canada, a Garnishee-Respondent and Interpleader Petitioner in the above-captioned case, and pursuant to Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference for a proposed motion seeking approval of the form and manner of providing notice to unknown, potential adverse claimants by publication pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and the notice provisions of New York's Civil Practice Law and Rules.

Pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, Title II, § 201 (Nov. 26, 2002), 116 Stat. 2337, codified at 28 U.S.C. § 1610 Note ("TRIA")), the petitioner in the above-captioned case seeks turnover of certain blocked funds held by National Bank of Canada. These funds are proceeds from wire transfers blocked by National Bank of Canada's New York Branch pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515. Petitioner seeks to execute on these funds based on the alleged interest in the funds of the beneficiaries of the wire transfers, which beneficiaries are alleged to be agencies and instrumentalities of the Republic of Cuba.

In response to petitioner's Turnover Petition, National Bank of Canada filed its Petition Alleging Claims in the Nature of Interpleader ("Interpleader Petition"). In addition to petitioner and the known adverse-claimant respondents, National Bank of Canada named as third-party adverse claimant-respondents "Unknown Originators 1-25, Unknown Originators' Banks 1-25, and Unknown Intermediary Banks 1-25."

The Honorable Victor Marrero

WHITE & CASE

April 11, 2011

As explained in its Interpleader Petition, National Bank of Canada does not know the identities of the originators, originating banks, or other intermediary banks of the blocked wire transfers identified in its Interpleader Petition. While National Bank of Canada is aware of the Court's September 13, 2010 decision holding that TRIA preempts rights to EFTs under the U.C.C., the Court's holding may be subject to appeal and potentially reversed on appeal. To that extent, there is a risk that not notifying the originators, originating banks, and other intermediary banks would result in a denial of due process and, therefore, could undermine any discharge of National Bank of Canada from this case by the Court and potentially expose National Bank of Canada to liability claims.

For these reasons, National Bank of Canada respectfully requests an order approving notice by publication in order to afford the unknown, potential adverse-claimants an opportunity to raise any arguments deemed appropriate in opposition to turnover. New York law requires judicial approval of notice by publication. See N.Y. C.P.L.R. § 315. Pursuant to N.Y. C.P.L.R. § 316, National Bank of Canada submits that if notice is provided by publication in the Wall Street Journal, the International Herald Tribune, and the English and Spanish editions of the Miami Herald once per week for four consecutive weeks, such notice will be consistent with New York law and due process. Attached as Exhibit A is a copy of a proposed form of notice. National Bank of Canada takes no position on the merits of the petition seeking turnover of the funds or on the ability of the unknown adverse-claimants to establish an ownership interest in the funds that would prevent turnover.

In sum, National Bank of Canada respectfully requests that the Court schedule a pre-motion conference at its earliest convenience. If the Court concludes that a pre-motion conference is unnecessary, National Bank of Canada is prepared to promptly submit its papers in support of its motion for leave to notify the unknown, potential adverse claimants of the Turnover Petition and the Interpleader Petition by publication in the manner and form set forth herein.

Respectfully,

Nicole Erb

Nicole Erb
Frank Panopoulos

Attachment

cc: James W. Perkins, Esq.
    *Counsel for Plaintiff*
    James L. Kerr, Esq.
    *Counsel for Adverse Claimants-Respondents*
    *Citibank-N.Y. and The Royal Bank of Scotland N.V.*

> Petitioner is directed to respond by 4-15-11 to the matter set forth above by garnishee National Bank of Canada.
>
> SO ORDERED.
>
> 4-12-11
> DATE          VICTOR MARRERO, U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNETTE HAUSLER,

        *Plaintiff-Petitioner*,

v.

JP MORGAN CHASE BANK, N.A,
CITIBANK, N.A., THE ROYAL BANK
OF SCOTLAND N.V. (FORMERLY
KNOWN AS ABN AMRO, N.V.), and
NATIONAL BANK OF CANADA,

        *Garnishee-Respondents*.

NATIONAL BANK OF CANADA,

        *Garnishee-Respondent*
        *and Interpleader*
        *Petitioner*,

v.

JEANNETTE HAUSLER,
UNKNOWN ORIGINATORS 1-25,
UNKNOWN ORIGINATORS' BANKS 1-25,
AND UNKNOWN INTERMEDIARY BANKS
1-25,

        *Adverse Claimants-*
        *Respondents*.

---

**PORTIONS REDACTED**
**Pursuant to Protective Agreement**
**and Order entered in**
*Hausler v. The Republic of Cuba*,
**18 MS 302**

Civil Action No. 09 Civ. 10289 (VM)

Re: Fidel Castro Ruz, Raul Castro Ruz,
The Republic of Cuba, and
The Cuban Revolutionary Armed Forces

[JUDGMENT DEBTORS]

<u>**NOTICE TO ALL PERSONS OR ENTITIES HOLDING AN INTEREST IN ELECTRONIC FUNDS TRANSFERS BLOCKED AT THE NEW YORK BRANCH OF NATIONAL BANK OF CANADA IN THE AMOUNTS OF $150,000 ON DECEMBER 21, 1993, $131,034.92 ON JUNE 29, 1993, $46,695.55 ON JUNE 1, 1998, AND $5454.40 ON DECEMBER 23, 1993**</u>

NOTICE OF ACTION SEEKING TURNOVER OF
BLOCKED ELECTRONIC FUNDS TRANSFERS
OF $150,000 ON DECEMBER 21, 1993, $131,034.92 ON JUNE 29, 1993,
$46,695.55 ON JUNE 1, 1998, AND, $5454.40 ON DECEMBER 23, 1993

PLEASE TAKE NOTICE that, on January 10, 2011, Jeannette Hausler ("Petitioner") filed a petition for turnover (the "Turnover Petition") in the United States District Court for the Southern District of New York (the "Court") seeking, among other things, the turnover of $150,000, $131,034.92, $46,695.55, and $5,454.40, the amounts of electronic funds transfers ("EFTs") blocked on December 21, 1993, June 29, 1993, June 1, 1998, and December 23, 1993, respectively, and held in an account at the New York Branch of the National Bank of Canada ("NBC"). As noted below, in response to the Turnover Petition, on February 28, 2011, NBC filed a petition in the nature of interpleader ("Interpleader Petition") seeking a court determination as to the rightful owner of the EFTs.

