GREENBERG TRAURIG, LLP
James W. Perkins (JWP-6684)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEANNETTE FULLER HAUSLER as )
*Successor Personal Representative* )
*of the Estate of* ROBERT OTIS FULLER, )
("BOBBY FULLER"), *Deceased*, on behalf )
of THOMAS CASKEY as Personal )
Representative of the Estate of LYNITA )
FULLER CASKEY, surviving daughter )
of ROBERT OTIS FULLER, The )
ESTATE OF ROBERT OTIS FULLER, )
FREDERICK FULLER, FRANCIS )
FULLER, GRACE LUTES, JEANNETTE )
FULLER HAUSLER, and IRENE MOSS, )
)
               Petitioner, )
)
     - against - )
)
)
)
JP MORGAN CHASE BANK, N.A, )
CITIBANK, N.A., UBS AG, THE ROYAL )
BANK OF SCOTLAND N.V. )
(FORMERLY KNOWN AS ABN AMRO, )
N.V.), BANK OF AMERICA, N.A., and )
NATIONAL BANK OF CANADA, )
)
       Garnishee-Respondents. )
)
---
)
JPMORGAN CHASE BANK, N.A., )
)
       Garnishee-Respondent )
     and Third-Party Petitioner, )
)
     - against - )

09 Civ. 10289 (VM)

(Related to the JPMChase/Citibank
Turnover Proceeding -- Tranche I)

**PETITIONER'S STATEMENT
OF UNCONTESTED
MATERIAL FACTS
PURSUANT TO
LOCAL RULE 56.1**

RE: Fidel Castro Ruz, Raul Castro
Ruz, The Republic of Cuba, and
The Cuban Revolutionary Armed
Forces

[JUDGMENT DEBTORS]

BANCO NACIONAL DE CUBA, BANCO DE )
ESPANA, and JEANNETTE FULLER HAUSLER, )
as Successor Personal Representative of the Estate )
of ROBERT OTIS FULLER ("BOBBY )
FULLER"), Deceased, on behalf of THOMAS )
CASKEY as Personal Representative of the Estate )
of LYNITA FULLER CASKEY, surviving )
daughter of ROBERT OTIS FULLER, THE )
ESTATE OF ROBERT OTIS FULLER, )
FREDERICK FULLER, FRANCIS FULLER, )
GRACE LUTES, JEANNETTE FULLER )
HAUSLER and IRENE MOSS, )
                                                                    )
            Adverse Claimants- )
            Respondents. )
_____)
                                                                    )
CITIBANK, N.A, )
                                                                    )
            Garnishee-Respondent, )
            and Third-Party Petitioner, )
                                                                    )
        v. )
                                                                    )
BANCO NACIONAL DE CUBA, BANCO )
FINANCIERO INTERNACIONAL, S.A., )
SHANGHAI PUDONG DEVELOPMENT BANK )
CO. LTD., DRESDNER LATEINAMERIKA AG, )
f/k/a DRESDNER BANK LATEINAMERIKA AG, )
and JEANNETTE FULLER HAUSLER, )
as Successor Personal Representative of the Estate )
of ROBERT OTIS FULLER ("BOBBY )
FULLER"), Deceased, on behalf of THOMAS )
CASKEY as Personal Representative of the Estate )
of LYNITA FULLER CASKEY, surviving )
daughter of ROBERT OTIS FULLER, THE )
ESTATE OF ROBERT OTIS FULLER, )
FREDERICK FULLER, FRANCIS FULLER, )
GRACE LUTES, JEANNETTE FULLER )
HAUSLER and IRENE MOSS, )
                                                                    )
            Adverse Claimants- )
            Respondents. )
_____)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Petitioner Jeannette Hausler submits in support of her motion for summary judgment granting her Tranche I Turnover Petition dated January 19, 2010 ("Petition I"), the following statement of material facts as to which there is no genuine issue to be tried.   All exhibits referred to herein are exhibits to the Declaration of James W. Perkins, dated April 15, 2011 ("Perkins Decl."), filed contemporaneously herewith.

