GREENBERG TRAURIG, LLP
James W. Perkins (JWP-6684)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JEANNETTE FULLER HAUSLER as *Successor Personal Representative of the Estate of* ROBERT OTIS FULLER, ("BOBBY FULLER"), *Deceased*, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, The ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANNETTE FULLER HAUSLER, and IRENE MOSS, <br><br> Petitioner, <br><br> - against - <br><br> JP MORGAN CHASE BANK, N.A, CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO, N.V.), BANK OF AMERICA, N.A., and NATIONAL BANK OF CANADA, <br><br> Garnishee-Respondents. | 09 Civ. 10289 (VM) <br><br> (Related to the JPM Chase/Citibank Turnover Proceeding -- Tranche III) <br><br> **PETITIONER'S STATEMENT OF UNCONTESTED MATERIAL FACTS PURSUANT TO** <u>**LOCAL RULE 56.1**</u> <br><br> RE: Fidel Castro Ruz, Raul Castro Ruz, The Republic of Cuba, and The Cuban Revolutionary Armed Forces <br><br> [JUDGMENT DEBTORS] |
| JPMORGAN CHASE BANK, N.A, CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO BANK N.V.), and BANK OF AMERICA, NATIONAL ASSOCIATION, | |

|                                                                      |   |
|---|---|
| Garnishee-Respondents and Third-Party Petitioners, | ) ) ) |
| v. | ) ) |
| BANCO FINANCIERO INTERNACIONAL S.A., BANCO INTERNACIONAL DE COMERCIO, S.A., BANCO NACIONAL DE CUBA, BANCO POPULAR DE AHORRO, ABBOTT LABORATORIES, INC., as successor to Quimica Knoll de Mexico, S.A. de C.V., AEROFLOT LINEAS AEREAS SOVIETICAS, ALBET INGENIERA Y SISTEMAS, BANCO BILBAO VIZCAYA ARGENTINA, S.A., BANCO BILBAO VIZCAYA ARGENTINA PANAMA, S.A., as successor to Banco Exterior Panama, S.A., BANCO DE CREDITO DEL PERU, as successor to Financiera Nacional S.A., BANCO DE ESPANA, BANCO ESPANOL DE CREDITO, BANCO MONEX S.A., BANCO NACIONAL DE MEXICO, S.A., BANCO PAULISTA S.A., BNP PARIBAS, BNP PARIBAS ESPANA, S.A., BANCO SANTANDER S.A., BANCO SANTANDER TOTTA, S.A., as successor to Banco Totta & Acores S.A., CAJA DE AHORROS Y MONTE DE PIEDAD DE MADRID, CASA DE CAMBIO MONEX, S.A., CREDIT SUISSE GROUP AG, as successor to Swiss American Securities, DRESDNER LATEINAMERIKA A.G., as successor to Dresdner Bank Lateinamerika A.G., ESTUDIOS MERCADOS Y SUMINISTROS S.L., GREEN DOWA HOLLAND BV, HSBC TRINKAUS & BURKHARDT AG, ING BANK N.V., INSTITUTO DE CARDIOLOGIA Y CIRUGIA CARDIOVASCULAR CUBA, INTERNATIONAL HANDLERS, INC., JSC ZARUBEZHTSVETMET, LTU LUFTRANSPORT-UNTERNEHMEN GMBH, NOVAFIN FINANCIERE S.A., PETROLEOS DE VENEZUELA S.A., PHILIPS MEXICANA S.A. DE C.V., PREMUDA S.P.A., SANPAOLO BANK S.A., SELECMAR SHIP MANAGEMENT, TUI UK LTD., as successor to Britannia Airways Ltd., TRYG FORSIKRING, as successor to Baltica Bank and Baltica Forsilkring, UNION BANCAIRE PRIVEE, VITOL ENERGY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

2

(BERMUDA) LTD and JEANNETTE FULLER            )
HAUSLER as Successor Personal Representative  )
of the Estate of ROBERT OTIS FULLER           )
("BOBBY FULLER"), Deceased, on behalf of      )
THOMAS CASKEY as Personal Representative      )
of the Estate of LYNITA FULLER CASKEY,        )
surviving daughter of ROBERT OTIS FULLER,     )
THE ESTATE OF ROBERT OTIS FULLER,             )
FREDERICK FULLER, FRANCIS FULLER,             )
GRACE LUTES, JEANNETTE FULLER                 )
HAUSLER, and IRENE MOSS,                      )
                                              )
          Adverse Claimants-      )
          Respondents.            )
_____)

      Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Petitioner Jeannette Hausler submits in support of her motion for summary judgment granting her Tranche III Turnover Petition dated July 6, 2010 ("Petition III"), the following statement of material facts as to which there is no genuine issue to be tried. All exhibits referred to herein are exhibits to the Declaration of James W. Perkins, dated April 15, 2011 ("Perkins Decl."), filed contemporaneously herewith.

