UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANNETTE HAUSLER,

Petitioner,

-against-

JPMORGAN CHASE BANK, N.A., CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO BANK N.V.), and NATIONAL BANK OF CANADA,

Respondents.

09 Civ. 10289 (VM)

Related to JPM Chase/Citibank Turnover Proceeding

In Respect of a Judgment Entered in the State of Florida, Case No. 02-12475-CA-09

**ANSWER OF RESPONDENT UBS AG TO THE FOURTH PETITION FOR TURNOVER (TRANCHE IV)**

**ANSWER OF RESPONDENT UBS AG TO THE FOURTH PETITION FOR TURNOVER (TRANCHE IV)**

UBS AG ("UBS"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows for its answer to the Fourth Petition for Turnover ("Turnover Petition IV"):

**Allegations as to the Nature of the Proceeding**

1. Denies the allegations contained in paragraph 1 of Turnover Petition IV, except refers to Turnover Petition IV for a description of its nature and purpose, admits that a writ of execution was issued on or about March 26, 2009, and refers to the writ of execution and to the Judgment and Florida Judgment referred to in paragraph 1 of Turnover Petition IV for their respective terms, conditions, and effect. To the extent the allegations contained in paragraph 1 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 2, except admits that on or

about May 12, 2009, the U.S. Marshal served UBS with a writ of execution and refers to the writ of execution for the terms, conditions, and effect thereof. Denies the allegations contained in the second sentence of paragraph 2, except admits that to the extent UBS holds property and/or property interests of the Republic of Cuba or any of its agencies or instrumentalities that may be subject to turnover pursuant to the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), the Cuban Assets Control Regulations, 31 C.F.R. part 515 (the "CACRs") prevent such turnover in the absence of a license issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") or a court order issued pursuant to TRIA. Denies the allegations contained in sentences three and four of paragraph 2, except admits that the account identified in Exhibit C to Turnover Petition IV is held on the books of UBS and refers to Exhibit C for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 2 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Petitioner's purpose or motivation contained in paragraph 3. To the extent the allegations contained in paragraph 3 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied, and refers to TRIA for the terms, conditions, and effect thereof.

4. Denies the allegations contained in paragraph 4, except refers to Turnover Petition IV for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 4 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

**Allegations as to Jurisdiction**

5. Admits that this Court has jurisdiction over this proceeding.

6. Admits that venue is proper in this district.

**Allegations as to the Parties**

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and refers to the Florida Judgment referred to in paragraph 7 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 7 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

8. Denies the allegations contained in paragraph 8, except admits that it is an Aktiengesellschaft organized and existing under the laws of Switzerland with offices in this district, and admits further that it maintains accounts, including the blocked account that is the subject of Turnover Petition IV and against which Petitioner has directed the U.S. Marshal to levy a writ of execution.

**Allegations as to Background**

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and refers to the pleadings filed in the action that is cited in paragraph 9 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 9 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and refers to the Florida Judgment cited in

paragraph 10 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 10 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and refers to the Florida Judgment cited in paragraph 11 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 11 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

12. Denies the allegations contained in paragraph 12, except refers to TRIA for the terms, conditions, and effect thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and refers to the July 28, 2008 Order and the August 20, 2008 Judgment for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 15 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16. To the extent that the allegations contained

in paragraph 16 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 17 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, except admits that the U.S. Marshal served a writ of execution upon UBS and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 18 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, except admits that the U.S. Marshal served UBS with a writ of execution and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 19 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, except admits that UBS has responded to document and information subpoenas served in connection with this case and refers to the

document and information subpoenas served on UBS, the affidavits of service with respect thereto, and the responses returned by UBS for their respective dates.

**Allegations as to Blocked Cuban Account**

21. Admits the allegations in the first sentence of paragraph 21. Denies the allegations contained in the second sentence of paragraph 21 and refers to Exhibit C for the terms, conditions, and effect thereof. Denies the allegations contained in the third sentence of paragraph 21. To the extent that the allegations contained in paragraph 21 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

22. Denies, upon information and belief, that the Republic of Venezuela was the originator of the funds transfer at issue, and further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, except refers to Exhibit C and to the SWIFT message containing the instructions for the funds transfer at issue, the contents of which are reflected in part on Exhibit C, for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 22 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, refers to Exhibit C and to the SWIFT message containing the instructions for the funds transfer at issue for the terms, conditions, and effect thereof, and notes and alleges that the SWIFT message makes no reference to the Agreement referred to in paragraph 23 of the Tranche IV Petition. To the extent that the allegations contained in paragraph 23 purport to set forth legal conclusions

or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, refers to Exhibit C and to the SWIFT message containing the instructions for the funds transfer at issue for the terms, conditions, and effect thereof, and notes and alleges that pursuant to the instructions reflected in the SWIFT message in question the funds at issue were to be credited to an account with UBS of Banco de Desarrollo Económico y Social ("BANDES"). To the extent that the allegations contained in paragraph 24 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

**Allegations as to the Need for a Turnover Order**

23A. Admits the allegations contained in the second paragraph numbered as paragraph 23 in the Tranche IV Petition and refers to the CACRs for the terms, conditions, and effect thereof.

