

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

April 14, 2011



**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/11
```

    Re:   *Hausler v. JP Morgan Chase Bank, N.A., et al.*
           09 Civ. 10289 (VM) -- (National Bank of Canada)

Dear Judge Marrero:

    We are counsel to Jeannette Hausler, the Petitioner in the above-referenced special proceeding seeking turnover of blocked accounts located at National Bank of Canada ("NBC") to partially satisfy a judgment in her favor rendered under the Terrorism Risk Insurance Act of 2002 ("TRIA").  We write the Court in response to (a) the Court's request that Petitioner outline to the Court her anticipated motion to dismiss the interpleader petition filed by NBC and for judgment on her turnover petition,[1] and (b) the letter of NBC dated April 11, 2011 requesting a pre-motion conference to address its request for notice by publication to unknown potential adverse claimants.

    As to the basis for Petitioner's anticipated motion to dismiss, many of the reasons why NBC's interpleader petition does not state a claim are set forth in our pre-motion letter to the Court dated March 25, 2011, concerning Petition Tranche III. (A copy of the March 25 letter is attached hereto). In particular, under Section 201 of TRIA, the blocked accounts are subject to execution to satisfy Petitioner's judgment without regard to the competing claims that might be asserted by any other party.

    As applied to the blocked interest bearing accounts held by NBC, which are comprised of five EFT's and are the subject of Petitioner's turnover motion, NBC states that it is unaware of the identity of any party that could possibly have any claim to those accounts.  Moreover, NBC acknowledges that these accounts have each been blocked under the Cuban Assets Control Regulations ("CACR") for between 13 and 18 years without any communication from which they could identify any claimants (apparently because there has been no communication of any

---

[1] In keeping with the Court's Individual Rule II A, counsel for Petitioner and NBC have exchanged letters concerning Petitioner's expected motion.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

type throughout this period). Nonetheless, NBC has interpleaded up to 75 unnamed and unidentified originating parties, originating banks and intermediary banks. It does not name any beneficiary banks. It also names Citibank and Royal Bank of Scotland, but it does not identify the role these institutions played, if any. As set forth in our March 25 letter, since the assets at issue are funds in blocked accounts of EFT transactions under CACR, neither originating parties or banks have an interest in such funds. Likewise, since NBC is the intermediary bank in each such transaction, there are no other intermediary banks which could have any superior interest in an EFT account blocked pursuant to CACR. And, in any event, any claim by any such intermediary banks would be time barred and, therefore, not cognizable. *See* N.Y. Abandoned Property Law § 300; CPLR § 213; N.Y. U.C.C. § 4A-505. Finally, to the extent NBC seeks to pursue interpleader based on alleged unknown claimants, Fed. R. Civ. Pr. 22 does not permit relief based on such amorphous grounds.

NBC has also cited to CPLR 5239; however, for the same reasons NBC cannot state a claim in interpleader – *i.e.*, none of the alleged respondents has a cognizable claim to the assets at issue -- it cannot state a claim under Section 5239. That provision is a mechanism to determine priority rights of creditors to a particular *res*. Since none of the other interpleader respondents has a claim to the blocked accounts, and NBC itself makes no claim to the funds, there is no basis for 5239 relief. *See Neshewat v. Salem,* 365 F. Supp. 2d 508, 524-25 (S.D.N.Y. 2005)(denying party relief under CPLR 5239 since party had no claim to property at issue).

Turning to NBC's request for notice publication of the pendency of this proceeding, Petitioner objects, particularly as to its proposed scope. The notice would be superfluous given the nature of the blocked EFT transactions at issue. Although the Court permitted notice publication concerning the Tranche II sinking fund bondholders, many of whom were individuals, in contrast, here the parties to the EFT's are either financial institutions or companies which surely would have received notice when the particular EFT was blocked pursuant to CACR. Moreover, since, by definition, none of the purportedly interested parties has communicated with NBC for more than a decade (and in some cases, for nearly two decades), this procedure is nothing more than an invitation to persons having no demonstrable connection to the EFTs to manufacture fraudulent claims or to now claim to revive long dormant and abandoned "claims".

In any event, the scope of the proposed notice is too broad: serial publication in three newspapers, four times over a one-month period seems excessive, especially since the funds at issue have been blocked for between 13 and 18 years, and to Petitioner's knowledge none of the parties to the EFT's at issue have asserted a claim to the funds. As shown by the exercise in publishing notice regarding the Sinking Fund (Tranche II), publication will produce nothing more than meritless claims and unnecessary expense. The extent (and attendant cost) of the proposed publication is unreasonable in light of the approximately $330,000, plus interest in the accounts subject to turnover. Since the Tranche II publication cost approximately $36,000 for a discrete publication in two newspapers, multiple publication in three media sources could well consume a third of the account value. In any event, if the Court were to permit publication, because NBC is advocating this unnecessary procedure, because its cost is inordinately high in light of the value of the accounts, and because NBC cannot claim any right to recover costs for

Honorable Victor Marrero
April 14, 2011
Page 3

this publication as a true stakeholder (since its interpleader is defective and since such notice would not be proper in an interpleader context), any and all associated costs should be borne by NBC.

We are available to participate in a conference to discuss the foregoing at the Court's earliest convenience.

Respectfully submitted,

James W. Perkins

Attachment

cc: Nicole Erb, Esq. (by e-mail with attachment)
Frank Panopolous, Esq. (by e-mail with attachment)
James L. Kerr, Esq. (by e-mail with attachment)
David A. Baron, Esq. (by e-mail with attachment)
Ronald Kleinman, Esq. (by e-mail with attachment)
Roberto Martinez, Esq. (by e-mail with attachment)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by petitioner.

SO ORDERED.

4-20-11
DATE    VICTOR MARRERO, U.S.D.J.

GREENBERG TRAURIG, LLP ● ATTORNEYS AT LAW ● WWW.GTLAW.COM