**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

April 19, 2011

VIA FACSIMILE

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20B
New York, N.Y. 20017-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/11
```

Re: *Hausler v. JP Morgan Chase Bank, N.A.*, 09 Civ. 10289 (VM) (S.D.N.Y.)

Dear Judge Marrero:

On behalf of National Bank of Canada ("NBC"), we write to supplement our letter of April 15, 2011. Because we were expecting to receive Petitioner's motion to dismiss NBC's interpleader petition on April 15 as agreed by stipulation, we did not address Petitioner's motion in our letter but instead attached our letter to Petitioner's counsel pursuant to the Court's Individual Rule IIA. At approximately 6:00 p.m. that evening, we were apprised by Petitioner's counsel that Petitioner would not serve her motion papers because the Court intended to first hold a pre-motion conference addressing Petitioner's motion. Accordingly, after consulting with Your Honor's Chambers, and to avoid any confusion during the conference scheduled for April 20, 2011, we write to further outline our position concerning Petitioner's arguments.

As a disinterested stakeholder of blocked EFTs, NBC ultimately is requesting that the Court discharge it from this proceeding in a manner that will protect it from third-party liability. To avoid liability to the known and unknown adverse claimants identified in its interpleader petition, NBC seeks to ensure that any decision in this proceeding comports with due process by providing them with the notice and full and fair opportunity to be heard to which they are entitled. Petitioner seeks to dismiss NBC's Interpleader Petition and deprive NBC of legal protection from third-party liability by challenging the merits of the claims that may be asserted by the adverse claimants. However, whether the Court ultimately finds such claims to be "cognizable" is not relevant to the validity of NBC's interpleader petition. *See, e.g., William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 359 (S.D.N.Y. 2008) ("The availability of the interpleader does not depend on the merits of the potential claims against the

The Honorable Victor Marrero

WHITE & CASE

April 19, 2011

stakeholder."); *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992) (rejecting as irrelevant allegations that competing claims were not "cognizable" because interpleader "is not dependent on the merits of the claims asserted against the stakeholder," but requires "only a good faith concern about duplicitous litigation and multiple liability").

Rule 22 requires only the possibility of multiple liability, and not a determination on the merits of potential claims. *See, e.g., 6247 Atlas Corp. v. Marine Ins. Co., Ltd.*, 155 F.R.D. 454 (S.D.N.Y. 1994) ("The language of Rule 22 specifically provides for interpleader when a stakeholder 'may be exposed to double or multiple liability.'" (citing FED. R. CIV. P. 22(1)); 7 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1704 (observing that "[e]xtended inquiry at a preliminary stage" often "will prove fruitless" and that "the court should not allow itself to be detoured into a premature speculation about the merits."). Indeed, the adverse claimants cannot be bound by any interpretation of the Terrorism Risk Insurance Act as they have yet to exercise their due process rights. *See Levin v. Tiber Holding Corp.*, 277 F.3d 243, 254 (2d Cir. 2002) (holding that a party is bound by a prior judgment only if it was "a party to, or represented by a privy in, the prior action." (citation omitted)); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 305 F. Supp. 2d 323, 325 (S.D.N.Y. 2004) ("Collateral estoppel will not apply unless the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication.").

NBC seeks to interplead a specific, limited group of unknown adverse claimants who may have claims to the blocked EFTs, namely originators, originating banks, and/or intermediary banks to those EFTs. Nothing in the Federal Rules of Civil Procedure prevents NBC from interpleading a specific and limited group of unknown adverse claimants. Indeed, as was the case with the unknown Tranche II Sinking Fund bondholders in this action that were served notice of the action by publication, interpleading unknown adverse claimants is necessary to protect a disinterested stakeholder like NBC from multiple liability. *See Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974) ("In such a case, the impleading of 'absent, unknown persons,' accompanied by public notice of the action, is perfectly reasonable and is the only way in which the interpleader remedy can be fully effectuated."). NBC's Interpleader Petition satisfies Rule 22, and its inclusion of unknown adverse claimants is appropriate where the interpleader is limited in scope, as it is here to parties with a demonstrable connection to the EFTs.

Respectfully,

Frank Panopoulos

cc: James W. Perkins, Esq.
*Counsel for Petitioner*
James L. Kerr, Esq.
*Counsel for Adverse Claimants-Respondents*
*Citibank-N.Y. and The Royal Bank of Scotland N.V.*

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by National Bank of Canada.

SO ORDERED.

4-20-11
DATE

VICTOR MARRERO, U.S.D.J.

2