**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/11
```

April 15, 2011

VIA FACSIMILIE

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 20B
New York, N.Y. 10017-1312

Re:  *Hausler v. JP Morgan Chase Bank, N.A.*, 09 Civ. 10289 (VM)

Dear Judge Marrero:

On behalf of National Bank of Canada ("NBC"), we respond to Petitioner's April 14, 2011 letter to the Court.

With respect to Petitioner's motion to dismiss NBC's interpleader petition, we will address Petitioner's arguments in NBC's opposition to that motion. For the Court's benefit, we attach the letter NBC exchanged with Petitioner pursuant to the Court's Individual Rule IIA, which briefly responds to several of Petitioner's arguments.

With respect to NBC's request for an order of service by publication, Petitioner's statement in her letter that publication is "nothing more than an invitation to persons having no demonstrable connection to the EFT's to manufacture fraudulent claims or to now claim to revive long dormant and abandoned 'claims,'" is ill conceived.[1] The unknown adverse-claimants for which service by publication is requested comprise the originating and, possibly, intermediary banks involved in the four EFT transactions identified in the interpleader petition, and to the extent the originators are not banks, the four originators.[2] If such banks or originators appear to assert a claim to the blocked funds in response to the publication, then in our view it is very likely the claim would be credible and not manufactured. If they do not appear, then they will have had an opportunity to do so, thus minimizing the risk to NBC of double liability for its compliance with any turnover order.

---

[1] Petitioner's Apr. 14, 2011 letter to the Court at 2.
[2] As a precaution, the interpleader petition allots up to 25 unknown adverse-claimants for each transaction, but the number of such adverse claimants is likely to be much smaller.

The Honorable Victor Marrero
April 15, 2011

WHITE & CASE

Moreover, NBC's proposal to publish in 3 newspapers is subject to the Court's approval and will be modified if so ordered by the Court. We note however that N.Y. C.P.L.R. § 316 provides in relevant part for publication "in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks . . . ."

Finally, we disagree that the costs of publication should be borne by NBC. The publication requested is pursuant to and complies with the N.Y. C.P.L.R., and is required to protect NBC as a garnishee of funds sought by Petitioner but subject to possible competing claims.

Respectfully,

Frank Panopoulos

Frank Panopoulos

Attachment

cc: James W. Perkins, Esq.
*Counsel for Plaintiff*
James L. Kerr, Esq.
*Counsel for Adverse Claimants-Respondents*
*Citibank-N.Y. and The Royal Bank of Scotland N.V.*

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by National Bank of Canada.
>
> SO ORDERED.
>
> 4-20-11
> DATE        VICTOR MARRERO, U.S.D.J.

2

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

Direct Dial + 202-626-3626    fpanopoulos@whitecase.com

April 6, 2011

VIA E-MAIL AND FIRST-CLASS MAIL

James W. Perkins, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, N.Y. 10166

Re: *Hausler v. JP Morgan Chase Bank, N.A., et al.*, 09 Civ. 10289 (SDNY)

Dear Jim:

Pursuant to Judge Marrero's Individual Practice Rule IIA, this letter responds to your letter of April 1, 2011. For the reasons stated below, National Bank of Canada ("NBC") does not intend to withdraw its Petition Stating Claims in the Nature of Interpleader ("Interpleader Petition").

The potential adverse claimants to the blocked funds identified in NBC's Interpleader Petition require an opportunity to be heard, which opportunity has yet to expire. Consequently, a motion to dismiss the Interpleader Petition by Petitioner is premature at this time. Any such motion should be filed after all of the parties which have been summoned to appear in this action have received the notice to which they are entitled and been given an opportunity to be heard.

In this regard, we believe *Coleco Industries, Inc. v. Universal City Studios, Inc.*, 637 F. Supp. 148 (S.D.N.Y. 1986), is inapposite. In that case, the interpleaded party with a potential claim, Nintendo, already had litigated and lost in a first action the underlying claim at issue in the later interpleader action. As a result, Nintendo was subject to issue preclusion on the underlying claim pending appeal of the court's ruling from the first action. Under the circumstances, the court dismissed the interpleader petition without prejudice, holding that it would unduly prejudice Nintendo to defend against the claim in an interpleader action as a potential adverse claimant. *See id.* at 150 ("Having litigated the misappropriation claim thoroughly and lost, Nintendo should not be compelled to reenter the trial process unless a change in legal conclusions is dictated by the Court of Appeals. . . . The mere pendency of an appeal does not affect the collateral estoppel or *res judicata* effect of the judgment rendered against Nintendo on its counterclaim."). Unlike Nintendo, the potential adverse claimants identified by NBC in its Interpleader Petition are not subject to any issue preclusion with respect to the Court's rulings in this case and are not prejudiced by an opportunity to be heard. Among other things, such

James W. Perkins, Esq.

WHITE & CASE

April 6, 2011

claimants may raise arguments not considered by the Court — as indeed some of the Tranche III interpleaded banks have indicated they would do.

Sincerely,

Frank Panopoulos