**CONTAINS MATERIAL FILED UNDER SEAL**
**Confidential Materials Subject to Protective Agreement and Order Entered In Hausler v. The Republic of Cuba, et al., 09 CV 10289**

GREENBERG TRAURIG, LLP
James W. Perkins (JWP-6684)
Bryn Haffey (BH-0519)
MetLife Building
200 Park Avenue, 38th Floor
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEANNETTE HAUSLER as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANNETTE FULLER HAUSLER, and IRENE MOSS, | 09 Civ. 10289 (VM)<br><br>(Regarding the NBC Turnover Petition) |
| Plaintiff-Petitioner, | **ANSWER OF JEANNETTE FULLER HAUSLER TO THIRD-PARTY PETITION ALLEGING CLAIMS IN NATURE OF INTERPLEADER** |
| v. | |
| JP MORGAN CHASE BANK, N.A, et al., | |
| Garnishee-Respondents. | Re: Fidel Castro Ruz, Raul Castro Ruz The Republic of Cuba, and The Cuban Revolutionary Armed Forces |
| NATIONAL BANK OF CANADA, | |
| Garnishee-Respondent and Interpleader Petitioner, | [JUDGMENT DEBTORS] |
| v. | |

|   |   |
|---|---|
| **[CONFIDENTIAL]**<br><br>, JEANNETTE HAUSLER,<br>UNKNOWN ORIGINATORS 1-25, UNKNOWN ORIGINATORS' BANKS 1-25, AND UNKNOWN INTERMEDIARY BANKS 1-25,<br><br>Adverse Claimants-Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner Jeannette Hausler ("Petitioner")[1] as and for its Answer to the Third-Party Petition Alleging Claims in The Nature of Interpleader (the "Interpleader") of Respondent National Bank of Canada ("NBC") dated February 28, 2011 concerning the NBC Turnover Petition dated January 10, 2011 ("NBC Turnover Petition"), by her attorneys Greenberg Traurig, LLP, hereby states as follows:

1.   Answering the allegations of Paragraph 1, as to the first and second sentences, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the motivation of NBC in filing the Interpleader and, therefore, denies such allegations, but admits that the Blocked Funds for which Petitioner seeks turnover are described on Exhibit D to the Petition.  As to the allegations of the third sentence refers to the response to Paragraph 7 below.

2.   Answering the allegations of Paragraph 2, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences, and

---

[1] Throughout the Interpleader, Petitioner Hausler is referred to as "Plaintiff," although she is referred to as Petitioner in the Turnover Petition.  In her Answer, Petitioner interprets "Plaintiff" to mean Petitioner.

2

on that basis denies the allegations of the first sentence; however, based on the information it does have believes the allegations of the second sentence to be true.  As to the allegations of the third sentence, states that they set forth a legal conclusion to which no response is required.

3. Answering the allegations of Paragraph 3, states they are cross-references to other paragraphs of the Interpleader to which no response is required, but admits that the cross-references appear correct.

4. Answering the allegations of Paragraph 4, lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies the allegations.

**Jurisdiction and Venue**

5. Answering the allegations of Paragraph 5, admits that this Court has jurisdiction over the underlying turnover proceeding, but denies that this is a proper interpleader proceeding.

6. Answering the allegations of Paragraph 6, admits that venue is proper in this Court, but denies that this is a proper interpleader proceeding.

**Background**

7. Answering the allegations of Paragraph 7, denies that they accurately or completely describe the allegations of the NBC Turnover Petition and refers to the Petition for the full content thereof, but admits that the Florida federal judgment that is the subject of the Turnover Petition was duly registered in this District as alleged.

8. Admits the allegations of Paragraph 8.

9. Admits the allegations of Paragraph 9.

10. Admits the allegations of Paragraph 10.

11. Admits the allegations of Paragraph 11.

12. Admits the allegations of Paragraph 12 and further admits that Petitioner's Turnover Petition seeks execution and turnover of blocked property and accounts in the possession of National Bank of Canada in which **[CONFIDENTIAL]** has an interest and which are being held in interest-bearing accounts pursuant to the Cuban Assets Control Regulations. NBC identifies **[CONFIDENTIAL]** as an "Other Adverse Claimant-Respondent" in paragraph 19 b. of the Interpleader.

**The Parties to the Third-Party Petition**

**The Plaintiff-Petitioner**

13. Answering the allegations of Paragraph 13, admits that she is a resident and is the representative as stated therein, but denies either of those facts is "alleged" and admits the allegations of the third sentence.

