UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/3/11___
```

---

JEANNETTE HAUSLER,                    )
                                      )
                                      )
                                      )
          *Plaintiff-Petitioner*,     )
                                      )
          v.                          )    Civil Action No. 09 Civ. 10289 (VM)
                                      )
JP MORGAN CHASE BANK, N.A,            )
CITIBANK, N.A., THE ROYAL BANK        )
OF SCOTLAND N.V. (FORMERLY            )
KNOWN AS ABN AMRO, N.V.), and         )    Re: Fidel Castro Ruz, Raul Castro Ruz,
NATIONAL BANK OF CANADA,              )    The Republic of Cuba, and
                                      )    The Cuban Revolutionary Armed Forces
          *Garnishee-Respondents*.    )
                                      )    [JUDGMENT DEBTORS]
---                                   )
                                      )
NATIONAL BANK OF CANADA,              )
                                      )
          *Garnishee-Respondent*      )    [Relating to National Bank of Canada
          *and Interpleader*          )    Petition]
          *Petitioner*,               )
                                      )
          v.                          )    **STIPULATION AND ORDER**
                                      )
JEANNETTE HAUSLER, et al.             )
                                      )
          *Adverse Claimants-*        )
          *Respondents*.              )

---

WHEREAS on January 10, 2011, Petitioner Jeannette Hausler commenced the turnover

proceeding first-above captioned against National Bank of Canada ("NBC") by filing a Petition

for Turnover Order Pursuant to Federal Rule of Civil Procedure Rule 69 and CPLR § 5225(b)

("Turnover Petition") to satisfy partially its money judgment against the Judgment Debtors

named herein;

WHEREAS Petitioner Hausler seeks by her Turnover Petition, pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, Title II, § 201 (Nov. 26, 2002), 116 Stat. 2337, codified at 28 U.S.C. § 1610 Note, the turnover of funds identified in Exhibit D to the Turnover Petition and held by NBC;

WHEREAS NBC alleges these funds are proceeds from electronic funds transfers ("EFTs") that NBC's New York branch blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515, ("Blocked Funds");

WHEREAS Petitioner Hausler seeks to execute on these Blocked Funds based on the alleged interest in the funds of alleged agencies and instrumentalities of the Republic of Cuba;

WHEREAS NBC is concerned that participants in the EFTs may have a claim to the Blocked Funds under the New York Uniform Commercial Code or otherwise;

WHEREAS on February 28, 2011, NBC filed its Petition Alleging Claims in the Nature of Interpleader second-captioned above ("Interpleader Petition") naming as respondents, known and unknown alleged parties to the EFTs, who may be originators, originators' banks, intermediary banks, and beneficiaries ("Adverse Claimants-Respondents");

WHEREAS in its Interpleader Petition NBC named as Adverse Claimants-Respondents "Unknown Originators 1-25, Unknown Originators' Banks 1-25, and Unknown Intermediary Banks 1-25," the identities of which remain unknown to NBC;

WHEREAS on April 22, 2011, in a telephone conference with the Court, the Court directed the parties to develop jointly a method to serve notice by publication on the unknown third-party Adverse Claimants-Respondents to provide them an opportunity to appear in this proceeding;

2

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  NBC shall serve by publication notice of the Turnover Petition and Interpleader Petition on the unknown third-party Adverse Claimants-Respondents;

2.  Service by publication shall be made in the International Herald Tribune once per week for two consecutive weeks and in the Miami Herald, Spanish edition, once per week for two consecutive weeks;

3.  The Notice to be published in the International Herald Tribune shall be in the form attached hereto as Exhibit A, with formatting changes permitted as required by the publisher;

4.  The Notice to be published in the Miami Herald, Spanish edition, shall be a true and correct translation into Spanish of the form of Notice attached hereto as Exhibit A, with formatting changes permitted as required by the publisher;

5.  NBC shall submit the Notice for immediate publication within 7 days of the entry of this Order;

6.  Unknown third-party Adverse Claimant-Respondents shall have 14 days after the date the notice is last published to submit notice of a claim (with documentary evidence of the participation by such claimant in the EFT, including specific identification of the nature of the participation, the exact date of the transaction, the exact amount of the transaction, and the identity of two or more of the parties to the EFT) and 35 days after the date the notice is last published to either serve and file an answer to the interpleader petition or to serve and file a motion to intervene in the turnover action;

7.  Service by publication in accordance with the provisions of this Order shall constitute proper, effective, and sufficient service and shall satisfy all of the requirements for notice under

applicable law, including the Federal Rules of Civil Procedure and the N.Y. C.P.L.R. and all the requirements of due process of law; and

8.   Failure of any unknown third-party Adverse Claimant-Respondent to act within either of the time periods set forth in paragraph 6 shall bar any claim by such unknown third-party Adverse Claimant-Respondent in respect of the Blocked Funds, unless otherwise ordered by the Court.

