UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

JEANNETTE FULLER HAUSLER, et al.,          :

              Petitioner,          :

   -against-          :

JPMORGAN CHASE BANK, N.A., et al.,          :

         Garnishee-Respondents.          :

                           :          09 Civ. 10289 (VM)
                           :          ECF Case

------------------------------------- X          Related to JPM Chase/Citibank
                           :          Turnover Proceeding

JPMORGAN CHASE BANK, N.A., et al.,          :

         Garnishee-Respondents and          :
         Third-Party Petitioners

   -against-          :

BANCO FINANCIERO INTERNACIONAL          :
S.A., et al.,

         Adverse Claimants-          :
         Respondents.

------------------------------------- X

In Respect of a Judgment
Entered in the State of Florida,
Case No. 02-12475-CA-09

**ANSWER OF
PHILIPS MEXICANA S.A. DE C.V. TO THIRD-PARTY
PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER**

     Adverse Claimant-Respondent Philips Mexicana S.A. de C.V. ("Philips Mexicana"), by

and through its attorneys herein, Morgan, Lewis & Bockius, LLP, as and for its answer to the

"Third-Party Petition Alleging Claims in the Nature of Interpleader," dated October 29, 2010

(the "Third-Party Petition"), alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Third-Party Petition, except admits that there are claimants to the blocked accounts targeted by Petitioner Jeannette Fuller Hausler ("Petitioner") for turnover who are or may be adverse to Petitioner and that Philips Mexicana has a property interest in the blocked funds identified in the allegations contained in Paragraph "28b" of the Third-Party Petition (the "Blocked Funds").

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that Philips Mexicana has a property interest in the Blocked Funds.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Third-Party Petition, except admits that Philips Mexicana has a property interest in the Blocked Funds.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Third-Party Petition, except admits that Philips Mexicana has a property interest in the Blocked Funds.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "7" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Third-Party Petition.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Third-Party Petition.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Third-Party Petition, except admits that Philips Mexicana has a property interest in the Blocked Funds.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Third-Party Petition, except admits that Philips Mexicana has a property interest in the Blocked Funds.

12.     Denies the allegations contained in Paragraph "12" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that Philips Mexicana has a property interest in the Blocked Funds.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that Philips Mexicana has a property interest in the Blocked Funds.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "15" of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Third-Party Petition.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Third-Party Petition, except admits that Philips Mexicana has a property interest in the Blocked Funds.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Third-Party Petition.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Third-Party Petition.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Third-Party Petition.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Third-Party Petition.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Third-Party Petition.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Third-Party Petition.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Third-Party Petition, except admits that Banco Internacional de Comercio, S.A. was the beneficiary bank with respect to the attempted wire transfer described in Paragraph "28b" of the Third-Party Petition.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Third-Party Petition.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26," except admits the allegations contained in Paragraphs "26s" and "26cc" of the Third-Party Petition.  Philips Mexicana further avers the following:

Philips Mexicana is a Mexican subsidiary of Koninklijke Philips Electronics N.V. ("Royal Philips").  Royal Philips is incorporated under the laws of The Netherlands, with its principal place of business in The Netherlands.  Royal Philips has no offices in Cuba.  Royal Philips is a diversified Health and Well-Being company which specializes in, among other things, medical equipment.  Philips Mexicana is incorporated under the laws of Mexico, and has its principal place of business in Mexico City, Mexico.  Philips Mexicana has no offices in Cuba. Philips Mexicana is engaged in manufacturing, import and export, and distribution functions for Royal Philips in Mexico, and focuses on medical equipment, among other things.  Adverse Claimant-Respondent Estudios Mercados y Suministros S.L. ("EMS") is a company organized under the laws of Spain, and has its principal place of business in Madrid, Spain.  EMS is a subsidiary of Patrimonio K-10, S.L., a limited partnership also organized under the laws of Spain.  EMS provides implementation services to other entities for projects in emerging markets, including the installation and sale of medical equipment.  Until 2009, EMS had a branch office in Havana, Cuba.  This EMS office was registered as a branch office of a foreign mercantile association and was not incorporated or organized under the laws of Cuba.  In 2009, EMS closed this branch office.  Thus, since the Third-Party Petition was filed, EMS has had no office in Cuba.  At all times relevant to this action (and at all other times, for that matter), EMS was not an agency or instrumentality of Cuba.

27.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Third-Party Petition.

28.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Third-Party Petition, except admits the allegations contained in Paragraph "28b" of the Third-Party Petition.  Philips Mexicana further avers the following:

On or about March 31, 2004, Philips Mexicana and EMS entered into an "Installation Service Agreement" for the installation of certain medical equipment, consisting of radiography ("X-ray"), computed tomography ("CT scan"), and magnetic resonance imaging ("MRI") machines.  This equipment was shipped directly from The Netherlands and was not made in the U.S.  The entire business transaction between Philips Mexicana and EMS took place entirely outside the U.S. without any involvement by a U.S. entity.  No Philips entity, department or office within the U.S. was involved in the transaction.  The attempted wire transfer that is the subject of this action was also intended to take place outside the U.S.

