UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

JEANNETTE HAUSLER,

    Petitioner,

-against-

JPMORGAN CHASE BANK, N.A., CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO BANK N.V.), and NATIONAL BANK OF CANADA,

    Garnishee-Respondents.

---------------------------------------x

UBS AG,

    Garnishee-Respondent and Third-Party Petitioner,

-against-

BANCO DE DESARROLLO ECONOMICO Y SOCIAL, BANCO CENTRAL DE VENEZUELA, THE BANK OF NEW YORK MELLON, as successor to The Bank of New York, and JEANNETTE HAUSLER,

    Adverse Claimants-Respondents

---------------------------------------x

18 MS 302 and
09 Civ. 10289 (VM)

(Related to JPM Chase/Citibank Turnover Proceeding)

In Respect of a Judgment Entered in the State of Florida, Case No. 02-12475-CA-09

**THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER (TRANCHE IV)**

**THIRD-PARTY PETITION ALLEGING CLAIMS
IN THE NATURE OF INTERPLEADER**

UBS AG ("UBS" or "Garnishee-Respondent and Third-Party Petitioner"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows in support of its Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third-Party

Petition"), upon actual knowledge as to itself and its own acts, and upon information and belief as to all other matters:

1. UBS brings this Third-Party Petition because it is aware that there are claimants to the blocked account targeted by Petitioner Jeannette Hausler ("Petitioner") for turnover who are or may be adverse to Petitioner. Petitioner seeks a court order directing UBS to turn over to Petitioner funds held in an account that has been blocked on the books of UBS in satisfaction of a judgment obtained by Petitioner against the Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, and the Cuban Revolutionary Armed Forces (the "Judgment Debtors").

2. Claimants who are potentially adverse to Petitioner include parties to a wire transfer that was interrupted pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "CACRs"), the proceeds being held in a blocked account on the books of UBS that is being made subject to turnover. The CACRs, as amended from time to time, are issued by the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department under authority of the Trading with the Enemy Act, 50 U.S.C. App. 5(b) ("TWEA").

3. The parties to the blocked wire transfer who may have a claim to the funds subject to turnover are identified and listed alphabetically in paragraphs 16(a)–16(c) below.

4. The blocked wire transfer that has been targeted for turnover and blocked on the books of UBS is described in detail in paragraph 18 below.

5. Because it is a disinterested, neutral stakeholder in respect of such blocked account and funds, UBS seeks to place all such Adverse Claimants-Respondents on notice of the claim being asserted by Petitioner, and to thereby avoid the risk of inconsistent judgments and double or multiple liability. Accordingly, UBS seeks to interplead all Adverse Claimants-Respondents pursuant to Rule 22 of the Federal Rules of Civil Procedure, Sections 5239 and 6221 of New York's Civil Practice Law and Rules, and Section 134 of New York's Banking Law.

## Jurisdiction and Venue

6. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1332 because Petitioner has alleged a claim under federal law—specifically, the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at U.S.C. § 1610 note ("TRIA"). This Court also has jurisdiction over this proceeding under 28 U.S.C. § 1330 because Petitioner has brought an action against a foreign state to enforce a judgment against a foreign state as defined in Section 1603(a) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. 1602 *et seq.* (the "FSIA"). Finally, this Court has supplemental jurisdiction over this interpleader claim pursuant to 28 U.S.C. § 1367(a) because it forms part of the same case or controversy as Petitioner's claims.

7. Venue in respect of the Third-Party Petition is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the interpleader claim occurred here and because a

substantial part of the property that is the subject of the interpleader claim is subject to jurisdiction here.

## Background

8.   Petitioner seeks to enforce a judgment for compensatory damages originally issued in the amount of $100,000,000 against the Judgment Debtors. Judgment was initially entered in a Florida state court by default based on allegations of terrorism that included the torture and extra-judicial killing of Robert Otis Fuller in April 1961. The Florida state court judgment was subsequently recognized by the United States District Court for the Southern District of Florida. On or about September 24, 2008, the judgment of that court was registered in the United States District Court for the Southern District of New York (the "Federal Judgment").

9.   On or after May 7, 2009, at the request of the Petitioner, the U.S. Marshal served a writ of execution on UBS in an effort to satisfy the Federal Judgment by seeking execution pursuant to TRIA against any property of the Republic of Cuba or any of its agencies or instrumentalities that have been blocked pursuant to the CACRs, including any Cuban government banks.

10.  In or about October and November 2009, Petitioner served document and information subpoenas on UBS. In response to those subpoenas, UBS produced information with respect to accounts blocked pursuant to the CACRs, including an account containing the proceeds of the blocked wire transfer that is the subject of this Third-Party Petition.

