

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

JEANNETTE FULLER HAUSLER as Successor
Personal Representative of the Estate of ROBERT
OTIS FULLER ("BOBBY FULLER"), Deceased, on
behalf of THOMAS CASKEY as Personal
Representative of the Estate of LYNITA FULLER
CASKEY, surviving daughter of ROBERT OTIS
FULLER, THE ESTATE OF ROBERT OTIS
FULLER, FREDERICK FULLER, FRANCIS
FULLER, GRACE LUTES, JEANNETTE FULLER
HAUSLER, and IRENE MOSS,

Petitioner,

-against-

JPMORGAN CHASE BANK, N.A., CITIBANK, N.A.,
UBS AG, THE ROYAL BANK OF SCOTLAND N.V.
(FORMERLY KNOWN AS ABN AMRO BANK
N.V.), and BANK OF AMERICA, NATIONAL
ASSOCIATION,

Garnishee-Respondents.

---------------------------------------------------------- x

JPMORGAN CHASE BANK, N.A., CITIBANK, N.A.,
UBS AG, THE ROYAL BANK OF SCOTLAND N.V.
(FORMERLY KNOWN AS ABN AMRO BANK
N.V.), and BANK OF AMERICA, NATIONAL
ASSOCIATION,

Garnishee-Respondents
and Third-Party
Petitioners,

-against-

BANCO FINANCIERO INTERNACIONAL S.A.,
BANCO INTERNACIONAL DE COMERCIO, S.A.,
BANCO NACIONAL DE CUBA, BANCO POPULAR
DE AHORRO, ABBOTT LABORATORIES, INC., as
successor to Quimica Knoll de Mexico, S.A. de C.V.,
AEROFLOT LINEAS AEREAS SOVIETICAS,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/11

09 Civ. 10289 (VM)

Related to JPM Chase/Citibank
Turnover Proceeding

In Respect of a Judgment
Entered in the State of Florida,
Case No. 02-12475-CA-09

**STIPULATION OF
DISMISSAL (BANCO
SANTANDER, S.A.)**

**TRANCHE III**

ALBET INGENIERA Y SISTEMAS, BANCO :
BILBAO VIZCAYA ARGENTINA, S.A., BANCO :
BILBAO VIZCAYA ARGENTINA PANAMA, S.A., :
as successor to Banco Exterior Panama, S.A., BANCO :
DE CREDITO DEL PERU, as successor to Financiera :
Nacional S.A., BANCO DE ESPANA, BANCO :
ESPANOL DE CREDITO, BANCO MONEX S.A., :
BANCO NACIONAL DE MEXICO, S.A., BANCO :
PAULISTA S.A., BNP PARIBAS, BNP PARIBAS :
ESPANA, S.A., BANCO SANTANDER S.A., BANCO :
SANTANDER TOTTA, S.A., as successor to Banco :
Totta & Acores S.A., CAJA DE AHORROS Y :
MONTE DE PIEDAD DE MADRID, CASA DE :
CAMBIO MONEX, S.A., CREDIT SUISSE GROUP :
AG, as successor to Swiss American Securities, :
DRESDNER LATEINAMERIKA A.G., as successor to :
Dresdner Bank Lateinamerika A.G., ESTUDIOS :
MERCADOS Y SUMINISTROS S.L., GREEN :
DOWA HOLLAND BV, HSBC TRINKAUS & :
BURKHARDT AG, ING BANK N.V., INSTITUTO :
DE CARDIOLOGIA Y CIRUGIA :
CARDIOVASCULAR CUBA, INTERNATIONAL :
HANDLERS, INC., JSC ZARUBEZHTSVETMET, :
LTU LUFTRANSPORT-UNTERNEHMEN GMBH, :
NOVAFIN FINANCIERE S.A., PETROLEOS DE :
VENEZUELA S.A., PHILIPS MEXICANA S.A. DE :
C.V., PREMUDA S.P.A., SANPAOLO BANK S.A., :
SELECMAR SHIP MANAGEMENT, TUI UK LTD., :
as successor to Britannia Airways Ltd., TRYG :
FORSIKRING, as successor to Baltica Bank and :
Baltica Forsilkring, UNION BANCAIRE PRIVEE, :
VITOL ENERGY (BERMUDA) LTD and :
JEANNETTE FULLER HAUSLER as Successor :
Personal Representative of the Estate of ROBERT :
OTIS FULLER ("BOBBY FULLER"), Deceased, on :
behalf of THOMAS CASKEY as Personal :
Representative of the Estate of LYNITA FULLER :
CASKEY, surviving daughter of ROBERT OTIS :
FULLER, THE ESTATE OF ROBERT OTIS :
FULLER, FREDERICK FULLER, FRANCIS :
FULLER, GRACE LUTES, JEANNETTE FULLER :
HAUSLER, and IRENE MOSS, :
                                             :
                     Adverse Claimants- :
                     Respondents. :
--------------------------------------------------------------x

