New York     Madrid
Menlo Park     Tokyo
Washington DC     Beijing
London     Hong Kong
Paris

# Davis Polk

**James L. Kerr**

Davis Polk & Wardwell LLP    212 450 4552 tel
450 Lexington Avenue    212 701 5552 fax
New York, NY 10017    james.kerr@davispolk.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/11

May 27, 2011

Re:    Jeanette Fuller Hausler, et al. v. JPMorgan Chase Bank, N.A., et al.
       No. 09 Civ. 10289 (VM) (Tranche III)

By Facsimile

Hon. Victor Marrero, U.S.D.J.
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Marrero:

This firm represents Garnishee-Respondents and Third-Party Petitioners JPMorgan Chase Bank, N.A., Bank of America, National Association, Citibank, N.A., The Royal Bank of Scotland N.V. and UBS AG (collectively, the "Garnishee Banks") in the above-referenced proceeding. Pursuant to this Court's Individual Rules of Practice, I write in response to the May 24, 2011 letter from James W. Perkins, Esq., counsel for Petitioner, which requests the entry of (a) default judgments against certain of the Adverse Claimants-Respondents that have not appeared and are in default, and (b) a proposed turnover order of the proceeds of certain blocked wire transfers in respect of which no wire transfer party has appeared.

In the first place, we agree that, with one exception, the parties listed on Exhibit A to Mr. Perkins's letter have been served with the amended summons and interpleader petition, and the time for each to respond has passed. The one exception involves ING Bank, N.V. ("ING"), one of the Adverse Claimants-Respondents Petitioner has alleged is in default. Pursuant to this Court's order dated May 6, 2011, ING has until June 3, 2011 to respond and consequently is not in default. See Docket No. 300.

With respect to service, Mr. Perkins states in his letter that Petitioner served the judgment debtors with copies of Turnover Petition III in August 2010, and points to an affidavit of service entered on August 2, 2010 as providing confirmation of service. See Docket No. 79. The Garnishee Banks agree that Docket No. 79 would appear to contain confirmation of service of Turnover Petition III on the judgment debtors, although that affidavit standing alone would not appear to confirm the satisfactory completion of service pursuant to the Foreign Sovereign

Hon. Victor Marrero            2            May 27, 2011

Immunities Act of 1976, 28 U.S.C. § 1608, because it is silent as to whether translations of the documents being served were included in the service package. The Clerk of Court apparently overlooked (as did we) the August 2 affidavit before filing the December 23, 2010 notations indicating that service via DHL or registered mail had not been completed with respect to judgment debtors Fidel Castro c/o Raul Castro Ruz (Docket No. 62), Raul Castro (Docket No 63), Raul Castro c/o General Alvero Lopez Miera (Docket No. 64), the Cuban Revolutionary Armed Forces (Docket No. 66), and the Republic of Cuba (Docket No. 67), and the Clerk's December 23 notations have never been corrected. Indeed, Petitioner has previously pointed, not to Docket No. 79, but to Docket Nos. 61-68, as demonstrating confirmation of service. See Petitioner's Statement of Uncontested Material Facts, Docket No. 271, at 5. Docket Nos. 61-68 do not, however, confirm receipt of Turnover Petition III but merely confirm the mailing and DHL dispatch of the documents to be served.

As indicated above, the affidavit at Docket No. 79 standing alone does not refer to the service of translations. We believe, however, that when the DHL receipts attached to the August 2 affidavit are read against the Clerk's confirmation of mailing or dispatch by DHL, there is a sufficient basis for concluding that service was completed. In any event, there no longer appears to be a question of whether Petitioner has fulfilled the service requirement contained in Section 5225(b) of New York's Civil Practice Law and Rules, and the Garnishee Banks respectfully withdraw their objection to turnover on this ground.[1]

In support of its motion to dismiss the interpleader proceedings initiated by the Garnishee Banks, Petitioner asserted, as an undisputed fact presumably further justifying its motion, and repeats in a footnote to its letter, that all the Cuban Government banks involved in the proceeding are "agencies or instrumentalities" of the Republic of Cuba. The Garnishee Banks disputed this assertion by relying on statements in the public record that would indicate that, because they are only indirectly owned by the Cuban Government, two of the Cuban Government banks — Banco Internacional de Comercio, S.A. and Banco Financiero Internacional, S.A. — are not "agencies or instrumentalities" of Cuba within the meaning of TRIA or 28 U.S.C § 1603(b)(2) (see Dole vs. Patrickson, 538 U.S. 468, 473-77 (2003)). The parties who affirmatively oppose turnover also dispute the status of these banks as "agencies or instrumentalities" of Cuba, and Petitioner's own expert basically confirms that these banks are only indirectly owned by the Cuban Government in that he states it is typical in Cuba for state-owned corporations to be "controlled through a wholly state-owned enterprise serving as a holding company." While the defaulting parties have not appeared to raise any issues whatsoever, the question whether Petitioner has met its burden on turnover has been directly joined by the parties opposing turnover, and determination of this legal question at this juncture would appear at least to be premature. See, e.g., Consolidated Br. 15-16; 28 U.S.C. § 1610(g).

---

[1] The Petitioner suggests that the Garnishee Banks failed to comply with this Court's order of October 25, 2010 regarding service of the Trancho III Interpleader Petition. To be clear, the Garnishee Banks complied fully with the October 25 stipulation and order and initiated service on the Adverse Claimants-Respondents by November 5 or November 12, as required by the stipulation and order, by timely delivering the papers to be served to the Clerk of Court for service pursuant to 28 U.S.C § 1608, or to the agent appointed by contract with the U.S. Department of Justice as the U.S. central authority for purposes of service pursuant to the Hague Convention.

Hon. Victor Marrero  3  May 27, 2011

Very respectfully yours,

*[signature]*

James L. Kerr

cc: All counsel of record (by email)
Robert van den Bosch, Esq. (ING Bank, N.V.) (by email)
Timothy M. Meehan, Esq. (ING Investment Management LLC) (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by garnishee respondent banks.

**SO ORDERED.**

5-31-11
DATE            VICTOR MARRERO, U.S.D.J.