# Greenberg Traurig

**CONTAINS MATERIAL FILED UNDER SEAL**
Confidential Materials Subject to
Protective Agreement and Order Entered
In *Hausler v. The Republic of Cuba, et al.*,
09 CV 10289



James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

May 24, 2011

**SEALED**

**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/11

Re: *Hausler v. JP Morgan Chase Bank, N.A., et al.*
09 Civ. 10289 (VM) -- Tranche III Defaults

Dear Judge Marrero,

    We are counsel to Jeannette Fuller Hausler, Petitioner in the referenced proceeding. We write the Court to request entry of a default judgment concerning specified accounts that are the subject of the Tranche III Turnover Petition ("Petition III", Dkt. No. 31) and related Interpleader Petition ("Petition III Interpleader", Dkt. No. 98), but which are not the subject of the pending motions that the appearing parties are presently briefing. In particular, Petitioner requests that the Court: (1) enter judgment against the Interpleader Respondents identified on Exhibit A attached hereto that have been served with the Petition III Interpleader, but who have not timely responded and are, therefore, in default; and (2) order turnover of the blocked accounts identified on Exhibit C through E (filed under seal) which, as a result of the defaults, are not the subject of a claim.

    As background, Petitioner filed Petition III on July 7, 2010 against Citibank N.A., JPM Chase, N.A. and Bank of America, N.A. and served them on July 7, 2010 (see Dkt. No. 34). On July 28, 2010, the Clerk of the Court served Petition III on Judgment Debtors the Republic of Cuba, the Cuban Revolutionary Armed Forces, and Fidel and Raul Castro by international registered mail and DHL (see Dkt. Nos. 61-68). The Clerk received proof that service by DHL occurred over eight months ago, on August 2, 2010 (*see* Dkt. No. 79). However, the Clerk has not received proof of receipt of service by international registered mail (we understand Cuba never acknowledges receipt through such United States postal methods). Citibank, N.A. has



Honorable Victor Marrero
May 24, 2011
Page 2

claimed in its motion papers that service of Petition III has not been completed on judgment debtors; however, the proof of service at Dkt. No. 79 is to the contrary.

Meanwhile, the Garnishee Respondent Banks, while claiming to be disinterested stakeholders responded on July 28, 2010 to Petition III by moving to dismiss, rather than by filing an interpleader petition. This Court denied that motion by Opinion and Order dated September 10, 2010. Thereafter, on October 29, 2010, the Garnishee Banks filed the Petition III Interpleader. By Stipulation and Order dated October 25, 2010 (Dkt. No. 96), the Garnishee Banks were to serve their Petition III Interpleader in the following time frame:

> IT IS FURTHER STIPULATED AND AGREED that Respondents will serve copies of their third-party petition requiring translation into Spanish on or before November 5, 2010, and will serve copies of their third party requiring translation into all other languages on or before November 12, 2010.

As indicated on Exhibit A hereto, as well as on the Tranche III Service Chart provided by Counsel to the Garnishee-Respondent Banks (attached as Exhibit B hereto), service of the Petition III Interpleader took substantially longer to accomplish; however, such service has now been completed as to all of the entities listed on Exhibit A, including the four Cuban banks alleged by Petitioner to be agencies or instrumentalities of the Republic of Cuba. Each of the entities listed on Exhibit A has failed to respond to the Petition III Interpleader, or otherwise appear, and is now in default.

As a result of the defaults identified on Exhibit A, there are a number of accounts that are the subject of the Petition III that are now uncontested. Accordingly, judgment granting turnover pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 as to the accounts identified on Exhibits C through E is now appropriate. The eight accounts identified on Exhibits C through E are the subject of Petition III and turnover as to these accounts is uncontested by the Judgment Debtors, the Garnishee Banks and by the other respondents named in the Petition III Interpleader – which includes the Cuban banks that Petitioner has alleged to be agencies or instrumentalities of the Republic of Cuba.[1] Each of the parties that the Garnishee Banks has sought to interplead as to these particular accounts has either voluntarily waived its claim or failed to appear and is now in default.

---

[1] In support of her motion for judgment on the pleadings and for default, Petitioner submitted four Affidavits of Dr. Jaime Suchlicki (Docket 269 at Exhibit U). Dr. Suchlicki is the leading expert on Cuban government agencies and instrumentalities. As set forth in the Affidavits, and in Petitioners' moving brief at 12-13 & n.14, in his expert opinion, all four of these banks are agencies or instrumentalities of the Republic of Cuba. Respondent Banks have not challenged these affidavits (although certain of the interpleader respondents have as to their separate blocked account or accounts).

Honorable Victor Marrero
May 24, 2011
Page 3


Given the foregoing, and in the interest of narrowing the parties on the pending motions for judgment, Petitioner respectfully requests that the Court grant turnover relief as to the funds in these accounts, and issue an order substantially in the form that is attached as Exhibit F hereto.

Respectfully submitted,

James W. Perkins


Enclosures

cc:   Nicole Erb, Esq. (by e-mail with attachment redacted)
      Frank Panopolous, Esq. (by e-mail with attachment redacted)
      James L. Kerr, Esq. (by e-mail with attachment unredacted)
      David A. Baron, Esq. (by e-mail with attachment redacted)
      Mark Gimbel, Esq. (by e-mail with attachment redacted)
      Jason Sunshine, Esq. (by e-mail with attachment redacted)
      Paulo R. Lima, Esq. (by e-mail with attachment redacted)
      Bernard J. Garbutt, III, Esq. (by e-mail with attachment redacted)
      Glenn Kurtz, Esq. (by e-mail with attachment redacted)
      Claurisse Ann Campanale-Orozco, Esq. (by e-mail with attachment redacted)
      Joshua D. Weedman, Esq. (by e-mail with attachment redacted)
      Brian C. Dunning, Esq. (by e-mail with attachment redacted)
      Roberto Martinez, Esq. (by e-mail with attachment redacted)



The Court shall issue the turnover Order in the form proposed unless any Garnishee Respondent Bank, by 6-6-11 shows cause, by clear evidence and compelling reason, why the default judgment order should not be granted

SO ORDERED:

5-24-11
DATE          VICTOR MARRERO, U.S.D.J.