UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

JEANNETTE FULLER HAUSLER as Successor
Personal Representative of the Estate of
ROBERT OTIS FULLER ("BOBBY
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS FULLER,
THE ESTATE OF ROBERT OTIS FULLER,
FREDERICK FULLER, FRANCIS FULLER,
GRACE LUTES, JEANNETTE FULLER
HAUSLER, and IRENE MOSS,

                 Petitioner,

          -against-

JPMORGAN CHASE BANK, N.A.,
CITIBANK, N.A., UBS AG, THE ROYAL
BANK OF SCOTLAND N.V. (FORMERLY
KNOWN AS ABN AMRO BANK N.V.), and
BANK OF AMERICA, NATIONAL
ASSOCIATION,

          Garnishee-Respondents.

—————————————————————————x

JPMORGAN CHASE BANK, N.A.,
CITIBANK, N.A., UBS AG, THE ROYAL
BANK OF SCOTLAND N.V. (FORMERLY
KNOWN AS ABN AMRO BANK N.V.), and
BANK OF AMERICA, NATIONAL
ASSOCIATION,

          Garnishee-Respondents
          and Third-Party
          Petitioners,

          -against-

BANCO FINANCIERO INTERNACIONAL
S.A., BANCO INTERNACIONAL DE
COMERCIO, S.A., BANCO NACIONAL DE
CUBA, BANCO POPULAR DE AHORRO,
ABBOTT LABORATORIES, INC., as successor
to Quimica Knoll de Mexico, S.A. de C.V.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/11

09 Civ. 10289 (VM)

(Related to the JPMChase/Citibank
Turnover Proceeding -- Tranche
III)

RE: Fidel Castro Ruz, Raul Castro
Ruz, The Republic of Cuba, and
The Cuban Revolutionary Armed
Forces

[JUDGMENT DEBTORS]

**[PROPOSED] ORDER
GRANTING TURNOVER OF
CERTAIN ACCOUNTS
PURSUANT TO FED. RULE
CIV. PR. 69 AND CPLR 5225**

AEROFLOT LINEAS AEREAS SOVIETICAS,     :
ALBET INGENIERA Y SISTEMAS, BANCO       :
BILBAO VIZCAYA ARGENTINA, S.A.,          :
BANCO BILBAO VIZCAYA ARGENTINA           :
PANAMA, S.A., as successor to Banco Exterior  :
Panama, S.A., BANCO DE CREDITO DEL        :
PERU, as successor to Financiera Nacional S.A.,  :
BANCO DE ESPANA, BANCO ESPANOL DE         :
CREDITO, BANCO MONEX S.A., BANCO          :
NACIONAL DE MEXICO, S.A., BANCO           :
PAULISTA S.A., BNP PARIBAS, BNP           :
PARIBAS ESPANA, S.A., BANCO               :
SANTANDER S.A., BANCO SANTANDER           :
TOTTA, S.A., as successor to Banco Totta &   :
Acores S.A., CAJA DE AHORROS Y MONTE       :
DE PIEDAD DE MADRID, CASA DE              :
CAMBIO MONEX, S.A., CREDIT SUISSE         :
GROUP AG, as successor to Swiss American   :
Securities, DRESDNER LATEINAMERIKA        :
A.G., as successor to Dresdner Bank         :
Lateinamerika A.G., ESTUDIOS MERCADOS     :
Y SUMINISTROS S.L., GREEN DOWA           :
HOLLAND BV, HSBC TRINKAUS &              :
BURKHARDT AG, ING BANK N.V.,             :
INSTITUTO DE CARDIOLOGIA Y CIRUGIA       :
CARDIOVASCULAR CUBA,                     :
INTERNATIONAL HANDLERS, INC., JSC        :
ZARUBEZHTSVETMET, LTU                    :
LUFTRANSPORT-UNTERNEHMEN GMBH,           :
NOVAFIN FINANCIERE S.A., PETROLEOS       :
DE VENEZUELA S.A., PHILIPS MEXICANA      :
S.A. DE C.V., PREMUDA S.P.A., SANPAOLO    :
BANK S.A., SELECMAR SHIP                 :
MANAGEMENT, TUI UK LTD., as successor    :
to Britannia Airways Ltd., TRYG          :
FORSIKRING, as successor to Baltica Bank and  :
Baltica Forsilkring, UNION BANCAIRE      :
PRIVEE, VITOL ENERGY (BERMUDA) LTD       :
and JEANNETTE FULLER HAUSLER as          :
Successor Personal Representative of the Estate  :
of ROBERT OTIS FULLER ("BOBBY            :
FULLER"), Deceased, on behalf of THOMAS   :
CASKEY as Personal Representative of the   :
Estate of LYNITA FULLER CASKEY,          :
surviving daughter of ROBERT OTIS FULLER,  :
THE ESTATE OF ROBERT OTIS FULLER,        :

