Marrero, 5

JUN 1 9 2011

CHAMBERS OF
JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANETTE FULLER HAUSLER as Successor
Personal Representative of the Estate of
ROBERT OTIS FULLER ("BOBBY
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS FULLER,
THE ESTATE OF ROBERT OTIS FULLER,
FREDERICK FULLER, FRANCIS FULLER,
GRACE LUTES, JEANETTE FULLER
HAUSLER, and IRENE MOSS,

               Petitioner,

          -against-

JPMORGAN CHASE BANK, N.A.,
CITIBANK, N.A., and UBS AG,

          Garnishee-Respondents.

JPMORGAN CHASE BANK, N.A.,

               Garnishee-Respondent
               and Third-Party
               Petitioner,

          -against-

BANCO NACIONAL DE CUBA, BANCO DE
ESPAÑA, and JEANETTE FULLER
HAUSLER, as Successor Personal
Representative of the Estate of ROBERT OTIS
FULLER ("BOBBY FULLER"), Deceased, on
behalf of THOMAS CASKEY as Personal
Representative of the Estate of LYNITA
FULLER CASKEY, surviving daughter of
ROBERT OTIS FULLER, THE ESTATE OF
ROBERT OTIS FULLER, FREDERICK
FULLER, FRANCIS FULLER, GRACE
LUTES, JEANETTE FULLER HAUSLER,

x
:
:
:
:
:
:
:
:
:
:
:
x
:
:
:
:
:
:
:
:
:
:
:
:
:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/11

09 Civ. 10289 (VM)

Related to JPM Chase/Citibank
Turnover Proceeding

In Respect of Judgment
Entered in the State of Florida,
Case No. 02-12475-CA-09



:

and IRENE MOSS,                                :
                  Adverse Claimants-
                  Respondents.                 :

_____        x

CITIBANK, N.A.,
                  Garnishee-Respondent          :
                  and Third-Party
                  Petitioner,                   :

          -against-                             :

BANCO NACIONAL DE CUBA, BANCO                   :
FINANCIERO INTERNATIONAL, S.A.,
SHANGHAI PUDONG DEVELOPMENT                     :
BANK CO. LTD., DRESDNER
LATEINAMERIKA AG, f/k/a DRESDNER                :
BANK LATEINAMERIKA AG, and
JEANETTE FULLER HAUSLER, as                     :
Successor Personal Representative of the Estate
of ROBERT OTIS FULLER ("BOBBY                   :
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the        :
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS FULLER,       :
THE ESTATE OF ROBERT OTIS FULLER,
FREDERICK FULLER, FRANCIS FULLER,               :
GRACE LUTES, JEANETTE FULLER
HAUSLER, and IRENE MOSS,                        :

                  Adverse Claimants-            :
                  Respondents.
                                                :
_____        x

## STIPULATION AND ORDER

WHEREAS, counsel for Petitioner Hausler ("Petitioner") and counsel for various bank

garnishees entered into the annexed protective agreement (the "Protective Order," attached

hereto at Exhibit A);



WHEREAS, the Office of Foreign Assets Control of the United States Treasury Department ("OFAC") and its counsel joined in and became a party to the Protective Order, as modified to include a paragraph "N" by stipulation and order dated February 9, 2010 (the "Stipulation," together with the Protective Order, the "Modified Protective Order," attached hereto as Exhibit B);

WHEREAS, SPDB has placed Exhibit A to the Yang Declaration [D.I. 353] ("Yang Exhibit A") into the Court record under seal;

WHEREAS, to effectuate the sharing of Yang Exhibit A, SPDB and its counsel are prepared to join in and become a party to the Modified Protective Order pursuant to Paragraph K thereof;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the Parties, as follows:

1.      The Modified Protective Order is amended to include the following provision:

O.  Notwithstanding any other provision herein, Yang Exhibit A may be used by the parties hereto solely for the purposes of (i) plaintiffs-judgment creditors' above-captioned enforcement proceeding; and (ii) the related proceedings in case number 09 Civ. 10289 (VM) in the nature of third-party interpleader. The provisions of this protective agreement and order shall not be construed to limit SPDB's use of its own information or information in the public domain, or to affect in any way the admissibility of any Confidential Documents or Confidential Information into evidence, or construed as an admission or



waiver of any kind, including as an admission by SPDB that "the funds or
other assets held in such accounts or for the account of any Accountholder
may be made subject to the enforcement proceeding contemplated by the
plaintiff-judgment creditor," as set forth in Paragraph B hereof.

