

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com



June 1, 2011

**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/11
```

    Re:    *Hausler v. JP Morgan Chase Bank, N.A., et al.*
           09 Civ. 10289 (VM)

Dear Judge Marrero:

    We are counsel to Petitioner Jeanette Fuller in this proceeding. We write in response to a letter submitted by the Garnishee Banks, dated May 27, 2011, which in turn was submitted in reply to our May 24, 2011 letter seeking the entry of default judgment with respect to eight accounts which are the subject of the Tranche III Petition for Turnover.

    As Petitioner demonstrated in our May 24, 2011 letter, and as the Garnishee Banks now concede, all purported parties to the underlying EFTs have been served with interpleader process, and (with one possible exception, according to the Garnishee Banks) the period for any responsive filing has passed. Clearly, as none of the parties to seven of the subject accounts has appeared,[1] default judgment is in order, and there is no basis upon which any party has standing to oppose such an order. Since the Garnishee Banks, having acted as interpleader plaintiff, must act as a "disinterested person" (since the proposed order would extend to them the fullest relief they seek by reason of their interpleader) they have no basis to object.

    Nonetheless, the Garnishee Banks raise issues for others, who purportedly are parties to other Tranche III accounts, and have no relationship to the accounts that are the subject of our May 24, 2011 letter (the "non-parties"). In particular, the Garnishee Banks argue that, because these other EFT parties seek to challenge the sufficiency of Petitioner's evidence that the Cuban banks involved in the Tranche III accounts are properly characterized as "agencies or instrumentalities" of Judgment Debtor the Republic of Cuba, it is somehow "premature" for the Petitioner to be granted default judgment on the seven accounts. We note that none of the appearing interpleader respondents has objected to the entry of the default judgment.

---

[1] Petitioner agrees with Respondent Banks that entry of a default against ING Bank N.V. is not appropriate at this time, since the Banks afforded it an extension of time to answer the interpleader, which extension was so ordered by the Court. [Dkt. 300.]

GREENBERG TRAURIG, LLP ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM
MetLife Building ▪ 200 Park Avenue ▪ New York, NY 10166 ▪ Tel 212.801.9200 ▪ Fax 212.801.6400

Hon. Victor Marrero
June 1, 2011
Page 2

      Petitioner does not agree that parties seeking to hold the mantle of interpleader plaintiff should advocate a position of any interpleader respondent. Moreover, we are perplexed by the same parties asserting, in other pleadings before this Court, that they "take no position on the merits" of enforcement of Petitioner's Turnover Petitions. *See* Citibank Mem. re Tranche I, (Dkt. 351) at 1. In *Weininger v. Castro,* 462 F.Supp. 2d 457, 500 (S.D.N.Y.), this Court underscored for some of these very same banks that the role of an interpleader plaintiff is strictly limited in a proceeding to dispose of the funds as to which it has disclaimed any interest by using the interpleader procedure. During Court proceedings in connection with Tranche III, this Court expressly reconfirmed these limitations to counsel for the Garnishee Banks. Nonetheless, the May 27, 2011 letter suggests that this Court should withhold ruling because the Garnishee Banks supposedly seek to protect interests of the non-parties, who have utterly no interest in the seven defaulted accounts.

      In any event, the arguments raised by the Garnishee Banks have no merit. As the Court is aware, in connection with our letter of May 24, 2011, we submitted affidavits of a preeminent scholar of Cuban law and practice, which reported his expert opinion (and the basis for his expert opinion) that the Cuban banks are necessarily and uniformly dominated by the Republic of Cuba, and that the treatment of these entities by the government of Cuba meets the standard for defining an "agency or instrumentality." Indeed, Prof. Suchlicki goes on to explain that these banks are, indeed, so dominated as to meet the each of the criteria for determining that these entities are "alter egos" of the Republic of Cuba.

      Of significance, **no** party questioning this proof has submitted **any** controverting evidence. Prof. Suchlicki's affidavits, and the treatment of these Cuban Banks in other cases, constitute the entire body of evidence on this issue before the Court. Obviously, the Cuban Banks could have themselves presented controverting evidence, but they have refused to appear in this and in all other similar proceedings. Rather, one or more of the non-party foreign banks (and other parties claiming to be the originators of other EFTs) have appeared and challenged the sufficiency of Prof. Suchlicki's affidavits on four grounds.

