UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANNETTE FULLER HAUSLER as Successor Personal Representative of the Estate of ROBERT OTIS FULLER, ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY, surviving daughter of ROBERT OTIS FULLER, The ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCIS FULLER, GRACE LUTES, JEANNETTE FULLER HAUSLER, and IRENE MOSS,<br><br>        Petitioner<br><br>        v.<br><br>JP MORGAN CHASE BANK, N.A, CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO, N.V.), BANK OF AMERICA, N.A., and NATIONAL BANK OF CANADA,<br><br>        Garnishee-Respondents. | 09 Civ. 10289 (VM)<br><br>(Relating to Tranche I Interpleader)<br><br>RE: Fidel Castro Ruz, Raul Castro Ruz, The Republic of Cuba, and The Cuban Revolutionary Armed Forces<br><br>[JUDGMENT DEBTORS] |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE LOCAL RULE 56.1(b) STATEMENTS

GREENBERG TRAURIG, LLP
*Attorneys for Petitioner Jeannette Hausler*
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................1

    A.    Rule 12(f) Can Be Used to Strike An Immaterial Rule 56.1 Statement ..............................1

    B.    Relatedness of Motions Does Not Provide a Basis For
           Responding to Motions That Are Not Directed to a Litigant ..............................................2

    C.    The Showing of Prejudice Is Not As Burdensome As Respondents Suggest .....................3

CONCLUSION ................................................................................................................................5

Petitioner, Jeannette Hausler, by her undersigned attorneys, submits this reply memorandum of law in support of her motion to strike (the "Motion") the Local Rule 56.1(b) Statements that the Interpleader Respondents filed in response to the summary judgment motion Petitioner made against the Garnishee Banks concerning Turnover Petitions Tranches I and III.

## PRELIMINARY STATEMENT

In opposing the Motion, Interpleader Respondents ignore the fact that they have submitted Rule 56.1 Statements in opposition to a motion that is not directed against them. They manufacture reasons why the Motion should be directed against them, but that does not change the fact that it is not. FRCP Rule 12(f) is an appropriate device to eliminate filings (not just pleadings) that are "immaterial." Respondents' Rule 56.1(b) statements that respond to a motion that was never made against them are just such "immaterial" filings that should be stricken.

## FACTS IN REPLY

None of the Interpleader Respondents is a party to the Turnover Petitions. The summary judgment motions seek the grant of Turnover Petitions I and III. At the time of those motions, Interpleader Respondents had not moved for, much less been granted, leave to intervene in the turnover proceedings.[1]

## ARGUMENT

### A.   Rule 12(f) Can Be Used to Strike An Immaterial Rule 56.1 Statement

Interpleader Respondents' main argument is one of form: that Rule 12(f) supposedly cannot be used to strike any paper filed in court, except a "pleading." But that is not how the Courts have applied the Rule, and they have ordered the striking of all sorts of filings, including affidavits and Rule 56.1 Statements that have no basis in the record. *See Pacenza v. IBM Corp.*,

---

[1] Petitioner does not seek to strike Interpleader Respondents' Local Rule 56.1(a) statements they submitted in support of their own cross-motions for summary judgment.

No. 1:04-cv-05831 (2d Cir. Feb. 2, 2010) (affirming district court order striking affidavits and portions of Rule 56.1 statements filed in conjunction with a summary judgment motion and holding that "it remains in the court's discretion whether to strike the inadmissible portions or disregard them"); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 197-98 (2d Cir. 1999) (affirming grant of motion to strike affidavit in opposition to summary judgment motion since it was not in compliance with Rule 56), abrogated on other grounds by *Schnabel v. Amramson*, 232 F.3d 83, 84 (2d Cir. 2000); *U.S. Info. Systems, Inc. v. Int'l Brotherhood of Elec. Workers Local Union Number 3, AFL-CIO*, No. 00 Civ. 4763 RMB JCF, 2006 WL 2136249 (S.D.N.Y. 2006) (granting defendants' motion to strike plaintiff's Rule 56.1 Statement submitted in opposition to motion for summary judgment); *Goldstick v. Hartford, Inc.*, Civ. A. No. 00-8577, 2002 U.S. Dist. LEXIS 15247, at *1-*3 (S.D.N.Y. 2002) (same); *A Slice of Pie Productions, LLC v. Wayans Brothers Entertainment*, 487 F. Supp. 2d 33, 36 n. 1 (D. Conn. 2007) (granting motion to strike in part and noting that motions to strike under Rule 12(f) or Rule 56 are not strictly limited to pleadings as "the federal rules provide no other technique for challenging affidavits, … [ and that] courts have been willing to view motions to strike as calling the propriety of affidavits into question.") (alteration in the original, internal citations omitted).

The Interpleader Respondents' objection is therefore not well grounded.

