# WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

Direct Dial + (212) 819-8833    kcaruso@whitecase.com

June 17, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/11
```

VIA FACSIMILE

Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

Re: Hausler v. JPMorganChase
    09 Civ. 10289 (VM)

Dear Judge Marrero:

    This firm represents Petition III Adverse Claimants BBVA Paris and BBVA Panama. I write on behalf of all Petition III Adverse Claimants, as well as Shanghai Pudong Dev. Bank, to request a pre-motion conference in connection with a motion, pursuant to Rule 60(b)(4), to vacate the judgment that Petitoner seeks to enforce in this proceeding.

A. Rule 60(b)(4) -- Applicable Law

    Rule 60(b)(4), FRCP, provides, "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . the judgment is void[.]" A judgment is "void" if the court that rendered the judgment lacked subject matter jurisdiction. United States v. Forma, 42 F.3d 759, 762 (2d Cir. 1994). Relief from a void judgment is not discretionary; a void judgment is a legal nullity and must be vacated. Covington Indus., Inc. v. Resintex, A.G., 629 F.2d 730, 733 & n.3 (2d Cir. 1980).

    A motion under Rule 60(b)(4) may be made at any time. See 11 Wright & Miller, Federal Practice and Procedure, § 2862 at 324-25 (2011). Such a motion, furthermore, may be made in either the court that rendered the judgment or the court in which enforcement is sought after registration pursuant to 28 U.S.C. § 1963. Covington, 629 F.2d at 732-34.

B. The Adverse Claimants Have Standing To Seek To Vacate The Judgment

    Rule 69, FRCP, directs the Court to state law, which allows "any interested person" to move for relief from a judgment. CPLR Rule 5015(a). The Adverse Claimants certainly qualify as "interested person[s]," in that they have a legitimate interest in protecting, and avoiding the

ABU DHABI ALMATY ANKARA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MEXICO CITY MIAMI MOSCOW MUNICH NEW YORK PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SILICON VALLEY SINGAPORE STOCKHOLM TOKYO WARSAW WASHINGTON, DC

NEWYORK 8171668 v1 (2K)

June 17, 2011

**WHITE & CASE**

turnover of, debts owed, or to be owed, by the Garnishees to the Adverse Claimants pursuant to state law, Article 4A of the UCC. See Oppenheimer v. Westcott, 47 N.Y. 2d 595, 602-03 (1979). For similar reasons, the Adverse Claimants are "strongly affected" by the judgment and have standing under Rule 60(b)(4). Grace v. Bank Leumi Trust Co., 433 F.3d 180, 188 (2d Cir. 2006). Also, under the FSIA, a garnishee has standing to raise the sovereign immunity of the foreign state. FG Hemisphere Assoc., LLC v. Republique du Congo, 455 F.3d 575, 584 (5th Cir. 2006); Weininger v. Castro, 462 F. Supp. 2d 457, 473 (S.D.N.Y. 2006). A fortiori, a claimant to the debt owed by the garnishee has such standing.

C. The Florida Courts Lacked Subject Matter Jurisdiction

The FSIA provides the sole source for jurisdiction in an action against a foreign state. Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993). Under the FSIA, a foreign state has immunity from suit, see 28 U.S.C. § 1604, unless an exception to immunity, arising under 28 U.S.C. § 1605-07, applies. If no such exception applies, the foreign state has immunity and the court lacks subject matter jurisdiction. Verlinden B.V. v. Central Bank of Nigeria, 460 U.S. 480, 493 (1983). See generally Weininger, 462 F. Supp. 2d at 477-78.

Here, Petitioner invoked 28 U.S.C. § 1605(a)(7), since repealed, which provided an exception to sovereign immunity but then imposed an exception to that exception:

> except that the court shall decline to hear a claim under this paragraph . . . if the foreign state was not designated as a state sponsor of terrorism . . . at the time the act occurred, unless later so designated as a result of such act . . . .

Cuba had not been designated as a state sponsor of terrorism in 1960, when the extrajudicial killing of Bobby Fuller occurred. Rather, the U.S. Government so designated Cuba in 1982. See Weininger, 462 F. Supp. 2d at 479. There is, furthermore, no evidence that the U.S. Government made that designation "as a result of" the killing of Fuller. The U.S. Government's statements do not mention the killing of Fuller. They provide, rather, that Cuba was designated as a state sponsor of terrorism because of its support of armed revolutionaries in Latin America.

