# Greenberg Traurig

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

June 21, 2011

**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/11
```

Re: *Hausler v. JP Morgan Chase Bank, N.A., et al.*
09 Civ. 10289 (VM)

Dear Judge Marrero:

This firm represents the Petitioner, Jeannette Fuller Hausler, in connection with the proceedings herein. We write in response to the letter of June 17, 2011 from the remaining Petition III Adverse Claimants and Shanghai Pudong Development Bank, seeking leave under this Court's rules to file a motion to collaterally challenge the validity of the Amended Final Judgment entered by the Eleventh Judicial Circuit in and for Miami-Dade County dated January 19, 2007 (hereinafter "the Florida state court judgment") that was given full faith and credit by the United States District Court for the Southern District of Florida and registered in this Court, and on this basis to avoid enforcement of that judgment here. Copies of all these documents were previously provided to Counsel for Adverse Claimants in a June 14, 2011 response to a pre-motion letter sent to Counsel for Petitioner. A copy of Petitioner's response is attached as Ex. A.

As summarized below, the arguments asserted by the Adverse Claimants are without legal basis. In particular, Adverse Claimants fail to address the actual circumstances in this case, in which: the underlying judgment includes express findings of all pre-requisite facts, two federal courts have held that the underlying judgment is entitled to "Full Faith and Credit," and six separate orders enforcing the underlying judgment have been entered and executed.[1] We submit that, under these circumstances, the Court should reject their request for leave to file a Rule 60(b)(4) motion to collaterally attack the judgment to which they were not parties.

First, the requested motion is procedurally improper. Adverse Claimants rely exclusively upon Rule 60(b)(4) of the Federal Rules of Civil Procedure as the procedural vehicle to challenge the state court judgment as "void." By its express terms, the rule requires a motion by a "party" or the "legal representative" of a party, but none of them was, or is, a party to Florida state court proceeding. Nor do they claim to be the "legal representative" of a party.[2]

---

[1] *See* "final and enforceable" Judgment (Dkt. No. 125, Jan. 28, 2009) issued by the District Court for the Southern District of Florida; Orders Compelling Turnover of Funds Pursuant to Fed. R. Civ. P. 69 and NY CPLR § 5225(b) (Dkt. No. 91, Sept. 21, 2010 at 7) (Tranche I); (Dkt. No. 92, Sept. 21, 2010 at 4), (Dkt. No. 107, Nov. 8, 2010, at 4), (Dkt. No. 115, Dec. 15, 2010 at 5) (Tranche II); (Dkt. No. 385, Jun. 13, 2011 at 8) (Tranche III).

[2] In addition, the circumstances posited by the Adverse Claimants (namely that they wish to demonstrate that the Florida state court erred in determining that it had jurisdiction) would not fall within the scope of Rule 60(b)(4). *See Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) (observing that Rule 60(b)(4) may be invoked to allow collateral challenge to final judgment only upon

Second, unlike any case they have cited, Adverse Claimants now seek to challenge the ***express factual findings*** of the Florida state court holding that it did have jurisdiction under the Section 1605(a)(7) of the Foreign Sovereign Immunities Act ("FSIA"). Clearly, the Florida state court would have subject matter jurisdiction over Petitioner's suit upon finding that it involved conduct upon which Cuba was designated as a state sponsor of terrorism. As the Amended Judgment makes clear, the Florida state court was fully aware of this factual prerequisite, and – in full compliance with the FSIA, 28 U.S.C. §1608(e) – took evidence upon this issue, expressly addressed this issue in its amended final judgment, and expressly determined (on evidence it expressly found to meet the statutory standard of "evidence satisfactory to the Court") that Cuba had been designated as a state sponsor of terrorism based upon the facts presented.[3]

The remaining Adverse Claimants cite no case in which any court has ever held that, under Rule 60(b), it could adjudicate a collateral challenge to the express factual findings of another Court which, if given effect, indisputably demonstrated that that other court had subject matter jurisdiction to enter a judgment.[4] To the contrary, as this Court so clearly found in *Weininger v. Castro,* 462 F. Supp. 2d 457 (S.D.N.Y. 2006), where the Florida state courts, had "held hearings, took evidence, satisfied themselves of their jurisdiction and expressly so ruled," and where, as here, a Florida federal district court had held "that the state court judgment was entitled to full faith and credit . . . [u]nder these circumstances, the policies and principles underlying res judicata doctrine would make it manifestly inequitable for this Court to reopen the judgments so as to permit a challenge to the underlying adjudication at the request of parties not affected by judgments, . . ." *Id.* at 469. And the procedural history in this case is even stronger than in *Weininger*[5] since here the judgment has already been found to be enforceable, ordered to be enforced, and has been executed in part.

Third, the proposed collateral challenge falters on the principles governing the Full Faith and Credit determination, which require this Court to enforce the judgment of the Florida state court "as [it has] by law or usage in the courts of such State," *i.e.,* Florida.[6] Under Florida law

---

showing of "clear usurpation of power by a district court, and not an error of law in determining whether it has jurisdiction" and that "Since a court has power to determine its own jurisdiction and, in fact, is required to exercise that power *sua sponte,* it does not plainly usurp jurisdiction when it merely commits an error in the exercise of that power."); *Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1346 (10th Cir. 2000) ("A court does not usurp its power when it erroneously exercises jurisdiction. . . . error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction.").

[3] *See* Florida state court judgment at 5:

