UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEANNETTE HAUSLER, | : | 18 MS 302 and |
| Petitioner, | : | 09 Civ. 10289 (VM) |
| -against- | : | (Related to JPM Chase/Citibank Turnover Proceeding) |
| JPMORGAN CHASE BANK, N.A., et al., | : | In Respect of a Judgment Entered in the State of Florida, Case No. 02-12475-CA-09 |
| Garnishee-Respondents. | : | |

------------------------------------------------------------x

UBS AG,                                              :

       Garnishee-Respondent and     :
       Third-Party Petitioner,

                                                :

    -against-

                                                :  **ANSWER OF THE BANK OF NEW YORK MELLON TO**
BANCO DE DESARROLLO ECONOMICO           **THIRD-PARTY PETITION**
Y SOCIAL, et al.,                       :  **WITH COUNTERCLAIMS**
                                                   **AND CROSS-CLAIMS**
       Adverse-Claimants-          :
       Respondents.
------------------------------------------------------------x

       Adverse-Claimant-Respondent The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader (Tranche IV) (the "Petition") of Garnishee-Respondent and Third-Party Petitioner UBS AG ("UBS"), with counterclaims and cross-claims, states as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Petition except admits that the Petition seeks the relief requested in the ad damnum portion of the Petition.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Petition except admits that the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, acting pursuant to the Trading with the Enemy Act, 50 U.S.C. App § 5(b), has issued the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "CACRs"), and that the CACRs have been amended from time to time.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Petition except to the extent that those allegations are admitted in BNY Mellon's response to paragraph 16 of the Petition.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Petition.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Petition except admits that the Petition seeks the relief requested in the ad damnum portion of the Petition.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Petition except admits that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Petition, but does not dispute that the Southern District of New York is a proper venue for the adjudication of this proceeding.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Petition.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Petition.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Petition.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Petition except admits that on or after March 16, 2011, Petitioner filed a turnover petition ("Turnover Petition IV") in the first of the above-captioned proceedings and refers to that pleading for its contents.

12. To the extent that BNY Mellon is required to respond to paragraph 12 of the Petition, which purports to state conclusions of law, denies each and every allegation set forth therein except admits that paragraph 12 quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified in a note following 28 U.S.C. § 1610 ("TRIA"), and refers to the full text of the statute for its terms and provisions.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Petition.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Petition except admits the filing of Turnover Petition IV and refers to that pleading for the contents thereof.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Petition.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Petition except admits the allegations of the first sentence of sub-paragraph c of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Petition.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Petition.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Petition except admits the filing of Turnover Petition IV and refers to that pleading for the contents thereof.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Petition.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Petition except admits that UBS purports to take no position on the matters set forth in this paragraph.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Petition except admits that UBS purports to take the position described in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Petition.

AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

BNY Mellon, without assuming the burden of proof for those matters upon which UBS or the Petitioner bears such burden, for its affirmative defenses and objections in point of law, alleges as follows:

FIRST AFFIRMATIVE DEFENSE

24. BNY Mellon, assuming that it acted as an intermediary bank and paid the proceeds of the alleged wire transfer described in paragraph 18 of the Petition (the "Wire Transfer") to UBS, has rights in those proceeds under the "money-back guarantee" provisions of section 4A-402 of the New York Uniform Commercial Code (the "UCC") that may take precedence over the claims made by Petitioner to those proceeds pursuant to TRIA § 201. *See Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 100-02 (2d Cir. 1998).

SECOND AFFIRMATIVE DEFENSE

25. The proceeds of wire transfers that are being held by a beneficiary's bank, such as UBS, are not subject to execution under the applicable provisions of sections 4A-502 and 4A-503 of the UCC. *See Export-Import Bank v. Asia Pulp & Paper Co.*, 609 F.3d 111 (2d Cir. 2010); *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). *But see Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032 (S.D.N.Y. Mar. 4, 2011); *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525 (S.D.N.Y. 2010).

THIRD AFFIRMATIVE DEFENSE

26. The turnover of the proceeds of the Wire Transfer to Petitioner pursuant to TRIA § 201(a) would constitute a taking of property without just

compensation and a denial of due process of law, in violation of rights established under the fifth amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

27. The proceeds of a blocked wire transfer that has been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, Petitioner, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a Court pursuant to TRIA § 201 after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) and that such assets are subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 515.310 ("The term 'transfer' . . . shall include . . . the levy of or under any judgment, . . . execution, or other judicial or administrative process or order, or the service of any garnishment"); 31 C.F.R. § 515.504(c) ("This section does not authorize or license . . . any payment or delivery out of a blocked account based upon a judicial proceeding nor does it authorize the enforcement or carrying out of any judgment . . . with regard to any property in which a designated national has an interest").

