# WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

Direct Dial + (212) 819-8853   kcaruso@whitecase.com

July 15, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/11
```

VIA FACSIMILE

Hon. Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, New York  10007

Re: Hausler v. JPMorganChase
    09 Civ. 10289 (VM)

Dear Judge Marrero:

This firm represents Adverse Claimants BBVA Paris and BBVA Panama. I write on behalf of all Petition III Adverse Claimants,[1] as well as Petition I Adverse Claimant Shanghai Pudong Development Bank Co., Ltd., to request a pre-motion conference in connection with the Adverse Claimants' proposed motion to stay this proceeding pending the disposition of the Adverse Claimants' motion, under Rule 60(b)(4), in the United States District Court for the Southern District of Florida ("S.D. Fla.").

I.

The Court knows this case so we set forth the background only briefly. In 2007, Petitioner obtained a judgment against the Republic of Cuba and others in a Florida state court. On January 23, 2008, Petitioner commenced an action against the same defendants in the S.D. Fla. seeking full faith and credit for the Florida state court judgment. Petitioner alleged that the S.D. Fla. had subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). On August 20, 2008, the S.D. Fla. entered its own judgment (the "Judgment") granting full faith and credit to the Florida state court judgment.

---

[1] The Adverse Claimants are Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA Paris"), Banco Bilbao Vizcaya Argentaria Panama, S.A. ("BBVA Panama"), Caja de Ahorros y Monte de Piedad de Madrid, Estudios Mercados y Suministros S.L., LTU Luftransport-Unternehmen GmBH, Novafin Financiere, S.A., Philips Mexicana S.A. de C.V., Premuda S.p.A. and Shanghai Pudong Development Bank Co., Ltd.

ABU DHABI ALMATY ANKARA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DÜSSELDORF FRANKFURT GENEVA
HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MEXICO CITY MIAMI MOSCOW MUNICH
NEW YORK PALO ALTO PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SINGAPORE STOCKHOLM TOKYO WARSAW WASHINGTON, DC

NEWYORK 8212800 (2K)

July 15, 2011

WHITE & CASE

On September 24, 2008, Petitioner registered the Judgment in this District pursuant to 28 U.S.C. § 1963. In 2010, Petitioner commenced these enforcement proceedings. There are now pending before Your Honor numerous substantive and procedural motions in Petition I and Petition III.

II.

On July 5, 2011, the Adverse Claimants moved in the S.D. Fla. for an order, pursuant to Rule 60(b)(4), to vacate the Judgment, which is void because the S.D. Fla. lacked subject matter jurisdiction over Petitioner's action. Subject matter jurisdiction under the FSIA depended on whether Cuba had been designated as a state sponsor of terrorism "as a result of" the killing of Petitioner's brother. There is, however, no evidence to support that conclusion. Under the Local Rules of the S.D. Fla., the motion to vacate will be fully briefed by August 1, 2011. The Adverse Claimants now seek a stay of this enforcement proceeding pending the disposition of their motion in the S.D. Fla. to vacate the Judgment.

III.

A federal court has the authority to stay its own proceedings in favor of a proceeding in another federal court. See generally Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952). The matter is committed to the court's discretion, taking into account "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." Kerotest, 342 U.S. at 183.

Where, as here, proceedings are pending in two federal courts, the Second Circuit applies the first-filed rule; absent special circumstances, which are "quite rare", the matter proceeds in the federal court that first obtained jurisdiction. Emp'r's Ins. Wausau v. Fox Entm't Grp., 522 F.3d 271, 275 (2d Cir. 2008).[2] Here, the S.D. Fla. action was filed first, and it is the Judgment in that first-filed case that is now at issue. Accordingly, absent special circumstances, which are not present here, this Court should stay its hand until the S.D. Fla. decides the motion to vacate.

Such a stay in this Court, moreover, makes good sense and allows orderly litigation and "[w]ise judicial administration[.]" Kerotest, 342 U.S. at 183. A stay would conserve judicial resources and avoid unnecessary adjudication and litigation. Emp'r's Ins. Wausau, 522 F.3d at 275. If the S.D. Fla. vacates the Judgment, then this proceeding to enforce the Judgment will be moot and this Court need not rule at all on the numerous pending motions. Further, Judge Jordan of the S.D. Fla. has already spent substantial judicial resources adjudicating proceedings to enforce the Judgment.[3] In re Salomon Smith Barney Mut. Fund Fees Litig., 441 F. Supp. 2d 579,

---

[2] The Second Circuit recognizes another exception to the first-filed rule where the "balance of convenience" favors the second-filed action. Emp'r's Ins. Wausau, 522 F.3d at 275. This exception does not apply here because this Court has already ruled that the Adverse Claimants' motion under Rule 60(b)(4) would be "most appropriately addressed to the Florida courts that entered and confirmed the original judgment." Order, June 24, 2011, ECF No. 411 (denying Adverse Claimants' request for a pre-motion conference to file a motion under Rule 60(b)(4) in the Southern District of New York).

[3] Petitioner has brought enforcement proceedings against approximately 15 garnishees in the S.D. Fla. all before Judge Jordan. In two of these proceedings, for example – 09-20942-CIV-JORDAN (against Comcast IP Phone II) and 09-21175-CIV-JORDAN (against Telecom NZ USA Limited) – Judge Jordan has already granted summary judgment against Petitioner and denied motions for reconsideration. He has also permitted some supplemental briefing and discovery.

2

July 15, 2011

WHITE & CASE

608 (S.D.N.Y. 2006) (staying certain claims against the defendant in the second-filed action because there was "no good reason for the Court to proceed" after the parties in the first-filed action had already briefed a motion to dismiss and judicial resources had been expended).

Petitioner cannot obtain turnover here unless she prevails in both the S.D. Fla. and in this proceeding. Accordingly, Petitioner would suffer no prejudice from a stay of this proceeding until it is determined whether Petitioner holds any valid judgment at all.

Finally, a stay would avoid piecemeal litigation. It makes little sense to litigate the enforcement of the Judgment here only to learn later that the Judgment is void.

For the foregoing reasons, the Adverse Claimants respectfully request that the Court stay this proceeding pending the disposition of their motion under Rule 60(b)(4) in the S.D. Fla.

Respectfully submitted,

Kenneth Caruso / MRB

Kenneth A. Caruso

cc: Counsel to Petition III Adverse Claimants (by e-mail)
Glenn M. Kurtz, Esq. (by email)
James W. Perkins, Esq. (by fax)
James L. Kerr, Esq. (by fax)

> Request DENIED. The Court is not persuaded that a stay of this action is warranted under the circumstances. The Court has substantial doubts about the basis for the motion to vacate, or indeed about the good faith reasons for the issue being raised at this late stage of these proceedings.
>
> SO ORDERED:
> 7-15-11
> VICTOR MARRERO, U.S.D.J.

3

NEW YORK 8212899 (2K)