UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JEANNETTE HAUSLER,

        Petitioner,

    -against-

JPMORGAN CHASE BANK, N.A., CITIBANK, N.A., UBS AG, THE ROYAL BANK OF SCOTLAND N.V. (FORMERLY KNOWN AS ABN AMRO BANK N.V.), and NATIONAL BANK OF CANADA,

        Garnishee-Respondents.

---------------------------------------------------------------x

UBS AG,

        Garnishee-Respondent and
        Third-Party Petitioner,

    -against-

BANCO DE DESARROLLO ECONOMICO Y SOCIAL, BANCO CENTRAL DE VENEZUELA, THE BANK OF NEW YORK MELLON, as successor to The Bank of New York, and JEANNETTE HAUSLER,

        Adverse Claimants-
        Respondents

---------------------------------------------------------------x

18 MS 302 and
09 Civ. 10289 (VM)

(Related to JPM Chase/Citibank Turnover Proceeding)

In Respect of a Judgment Entered in the State of Florida, Case No. 02-12475-CA-09

**ANSWER OF GARNISHEE-RESPONDENT AND THIRD-PARTY PETITIONER UBS AG TO THE COUNTERCLAIMS ASSERTED BY ADVERSE CLAIMANT-RESPONDENT THE BANK OF NEW YORK MELLON**

**(TRANCHE IV)**

**ANSWER OF GARNISHEE-RESPONDENT AND THIRD-PARTY PETITIONER
UBS AG
TO THE COUNTERCLAIMS ASSERTED BY ADVERSE CLAIMANT-RESPONDENT
<u>THE BANK OF NEW YORK MELLON</u>**

        UBS AG ("UBS"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows for its answer to the counterclaims asserted by Adverse Claimant-Respondent The Bank of New York Mellon ("BNY Mellon") in its answer to the Third-Party Petition

Alleging Claims in the Nature of Interpleader (Tranche IV) (the "Tranche IV Interpleader Petition"), (the "BNY Mellon Answer"):[1]

## Common Allegations

1. Admits on information and belief the allegations contained in paragraph 29 of the BNY Mellon Answer.

2. Denies the allegations contained in paragraph 30, and refers to paragraph 15 of the Tranche IV Interpleader Petition for an identification of UBS.

3. Admits on information and belief the allegations contained in paragraph 31 of the BNY Mellon Answer.

4. Admits on information and belief the allegations contained in paragraph 32 of the BNY Mellon Answer.

5. Admits on information and belief the allegations contained in paragraph 33 of the BNY Mellon Answer.

6. Admits on information and belief the allegations contained in paragraph 34 of the BNY Mellon Answer.

7. Denies the allegations contained in paragraph 35 of the BNY Mellon Answer, and refers to paragraph 5 in particular of the Tranche IV Interpleader Petition, as well as to the Tranche IV Interpleader Petition in its entirety, for the purpose and contentions of the Tranche IV Interpleader Petition.

---

[1] The BNY Mellon's counterclaims and cross-claims are unnecessary because they seek merely a final decision on the respective rights and obligations of the Adverse Claimants-Respondents named by UBS in the Tranche IV Interpleader Petition. This is, however, the same relief the UBS seeks, and the very reason why UBS filed the Tranche IV Interpleader Petition in the first place. Accordingly, there is no real controversy as between UBS and BNY Mellon. Each party seeks the same relief.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

9.    The allegations contained in paragraph 37 purport to set forth legal conclusions or statements of law, to which UBS need not respond. To the extent that a response is required, the allegations on paragraph 37 are denied.

### First Counterclaim and First Cross-Claim

10.   UBS need not respond to the allegations set forth in paragraph 38, but denies such allegations to the extent a response is required.

11.   Paragraph 39 consists of quotations from CPLR § 5239 to which UBS need not respond.

12.   The allegations contained in paragraph 40 purport to set forth legal conclusions or statements of law to which UBS need not respond. To the extent that a response is required, the allegations contained in paragraph 40 are denied.

