UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEANETTE HAUSLER, | x<br>:<br>: |
| Petitioner, | :<br>: |
| -against- | :<br>:<br>: |
| JPMORGAN CHASE BANK, N.A.,<br>CITIBANK, N.A., UBS AG, THE ROYAL<br>BANK OF SCOTLAND N.V. (FORMERLY<br>KNOWN AS ABN AMRO BANK N.V.), and<br>NATIONAL BANK OF CANADA, | :   18 MS 302 and<br>:   09 Civ. 10289 (VM)<br>:<br>:   (Related to UBS<br>:   Turnover Proceeding) |
| Garnishee-Respondents. | : |
| UBS AG, | x   In Respect of a Judgment<br>:   Entered in the State of Florida,<br>:   Case No. 02-12475-CA-09<br>: |
| Garnishee-Respondent and<br>Third-Party Petitioner, | :   **PETITIONER'S ANSWER TO**<br>:   **CROSS-CLAIMS OF ADVERSE**<br>:   **CLAIMANT-RESPONDENT THE** |
| -against- | :   **BANK OF NEW YORK MELLON** |
| BANCO DE DESARROLLO ECONOMICO Y<br>SOCIAL, BANCO CENTRAL DE<br>VENEZUELA, THE BANK OF NEW YORK<br>MELLON, as successor to The Bank of New<br>York, and JEANETTE HAUSLER, | :   **(TRANCHE IV)**<br>:<br>:<br>:<br>: |
| Adverse Claimants-<br>Respondents. | :<br>:<br>x |

Petitioner Jeannette Hausler ("Petitioner Hausler"), by her attorneys Greenberg Traurig,

LLP, as and for her answer to the cross-claims asserted by Adverse Claimant-Respondent The

Bank of New York Mellon ("BNY Mellon") in its answer to the Third-Party Petition Alleging

Claims in the Nature of Interpleader (Tranche IV) (the "Tranche IV Interpleader Petition"), (the

"BNY Mellon Answer"), hereby states as follows:

**Common Allegations**

1.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the BNY Mellon Answer.

2.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the BNY Mellon Answer.

3.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the BNY Mellon Answer.

4.      Admits the allegations of Paragraph 32 of the BNY Mellon Answer. [CONFIRM]

5.      States that the allegations of Paragraph 33 of the BNY Mellon Answer set forth legal conclusions to which no response was required, however, Petitioner agrees this Court has subject matter jurisdiction to address the allegations herein.

6.      States that the allegations of Paragraph 34 of the BNY Mellon Answer set forth a hypothetical to which no response is required, but agrees that venue is proper in this District.

7.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the BNY Mellon Answer.

8.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the BNY Mellon Answer.

9.      States that the allegations of Paragraph 37 of the BNY Mellon Answer set forth BNY Mellon's legal position and not factual allegations to which a response is required and, on that basis, denies the allegations.

**First Cross-Claim**

10.     Answering the allegations of Paragraph 38 of the BNY Mellon Answer, repeats its responses to Paragraphs 29 through 37 of the BNY Mellon Answer as fully set forth herein and states that she is not required to respond to the remaining referenced allegations which do not concern the cross-claim.  Moreover, to the extent BNY Mellon has sought to incorporate its affirmative defenses into the allegations of Paragraph 38 of the Cross-Claim such allegations set forth legal conclusions to which no response is required and on that basis denies such allegations.

11.     States that the allegations of Paragraph 39 of the BNY Mellon Answer purport to set forth a statute to which the Court is respectfully referred for its full content.

12.     States that the allegations of Paragraph 40 of the BNY Mellon Answer set forth BNY Mellon's legal position and not factual allegations to which a response is required and, on that basis, denies the allegations.

**Second Cross-Claim**

13.     Answering the allegations of Paragraph 41 of the BNY Mellon Answer, repeats its responses to Paragraphs 29 through 40 of the BNY Mellon Answer as if fully set forth herein and states that she is not required to respond to the remaining referenced allegations which do not concern the cross-claim.  Moreover, to the extent BNY Mellon has sought to incorporate its affirmative defenses into the allegations of Paragraph 41 of the Cross-Claim such allegations set forth legal conclusions to which no response is required and on that basis denies such allegations.

14.     States that the allegations of Paragraph 42 of the BNY Mellon Answer set forth BNY Mellon's legal position and not factual allegations to which a response is required and, on that basis, denies the allegations.

15.     Answering the allegations of the unnumbered paragraph of the BNY Mellon Answer, including subparagraphs (1) through (5), which constitutes BNY Mellon's Prayer for Relief, states that it recites the form of relief sought by BNY Mellon and not factual allegations to which a response is required and on that basis denies the allegation.

### FIRST AFFIRMATIVE DEFENSE

16.     As set forth in the Petition, Petitioner Hausler is entitled to full relief and recovery under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 ("TRIA"), Federal Rule of Civil Procedure 69 and CPLR § 5225(b).

### SECOND AFFIRMATIVE DEFENSE

17.     To the extent Bank of NY Mellon is claiming rights in the subject blocked accounts, it has no such claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

18.     To the extent Bank of NY Mellon is claiming rights in the subject blocked accounts, such claims are barred because the time within which to bring such a claim under the applicable statute of repose and statute of limitations for bringing such a claim has run.

### FOURTH AFFIRMATIVE DEFENSE

19.     To the extent Bank of NY Mellon is claiming rights in the subject blocked accounts, it has no such claim upon which relief can be granted because, pursuant to the Cuban Assets Control Regulations, 31 C.F.R. § 515.203(e), the accounts are blocked and, accordingly "any attachment, judgment, lien, execution, garnishment, or other judicial process is null and void with respect to any [blocked] property."

### FIFTH AFFIRMATIVE DEFENSE

20.     Any claims that Bank of NY Mellon may bring to the funds in the blocked accounts are barred by the doctrines of estoppel and laches.

## SIXTH AFFIRMATIVE DEFENSE

21.     To the extent Bank of NY Mellon is claiming rights in the subject blocked accounts, such claims are barred because the time within which to bring such a claim under the New York Abandonment Statute has run.

## SEVENTH AFFIRMATIVE DEFENSE

22.     Petitioner Hausler reserves the right to amend and/or supplement this Answer to Cross-Claim, including, without limitation, to offer any additional denials, admissions or affirmative defenses.

Dated: New York, New York
        July 22, 2011

Respectfully submitted,
**COLSON HICKS EIDSON**

Roberto Martinez
Ronald W. Kleinman
255 Aragon Avenue, 2nd Floor
Coral Gables, Florida 33134
Phone: (305) 476-7400
Fax:     (305) 476-7444

*Attorneys for Petitioner*

TO:

LEVI LUBARSKY & FEIGENBAUM LLP
Attn: J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
*Attorneys for Adverse-Claimant Respondent*
*The Bank of New York Mellon*

DAVIS POLK & WARDWELL
Attn: James L. Kerr, Esq.
450 Lexington Avenue
New York, New York 10017
*Attorneys for Garnishee-Respondents and*
*Third-Party Petitioner UBS A.G.*