The EFTs have been blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "CACRs"), issued by the Office of Foreign Assets Control of the U.S. Treasury Department ("OFAC").

The Turnover Petition was filed pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") and N.Y. C.P.L.R. § 5225(b), and seeks the turnover of the EFTs in satisfaction of a judgment entered in Florida State Court against the Republic of Cuba and others awarding Ms. Hausler $100 million in compensatory damages in a case involving the death of Robert Otis Fuller, for whose estate Ms. Hausler is the successor personal representative. That judgment has been given full faith and credit by the Court.

Because under the New York Uniform Commercial Code the senders of the first payment order in each EFT transaction ("originators"), the receiving banks to which the payment order of each originator was issued ("originators' banks"), and the receiving banks other than the originators' banks or the banks of the intended beneficiary of the EFTs ("intermediary banks") may have a claim to the respective EFT, NBC filed the Interpleader Petition and hereby gives notice of the Petitioner's turnover action and of the Interpleader Petition.

IF YOU ARE ONE OF THE ORIGINATORS, ORIGINATORS' BANKS OR INTERMEDIARY BANKS OF THE EFTS IN THE AMOUNT OF $150,000, $131,034.92, $46,695.55, OR $5454.40, BLOCKED BY NBC ON DECEMBER 21, 1993, JUNE 29, 1993, JUNE 1, 1998, OR DECEMBER 23, 1993, RESPECTIVELY, YOU MAY REQUEST A COPY OF THE TURNOVER PETITION AND INTERPLEADER PETITION BY MAKING A REQUEST IN WRITING TO ONE OF THE ATTORNEYS LISTED BELOW.

PLEASE BE ADVISED that we understand that Petitioner will oppose any effort you make to assert an ownership claim to the EFTs. We understand that Petitioner will take the position that her judgment against the Republic of Cuba for acts of terrorism is superior to any claims that you may have against the funds, and will argue that pursuant to Section 201(a) of

WASHINGTON 1993818 v3 (2K)

2

TRIA she is entitled to execute against such funds, which she will contend constitute the blocked funds of a terrorist party within the meaning of that section.

You should also be aware that even if you are able to establish an ownership interest in the EFTs, the EFTs will most likely remain blocked pursuant to the CACRs until a further ruling by the Court.

You should serve your notice of claim on the counsel listed below, and contact counsel of your own choosing to determine what you will need to do to pursue any claim you may have to the funds at issue. For further information, contact any of the counsel listed below:

Nicole Erb, Esq.
Frank Panopoulos, Esq.
WHITE & CASE LLP
701 13th Street, NW
Washington, D.C. 20005
Tel: (202) 626-3600
Fax: (202) 639-9355
*Counsel for National Bank of Canada*

James W. Perkins, Esq.
GREENBERG & TRAURIG, P.A.
MetLife Building,
200 Park Avenue
New York, NY 10166
Tel: (212) 801-3188
Fax: (212) 801-6400
*Counsel for Jeannette Hausler*

DO NOT CONTACT EITHER THE COURT OR THE JUDGE PRESIDING OVER THIS MATTER.

THIS IS NOT A CLASS ACTION.

IF YOU HAVE ANY CLAIM TO RECOVER THE BLOCKED EFTS HELD BY NATIONAL BANK OF CANADA, YOU MUST, IN ADDITION TO PROVIDING A NOTICE OF CLAIM AS SET FORTH ABOVE, TAKE AFFIRMATIVE STEPS TO ASSERT THOSE CLAIMS. IF YOU HAVE A CLAIM, YOU MUST FIRST SEND YOUR NOTICE OF CLAIM BY MAIL OR FAX TO NICOLE ERB, WHITE & CASE LLP, COUNSEL FOR NATIONAL BANK OF CANADA AND JAMES W. PERKINS, GREENBERG & TRAURIG, P.A., COUNSEL FOR JEANNETTE HAUSLER, ON OR BEFORE JUNE 10, 2011.

IN ADDITION TO PROVIDING THE NOTICE OF CLAIM REFERRED TO ABOVE ON OR BEFORE JUNE 10, 2011, IT WILL BE NECESSARY FOR YOU TO TAKE AFFIRMATIVE STEPS TO ASSERT THE CLAIM ON OR PRIOR TO JUNE 10, 2011 BY EITHER SERVING AND FILING AN ANSWER TO INTERPLEADER PETITION OR SERVING AND FILING A MOTION TO INTERVENE IN THE TURNOVER ACTION. A FAILURE TO DO EITHER OF THOSE THINGS MAY RESULT IN AN ORDER REQUIRING NBC TO TURN OVER THE BLOCKED EFTS TO PLAINTIFF JEANNETTE HAUSLER AND YOU BEING FOREVER BARRED FROM ASSERTING A CLAIM AGAINST NBC FOR THE FUNDS SO TURNED OVER.