1.      The Electronic Funds Transfer (EFT) identified by Citibank in its joint interpleader was lawfully blocked under the Cuban Assets Control Regulations ("CACR") on or about July 9, 2001.

Evidence: Citibank's Interpleader Petition dated April 21, 2010 ("Interpleader Petition I") at ¶¶27-29 , attached to Perkins Decl. as Exh. C.

2.      Citibank admits that by operation of CACR it blocked the EFT and deposited the proceeds into a blocked interest bearing account ("Subaccount 203").

Evidence: Interpleader Petition I at ¶¶27-29, attached to Perkins Decl. as Exh. C.

3.      Citibank does not dispute that by operation of CACR, Subaccount 203 is required to be held in an interest bearing account in the name of the Cuban entity which is the ultimate beneficiary of the EFT transaction, in this instance, Banco Nacional de Cuba.

Evidence: *See* Garnishee-Respondents' Answer to Petition I and Interpleader Petition I attached to the Perkins Decl. at Exhs. B and C, respectively; CACR § 515.508.

4.      Citibank does not dispute that by operation of CACR, none of the EFT parties would be able to claim the right to control Subaccount 203, to have the right of enjoyment to that

3

account, to be able to exclude others from access to the account, or to dispose of (or transfer ownership) of that accounts except as authorized by OFAC through issuance of a license.

Evidence: *See* Garnishee-Respondents' Answer to Petition I, and Interpleader Petition I, attached to Perkins Decl. as Exhs. B and C; CACR, §515.203.

5.      Neither Citibank nor Shanghai Pudong Bank has asserted, as an affirmative defense, that it has sought or received an OFAC license to unblock the funds in Subaccount 203.

Evidence: *See* Garnishee-Respondents' Answer to Petition I, and Shanghai Pudong Bank Answer to Interpleader Petition I, attached to Perkins Decl. as Exhs. B and G.

6.      Any post-blocking transaction by Shanghai Pudong Bank with respect to Subaccount 203 is ineffective because it is "null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power or privilege in respect to such property."

Evidence: *See* CACR § 515.203.

7.      Citibank was duly served with subpoenas seeking documents concerning activity in Subaccount 203, but has not produced and, presumably therefore, is not in possession of any correspondence, or other documents, through which any of the EFT parties communicated any claim with respect to Subaccount 203.

Evidence: Perkins Decl. ¶ 10.

8.      Petitioner's Turnover Petition was served on each of the Judgment Debtors pursuant to 28 U.S.C. § 1608, more than six months ago.  None has appeared in this action.

Evidence: Perkins Decl. ¶ 3 and Docket Nos. 61-68 (certificates of service).

9.      Banco Nacional de Cuba is an agency or instrumentality of the judgment debtors, including the Republic of Cuba.

Evidence: Affidavits of Professor Jaime Suchlicki, attached to Perkins Decl. as Exhibit I; *see also Filler v. Hanvit Bank,* 378 F.3d 213, 217 (2d Cir. 2004); *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 846-47 (5th Cir. 2000); *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 209 (3d Cir. 2003)) (each finding Banco Nacional de Cuba to be an agency or instrumentality of the Republic of Cuba).

Dated: New York, New York
     April 15, 2011

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____

       James W. Perkins (JWP 6684)
       Bryn Haffey (BH 0510)
  Attorneys for Petitioner
  200 Park Avenue, 38th Floor
  New York, New York 10166
  Phone: (212) 801-3188
  Fax:    (212) 801-6400

GREENBERG TRAURIG, LLP
  David A. Baron
  2101 L Street, N.W., Suite 1000
  Washington DC 20037
  Phone: (202) 331-3100
  Fax:    (202) 331-3101

COLSON HICKS EIDSON
  Roberto Martinez
  Ronald W. Kleinman
  255 Aragon Avenue, Second Floor
  Coral Gables, Florida 33134
  Phone: (305) 476-7400
  Fax:    (305) 476-7444