      1.    All of the Electronic Funds Transfers (EFTs) identified by Bank of America, N.A., Citibank, N.A., JPMorgan Chase Bank, N.A., Royal Bank of Scotland N.V. (f/k/a ABN AMRO, N.V.), and UBS, AG ("Respondents") in their joint interpleader were lawfully blocked under the Cuban Assets Control Regulations ("CACR").

<u>Evidence</u>: Respondents' Interpleader Petition dated October 29, 2010 ("Petition III Interpleader") at ¶¶ 30-32, attached to Perkins Decl. as Exh. E.

2. Respondents admit that by operation of CACR they have blocked the EFTs and deposited the proceeds into blocked interest bearing accounts (the "Tranche III Accounts").

Evidence: Petition III Interpleader at ¶¶ 30-32, attached to Perkins Decl. as Exh. E.

3. Respondents do not dispute that by operation of CACR, the proceeds of all of the blocked EFTs are required to be held in an interest bearing account in the name of the Cuban entity which is the ultimate beneficiary of the EFT transaction.

Evidence: *See* Answer of Garnishee Respondent Citibank and Answer of Garnishee Respondents with respect to Petition III ("Answers to Petition III"), and Petition III Interpleader at Perkins Decl. Exhs. B, D and E; CACR § 515.508.

4. Respondents do not dispute that by operation of CACR, none of the EFT parties would be able to claim the right to control the Tranche III Accounts, to have the right of enjoyment to those accounts, to be able to exclude others from access to the accounts, or to dispose of (or transfer ownership) of those accounts, except as authorized by OFAC through issuance of a license.

Evidence: *See* Answers to Petition III and Petition III Interpleader, attached to Perkins Decl. as Exhs. B, D and E; CACR, §515.203.

5. No party has asserted, as an affirmative defense, that it has sought or received an OFAC license to unblock the funds in the blocked interest-bearing accounts described in paragraph 2, supra.

Evidence: *See* Answers to Petition III and Answers to Petition III Interpleader, attached to Perkins Decl. as Exhs. H, I, K, L, M, P, Q, and R.

6. All EFTs identified in paragraph 1, *supra*, were blocked on the dates shown in the Answers to Petition III.

Evidence: *See, e.g.,* Amended Answer of Premuda, S.p.A., at Perkins Decl. Exh. I.; Answer of Estudios Mercardos y Suministros S.L., at Perkins Decl. Exh. M; and Answer of Caja de Ahorros y Monte de Piedad de Madrid, at Perkins Decl. Exh. R.

7. Although certain Interpleader Respondents allege they have engaged in post-blocking transactions, such transactions have not resulted in movement of funds from the blocked accounts and by operation of CACR, any post-blocking transaction by any EFT party with respect to any blocked interest bearing accounts is "null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power or privilege in respect to such property."

Evidence: *See, e.g.,* Amended Answer of Premuda, S.p.A., at Perkins Decl. Exh. I.; Answer of Estudios Mercardos y Suministros S.L., at Perkins Decl. Exh. M; and Answer of Caja de Ahorros y Monte de Piedad de Madrid, at Perkins Decl. Exh. R; CACR § 515.203.

8. Respondents have been duly served with subpoenas seeking documents concerning activity in the accounts at issue, but have not produced and, presumably therefore, are not in possession of any correspondence, or other documents, through which any of the EFT parties communicated any claim with respect to any blocked interest bearing accounts.

Evidence: Perkins Decl. ¶ 22.

9. Petitioner's Turnover Petition was served on each of the Judgment Debtors pursuant to 28 U.S.C. § 1608, more than six months ago.

Evidence: Perkins Decl. ¶ 2 and Case docket Nos. 61-68 (certificates of service).

10. Each of the following entities is an agency or instrumentality of the Republic of Cuba: Banco Nacional de Cuba; Banco Financiero International, S.A.; Banco International de Comercio, S.A.; or Banco Popular del Ahorro, S.A.

<u>Evidence</u>: Affidavits of Professor Jaime Suchlicki, attached to Perkins Decl. as Exhibit V; *see also Filler v. Hanvit Bank,* 378 F.3d 213, 217 (2d Cir. 2004); *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 846-47 (5th Cir. 2000); *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 209 (3d Cir. 2003))(each finding Banco Nacional de Cuba to be an agency or instrumentality of the Republic of Cuba).

Dated: New York, New York
       April 15, 2011

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
      James W. Perkins (JWP 6684)
      Bryn Haffey (BH 0510)
      Attorneys for Petitioner
      200 Park Avenue, 38th Floor
      New York, New York 10166
      Phone: (212) 801-3188
      Fax:   (212) 801-6400

GREENBERG TRAURIG, LLP
      David A. Baron
      2101 L Street, N.W., Suite 1000
      Washington DC 20037
      Phone: (202) 331-3100
      Fax:   (202) 331-3101

COLSON HICKS EIDSON
      Roberto Martinez
      Ronald W. Kleinman
      255 Aragon Avenue, Second Floor
      Coral Gables, Florida 33134
      Phone: (305) 476-7400
      Fax:   (305) 476-7444