24A. Denies the allegations contained in the second paragraph numbered as paragraph 24 in the Tranche IV Petition, except admits that no property held in any account blocked pursuant to the CACRs may be turned over to Petitioner without a license issued by OFAC or a determination and order by the Court that the property is subject to execution and turnover pursuant to TRIA.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25. To the extent that the allegations contained

in paragraph 25 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

26. Denies the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 and refers to TRIA for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 28 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

29. Denies the allegations contained in paragraph 29 and refers to N.Y. C.P.L.R. § 5225(b) for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 29 purport to set forth legal conclusions or statements of law, UBS need not respond to such allegations, which shall be deemed denied.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

**As and For a First Affirmative Defense**

31. Turnover Petition IV fails to state a claim upon which relief may be granted.

**As and For a Second Affirmative Defense**

32. Pursuant to the SWIFT message initiating the funds transfer at issue in this proceeding, in respect of which BANDES was the originator, the funds at issue were to be credited to the account maintained by BANDES with UBS. Neither the Republic of Cuba nor any of its agencies or instrumentalities was a party to the funds transfer.

**UBS's First Counterclaim**

33. UBS repeats and realleges its responses to paragraphs 1 to 32 hereof.

34. UBS is entitled to judgment in its favor denying Petitioner's Prayer for Relief.

35. In the alternative, UBS is entitled to judgment determining in respect of Petitioner's claim for turnover:

(a) the specific identification of any blocked funds being made subject to attachment, attachment in aid of execution, execution, or turnover, the account of blocked funds, if any, to be turned over pursuant to any execution or turnover order, and the identity of the party, if any, to whom such turnover is to be made;

(b) that the blocked funds against which turnover is ordered consist of the blocked property of the Republic of Cuba or an agency or instrumentality of the Republic of Cuba, and that TRIA allows the blocked property to be executed against to satisfy a judgment against the judgment debtors for compensatory damages, irrespective of whether it would otherwise be immune from attachment, attachment in aid of execution, or execution;

(c) that each judgment as to which turnover is ordered is (i) against the Republic of Cuba as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, or (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605A;

(d) that the amount of each judgment as to which turnover is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch

as Section 201(a) of TRIA only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(e) that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to the foreign state in a manner provided for by 28 U.S.C. § 1608(a) and (e), (ii) Petitioner served the judgment debtors in accordance with 28 U.S.C. § 1608(a), to the extent service of the same is held necessary, and (iii) a reasonable period of time has elapsed following entry of said judgments and the giving of any notice to the judgment debtors required under 28 U.S.C. § 1608(3);

(f) that, to the extent TRIA is not relied upon, any turnover has been licensed by OFAC, and the blocked funds against which turnover is ordered consist of blocked property of a judgment debtor or property in which a judgment debtor has an attachable or executable property interest within the meaning of New York attachment and execution law, and is not immune from execution within the meaning of the Foreign Sovereign Immunities Act of 1976 or of the Vienna Convention on Diplomatic Relations or of the Vienna Convention on Consular Relations;

(g) that the blocked funds against which turnover is ordered do not consist of blocked property in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(h) that, upon the compliance by UBS with any order of turnover, UBS is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and 6204 from any further liability or obligation to any parties to the Blocked Wire Transfers, or to any other party, in respect of any amount so turned over, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition;

(i) that, to the extent UBS is ordered to hold, pending further order of the Court, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit debt owed to the judgment debtors an agency or instrumentality of the Republic of Cuba, UBS shall be fully discharged pursuant to N.Y. C.P.L.R. §§ 5209 and 6204, as applicable, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition, from any and all obligations or liabilities to the Republic of Cuba, to the agency or instrumentality of the republic of Cuba otherwise entitled to the deposit, or to any other party to a blocked wire transfer to the full extent of such amount so held subject to further order of the Court, or paid over into the registry of the Court.

**UBS's Second Counterclaim**

36. UBS repeats and realleges its responses to paragraphs 1 to 32 hereof.

37. UBS is entitled to judgment in its favor awarding UBS its costs and the reasonable attorneys fees incurred in responding to Petitioner's enforcement efforts, any such amount to be awarded out of the amount turned over pursuant to a judgment entered

under TRIA in Petitioner's favor, as well as such other and further relief as may be appropriate.

**Prayer for Relief**

WHEREFORE, UBS prays that the Court issue an Order denying Petitioner's Prayer for Relief or, in the alternative, issue an Order determining in respect of Petitioner's claim for turnover the items listed in paragraph 36 hereof. UBS also prays that the Court issue an Order awarding UBS its costs and the reasonable attorneys fees incurred in responding to the Petitioner's enforcement efforts, as well as such other and further relief as may be appropriate.

Dated: New York, New York
April 20, 2011

DAVIS POLK & WARDWELL LLP

By: ______________________
James L. Kerr, Esq.

450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Attorneys for Respondent UBS AG