**The Garnishee-Respondent and Interpleader Petitioner**

14. Answering the allegations of Paragraph 14, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the status of NBC and, on that basis, denies the allegations, but based on information in her possession believes the referenced blocked Account maintained by NBC is in New York and admits that such Account is the subject of the Turnover Petition and against which the Marshal has levied.

**The Adverse Claimants-Respondents Alleged in The Turnover
Petition to be Agencies or Instrumentalities of The Republic of
Cuba and to Have an Executable Interest in The Blocked Funds**

15. Answering the allegations of Paragraph 15, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence and, on that basis, denies such allegations, but admits the allegations of the second sentence. Answering the allegations of the third sentence, admits that the referenced entity is identified in Exhibit D, but

denies that Exhibit D identifies the entity as the beneficiary of a wire transfer. Answering further, lacks knowledge or information sufficient to form a belief as to whether the entity was the beneficiary of a wire transfer, except admits that the funds are blocked.

16. Answering the allegations of Paragraph 16, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence and, on that basis, denies such allegations, but admits the allegations of the second sentence. Answering the allegations of the third sentence, admits that the referenced entity is identified in Exhibit D, but denies that Exhibit D identifies the entity as the beneficiary of a wire transfer. Answering further, lacks knowledge or information sufficient to form a belief as to whether the entity was the beneficiary of a wire transfer, except admits that the funds are blocked.

17. Answering the allegations of Paragraph 17, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence and, on that basis, denies such allegations, but admits the allegations of the second sentence. Answering the allegations of the third sentence, admits that the referenced entity is identified in Exhibit D, but denies that Exhibit D identifies the entity as the beneficiary of a wire transfer. Answering further, lacks knowledge or information sufficient to form a belief as to whether the entity was the beneficiary of a wire transfer, except admits that the funds are blocked.

18. Answering the allegations of Paragraph 18, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence and, on that basis, denies such allegations, but admits the allegations of the second sentence. Answering the allegations of the third sentence, admits that the referenced entity is identified in Exhibit D, but denies that Exhibit D identifies the entity as the beneficiary of a wire transfer. Answering

further, lacks knowledge or information sufficient to form a belief as to whether the entity was the beneficiary of a wire transfer, except admits that the funds are blocked.

**The Other Adverse Claimants-Respondents to the Blocked Funds**

19. Answering the allegations of Paragraph 19, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence and third sentences (including sub-paragraphs a-f of the third sentence) and on that basis, denies such allegations but admits the allegations of the second sentence.

**The Blocked Accounts at NBC That Are Targeted for Turnover**

20. Answering the allegations of Paragraph 20, admits that Petitioner seeks turnover of certain blocked funds contained in accounts listed in Exhibit D of the NBC Turnover Petition.

   a. Answering the allegations of sub-paragraph 20.a, lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies the allegations.

   b. Answering the allegations of sub-paragraph 20.b, lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies the allegations.

   c. Answering the allegations of sub-paragraph 20.c, lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies the allegations.

   d. Answering the allegations of sub-paragraph 20.d, lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies the allegations.

**The Blocked Accounts at BofA That Are Targeted for Turnover**

21. Answering the allegations of Paragraph 21, lacks knowledge or information sufficient to form a belief as to their truth and therefore denies the allegations. Answering further, notes that the figure reported in paragraph 21 as to the amount of the blocked principal is different from the figure disclosed by NBC in discovery and from the sum total of the blocked amounts identified in paragraphs 20.a thru 20.d.

**The Need for Interpleader Relief**

22.     Answering the allegations of Paragraph 22, admits the allegations of the first sentence, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning NBC's motivations for filing its Interpleader and, on that basis, denies such allegations.  Answering further, under applicable OFAC regulations, there should be no unknown parties with respect to any alleged blocked wire transfers because NBC was and is, pursuant to those regulations, required to keep a full and accurate record of each such transaction.

23.     Answering the allegations of the first sentence of Paragraph 23, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning NBC's state of mind and, on that basis, denies such allegations.  Answering the allegations of the second and third sentences of Paragraph 23, denies that any of the referenced entities alleged by NBC to be beneficiaries have superior rights to Petitioner in the Blocked Funds whether in fact or law and states further states that the second and third sentences set forth NBC's legal arguments and not factual allegations to which a response is required, and on that basis, denies the allegations. Answering further, under applicable OFAC regulations, there should be no unknown parties with respect to any alleged blocked wire transfers because NBC was and is, pursuant to those regulations, required to keep a full and accurate record of each such transaction.