Dated: April 29, 2011


_____
David Baron

GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 100
Washington, D.C. 20037
Tel: (202) 331-3100
Fax: (202) 331-3101
*Counsel for Jeannette Hausler*

_____
Frank Panopoulos

WHITE & CASE, LLP
701 13th Street, N.W.
Washington, D.C. 20005
Tel: (202) 626-3626
Fax: (202) 639 9355
*Counsel for National Bank of Canada*


SO ORDERED:
~~April~~   3 , 2011

_____
VICTOR MARRERO
U.S.D.J.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEANNETTE HAUSLER, <br><br> *Plaintiff-Petitioner,* <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A, CITIBANK, N.A., THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO, N.V.), and NATIONAL BANK OF CANADA, <br><br> *Garnishee-Respondents.* | Civil Action No. 09 Civ. 10289 (VM) <br><br> Re: Fidel Castro Ruz, Raul Castro Ruz, The Republic of Cuba, and The Cuban Revolutionary Armed Forces <br><br> [JUDGMENT DEBTORS] |
| NATIONAL BANK OF CANADA, <br><br> *Garnishee-Respondent and Interpleader Petitioner,* <br><br> v. <br><br> JEANNETTE HAUSLER, et al. <br><br> *Adverse Claimants-Respondents.* | **NOTICE TO ALL PERSONS OR ENTITIES HOLDING AN INTEREST IN ELECTRONIC FUNDS TRANSFERS BLOCKED AT THE NEW YORK BRANCH OF NATIONAL BANK OF CANADA IN THE AMOUNTS OF $150,XXX.XX ON DECEMBER 21, 1993, $131,XXX.XX ON JUNE 29, 1993, $46,XXX.XX ON JUNE 1, 1998, AND $5,XXX.XX ON DECEMBER 23, 1993** |

NOTICE OF ACTION SEEKING TURNOVER OF
BLOCKED ELECTRONIC FUNDS TRANSFERS
OF $150,XXX.XX ON DECEMBER 21, 1993, $131,XXX.XX ON JUNE 29, 1993,
$46,XXX.XX ON JUNE 1, 1998, AND $5,XXX.XX ON DECEMBER 23, 1993

PLEASE TAKE NOTICE that, on January 10, 2011, Jeannette Hausler ("Petitioner") filed a petition for turnover ("Turnover Petition") in the United States District Court for the Southern District of New York (the "Court") seeking, among other things, the turnover of $150,XXX.XX, $131,XXX.XX, $46,XXX.XX, and $5,XXX.XX, the amounts of electronic funds transfers ("EFTs") blocked on December 21, 1993, June 29, 1993, June 1, 1998, and December 23, 1993, respectively, and held in an account at the New York Branch of the National Bank of Canada ("NBC"). As noted below, in response to the Turnover Petition, on February

28, 2011, NBC filed a petition in the nature of interpleader ("Interpleader Petition") seeking a court determination as to the rightful owner of the EFTs.

The EFTs have been blocked pursuant to the Trading with the Enemy Act, 50 U.S.C. App. 5(b) ("TWEA") and Cuban Assets Control Regulations, 31 C.F.R. Part 515 ("CACRs"), issued by the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC").

The Turnover Petition was filed pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") and N.Y. C.P.L.R. § 5225(b), and seeks the turnover of the EFTs in satisfaction of a judgment entered in Florida State Court and given full faith and credit in federal court against the Republic of Cuba and others awarding Ms. Hausler $100 million in compensatory damages in a case involving the death of Robert Otis Fuller, for whose estate Ms. Hausler is the successor personal representative.