On April 7, 2004, pursuant to instructions from the Controller of Philips Medical Systems Mexico (a division of Philips Mexicana), Philips Mexicana (the originator) attempted, via wire transfer, to make a payment to EMS (the designated beneficiary) of $652,091.49, which payment was required under the "Installation Service Agreement."  Philips Mexicana did not intend to make a payment to any agency or instrumentality of Cuba.  To accomplish the wire transfer, EMS designated Banco Internacional de Comercio S.A., a Cuban bank, as EMS' bank.  In order to make this wire transfer, Philips Mexicana intended to use a Mexican bank.  Philips Mexicana was and is fully aware that U.S. financial institutions may not effectuate wire transfers to any

entity in Cuba, and that any such transfers are subject to be blocked in accordance with the
Office of Foreign Assets Control ("OFAC") regulations.

However, on the day of the attempted wire transfer, Cesar Carrasco (Treasurer of Philips
Mexicana) was not in the office and one of his subordinates mistakenly requested that the Bank
of America in New York (where Philips Mexicana has a bank account), instead of a Mexican
bank, facilitate this wire transfer.  This subordinate no longer works for Philips Mexicana.
Thereafter, Bank of America, as the originating bank, blocked the wire transfer.

On April 19, 2004, Philips Mexicana transferred $652,091.49 (the same amount as the
attempted wire transfer) to EMS from Philips' local bank account with Banco Bilbao Vizcaya
Argentaria, a Spanish company ("BBVA") in Mexico through a BBVA branch in Paris, France.
No U.S. banks or other entities were involved in this wire transfer.  This wire transfer satisfied
Philips Mexicana's obligation to EMS in full.  Accordingly, pursuant to an assignment, EMS
assigned all of its right, title, and interest in the Blocked Funds to Philips Mexicana.  Therefore,
if the Blocked Funds are released, they will be released to Philips Mexicana and under no
circumstances will such funds be paid to any Cuban entity, or any agency or instrumentality of
Cuba.

29.   Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph "29" of the Third-Party Petition.

30.   Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph "30" of the Third-Party Petition.

31.   Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph "31" of the Third-Party Petition.

32.   Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "32" of the Third-Party Petition, except admits that Philips

Mexicana has a property interest in the Blocked Funds because it was the originator of the

attempted wire transfer identified in that paragraph.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "33" of the Third-Party Petition, except to the extent that they

state legal conclusions, as to which no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "34" of the Third-Party Petition.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "35" of the Third-Party Petition, except to the extent that they

state legal conclusions, as to which no response is required.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "36" of the Third-Party Petition, except to the extent that they

state legal conclusions, as to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

37.     Philips Mexicana is entitled to and has a property interest in the Blocked Funds

because the funds are not the assets of the Republic of Cuba or an agency or instrumentality

thereof.

## SECOND AFFIRMATIVE DEFENSE

38.     Philips Mexicana is entitled to and has a property interest in the Blocked Funds

because EMS assigned all of its right, title, and interest in these funds to Philips Mexicana after

Philips Mexicana subsequently and fully satisfied its obligation to EMS.

## THIRD AFFIRMATIVE DEFENSE

39.     Philips Mexicana is entitled to and has a property interest in the Blocked Funds as the originator of the attempted wire transfer since Bank of America, as the originating bank, owes a debt to Philips Mexicana for the Blocked Funds.

## FOURTH AFFIRMATIVE DEFENSE

40.     It would be unjust and inequitable to allow turnover to the Petitioner of the Blocked Funds because the transaction between Philips Mexicana and EMS, including the attempted wire transfer, was not intended to involve any U.S. entity or violate any U.S. law or regulation.  The funds came within U.S. jurisdiction and were blocked solely due to a clerical error by an employee of Philips Mexicana who accidentally chose a U.S. bank, instead of a Mexican bank, to execute the attempted wire transfer.

## FIFTH AFFIRMATIVE DEFENSE

41.     If, pursuant to the Terrorism Risk Insurance Act of 2002, the Cuban Assets Control Regulations, or any other provision of law, the Blocked Funds are turned over to Petitioner, such law(s) are unconstitutional as applied.  Specifically, any such turnover would constitute a taking of Philips Mexicana's private property without just compensation under the Fifth Amendment to the U.S. Constitution.

## SIXTH AFFIRMATIVE DEFENSE

42.     Philips Mexicana intends to rely on such other defenses that may become available or apparent, and reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, Philips Mexicana requests that the Court enter judgment ordering:

A.     That the Blocked Funds are not assets of the Republic of Cuba or any agency or instrumentality thereof, and therefore may not be used to satisfy any judgment against the Republic of Cuba;

B.     That judgment be entered directing the release to Philips Mexicana of the Blocked Funds with accrued interest; and

C.     That Philips Mexicana be awarded its costs and reasonable attorneys fees in defending this action, and any additional and further relief that the Court deems just and proper.

Dated: New York, New York
        May 6, 2011

                                   Respectfully submitted,

                                   MORGAN, LEWIS & BOCKIUS LLP


                                   By: /s/ James D. Pagliaro
                                        James D. Pagliaro (admitted pro hac vice)
                                        Ramin Afshar-Mohajer (admitted pro hac vice)
                                        1701 Market Street
                                        Philadelphia, PA  19103-2921
                                        Tel: (215) 963-5000

                                        *Attorneys for Adverse Claimant-Respondent*
                                        *Philips Mexicana S.A. de C.V.*

Of Counsel:
Bernard J. Garbutt III (BG-1970)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000