11.  On or after March 16, 2011, Petitioner filed and served a turnover petition that targeted for turnover an account on the books of UBS that held the proceeds of a blocked wire transfer ("Turnover Petition IV"). Petitioner alleged that a *fideicomiso* (which, according to Petitioner, is similar to a trust account under United States law) maintained at Banco de Desarrollo Economico y Social de Venezuela ("BANDES") (collectively, the "BANDES Fideicomisio") was the beneficiary of this wire transfer, and that the Republic of Cuba was the sole beneficiary of the BANDES Fideicomisio. Turnover Petition IV was brought pursuant to Section 201(a) of TRIA.

12.  Section 201(a) of TRIA provides as follows:

"[I]n every case in which a person has obtained a judgment against a terrorist party or a claim based on an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." (Emphasis added.)

13.  Petitioner alleges that the Republic of Cuba was the sole beneficiary of the BANDES Fideicomiso, that the Bandes Fideicomisio was a party to the underlying wire transfer, and that the Republic of Cuba has an interest in the proceeds of the wire transfer even though the account of BANDES with UBS was a demand deposit account maintained solely in the name of BANDES and was not a trust account of any kind. Accordingly, Petitioner alleges, the blocked account is subject to turnover under Section 201(a) of TRIA and New York attachment and execution law.

## The Parties to the Third-Party Petition

**The Petitioner**

14. Petitioner Jeannette Hausler is a resident of the Southern District of Florida. She brings claims on her own behalf and in a representative capacity as the successor personal representative of the Estate of Robert Otis Fuller. Pursuant to Turnover Petition IV, Petitioner seeks to enforce the judgment issued by the United States District for the Southern District of Florida that Petitioner registered in this Court on September 24, 2008 (the "Federal Judgment," as previously defined). The Federal Judgment was based on a judgment entered by default against the Republic of Cuba and other defendants, and awarded compensatory damages in the amount of $100 million.

**The Garnishee-Respondent and Third-Party Petitioner**

15. UBS is an Aktiengesellschaft organized and existing under the laws of Switzerland that maintains its head office at Bahnhofstrasse 45, Zurich, Switzerland, and maintains an office in this district at 101 Park Avenue in the City and State of New York. The blocked account that is the subject of Turnover Petition IV and against which Petitioner has directed the U.S. Marshal to levy a writ of execution is maintained on the books of UBS.

**The Parties to the Blocked Wire Transfer Named as Adverse Claimants-Respondents**

16. The following Adverse Claimants-Respondents, which are listed alphabetically, were parties to the wire transfer that was blocked on the books of UBS pursuant to the CACRs. None of these Adverse Claimants-Respondents is alleged by Petitioner to be an agency or instrumentality of the Republic of Cuba.

a. **Banco Central de Venezuela** is the central bank of the Bolivarian Republic of Venezuela and maintains its head office at Ave. Urdaneta esq. Las Carmelitas, in the City of Caracas (1010), Venezuela, and a mailing address at P.O. Box 2017, Carmelitas, in the City of Caracas (1010), Venezuela. Banco Central de Venezuela was a party to the wire transfer that was blocked on the books of UBS, as described in paragraph 18.

b. **BANDES** is a bank that maintains its head office at Av. Universidad, Esquinas de Traposos a Colón, Torre Bandes, 7MO Piso, Finanzas-Bandes (1010), in the city of Caracas, Venezuela. BANDES was a party to the wire transfer that was blocked on the books of UBS, as described in paragraph 18.

c. **The Bank of New York Mellon** is a bank that maintains its head office at One Wall Street in the City of New York, and, upon information and belief, is the successor to The Bank of New York ("BNY"), which had its principal place of business in the City and State of New York. BNY was a party to the wire transfer that was blocked on the books of UBS, as described in paragraph 18.

**The Blocked Account at UBS That Is Targeted for Turnover**

17. The Blocked Account at UBS that is targeted by Petitioner for Turnover is listed on Exhibit C to Turnover Petition IV and is described in paragraph 18 below.

18. BANDES was the originator and Banco Central de Venezuela was the originating bank of a $11,624,866.67 wire transfer originated on September 29, 2004 for transfer to a demand deposit account maintained by BANDES with UBS.

BNY was the intermediary bank, UBS was the beneficiary's bank, and BANDES was the beneficiary of the wire transfer. UBS, as the beneficiary's bank, blocked the wire transfer pursuant to OFAC regulations and placed the funds into an interest-bearing blocked account that, as of September 30, 2009, held a balance of $13,066,286.83.

### The Need for Interpleader Relief

19. Turnover Petition IV seeks the turnover of property in which the Adverse Claimants-Respondents have or may have a property interest because they were parties to the underlying wire transfer. UBS has filed this Third-Party Petition in order to bring before the Court all known parties with claims to these funds and to obtain a discharge in interpleader.