## STIPULATION OF DISMISSAL

WHEREAS, on or about July 6, 2010, Petitioner Hausler filed a turnover petition ("Turnover Petition III") that seeks, pursuant to the Terrorism Risk Insurance Act ("TRIA"), to satisfy a default judgment entered in Florida state court against the Republic of Cuba by executing against accounts holding the proceeds of certain electronic funds transfers ("EFTs") that were blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515, as issued from time to time by the Office of Foreign Assets Control of the United States Treasury Department under authority of the Trading with the Enemy Act, 50 U.S.C. App. 5(b) (the "CACRs");

WHEREAS, on or about October 29, 2010, in connection with its response to Turnover Petition III, JP Morgan Chase Bank, N.A. ("JPM Chase") commenced an interpleader proceeding in which it sought to bring before the Court those parties to certain EFTs who were potentially adverse to Petitioner Hausler and had a potential claim to the blocked proceeds at issue, including Banco Santander, S.A. ("Banco Santander") and Banco Nacional de Cuba;

WHEREAS, the account identified in Exhibit E to Turnover Petition IIII as JPM Chase Account #2—Account Number 395201276—is alleged to contain the proceeds of an EFT that was blocked on or about September 24, 1993, in respect of which Banco Nacional de Cuba was the "beneficiary" and Banco Santander was the "originator" and "debit bank" (the "Banco Santander EFT");

WHEREAS the original amount of the blocked proceeds of the Banco Santander EFT was $205,184.33 and the balance of JPM Chase Account #2 as of September 30, 2009 was $326,227.92;

1

WHEREAS, because the CACRs require the blocking of any EFT involving, among other things, any national of Cuba such as Banco Nacional de Cuba, the proceeds of the Banco Santander EFT were paid into JPM Chase Account #2, which is a blocked, interest-bearing account on the books of JPM Chase that was funded by debiting the account of Banco Santander with Chemical Bank, a predecessor of JPM Chase;

WHEREAS, JPM Chase commenced the interpleader proceeding referred to by furthering its Interpleader Petition dated October 29, 2010 (the "Interpleader Petition") above in order to obtain a discharge from liability to those parties to the Banco Santander EFT who might later assert claims to the blocked funds held in JPM Chase Account #2, named Petitioner Hausler and the parties to the Banco Santander EFT, including Banco Santander, as Adverse Claimant-Respondents, and served them with a summons and third-party petition alleging claims in the nature of interpleader;

WHEREAS, Banco Santander seeks to avoid the expense of further participation in this litigation by settling the claims alleged in the nature of interpleader, and has therefore agreed that, upon JPM Chase's compliance with an order issued by this Court pursuant to TRIA directing turnover to Petitioner Hausler of the funds then held in JPM Chase Account #2, it will not oppose entry of judgment releasing and discharging JPM Chase from any further liability to it in respect of the funds held in JPM Chase Account #2;

2

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

counsel that the claims in the nature of interpleader alleged against Banco Santander by JPM

Chase in its Interpleader Petition dated October 29, 2010 shall be, and the same hereby are,

dismissed with prejudice pursuant to Rule 41(a)(2) and 41(c) of the Federal Rules of Civil

Procedure.

Dated: New York, New York
       May 18, 2011

DAVIS POLK & WARDWELL LLP

By: _____
        James L. Kerr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent and Third-
Party Petitioner JPMorgan Chase Bank, N.A.*

HUNTON & WILLIAMS LLP

By: _____
        Paulo R. Lima, Esq.

Sabadell Financial Center
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
(305) 810-2500
plima@hunton.com
*Attorneys for Banco Santander, S.A.*

So Ordered;
May ___, 2011

_____
        U.S.D.J.
     Victor Marrero

3