2

FREDERICK FULLER, FRANCIS FULLER,          :
GRACE LUTES, JEANNETTE FULLER              :
HAUSLER, and IRENE MOSS,                   :
                                           :
                    Adverse Claimants-          :
                    Respondents.               :
                                                       —x

WHEREAS, on January 6, 2010, Petitioner commenced this proceeding pursuant to

Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116

Stat. 2337, codified at 28 U.S.C. § 1610 note, and N.Y. C.P.L.R. § 5225(b), to enforce a duly

registered Florida federal judgment (the "Hausler Judgment") awarding $100,000,000 in

compensatory damages to Petitioner against the Republic of Cuba, Fidel Castro Ruz, Raul Castro

Ruz, and the Cuban Revolutionary Armed Forces (collectively, the "Judgment Debtors");

WHEREAS, by petition dated July 7, 2010 Petitioner moved pursuant to the above-

referenced statutory provisions to compel Garnishee-Respondents, including Bank of America,

N.A. ("BofA"), Citibank, N.A. ("Citibank"), JP Morgan Chase, N.A. ("JPM Chase"), and The

Royal Bank of Scotland N.V. (formerly known as ABN AMRO Bank N.V.) ("RBS"), and UBS

AG ("UBS") (collectively, the "Garnishee Banks"), to turn over to Petitioner certain funds held

in accounts specified therein, including five accounts specified below ("Petition III");

WHEREAS, the United States Marshal had previously levied upon the Garnishee Banks

by serving each with a writ of execution issued in respect of the Hausler Judgment, which writs

remain in place as of the date of this Order;

WHEREAS, notice of Petition III was provided to Judgment Debtors, including the

Republic of Cuba, by delivery to them pursuant to Section 1608 of the Foreign Sovereign

Immunities Act of 1976 (the "FSIA"), 28 U.S.C. §§ 1330, 1602-11, by the Clerk of the Court by

registered mail;

WHEREAS, the notice to the Judgment Debtors was supplemented by requesting and causing the Clerk of the Court to deliver the Petition on the Judgment Debtors by using DHL World Courier, which transmittal was delivered on or about August 2, 2011 (Dkt. No. 79);

WHEREAS, on October 29, 2010, the Garnishee Banks filed a Third-Party Petition Alleging Claims in the Nature of Interpleader ("Petition III Interpleader"), to provide notice to potential claimants of funds targeted for turnover in Petition III and to obtain a discharge from liability in interpleader;

WHEREAS, by stipulation and order dated October 25, 2010, the Garnishee Banks were to serve the Petition III Interpleader on or before  November 5, 2010 for third parties requiring translation into Spanish and on or before November 12 for third parties requiring translation into all other languages;

WHEREAS, the Ganishee Banks jointly caused service to be initiated on the following Adverse Claimants-Respondents (collectively, the "Defaulting Adverse Claimants-Respondents") by means authorized under the Federal Rules of Civil Procedure, including where applicable, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, by the transmission of copies of the summons and Petition III Interpleader and any other required service forms, together with required translations of such documents:

- Albet Ingeniera y Sistemas
- Banco de España
- Banco Paulista, S.A.
- BNP Paribas
- BNP Paribas España S.A.

- Credit Suisse Group AG, as successor to Swiss American Securities

- HSBC Trinkaus & Burkhardt AG

- Instituto de Cardiologia y Cirugia Cardiovascular Cuba

- San Paolo Bank S.A.

- Selecmar Ship Management

- Tryg Forsikring, as successor to Baltica Bank and Baltica Forsikring

- TUI UK Ltd., as successor to Britannia Airways Ltd.