2.    All remaining provisions of the Modified Protective Order shall remain in full
force and effect.

3.    As modified by paragraph 1 herein, SPDB and its undersigned counsel agree to
abide by the terms of the Modified Protective Order.

4.    This stipulation may be executed by facsimile and in counterparts.



Dated: June 10, 2011

New York, New York

WHITE & CASE LLP

By: _____

Glenn M. Kurtz
1155 Avenue of the Americas
New York, New York, 10036
Telephone:    (212) 819-8252

*Attorneys for Adverse Claimant-Respondent*
*Shanghai Pudong Development Bank Co.,*
*Ltd.*

GREENBERG TRAURIG, LLP

By: _____

James W. Perkins
MetLife Building
200 Park Avenue
New York, New York, 10066
Telephone:    (212) 801-3188

*Attorneys for Jeanette Fuller Hausler as*
*Successor Personal Representative of the*
*Estate of Robert Otis Fuller ("Bobby*
*Fuller"), Deceased, on Behalf of Thomas*
*Caskey as Personal Representative of the*
*Estate of Lynita Fuller Caskey, Surviving*
*Daughter of Robert Otis Fuller, The Estate*
*of Robert Otis Fuller, Frederick Fuller,*
*Francis Fuller, Grace Lutes, Jeanette Fuller*
*Hausler, and Irene Moss*

Dated: _____, 2011

New York, New York

WHITE & CASE LLP

By: _____

Glenn M. Kurtz
1155 Avenue of the Americas
New York, New York, 10036
Telephone:    (212) 819-8252

*Attorneys for Adverse Claimant-Respondent Shanghai Pudong Development Bank Co., Ltd.*

GREENBERG TRAURIG, LLP

By: _____

James W. Perkins
MetLife Building
200 Park Avenue
New York, New York, 10066
Telephone:    (212) 801-3188

*Attorneys for Jeanette Fuller Hausler as Successor Personal Representative of the Estate of Robert Otis Fuller ("Bobby Fuller"), Deceased, on Behalf of Thomas Caskey as Personal Representative of the Estate of Lynita Fuller Caskey, Surviving Daughter of Robert Otis Fuller, The Estate of Robert Otis Fuller, Frederick Fuller, Francis Fuller, Grace Lutes, Jeanette Fuller Hausler, and Irene Moss*

DAVIS POLK & WARDWELL LLP

By: _____
James L. Kerr
450 Lexington Avenue
New York, New York, 10017
Telephone:    (212) 450-4552

*Attorneys for Wells Fargo Bank, N.A., The Royal Bank of Scotland, N.V. (formerly known as ABN AMRO Bank N.V.), Bank of America, National Association, Citibank, N.A., J.P. Morgan Chase Bank, N.A. and UBS AG*

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
Tara M. LaMorte
David S. Jones
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York, 10007
Telephone:    (212) 637-2746

*Attorneys for the United States*

DAVIS POLK & WARDWELL LLP

By:  _____

    James L. Kerr
    450 Lexington Avenue
    New York, New York, 10017
    Telephone:    (212) 450-4552

    *Attorneys for Wells Fargo Bank, N.A., The*
    *Royal Bank of Scotland, N.V. (formerly*
    *known as ABN AMRO Bank N.V.), Bank of*
    *America, National Association, Citibank,*
    *N.A., J.P. Morgan Chase Bank, N.A. and*
    *UBS AG*


    PREET BHARARA
    United States Attorney for the
    Southern District of New York

By:  _____

    Tara M. LaMorte
    David S. Jones
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York, 10007
    Telephone:    (212) 637-2746

    *Attorneys for the United States*


SO ORDERED:  13 June 2011

_____
Victor Marrero
U.S.D.J.

# EXHIBIT A

*Co)AR BOXM,*
*PANT /*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------- x

JEANNETTE FULLER HAUSLER as
Successor Personal Representative of the
Estate of ROBERT OTIS FULLER, ("BOBBY
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS
FULLER, The ESTATE OF ROBERT OTIS
FULLER, FREDERICK FULLER, FRANCIS
FULLER, GRACE LUTES, JEANNETTE
FULLER HAUSLER, and IRENE MOSS,

              Plaintiff,

        - against -

THE REPUBLIC OF CUBA, FIDEL
CASTRO RUZ, individually and as President
of the State and Council of Ministers, Head of
the Communist Party and Commander-in-Chief
of the Military, RAUL CASTRO RUZ,
individually and as First Vice President of the
Council of State and Council of Ministers and
Head of the Cuban Revolutionary Armed
Forces, the CUBAN REVOLUTIONARY
ARMED FORCES, and EL MINISTERIO
DEL INTERIOR,

           Defendants.