      First, they object to the proof as supposedly "inadmissible" under certain Federal Rules of Evidence. But, as Rule 44.1 makes clear, a federal court is expressly authorized to rely upon such opinion evidence, "whether or not. . . admissible under the Federal Rules of Evidence." *See* Rule 44.1; *see also HFGL Ltd. v. Alex Lyon & Son Sales Managers and Auctioneers, Inc.*, 264 F.R.D. 146, 148 (D.N.J., 2009) ("The Court may seek the aid of expert witnesses and consider material that would be inadmissible at trial.")

      Second, according to these non-parties, the affidavits do not "attempt to satisfy" one or more of the factors for demonstrating the status of an entity as an "organ" under the Foreign Sovereign Immunities Act, because they supposedly "do not satisfy the requirements of *Filler v. Hanvit Bank,* 378 F.3d 213, 217 (2d Cir. 2004)." However, "*Filler* invites district courts to engage in a balancing process, without particular emphasis on any given factor and without requiring that every factor weigh in favor of, or against, the entity ...." *European Cmty. v. RJR Nabisco, Inc.,* Slip Copy, 2011 WL 1841796 at *11 (E.D.N.Y. 2011) (citing *Terrorist Attacks,*

538 F.3d at 85; *Murphy v. Korea Asset Mgmt. Corp.*, 421 F.Supp.2d 627, 641 (S.D.N.Y.2005)). The failure to address any particular factor is not determinative, and the failure to address the factors in a manner satisfactory to the non-parties (or the Garnishee Banks) is not the test.

Third, the non-parties assert that they have some right to collaterally challenge the many dispositive rulings in prior cases that the Cuban banks are agencies or instrumentalities. In support of this, they cite no relevant case law holdings; and there are none of which we are aware. Rather, these rulings are binding upon those defaulting banks. In any event, whether these decisions are "binding," the Court may rely on them as instructive and as evidence of the determinations made therein. And, if the non-parties were correct, then they have no reason to challenge the issuance of the default order, as requested by Petitioner, since it has no bearing on their interests.

Perhaps most significantly, no party (including these non-parties) challenges any finding that these Cuban Banks are alter egos of the Republic of Cuba. Certainly, the Garnishee Banks are in no position to challenge such a finding, since at least one of them has asserted (and prevailed on) the factual claim that Banco Nacional de Cuba (one of the purportedly independent banks that the Republic of Cuba oversaw and dominated) are the alter egos of Cuba. *See First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) *("BANCEC")*. By this means, Garnishee Citibank was allowed to recover on its damages by executing against assets which were otherwise blocked under CACR. The same analysis which was presented by Citibank and relied upon by the Supreme Court in *BANCEC* applies with equal force here, as Prof. Suchlicki demonstrates.

The only possible issue before this Court on Petitioner's application for default judgment is whether it is necessary for Petitioner to present evidence. In light of the Cuban entities' default, the only possible grounds for this would be Section 1608(e) of the Foreign Sovereign Immunities Act, 28 U.S.C. §1608(e). Petitioner submits that this section, by its terms, does not apply at this point of the proceeding (but is limited to the entry of the judgment of liability, which occurred long ago and has been repeatedly confirmed and enforced by way of "full faith and credit"). But if it did, it would require, at most, that the Court be presented with evidence that the Court finds to be "satisfactory." Evidence of the very same nature as presented by Prof. Suchlicki's affidavits here has been repeatedly relied upon by Courts as sufficient. Indeed, in *Weininger, supra,* this Court relied upon just such evidence, presented by the very same witness, and on the prior determinations of other Courts, to find that particular entities were "agencies and instrumentalities" of the Republic of Cuba, and to order enforcement of judgments under TRIA on the basis of this type of evidence.

Petitioner submits that, in the absence of countervailing evidence regarding the nature and structure of the Cuban legal system as applicable to the Cuban banks, the record evidence is "satisfactory," including the effect of the default by the Judgment Debtors and the Cuban banks; the expert affidavits of Prof. Suchlicki; and the decisions of this and other courts.

For these reasons, the Court should reject the not so subtle efforts of the Garnishee Banks to challenge the relief sought by Petitioner through the May 24, 2011 letter. Petitioner respectfully requests that the Court enter the default judgment (except as to the ING Bank account) as she has requested.

Respectfully submitted,

James W. Perkins

cc: James L. Kerr, Esq. (by Hand Delivery)
Frank Panopoulos, Esq. (by E-mail)
Mark Gimbel, Esq. (by E-mail)
Jason Sunshine, Esq. (by E-mail)
Paulo R. Lima, Esq. (by E-mail)
Bernard J. Garbutt, III, Esq. (by E-mail)
Glenn Kurtz, Esq. (by E-mail)
Claurisse Ann Campanale-Orozco, Esq. (by E-mail)
Joshua D. Weedman, Esq. (by E-mail)
Brian C. Dunning, Esq. (by E-mail)
David A. Baron, Esq. (by E-mail)
Roberto Martinez, Esq. (by E-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.
>
> SO ORDERED.
>
> 6-2-11
> DATE          VICTOR MARRERO, U.S.D.J.

GREENBERG TRAURIG, LLP