### B. Relatedness of Motions Does Not Provide a Basis For Responding to Motions That Are Not Directed to a Litigant

Interpleader Respondents also contend that, because they are claiming an interest in the *res* that is the subject of the turnover proceedings, they may respond to a motion that is neither in a proceeding to which they are a party, nor directed toward them. Before one may participate in a litigation, however, it must be joined as a party (or granted leave as an amicus). *See, e.g., Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F. Supp. 714, 725 (S.D.N.Y. 1986)

(striking pleadings filed by non-party trust beneficiaries as trust beneficiaries were not parties to the lawsuit and, thus, could not file pleadings on behalf of the trust).

Here, there can be no serious dispute that Interpleader Respondents were neither party to the Turnover Petitions, nor to the summary judgment motions concerning those Petitions. Respondents themselves know that as, by cross-motion, they now seek to intervene in the Turnover Petitions.

Tranche I Interpleader Respondent Shanghai Pudong Development Bank Co. ("SPDB") argues further that because it is a party in this proceeding it may defend the interpleader petition by responding to motions that were not made against it concerning the Turnover Petition, before it has been granted entitlement to intervene.[2] (Mem. at 1.) SPDB cites no authority supporting this proposition, only cases concerning the nature of an interpleader proceeding. (*Id.* at 3-4.)

Moreover, contrary to SPDB's assertions, Petitioner is not depriving it of defending the merits of the proceeding. (*Id.* at 1, 3, 4.) SPDB is doing so in the interpleader proceeding. SPDB's contention that its status as an interpleader respondent gives it carte blanche to answer any motion it desires states too much, and is inconsistent with its own position that it must first intervene in order to participate in the Tranche I turnover proceeding -- as demonstrated by its own cross-motion for leave to intervene.

C.   **The Showing of Prejudice Is Not As Burdensome As Respondents Suggest**

Interpleader Respondents argue that they may maintain immaterial, non-responsive filings in the Court record because Petitioner supposedly did not carry her burden on this motion. Respondents overstate the prejudice a moving party must show. All the Rule expressly requires

---

[2] SPDB asserts that "this Court has also determined that SPDB could participate in the motion for summary judgment" (Opp. Br. at 5), pointing to the fact that it was authorized to file its own cross-motion. But this is a *non sequitur*: authorization to file a cross-motion in an interpleader proceeding (here Petitioner moved for judgment on the interpleader pleadings pursuant to Rule 12(c)) is not authorization to participate in an entirely separate level of proceedings without an order granting intervention.

3

is that the pleading be "immaterial"[3] and the Court may strike such a filing on its own accord, regardless of prejudice. *See* Fed. R. Civ. P. 12(f)(2). And, there is prejudice here: the record before the Court contains improper filings in opposition to a motion Petitioner made against other parties. *See Sirota v. Wellbilt Appliance, Inc.,* 840 F. Supp. 11, 14 (E.D.N.Y. 1994) (striking allegations of ADEA claim that concern damages because such damages were not available to plaintiff); *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 683 F. Supp. 1411, 1430 n. 10 (E.D.N.Y. 1988) (striking exhibit to complaint noting: "Court is at a loss to understand the purpose of burdening the record in this case with this 148 page indictment. . . ."). *See also United States Securities and Exchange Commission v. Dibella,* No. 3:04-cv-1342 (EBB), 2009 WL 1561596, at *2 (D. Conn. 2009) (granting motion to strike an affidavit as "unnecessary and not allowed").

---

[3] SPDB contends that a movant's burden is to show an "insufficient defense or any redundant, impertinent, or scandalous matter" (Opp. at 2), but it has ignored the express terms of the statute which permits the striking of "immaterial" information such as an unauthorized motion paper.

4

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant, in all respects, its motion to strike the Interpleader Respondents' Local Rule 56.1(b) statements filed in opposition to the motion for summary judgment directed against Garnishee Respondents.

Dated: New York, New York
      June 24, 2011

> GREENBERG TRAURIG, LLP
>
> By: _____
>     James W. Perkins (JWP 6684)
>     Bryn Haffey (BH 0510)
>     *Attorneys for Petitioner*
>     200 Park Avenue, 38th Floor
>     New York, New York 10166
>     Phone: (212) 801-3188
>     Fax:   (212) 801-6400
>
> GREENBERG TRAURIG, LLP
>     David A. Baron
>     2101 L Street, N.W.,
>     Suite 1000
>     Washington DC 20037
>     Phone: (202) 331-3100
>     Fax:   (202) 331-3101
>
> COLSON HICKS EIDSON
>     Roberto Martinez
>     Ronald W. Kleinman
>     255 Aragon Avenue
>     Second Floor
>     Coral Gables, Florida 33134
>     Phone: (305) 476-7400
>     Fax:   (305) 476-7444