We reviewed the available materials from the files of the Florida state court. Unfortunately, according to personnel of that court, some of the volumes of those files cannot be located. We therefore wrote to Petitioner's counsel, Mr. Perkins, asking him to inform us as to the basis for his position that Cuba was designated "as a result of" the killing of Mr. Fuller (or that the Florida courts had some other basis for subject matter jurisdiction).

Mr. Perkins wrote back but he provided nothing that we had not already seen and read. This gives us even more comfort that we have not overlooked anything material.

Accordingly, Cuba had immunity and the Florida state and federal courts therefore lacked subject matter jurisdiction. It follows that (a) the judgments of those courts are void, (b) the judgments must be vacated, and (c) the Petition in this proceeding must be dismissed.

2

June 17, 2011

**WHITE & CASE**

### D. The Statements Of The Florida State Court Are Entitled To No Deference

The Florida state court's finding of jurisdiction is entitled to no deference where, as here, the judgment is attacked by a litigant who was not a party to the action in which the judgment was rendered. Tennessee ex rel. Sizemore v. Surety Bank, N.A., 200 F.3d 373, 380-81 (5th Cir. 2000). Such a litigant is entitled his own (one) bite at the jurisdictional apple. Baker v. General Motors Corp., 522 U.S. 222, 238 n.11 (1998) ("In no event . . . can issue preclusion be invoked against one who did not participate in the prior adjudication."); Durfee v. Duke, 375 U.S. 106, 115 (1963). Many cases apply Rule 60(b)(4) to vacate a judgment as "void" where the rendering court lacked subject matter jurisdiction under the FSIA and the party attacking the judgment did not litigate the issue in the original action. See, e.g., Jerez v. Republic of Cuba, 2011 U.S. Dist. LEXIS 32976 *19-20, 36-37 (D.D.C. March 29, 2011); Aurum Asset Mgrs., LLC v. Banco do Estado do Rio Grande do Sul, 2010 WL 4027382 *2 & n.1 (E.D. Pa. Oct. 13, 2010); State Farm Mut. Auto. Ins. Co. v. Ins. Co. of British Columbia, 2009 U.S. Dist. LEXIS 124233 *19-20 (D. Ore. Nov. 19, 2009); Roeder v. Republic of Iran, 195 F. Supp. 2d 140, 159-61 (D.D.C. 2002); Komet Inc. v. Republic of Finland, 2002 U.S. Dist. LEXIS 2922 *5-11 (D.N.J. Feb. 1, 2002); Morgan Equip. Co. v. Nov. State Ore Mining & Proc. Ent., 57 F. Supp. 2d 863, 868-69 (N.D. Cal. 1998).[1]

### E. Weininger Is Distinguishable

In Weininger, the Court "decline[d] to re-open those proceedings in the absence of any collateral attack by any party against whom the judgments are sought to be enforced." 462 F. Supp. 2d at 480. Here, by contrast, the Adverse Claimants, against whom enforcement is sought, make such an attack. And, in Weininger, no party had standing to seek to vacate. The Adverse Claimants have standing.

Respectfully submitted,

*[signature]*

Kenneth A. Caruso

cc: Counsel to Petition III Adverse Claimants (by e-mail)
Glenn M. Kurtz, Esq. (by e-mail)
James W. Perkins, Esq. (by fax)
James L. Kerr, Esq. (by fax)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _BBVA Paris and BBVA Panama_.

**SO ORDERED.**

6-27-11

DATE    VICTOR MARRERO, U.S.D.J.

---

[1] Cases like United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010), and Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986), are distinguishable. Those cases apply a deferential standard of review under Rule 60(b)(4), asking whether "the court that rendered the judgment lacked even an 'arguable basis' for jurisdiction." 130 S. Ct. at 1377. See also 793 F.2d at 65. Those cases, however, involve attacks by parties to the action in which the judgment was rendered, who thus had a "full and fair opportunity to litigate" the jurisdictional issue in the original action. 130 S. Ct. at 1380; see also 793 F.2d at 64-65. Here, of course, the Adverse Claimants did not have that opportunity.

3