> This Court expressly finds that all statutory criteria for the exercise of jurisdiction under this statute over a claim against Defendant Cuba and the remaining Defendants (who are agents or instrumentalities of Defendant Cuba) have been established by evidence satisfactory to the Court. In particular, the Court finds that Defendant, Cuba, which was designated to be a state sponsor of terrorism in 1982, under the terms of 56(j) of the Export Administration Act of 1979, at least in part by reason of the acts of terrorism described herein including the torture and extra-judicial killing of Bobby Fuller, is subject to suit in any State Court of the United States, pursuant to the provisions of 28 USC § 1605.

[4] Given the nature of their asserted grounds to challenge the underlying judgment, Adverse Claimants are invoking the wrong subparagraph of Rule 60(b). Rather than asserting that the judgment is "void," they really assert that the Florida state court decided that it had subject matter jurisdiction by "mistake" within the meaning of Rule 60(b)(1), or that they have obtained "newly discovered evidence" (although none is identified) within the meaning of Rule 60(b)(2). As a matter of law, *see* Rule 60(c), any motion under these subparagraphs would be untimely as more than one year has passed since the entry of judgment.

[5] According to Adverse Claimants, *Weininger* is distinguishable because, in their view, "no party [in *Weininger*] had standing to seek to vacate." However, the *Weininger* Court addressed the very substantive issues now asserted by the Adverse Claimants based on the assertion that it must assure itself of the validity of its own jurisdiction to enforce the underlying judgment. Thus, this supposed distinction is immaterial.

[6] *See* 28 U.S.C. § 1738; *Weininger,* 462 F. Supp. 2d at 457 ("According to that doctrine, codified in the Full Faith and Credit Act, "the judicial proceedings of any court of any such State shall have the same full faith and credit in every court within the United

Hon. Victor Marrero
June 21, 2011
Page 3

and usage, the collateral challenge proposed by Adverse Claimants would be improper, both procedurally and substantively. Thus, for example,

- Mere strangers to the underlying judgment (including persons claiming to have an interest in property that is the subject of the judgment) may not collaterally challenge the judgment. *Tallentire v. Burkhart*, 153 Fla. 278, 14 So. 2d 395 (Fla. 1943);

- Where a court adjudicates the existence of its own jurisdiction and determines that it does have jurisdiction, that decision is *res judicata* and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. *Archbold Health Services, Inc. v. Future Tech Business Systems, Inc.*, 659 So. 2d 1204 (Fla. App. 3 Dist. 1995); and

- A collateral challenge to a court's finding of jurisdiction cannot be based on evidence extrinsic to the record of the proceeding itself, even where the determination is made in the context of a default. *Kroier v. Kroier*, 95 Fla. 865, 116 So. 753 (Fla. 1928).

These (and numerous other) principles of Florida law demonstrate that the grounds upon which Adverse Claimants propose to challenge the findings of jurisdiction by the Florida state court are unavailable in light of the Full Faith and Credit order.

Fourth, Adverse Claimants attempt to thwart the clear effect of two cases which undermine their efforts. According to their letter, this Court should ignore the analysis in *United Student Aid Funds, Inc. v. Espinosa* -- U.S. --, 130 S. Ct. 1367 (2010) and *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986), because those cases involved attacks by parties to the underlying action, while here, Adverse Claimants have yet to have their opportunity to challenge the underlying judgment. But, they have cited no case law suggesting that this is a valid distinction. In any event, Adverse Claimants have the argument upside down. Rule 60(b) can apply only where the motion is brought by a "party" or the legal representative of a party. The reason Adverse Claimants have yet to have an "opportunity" to challenge the Florida state court judgment is because, in connection with that underlying proceeding, they are neither. Simply stated, Rule 60(b)(4) does not create some "opportunity" through which strangers to a proceeding can challenge the validity of the judgments that result therefrom. *United Student Aid* and *Nemaizer* represent the applicable interpretation and application of Rule 60(b)(4) and, as Adverse Claimants appear to recognize, the rule in these cases (and others decided before and after) defeats their proposed challenge to the Florida state court judgment.

As Adverse Claimants lack a judicially-recognized basis to collaterally attack the Florida state court judgment, and the Florida Supreme Court has expressly ruled parties in their position claiming an interest in the *res* in judgment enforcement proceedings may not attack the underlying judgment, *Tallentire v. Burkhart*, 153 Fla. at 278, the request for leave to make such a motion should be denied.

Respectfully submitted,

James W. Perkins

Attachment

---

States ... as they have by law or usage in the courts of such State ... from which they are taken." Under this statute, a federal court that is asked to recognize a state court judgment is obligated to give the same preclusive effect to that judgment as would the courts of the rendering state."). Thus, the Adverse Claimants' invocation of New York law or procedure (*e.g.*, by reference to CPLR Rule 5015(a)) is not on point.

cc:    Kenneth Caruso, Esq. (by E-mail)
Glenn Kurtz, Esq. (by E-mail)
James L. Kerr, Esq. (by E-mail)
Jason Sunshine, Esq. (by E-mail)
Paulo R. Lima, Esq. (by E-mail)
Bernard J. Garbutt, III, Esq. (by E-mail)
Claurisse Ann Campanale-Orozco, Esq. (by E-mail)
Joshua D. Weedman, Esq. (by E-mail)
Brian C. Dunning, Esq. (by E-mail)
David A. Baron, Esq. (by E-mail)
Roberto Martinez, Esq. (by E-mail)
Frank Panopoulos, Esq. (by E-mail)
Mark Gimbel, Esq. (by E-mail)
Matthew R. Belz, Esq. (by E-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _petitioner_.
>
> SO ORDERED.
>
> 6-27-11
> DATE     VICTOR MARRERO, U.S.D.J.