## FIFTH AFFIRMATIVE DEFENSE

28. To the extent that the value of the property, funds and assets subject to execution to satisfy the alleged judgments referred to in paragraph 8 of the Petition (collectively, the "Judgment") exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by each of the banks and other persons and entities (collectively, "persons") that have been made respondents or third-party respondents in this proceeding or any related proceeding

and determine which property, funds and assets held by or for which of those persons should be turned over, in such a way that none of those persons and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

## COUNTERCLAIMS AND CROSS-CLAIMS

### Common Allegations

29. BNY Mellon is a bank organized and existing under the laws of the State of New York with its principal place of business in the City, County and State of New York.

30. Upon information and belief, garnishee-respondent and third-party petitioner UBS is a corporation or juridical entity organized and existing under the laws of Switzerland, or the laws of some state or nation other than the State of New York, with its principal place of business in Switzerland or somewhere outside the State of New York.

31. Upon information and belief, adverse-claimant-respondent Banco de Desarrollo Economico y Social de Venezuela ("BANDES") is a bank or juridical entity organized and existing under the laws of the Bolivarian Republic of Venezuela ("Venezuela"), or the laws of some state or nation other than the State of New York, with its principal place of business in Venezuela or somewhere outside the State of New York.

32. According to the Petition, Banco Central de Venezuela ("Banco Central") is the central bank of the Bolivarian Republic of Venezuela ("Venezuela") and has its principal place of business in Caracas, Venezuela.

33. This Court has subject matter jurisdiction over the counterclaims and cross-claims asserted in this Answer pursuant to 28 U.S.C § 1331, because they arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq., and TRIA § 201, and pursuant to 28 U.S.C. § 1367, because the counterclaims and cross-claims alleged are so related to the claims asserted in Petitioner's turnover proceeding and UBS's third-party proceeding, which are within the original jurisdiction of this Court pursuant to, inter alia, 28 U.S.C. § 1331 and 12 U.S.C. § 632, that they form part of the same case or controversy. Upon information and belief, this Court also has subject matter jurisdiction over those counterclaims and cross-claims pursuant to 28 U.S.C. § 1332, because they are between a citizen of a state of the United States and citizens or subjects of foreign states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

34. If the allegations of paragraphs 7-9, 11, 14, 15 and 16 of the Petition are correct, venue of the counterclaims and cross-claims set forth in this Answer is properly set in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the counterclaims and cross-claims, including the filing of the Judgment with the United States District Court for the Southern District of New York, the service of a writ of execution upon UBS and the filing of Turnover Petition IV and UBS's third-party petition against BNY Mellon et al., occurred in this district, the property that is the subject of the action may be situated here and the parties to the counterclaims and cross-claims are all aliens.

35.     Upon information and belief, UBS has contended or may contend that it has rights in the proceeds of the Wire Transfer, pursuant to UCC §§ 4A-502 and 503 or other provisions or principles of law, that supersede or negate the rights of the Petitioner to execute on such proceeds and that take precedence over the rights or claims of Petitioner and other parties with respect to such proceeds.

36.     Upon information and belief, BANDES and Banco Central may assert claims or rights in the proceeds of the Wire Transfer, pursuant to UCC § 4A-402 or other provisions or principles of law, against BNY Mellon that are allegedly superior to the rights of Petitioner or any other parties with respect to such proceeds.

37.     To the extent that the Court orders the turnover of part or all of the proceeds of the Wire Transfer to Petitioner and releases and discharges UBS from liability to the other parties to the Wire Transfer with respect to the amount turned over to Petitioner, BNY Mellon should be released and discharged from liability to the other parties to the Wire Transfer to the same extent.

<u>First Counterclaim and First Cross-Claim</u>

38.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 37 of this Answer to the same extent as if those allegations were set forth here in full.

39.     CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment," "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the

Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

40. In the circumstances set forth above, BNY Mellon is entitled to the entry of a judgment determining its rights as against Petitioner, BANDES, Banco Central and UBS with respect to the Wire Transfer and the proceeds of the Wire Transfer.

<u>Second Counterclaim and Second Cross-Claim</u>

41. Repeats and realleges each and every allegation set forth in paragraphs 1 through 40 of this Answer to the same extent as if those allegations were set forth here in full.

42. By reason of the foregoing, BNY Mellon is entitled to a declaratory judgment determining its rights as against Petitioner, BANDES, Banco Central and UBS with respect to the Wire Transfer and the proceeds of the Wire Transfer.

WHEREFORE Defendant and Third-Party Plaintiff The Bank of New York Mellon respectfully requests the entry of a judgment

(1) determining its rights and the rights of Petitioner, BANDES, Banco Central and UBS, whether vis-a-vis BNY Mellon or each other, with respect to the Wire Transfer and the proceeds of the Wire Transfer;

(2) discharging The Bank of New York Mellon from any and all liability to Petitioner, BANDES, Banco Central, UBS and any and all other claimants and interested persons with respect to any portion of the proceeds of the Wire Transfer that may be turned over to Petitioner in satisfaction of the Judgment;

(3) Dismissing the Petition in its entirety as against The Bank of New York Mellon;

(4)     Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(5)     Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
July 1, 2011

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail address knevling@llf-law.com

*Attorneys for Adverse-Claimant-Respondent
The Bank of New York Mellon*