### Second Counterclaim and Second Cross-Claim

13.   UBS need not respond to the allegations set forth in paragraph 41, but denies such allegations to the extent a response is required.

14.   The allegations contained in paragraph 42 purport to set forth legal conclusions or statements of law, to which UBS need not respond. To the extent that a response is required, the allegations on paragraph 42 are denied.

### Prayer for Relief

WHEREFORE, UBS respectfully requests that the Court enter judgment determining:

    (a)   and specifying the identity of any blocked funds being made subject to execution or turnover, the amount of such blocked funds, if any

to be turned over pursuant to any execution or turnover order, and the identity of the Adverse Claimant, if any, to whom such turnover is to be made;

(b) that any blocked funds that are subject to a turnover order consist solely of the blocked property or blocked assets of the Republic of Cuba or an agency or instrumentality of the Republic of Cuba, and that the Terrorism Risk Insurance Act of 2002 ("TRIA") allows the blocked property or blocked assets to be executed against to satisfy a judgment against the judgment debtors irrespective of whether it would otherwise be immune from attachment, execution, or attachment in aid of execution;

(c) that each judgment as to which turnover is ordered is (i) against the Republic of Cuba as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, or (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune;

(d) that the amount of each judgment as to which turnover is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damages for which [a] terrorist party has been adjudged liable";

(e) that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to the foreign state in a manner provided for service by 28 U.S.C. §§ 1608(a) and (e), (ii) the Petitioner served the judgment debtors in accordance with 28 U.S.C. § 1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the judgment debtors required under 28 U.S.C. § 1608(e);

(f) that, to the extent TRIA is not relied upon, any turnover has been licensed by OFAC, and the blocked funds against which turnover is ordered consists of blocked property of a judgment debtor or property in which a judgment creditor has an attachable interest, or blocked deposits owed to a judgment debtor, within the meaning of New York attachment and execution law, which is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or of the Vienna Convention on Consular Relations;

(g) that none of the blocked funds being made subject to a turnover order consists of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked

4

property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(h)     that service of the Third-Party Petition by UBS on the Adverse Claimants was good and sufficient service;

(i)     that, upon the compliance by UBS with any order of turnover, it is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and 6204 from any further liability or obligation to any parties to the Blocked Wire Transfer, or to any other party in respect of any amount so turned over, and discharged as well in interpleader pursuant to Fed. R. Civ. P. 22;

(j)     that, to the extent UBS is ordered to hold, pending further order of the Court directing turnover, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit owed, not to the judgment debtors, but to an agency or instrumentality of the Republic of Cuba, UBS, pursuant to N.Y. C.P.L.R. §§ 5209 or 6204, as applicable, as well as pursuant to Fed. R. Civ. P. 22, shall be fully discharged from any and all deposit obligations or other liabilities to the Republic of Cuba, to the agency or instrumentality of the Republic of Cuba otherwise entitled to claim the deposit, or to any other person or Adverse Claimant, to the full extent of such amount so held subject to further order of the Court, or paid over into the registry of the Court;

(k)     that judgment be entered in favor of UBS pursuant to Fed. R. Civ. P. 22:

>    (i)     restraining and permanently enjoining the Adverse Claimants-Respondents or any of their agents from instituting or prosecuting any claim or action against UBS in any jurisdiction, arising from or relating to any claim to the blocked deposit held and turned over pursuant to order of the Court;

>    (ii)    upon issuance of the discharge referred to above, dismissing UBS as a party to this proceeding and requiring the Adverse Claimants-Respondents or their agents to litigate among themselves concerning their rights in the blocked deposits to the extent necessary.

(continued on next page)

      (l)      Awarding UBS its reasonable attorneys fees and costs incurred in responding to Petitioner's enforcement efforts, such award to be paid out of any amount turned over pursuant to Turnover Petition IV, as well as such other and further relief as may be appropriate.

Dated:  New York, New York
July 15, 2011

DAVIS POLK & WARDWELL LLP

By: _____
James L. Kerr

**Of Counsel**
Karen E. Wagner
Thomas M. Noone
Lauren B. Schorr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent and Third-Party Petitioner UBS AG*