24.     Answering the allegations of Paragraph 24, states that they set forth NBC's legal arguments and not factual allegations to which a response is required and, on that basis, denies the allegations. Answering further, lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Blocked Funds were the result of wire transfers or that there are any known or unknown parties to any such alleged wire transfers.

25. Answering the allegations of Paragraph 25, states that they set forth NBC's legal arguments and not factual allegations to which a response is required and, on that basis, denies the allegations.

26. Answering the allegations of Paragraph 26, states that they set forth NBC's legal position and not factual allegations to which a response is required and, on that basis, denies the allegations.

27. Answering the allegations of Paragraph 27, states that they set forth NBC's legal position and not factual allegations to which a response is required and, on that basis, denies the allegations. Answering further, in Paragraph 27, NBC is taking a position as to the Court's adjudication of Petitioner's Turnover Petition and that doing so is inconsistent with NBC's stated legal position in Paragraph 4 that it is a "disinterested, neutral stakeholder."

28. Answering the allegations of Paragraph 28, states that they set forth NBC's legal position and not factual allegations to which no response is required and, on that basis, denies the allegations. Answering further, in Paragraph 28, NBC is taking a position as to the Court's adjudication of Petitioner's Turnover Petition and that doing so is inconsistent with NBC's stated legal position in Paragraph 4 that it is a "disinterested, neutral stakeholder."

## NBC'S PRAYER FOR RELIEF

29. Answering the allegations of Paragraph 29, states they constitute NBC's Prayer for Relief, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

30. As set forth in the Petition, Petitioner is entitled to full relief and recovery under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note ("TRIA"), Federal Rule of Civil Procedure 69 and CPLR § 5225(b).

Accordingly, none of the other Adverse Claimants, whether known or unknown has a superior claim.

## SECOND AFFIRMATIVE DEFENSE

31. The Interpleader fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

32. The Interpleader Petitioner's claims are barred under N.Y. Abandoned Property Law § 300, N.Y. C.P.L.R. § 213, and/or N.Y. U.C.C. § 4A-505.

## FOURTH AFFIRMATIVE DEFENSE

33. Federal Rule of Civil Procedure 22 does not permit interpleader relief against alleged unknown claimants.

## FIFTH AFFIRMATIVE DEFENSE

34. The Interpleader fails to state a claim under N.Y. C.P.L.R. § 5239.

## SIXTH AFFIRMATIVE DEFENSE

35. Petitioner reserves the right to amend and/or supplement this Answer, including, without limitation, to offer any additional denials, admissions or affirmative defenses, on account of the fact that much of the Interpleader is overly vague, non-specific and subject to

competing interpretations.

WHEREFORE, Petitioner respectfully requests that the Court (a) dismiss either the Interpleader in its entirety, or the claims of all other Adverse Claimants, except Petitioner's claim under the Turnover Petitioner and (b) grant Petitioner such other and further relief as the Court deems to be appropriate and just.

Dated: New York, New York
      April 22, 2011

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

James W. Perkins (JWP-6684)
Bryn Haffey (BH-0519)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
perkinsj@gtlaw.com

*Attorneys for Petitioner*

GREENBERG TRAURIG, LLP

David A. Baron
2101 L Street, N.W., Suite 1000
Washington DC 20037
Phone: (202) 331-3100
Fax:   (202) 331-3101

COLSON HICKS EIDSON

Roberto Martinez
Ronald W. Kleinman
255 Aragon Avenue, 2nd Floor
Coral Gables, Florida 33134
Phone: (305) 476-7400
Fax:   (305) 476-7444

TO:

    WHITE & CASE LLP
    Frank Panopoulos, Esq.
    701 Thirteenth Street, NW
    Washington, DC  20005
    *Attorney for Garnishee-Respondent*
    NATIONAL BANK OF CANADA

    DAVIS POLK & WARDWELL
    James L. Kerr, Esq.
    450 Lexington Avenue
    New York, New York 10017
    *Attorneys for Garnishee-Respondents*
    CITIBANK, N.A., THE ROYAL
    BANK OF SCOTLAND (FORMERLY
    KNOWN AS ABN AMRO, N.V