Because NBC is concerned that under the New York Uniform Commercial Code the participants in the EFTs identified above may have a claim to the respective blocked EFT, NBC filed the Interpleader Petition and hereby gives notice of the Petitioner's turnover action and of the Interpleader Petition.

IF YOU ARE ONE OF THE PARTICIPANTS IN THE EFTS IN THE AMOUNT OF $150,XXX.XX, $131,XXX.XX, $46,XXX.XX, OR $5XXX.XX, BLOCKED BY NBC ON DECEMBER 21, 1993, JUNE 29, 1993, JUNE 1, 1998, OR DECEMBER 23, 1993, RESPECTIVELY, YOU MAY REQUEST A COPY OF THE TURNOVER PETITION AND INTERPLEADER PETITION BY MAKING A REQUEST IN WRITING TO ONE OF THE ATTORNEYS LISTED BELOW.

PLEASE BE ADVISED Petitioner will oppose any effort you make to assert an ownership claim to the EFTs. Petitioner takes the position that her judgment against the Republic of Cuba for acts of terrorism is superior to any claims that you may have against the funds, and alleges that pursuant to Section 201(a) of TRIA she is entitled to execute against such funds, as the blocked funds of a terrorist party within the meaning of that section. The Court has already ruled in this proceeding that Petitioner is entitled to recover funds in accounts blocked pursuant to the TWEA and the CACRs to satisfy her judgment.

Please take notice that even if you are able to establish a superior ownership interest in the EFTs, the EFTs will most likely remain blocked pursuant to the CACRs until a further ruling by the Court or United States government action.

You should serve your notice of claim, which must include documentary evidence that you were a participant in the EFTs, on the counsel listed below, and contact counsel of your own choosing to determine what you will need to do to pursue any claim you may have to the funds at issue. For further information, contact any of the counsel listed below:

Nicole Erb, Esq.                                    James W. Perkins, Esq.

| | |
|---|---|
| Frank Panopoulos, Esq. | GREENBERG & TRAURIG, P.A. |
| WHITE & CASE LLP | MetLife Building, |
| 701 13th Street, NW | 200 Park Avenue |
| Washington, D.C. 20005 | New York, NY 10166 |
| Tel: (202) 626-3600 | Tel: (212) 801-3188 |
| Fax: (202) 639-9355 | Fax: (212) 801-6400 |
| *Counsel for National Bank of Canada* | *Counsel for Jeannette Hausler* |

DO NOT CONTACT EITHER THE COURT OR THE JUDGE PRESIDING OVER THIS MATTER.

THIS IS NOT A CLASS ACTION.

IF YOU HAVE ANY CLAIM TO RECOVER THE BLOCKED EFTS HELD BY NATIONAL BANK OF CANADA, YOU MUST, IN ADDITION TO PROVIDING A NOTICE OF CLAIM AS SET FORTH ABOVE, TAKE AFFIRMATIVE STEPS TO ASSERT THOSE CLAIMS. IF YOU HAVE A CLAIM, YOU MUST FIRST SEND YOUR NOTICE OF CLAIM BY MAIL OR FAX TO NICOLE ERB, WHITE & CASE LLP, COUNSEL FOR NATIONAL BANK OF CANADA AND JAMES W. PERKINS, GREENBERG & TRAURIG LLP, COUNSEL FOR JEANNETTE HAUSLER, ON OR BEFORE MAY __, 2011.

IN ADDITION TO PROVIDING THE NOTICE OF CLAIM REFERRED TO ABOVE ON OR BEFORE MAY __, 2011, IT WILL BE NECESSARY FOR YOU TO TAKE AFFIRMATIVE STEPS TO ASSERT THE CLAIM ON OR PRIOR TO JUNE __, 2011, BY EITHER SERVING AND FILING AN ANSWER TO THE INTERPLEADER PETITION OR SERVING AND FILING A MOTION TO INTERVENE IN THE TURNOVER ACTION. A FAILURE TO DO EITHER OF THOSE THINGS WILL RESULT IN AN ORDER REQUIRING NBC TO TURN OVER THE BLOCKED EFTS TO PLAINTIFF JEANNETTE HAUSLER AND YOU BEING FOREVER BARRED FROM ASSERTING A CLAIM AGAINST NBC FOR THE FUNDS SO TURNED OVER.