20. Under these circumstances, where there may be conflicting claims to funds held by UBS, thereby exposing it to the risk of double or multiple liability, federal and state law recognize UBS as a disinterested or neutral stakeholder and provide mechanisms for it to bring before the court any person or adverse claimant with a claim to the same funds who may not already be a party to the action. See Fed. R. Civ. P. 22, N.Y. C.P.L.R. §§ 5239 and 6221, N.Y. Banking Law § 134.

21. UBS takes no position on the entitlement of Petitioner to execute on the default judgments held against the Republic of Cuba, or on the defenses that any of the other Adverse Claimants-Respondents may have against such execution.

22. UBS takes the position, however, that to the extent any of the Adverse Claimants-Respondents fails to appear to assert a defense to execution or a claim to the blocked accounts in question, the Court may adjudicate and issue final judgment on all issues bearing on the rights of any defaulting Adverse Claimant-Respondent with respect to the blocked account that is the subject of Turnover Petition IV.

23. UBS further believes that to the extent any of the Adverse Claimants-Respondents appear, this Court may adjudicate ownership rights under the blocked accounts, and such adjudication will permit UBS to be relieved of further liability.

## The Third-Party Petitioner's Prayer for Relief

WHEREFORE, UBS respectfully requests that the Court enter judgment determining:

(a) and specifying the identity of any blocked funds being made subject to execution or turnover, the amount of such blocked funds, if any to be turned over pursuant to any execution or turnover order, and the identity of the Adverse Claimant, if any, to whom such turnover is to be made;

(b) that any blocked funds that are subject to a turnover order consist solely of the blocked property or blocked assets of the Republic of Cuba or an agency or instrumentality of the Republic of Cuba, and that TRIA allows the blocked property or blocked assets to be executed against to satisfy a judgment against the judgment debtors irrespective of whether it would otherwise be immune from attachment, execution, or attachment in aid of execution;

(c) that each judgment as to which turnover is ordered is (i) against the Republic of Cuba as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, or (ii) based on

a claim in respect of an act of terrorism for which a terrorist party is not immune;

(d)     that the amount of each judgment as to which turnover is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damages for which [a] terrorist party has been adjudged liable";

(e)     that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to the foreign state in a manner provided for service by 28 U.S.C. §§ 1608(a) and (e), (ii) the Petitioner served the judgment debtors in accordance with 28 U.S.C. § 1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the judgment debtors required under 28 U.S.C. § 1608(e);

(f)     that, to the extent TRIA is not relied upon, any turnover has been licensed by OFAC, and the blocked funds against which turnover is ordered consists of blocked property of a judgment debtor or property in which a judgment creditor has an attachable interest, or blocked deposits owed to a judgment debtor, within the meaning of New York attachment and execution law, which is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or of the Vienna Convention on Consular Relations;

(g)     that none of the blocked funds being made subject to a turnover order consists of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(h)     that service of the Third-Party Petition by UBS on the Adverse Claimants was good and sufficient service;

(i)     that, upon the compliance by UBS with any order of turnover, it is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and 6204 from any further liability or obligation to any parties to the Blocked Wire Transfer, or to any other party, including,

without limitation, BANDES, in respect of any amount so turned over, and discharged as well in interpleader pursuant to Fed. R. Civ. P. 22;

(j)     that, to the extent UBS is ordered to hold, pending further order of the Court directing turnover, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit owed, not to the judgment debtors, but to an agency or instrumentality of the Republic of Cuba, UBS, pursuant to N.Y. C.P.L.R. §§ 5209 or 6204, as applicable, as well as pursuant to Fed. R. Civ. P. 22, shall be fully discharged from any and all deposit obligations or other liabilities to the Republic of Cuba, to the agency or instrumentality of the Republic of Cuba otherwise entitled to claim the deposit, or to any other person or Adverse Claimant, including, in particular, BANDES, to the full extent of such amount so held subject to further order of the Court, or paid over into the registry of the Court;

(k)     that judgment be entered in favor of UBS pursuant to Fed. R. Civ. P. 22:

>    (i)    restraining and permanently enjoining the Adverse Claimants-Respondents or any of their agents from instituting or prosecuting any claim or action against UBS in any jurisdiction, arising from or relating to any claim to the blocked deposit held and turned over pursuant to order of the Court;

>    (ii)   upon issuance of the discharge referred to above, dismissing UBS as a party to this proceeding and requiring the Adverse Claimants-Respondents or their agents to litigate among themselves concerning their rights in the blocked deposits to the extent necessary.

(l)     Awarding UBS its reasonable attorneys fees and costs incurred in responding to Petitioner's enforcement efforts, such award to be paid out of any amount turned over pursuant to

Turnover Petition IV, as well as such other and further relief as may be appropriate.

Dated: New York, New York
May 4, 2011

DAVIS POLK & WARDWELL LLP

By: _____
James L. Kerr

**Of Counsel**
Karen E. Wagner
Thomas M. Noone
Lauren B. Schorr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent and Third-Party Petitioner UBS AG*