- Vitol Energy (Bermuda) Ltd.;

WHEREAS, none of the above listed Adverse Claimants-Respondents has appeared

to contest the turnover sought by petitioner by answering or otherwise responding to the Petition

III Interpleader;

WHEREAS, the Garnishee Banks jointly caused service to be initiated on the following

Adverse Claimants-Respondents alleged by Petitioner to be agencies or instrumentalities of the

Republic of Cuba (collectively the "Cuban Adverse-Claimants Respondents") pursuant to the

Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1608, by the transmission

of the summons and Petition III Interpleader, together with required translations of such

documents, by way of a mailing by the Clerk of the Court by registered mail:

- Banco Nacional de Cuba

- Banco Financiero Internacional S.A.

- Banco Internacional de Comercio S.A.

- Banco Popular de Ahorro

WHEREAS, the Garnishee Banks jointly supplemented service on the Cuban Adverse

Claimants-Respondents pursuant to the FSIA, 28 U.S.C. § 1608, by requesting and causing the

Clerk of the Court to serve the summons and Petition III Interpleader, together with required translations of such documents, by using DHL World Courier to effect service thereof, which service was delivered on March 11, 2011;

WHEREAS, the Cuban Adverse Claimants-Respondents have not appeared to contest the turnover sought by Petitioner by answering or otherwise responding to the Petition III Interpleader;

WHEREAS, the time of the Defaulting Adverse Claimants-Respondents and Cuban Adverse Claimants-Respondents to answer or move in response to the Petition III Interpleader has passed;

WHEREAS, the Judgment Debtors have failed to respond to either Petition III or the Petition III Interpleader;

WHEREAS, the following Adverse Claimants-Respondents (collectively, the "Stipulating Adverse Claimants-Respondents") have stipulated or otherwise filed notice that they are not pursuing claims to any of the proceeds of the blocked wire transfers that are the subject of Petition III and have relinquished any claims against the Garnishee Banks with respect to any amounts turned over pursuant to an order of this Court:

- Abbott Laboratories, Inc., as successor to Quimica Knoll de Mexica, S.A. de C.V. ("Abbott Labs") (Dkt. No. 113)
- Banco Español de Credito ("BANESTO") (Dkt. No. 361)
- Banco Santander S.A. ("Banco Santander") (Dkt. No. 360)
- Banco Santander, Totta, S.A., as successor to Banco Totta & Acores ("Santander Totta") (Dkt. No. 362)
- Caja de Ahorros y Pensiones de Barcelona ("La Caixa") (Dkt. No. 168)

6

- ING Bank N.V. ("ING") (Dkt. No. 373)

- Union Bancaire Privée ("Union Bancaire") (Dkt. No. 283);

WHEREAS, there are certain accounts maintained at the Garnishee Banks (the "Accounts") containing the proceeds of blocked wire transfers in respect of which one or more of the Cuban Adverse Claimants-Respondents was a party (the "Funds"), namely the following Accounts:

(a)   BofA maintains Account Number _____-14904-036, which held a balance of $74,832.80 as of June 30, 2009 and is targeted for turnover by Petition III;

(b)   Citibank maintains Sub-account Number _____:984, which held an opening balance of $41,649.62 and is targeted for turnover by Petition III;

(c)   JPM Chase maintains the following accounts that are targeted for turnover by Petition III:

(i)   Account Number _____1276, which held a balance of $326,227.923 as of June 30, 2009;

(ii)   Account Number _____3732, which held a balance of $316,793.23 as of June 30, 2009;

(iii)   Account Number _____5666, which held a balance of $225,412.06 as of June 30, 2009;

(iv)   Account Number _____3922, which held a balance of $81,352.14 as of June 30, 2009;

(v)   Account Number _____3914, which held a balance of $57,780.66 as of June 30, 2009;

7

(vi)    Account Number _____1520, which held a balance of $39,460.41 as of June 30, 2009;

(vii)   Account Number _____5682, which held a balance of $38,423.13 as of June 30, 2009;

(d)     RBS maintains Account Number _____7271, which held a balance of $34,290.17 as of June 30, 2009 and is targeted for turnover by Petition III;

WHEREAS, the funds held in the aforementioned Accounts have been blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. part 515, as issued by the Office of Foreign Assets Control of the U.S. Department of the Treasury;