: 
: 
: 
: 
: 
: 
: 
: 
: 
: 18 Misc. 302
: 
: In Respect of a Judgment
: Entered in the State of Florida,
: Case No. 02-12475-CA-09
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 

---------------------------------------------- x

## PROTECTIVE AGREEMENT AND ORDER

    WHEREAS, the above-referenced plaintiffs-judgment creditors are seeking

discovery in connection with their effort to enforce the judgment entered in their favor in

the above-referenced action, and as registered in this Court (the "Judgment");

WHEREAS, in connection with that discovery, plaintiffs-judgment creditors are seeking the production of documents relating to blocked accounts in which The Republic of Cuba and its agencies and instrumentalities have or may have a property interest that are maintained with U.S. financial institutions, including, without limitation, ABN AMRO Bank N.V., Bank of America, National Association, Citibank, N.A., JPMorgan Chase Bank, N.A., and UBS AG (the "Banks");

WHEREAS, the documents sought contain customer financial information; and

WHEREAS, the Banks are prepared to produce the documents sought subject to a protective agreement and order,

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

The following procedures shall govern the production and exchange of all documents and other information produced, given or exchanged by recipients of subpoenas who have joined in this Stipulation during the course of the plaintiffs-judgment creditors' enforcement proceeding:

A.      Counsel for any person or entity subject to discovery in this enforcement proceeding (the "Producing Party") may designate any documents, discovery responses or other information taken, given or exchanged in the course of discovery in the enforcement proceeding as "Confidential" (hereinafter "Confidential Documents" or "Confidential Information") when the Producing Party in good faith believes that such documents, discovery responses or confidential information constitute Confidential Information of or concerning clients or customers of the Producing Party, including correspondent banking customers or financial information, trade secrets or otherwise

2

private or confidential information which requires the protection provided in this Order. Confidential Information includes, but is not limited to, the following kinds of information: non-public customer financial information of any kind; wire transfer information; non-public customer information related to the organization, structure, operations or performance of the customer or Producing Party and non-public communications related thereto; non-public lists showing customers, clients, accountholders, affiliates or customers of a particular institution and non-public documents or information reflecting account information by account or in the aggregate.

     B.    The names of persons, organizations or entities who hold or have held accounts, or who are or have been parties to wire transfers that have resulted in blocked accounts ("Accountholders"), the addresses of these Accountholders or their status as Accountholders, and the amounts credited to their accounts, if identified in any such Confidential Information, or any other information pertinent to, or necessary for, the execution upon or attachment of assets may be referred to in pleadings and court papers relating to any enforcement proceeding directed against any such account or Accountholder (and may be referred to in oral submissions to a court), and the funds or other assets held in such accounts or for the account of any such Accountholder may be made subject to the enforcement proceedings contemplated by the plaintiff-judgment creditor. Confidential Documents and Confidential Information relating to any account or accounts not subject to a specific enforcement proceeding, and Confidential Documents aggregating customer account information and designated as Confidential shall remain confidential and be filed with the Court under seal in the event it becomes

3

necessary to bring such documents to the attention of the Court (unless the information is redacted to omit or otherwise protect account information for those customers which are not the subject of the specific enforcement proceedings).

      C.    Confidential Documents and Confidential Information may be used by the party receiving such information (the "Receiving Party") solely for purposes of enforcing or satisfying the Judgment and any enforcement proceedings relating thereto. Confidential Documents and Confidential Information received by such party may not be used for any other purpose.

      D.    Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so-designated by stamping the same with the legend "Confidential" or a substantially similar legend at the time of production. Confidential status shall extend only to such page of a document stamped with the legend "Confidential." Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

      E.    Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any person who has received such materials shall, upon learning that such materials are subject to a claim of privilege, either (a) immediately return such materials to the person that produced them or (b) promptly notify counsel, in writing, of its

4

possession of such materials and immediately cease to use such materials for any purpose

until obtaining consent of the producing Person or an appropriate order from the Court.