WHEREAS, Petition III, having regularly come on to be heard before the Hon. Victor Marrero of the United States District Court for the Southern District of New York, held at the courthouse thereof, located at 500 Pearl Street, New York, New York, on June __, 2011, and the issues concerning that Petition having duly come on to be heard and the Petitioner having duly appeared by her counsel, and the Garnishee Banks having appeared through its counsel;

NOW, THEREFORE, IT IS HEREBY DETERMINED, based upon the record herein, that:

(a)     As set forth in the Judgment, the Hausler Judgment is against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of TRIA, and is based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under the FSIA, 28 U.S.C. § 1605(a)(7);

(b)     Upon evidence that has been submitted to and found to be satisfactory to the Court, the Cuban Adverse Claimants-Respondents are agencies or instrumentalities of Judgment Debtor the Republic of Cuba within the meaning of the FSIA and TRIA;

8

(c)     Petitioner (in commencing Petition III) and the Garnishee Banks (in commencing

their Petition III Interpleader herein) have fully complied with all requirements of service of

pleadings upon and/or notice to the Republic of Cuba, including the Cuban Adverse Claimants-

Respondents, which are agencies or instrumentalities of the Republic of Cuba within the

meaning of the FSIA and TRIA;

(d)     The supplemental service by DHL Express constitutes good and sufficient service

within the meaning of the FSIA, 28 U.S.C. § 1608;

(e)     As determined by the Order for Immediate Issuance of Writ of Execution issued

by the United States District Court for the Southern District of New York on March 26, 2009, a

reasonable period of time has elapsed following the entry of the Hausler Judgment and the giving

of notice to Judgment Debtor the Republic of Cuba in accordance with the FSIA, 28 U.S.C. §

1608(e);

(f)     The Garnishee Banks have fully complied with all requirements for service of

process upon and the giving of notice to the Defaulting Adverse Claimants-Respondents;

(g)     The Defaulting Adverse Claimants-Respondents have failed to appear in this

action;

(h)     The Stipulating Adverse Claimants-Respondents have waived all claims to the

proceeds of the blocked wire transfers that are the subject of Petition III and Petition III

Interpleader, and have relinquished all claims against the Garnishee Banks with respect to any

amounts turned over pursuant to an order of this Court;

(i)     The Judgment Debtors have failed to appear in this action;

(j)     In accordance with Section 201 of TRIA, the blocked assets of a terrorist party

(which are statutorily defined to include the blocked assets of any agency or instrumentality of

that terrorist party) may be executed upon to satisfy a judgment against that terrorist party to the extent of any compensatory damages awarded by that judgment and that, therefore, the Hausler Judgment may be satisfied by execution against the blocked assets of the Republic of Cuba or any agency or instrumentality of the Republic of Cuba;

(k)   The Accounts have been, and are currently, designated as blocked property or blocked accounts within the meaning of TRIA;

(l)   BofA maintains Account Number ____-14904-036, which held a balance of $74,832.80 as of June 30, 2009 and is targeted for turnover by Petition III;

(m)   Citibank maintains Sub-account Number _____:984, which held an opening balance of $41,649.62 and is targeted for turnover by Petition III;

(n)   JPM Chase maintains the following accounts that are targeted for turnover by Petition III:

(i)   Account Number _____1276, which held a balance of $326,227.923 as of June 30, 2009;

(ii)   Account Number _____3732, which held a balance of $316,793.23 as of June 30, 2009;

(iii)   Account Number _____5666, which held a balance of $225,412.06 as of June 30, 2009;

(iv)   Account Number _____3922, which held a balance of $81,352.14 as of June 30, 2009;

(v)   Account Number _____3914, which held a balance of $57,780.66 as of June 30, 2009;

(vi)    Account Number _____1520, which held a balance of $39,460.41 as of June 30, 2009;

(vii)   Account Number _____5682, which held a balance of $38,423.13 as of June 30, 2009;

(o)    RBS maintains Account Number _____7271, which held a balance of $34,290.17 as of June 30, 2009 and is targeted for turnover by Petition III;

(p)    The funds held in the Accounts are the blocked assets of the Republic of Cuba and agencies or instrumentalities of the Republic of Cuba within the meaning of Section 201 of TRIA;