    F.    Confidential Information shall not be disclosed by the Receiving Party to

any Person other than:

    1.    counsel and co-counsel for the Receiving Party, including paraprofessional and clerical personnel who are employees of such counsel;

    2.    the Receiving Party's outside vendors who perform photocopying, microfiching and other functions related to the Action, but only for so long as necessary for such vendors to perform those services and provided that they are advised in writing of the confidential nature of the materials involved;

    3.    the Court and persons employed by the Court, including stenographers;

    4.    Jeannette Fuller Hausler, the other named plaintiffs, and members of their immediate families;

    5.    any expert or consultant retained by the Receiving Party's counsel;

    6.    any person or entity to whom Confidential Information pertains, provided, however, that only that Confidential Information that pertains to such person or entity may be disclosed to such person;

    7.    witnesses to be called to give testimony under oath and their counsel; and

    8.    individuals to whom disclosure is reasonably necessary to the enforcement of the judgment in this matter.

Any person described in paragraphs 4 and 8 above to whom Confidential Documents or

Information may be shown shall agree, in writing, to be bound by the terms of this

Protective Agreement and Order.

    H.    This Protective Agreement and Order is without prejudice to the right of

any party hereto to (a) object to any discovery request except as to objections that relate

5

to confidentiality; (b) apply to the Court for any further order relating to any Confidential Documents or Information, including making a challenge to a designation of a document or Information as Confidential; or (c) apply to the Court for an order permitting disclosure of Confidential Information other than as provided herein. The provisions of this Order may also be modified on the Court's own motion, or by motion by any party upon notice.

I.    Entering into this Protective Agreement and Order, agreeing to and/or producing or receiving Confidential Documents or Confidential Information, or otherwise complying with the terms of this Protective Agreement and Order shall not: (i) waive, supersede, or amend the provisions of any prior confidentiality agreement between or among any of the Banks or any non-parties; (ii) be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document; or (iii) be deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations, including but not limited to domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

J.    All Confidential Documents and Confidential Information, in the form produced, and all copies thereof, shall be either (i) destroyed, which destruction shall be certified in writing within ninety (90) days after the final conclusion of this action and any related enforcement proceeding, including appeals, or, (ii) at the request of the Designating Party, returned to counsel for the Designating Party within ninety (90) days after the final conclusion of this action and any related enforcement proceeding,

6

including appeals. All counsel for the Receiving Party shall also maintain copies of any executed Acknowledgments they obtain pursuant to this Order for at least one year following final resolution of this action, including any appeals arising therein.

 K. Persons may join in and become Parties to this Protective Agreement and Order, and become subject to its terms by signing a counterpart of this Protective Agreement and Order (by counsel or individually) and serving all parties of record and filing same with the Court.

 L. Notices required pursuant to this Order shall be made to counsel for a Person (or, if unrepresented, to the Person directly) via facsimile and overnight delivery service and shall be deemed effective on the next business day following the date sent.

 M. Upon execution, this Protective Agreement and Order shall have the effect of an agreement among the signatories and is not conditioned on any eventual court orders, if any, approving this Protective Agreement and Order. Furthermore, nothing in this Protective Agreement and Order shall inhibit the plaintiff-judgment creditor from commencing proceedings to execute upon assets, attach assets, or otherwise seek to

7

satisfy her judgment based upon information provided by the Banks prior to this Court

entering this Protective Agreement and Order as a final order of the Court.

Dated:    New York, New York
          October 16, 2009

DAVIS POLK & WARDWELL LLP

By:
   James L. Kerr

450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Attorneys for ABN AMRO Bank N.V.,
   Bank of America, National
   Association, Citibank, N.A.,
   JPMorgan Chase Bank, N.A.,
   and UBS AG

GREENBERG TRAURIG, P.A.

By:
   James Perkins

MetLife Building
200 Park Avenue
New York, NY 10166
(212) 801-3188

Attorneys for Jeannette Fuller Hausler as
   Successor Personal Representative
   of the Estate of Robert Otis Fuller,
   ("Bobby Fuller"), Deceased, on
   Behalf of Thomas Caskey as
   Personal Representative of the
   Estate of Lynita Fuller Caskey,
   Surviving Daughter of Robert Otis
   Fuller, The Estate Of Robert Otis
   Fuller, Frederick Fuller, Francis
   Fuller, Grace Lutes, Jeannette
   Fuller Hausler, and Irene Moss

SO ORDERED:
October 23, 2009

Deborah A. Batts
U.S.D.J.