(q)    That none of the blocked Funds being made subject to a turnover order consists of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(r)    In accordance with Section 201 of TRIA, the blocked assets of the Republic of Cuba (including the blocked assets of its agencies or instrumentalities) are not immune from execution in satisfaction of the Hausler Judgment under any provision of the FSIA, including but not limited to, 28 U.S.C. §§ 1610 and 1611(b);

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    Judgment shall be entered in favor of Petitioner and against Judgment Debtors;

2.    Judgment shall be entered in favor of the Petitioner and against the Defaulting Adverse Claimants-Respondents, the Stipulating Adverse Claimants-Respondents and the Cuban Adverse Claimants-Respondents;

3.     Petition III is granted directing turnover of funds in BofA Account Number ____-14904-036, identified in subparagraph (l) above, and judgment shall be entered in favor of Petitioner and against BofA, in its capacity as a garnishee, directing BofA to turn over to the United States Marshal the entire balance of Account Number ____-14904-036, with all accrued interest thereon, not to exceed in total the sum of ninety-nine million dollars;

4.     Petition III is granted directing turnover of funds in Citibank Sub-account Number _____:984, identified in subparagraph (m) above, and judgment shall be entered granting Petition III in favor of Petitioner and against Citibank, in its capacity as a garnishee, directing Citibank to turn over to the United States Marshal the entire balance of Sub-account Number _____:984, with all accrued interest thereon, not to exceed in total the sum of ninety-nine million dollars;

5.     Petition III is granted directing turnover of funds in JPM Chase Account Number _____1276, Account Number _____3732, Account Number _____5666, Account Number _____3922, Account Number _____3914, Account Number _____1520, and Account Number _____5682, identified in subparagraph (n) above, and judgment shall be entered in favor of Petitioner and against JPM Chase, in its capacity as a garnishee, directing JPM Chase to turn over to the United States Marshal the entire balance of these Accounts, with all accrued interest thereon, not to exceed in total the sum of ninety-nine million dollars;

6.     Petition III is granted directing turnover of funds in RBS Account Number _____7271, identified in subparagraph (o) above, and judgment shall be entered in favor of Petitioner and against RBS, in its capacity as a garnishee, directing RBS to turn over to the United States Marshal the entire balance of Account Number _____7271, with all accrued interest thereon, not to exceed in total the sum of ninety-nine million dollars;

7.      The Garnishee Banks shall be entitled to apply for their reasonable costs and attorneys fees, and Petitioner reserves her right to object to such application;

8.      Within fifteen (15) business days of service of this Order, BofA, Citibank, JPM Chase, and RBS shall turn over the funds specified in subparagraphs (l), (m), (n), and (o), respectively, above to the U.S. Marshal;

9.      Within fifteen (15) business days of receipt from BofA, Citibank, JPM Chase, or RBS of the funds specified in subparagraphs (l), (m), (n), or (o) above, the U.S. Marshal shall transfer such funds to Petitioner in accordance with such payment instructions as may be provided jointly by counsel of record for Petitioner;

10.      Within fifteen (15) business days of receipt of funds from the Marshal, or within fifteen (15) business days from the date on which the Court approves any award in respect of the Garnishee Banks' reasonable costs and attorneys fees, counsel for Petitioner or Petitioner shall pay over to the Garnishee Banks from the amount referred to above any amount awarded by the Court;

11.      Upon compliance with this Order, BofA, Citibank, JPM Chase, and/or RBS shall be fully discharged pursuant to CPLR §§ 5209 or 6204, and shall be discharged in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, as applicable, from any and all obligations or other liabilities to the Republic of Cuba, or to any agency or instrumentality of the Republic of Cuba, or to any other party otherwise entitled to claim the Funds specified in subparagraphs (l), (m), (n), or (o), including, without limitation, the Defaulting Adverse Claimants-Respondents, the Stipulating Adverse Claimants-Respondents, and the Cuban Adverse Claimants-Respondents, to the full extent of such amounts so held and paid to the U.S. Marshal in accordance with this Order; and

13

12.     Each and every party to this proceeding is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against BofA, Citibank, JPM Chase, or RBS in any jurisdiction arising from or relating to any claim to the blocked assets which BofA, Citibank, JPM Chase, or RBS turn over to the U.S. Marshal in compliance with this Order.

ENTER:     13 June 2011

_____
Victor Marrero
U.S.D.J.