8

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

JEANNETTE FULLER HAUSLER as
Successor Personal Representative of the
Estate of ROBERT OTIS FULLER, ("BOBBY
FULLER"), Deceased, on behalf of THOMAS
CASKEY as Personal Representative of the
Estate of LYNITA FULLER CASKEY,
surviving daughter of ROBERT OTIS
FULLER, The ESTATE OF ROBERT OTIS
FULLER, FREDERICK FULLER, FRANCIS
FULLER, GRACE LUTES, JEANNETTE
FULLER HAUSLER, and IRENE MOSS,

    Plaintiff,

   - against -

THE REPUBLIC OF CUBA, FIDEL
CASTRO RUZ, individually and as President
of the State and Council of Ministers, Head of
the Communist Party and Commander-in-Chief
of the Military, RAUL CASTRO RUZ,
individually and as First Vice President of the
Council of State and Council of Ministers and
Head of the Cuban Revolutionary Armed
Forces, the CUBAN REVOLUTIONARY
ARMED FORCES, and EL MINISTERIO
DEL INTERIOR,

    Defendants.

——————————————————— x

:    [USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 2-11-10]

: 18 Misc. 302 (VM)

: Case Related to
: 09 Civ. 10289 (VM)

: In Respect of a Judgment
: Entered in the State of Florida,
: Case No. 02-12475-CA-09

## STIPULATION AND ORDER

WHEREAS, counsel for plaintiff Hausler and counsel for various bank garnishees

entered into the annexed protective agreement and order in order to preserve the

confidentiality of bank records containing customer information in respect of various

blocked accounts, including accounts containing the proceeds of blocked wire transfers;

WHEREAS, the Office of Foreign Assets Control of the United States Treasury Department ("OFAC") has requested by its counsel access to documents presently subject to the protective agreement and order that have been provided and that may be provided to the plaintiff in discovery, including documents relating to accounts that may be subject to turnover proceedings, including, without limitation, the turnover proceeding commenced on February 20, 2010 against JPMorgan Chase Bank, N.A., Citibank, N.A. and UBS AG;

WHEREAS, OFAC and its counsel are prepared to join in and become a party to the protective agreement and order pursuant to paragraph K thereof subject to approval of the amendment set forth in paragraph 1 below; and

WHEREAS, to effectuate the sharing of information with OFAC and its counsel, the parties are prepared to agree to the amendment requested;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the parties, and the undersigned counsel for OFAC, as follows:

1.  The protective agreement and order is hereby modified to include the following provision:

N.  The provisions of this protective agreement and order shall not be construed as preventing any disclosure of confidential information to or by a governmental entity for the purpose of the enforcement of the civil or criminal laws.

2.  All remaining provisions of the protective agreement and order, a copy of which is attached hereto as Exhibit A, shall remain in full force and effect.

2

3.   As modified by paragraph 1 herein, OFAC and its counsel, the U.S.

Department of Justice, agree to abide by the terms of the agreement and

order.

4.   This stipulation may be executed by facsimile and in counterparts.

Dated: New York, New York
     February 9, 2010

GREENBERG TRAURIG, P.A.

By: _____

James Perkins

MetLife Building
200 Park Avenue
New York, NY 10166
(212) 801-3188

Attorneys for Jeannette Fuller Hausler as
    Successor Personal Representative of
    the Estate of Robert Otis Fuller,
    ("Bobby Fuller"), Deceased, on Behalf
    of Thomas Caskey as Personal
    Representative of the Estate of Lynita
    Fuller Caskey, Surviving Daughter of
    Robert Otis Fuller, The Estate Of
    Robert Otis Fuller, Frederick Fuller,
    Francis Fuller, Grace Lutes, Jeannette
    Fuller Hausler, and Irene Moss

3

DAVIS POLK & WARDWELL LLP

By: _____
        James L. Kerr

450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Attorneys for ABN AMRO Bank N.V.,
    Bank of America, National Association,
    Citibank, N.A., JPMorgan Chase Bank,
    N.A., and UBS AG



PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
        Tara M. La Morte
        David S. Jones
        Assistant United States Attorneys

86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2746 (phone)

Attorneys for the United States



SO ORDERED:
February / / , 2010

_____
U.S.D.J.      Victor Marrero

4