

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

August 2, 2011

**BY HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/11

Re: *Hausler v. The Republic of Cuba, et al.*
09 Civ. 10289/18 MS 302

Dear Judge Marrero:

We are counsel to Jeanette Hausler, the Petitioner in the above-captioned judgment enforcement proceeding. We write the Court to request that it grant an additional extension of the levies of two writs of execution that were issued as part of the Petitioner's enforcement efforts.[1] Copies of the two writs of execution are attached hereto as Exhibits A and B, and are referred to herein as "Writ A" and "Writ B."

The first levy concerns service of Writ A on certain financial institutions, which levy occurred on or around March 27, 2009. The second levy concerns service of Writ B on August 31, 2010, on other specified financial institutions.

On February 2, 2011, the Court granted the most recent extension of the two levies for an additional 180 days, until August 22, 2011. A copy of the Court's endorsed order granting these extensions is attached hereto as Exhibit C.

As the Court is aware, Petitioner has filed six petitions concerning JP Morgan Chase Bank, N.A.; Citibank, N.A.; Bank of America, National Association; ABN AMRO (now Royal Bank of Scotland N.V.); National Bank of Canada; and UBS AG seeking turnover of

---

[1] Under New York law (as applied through Federal Rule of Civil Procedure 69), a levy is valid for ninety days from the service of the execution, and will remain effective thereafter if the creditor has either filed a turnover petition within such time or the Court grants an extension of the levy. CPLR 5232(a).

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

Honorable Victor Marrero
August 2, 2011
Page 2

discrete accounts identified on schedules attached to the respective petitions. Although the filing of these petitions preserves the levy of Writs A and B as to the accounts for which Petitioner seeks turnover (*see* CPLR 5232(a)), the petitions do not include relief on all of the accounts subject to levy. Petitioner intends to file an additional turnover petition or petitions, and we will inform the Court shortly as to Petitioner's anticipated course of action concerning the remaining accounts, as we continue to work to identify the accounts for which turnover is appropriate.

      Accordingly, Petitioner respectfully requests that the Court grant a 180-day extension of the levies covering the accounts which are not yet the subject of a turnover petition, but which are held by the Banks listed in Writs A and B.

      Should the Court have any questions, I may be contacted at (212) 801-3188.

Respectfully submitted,

*James W. Perkins/bbh*
James W. Perkins

Enclosures

cc:   James L. Kerr, Esq. (by e-mail; w/ encl.)
      David A. Baron, Esq. (by e-mail; w/ encl.)
      Roberto Martinez, Esq. (by e-mail; w/ encl.)
      Frank Panopoulos, Esq. (by e-mail; w/ encl.)
      Mark P. Gimbel, Esq. (by email; w/ encl.)

> Request GRANTED. The time for plaintiff's levies of the two writs of execution referred to above as Writs A and B is extended for an additional 180 days to on or about 2-3-13.
>
> SO ORDERED:
> 8-3-11
> DATE    VICTOR MARRERO, U.S.D.J.

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. 08, 1700          DOCKET NO. 18 MS 302

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**
To the Marshal of the Southern District of New York, GREETING:

(*) YOU ARE COMMANDED, that of the goods and chattels of THE REPUBLIC OF CUBA (INCLUDING ITS AGENCIES AND INSTRUMENTALITIES), FIDEL CASTRO RUZ, RAUL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES

in your district you cause to be made the sum of NINETY NINE MILLION PLUS ACCRUED INTEREST dollars and 0 cents, ($99,000,000 Plus Interest)

which lately in the United States District Court of the United States for the Southern District of New York, in the Second Circuit, JEANNETTE HAUSLER AS SUCCESSOR PERSONAL REPRESENTATIVE OF THE STATE OF ROBERT OTIS FULLER, ET.AL.

recovered against the said REPUBLIC OF CUBA (INCLUDING ITS AGENCIES AND INSTRUMENTALITIES), FIDEL CASTRO RUZ, RAUL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES

in an action between JEANNETTE HAUSLER, ET.AL.

PLAINTIFF and THE REPUBLIC OF CUBA, ET.AL.

DEFENDANT, in favor of said PLAINTIFFS

as appears by the record filed in the Clerk's Office of said District Court on the 24 day of SEPTEMBER, in the year of 2008

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern District of New York, at the City of New York, on the 26th day of march in the year of our Lord 2009, and of the Independence of the United States the two hundred twenty-seventh year.

(*) SEE SCHEDULE "A" ATTACHED

**J. MICHAEL McMAHON**
CLERK

By: [signature] Miranda

SDNY Web 7/2002

## SCHEDULE A

The foregoing writ is to be levied in accordance with section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, against any property of the Republic of Cuba and/or its agencies or instrumentalities, i.e, any property (whether real or personal, tangible or intangible, including but not limited to cash, coins, bullion, deposits, accounts, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and/or interests of any kind in the foregoing) held, maintained, or in the possession or control of the banks listed below* that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*; and which is not held or maintained in the name of any individual Cuban person, whether living or dead, unless that person is either Fidel or Raul Castro.

The Amended Final Default Judgment Granting Full Faith and Credit to State Judgment, registered in this Court, is in the amount of $400,000,000.00, comprised of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, plus interest. One million dollars in compensatory damages has already been paid against the Judgment.

The amount to be levied and collected is limited to compensatory damages in the amount of $99,000,000.00, plus accrued interest.

**Banks holding "blocked" property:

- Bank of America, 9 West 57th Street, New York, New York, 10019
- Citibank, 399 Park Avenue, New York, New York, 10022
- Comerica Bank, 1285 Avenue of the Americas, New York, New York, 10019-6031
- HSBC Bank, 452 Fifth Avenue, New York, New York, 10018

- JP Morgan Chase, 270 Park Avenue, New York, New York, 10017
- Federal Reserve Bank of New York, 33 Liberty Street, New York, New York, 10045
- Keybank, 11 E 22nd St, New York, New York, 10010
- PNC Bank, 450 Park Avenue, Suite 1202, New York, New York, 10022-2734
- Suntrust Bank, 730 Fifth Avenue, New York, New York, 10019
- US Bank, 461 Fifth Avenue, New York, New York, 10017
- Wachovia, 1133 Avenue of the Americas, New York, New York, 10036-6710
- Wells Fargo, 45 Broadway, Suite 1203, New York, New York, 10006-3798
- City National Bank of Florida, 133 Morningside Ave, New York, New York, 10027
- Abn Amro, 55 East 52nd Street, New York, New York, 10055
- Banco Bilbao Vizcaya Argentaria, 1345 Avenue Of The Americas, New York, New York 10105
- Banco Industrial de Venezuela, 900 Third Avenue, New York, New York, 10022-4794
- Deutsche Bank, 280 Park Avenue, New York, New York, 10017
- UBS Bank, 299 Park Avenue, New York, New York, 10017
- Bank of Montreal, 430 Park Avenue, New York, New York, 10022
- The Bank of Nova Scotia, 1 Liberty Plaza, 165 Broadway, New York, New York, 10006
- Canadian Imperial Bank of Commerce, 425 Lexington Avenue, New York, New York, 10017
- National Bank of Canada, 65 East 55th Street, New York, New York, 10019
- Royal Bank of Canada, 1 Liberty Plaza, New York, New York, 10006
- The Toronto Dominion Bank, 31 West 52th Street, New York, New York, 10019
- Banco Espanol de Credito SA, 730 Fifth Avenue, New York, New York, 10019
- Banco Santander, SA, 45 East 53rd Street, New York, New York, 10022

2

- Banco Latinoamericano de Exportaciones, S.A., 600 Lexington Avenue, New York, New York, 10022

3

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. _08, 1700_　　　　　　　　　　　　　　　DOCKET NO. _M18-302_

### THE PRESIDENT OF THE UNITED STATES OF AMERICA
*To the Marshal of the Southern District of New York, GREETING:*

(*) YOU ARE COMMANDED, that of the goods and chattels of  The Republic of Cuba (including its agencies and instrumentalities), Fidel Casto Ruz, Raul Castro Ruz, and the Cuban Revolutionary Armed Forces. See attached order.

in your district you cause to be made the sum of _ninety nine million plus accrued interest_ dollars and _0_ cents, ($ _99,000,000 plus interest_ )

which lately in the United States District Court of the United States for the Southern District of New York, in the Second Circuit, _Jeannette Hausler, as successor personal representative of the estate of Robert Otis Fuller, et. al._

recovered against the said _The Republic of Cuba (including its agencies and instrumentalities), Fidel Castro Ruz, Raul Castro Ruz, and the Cuban Revolutionary Armed Forces_

in an action between _Jeannette Hausler, et. al._

PLAINTIFF and _The Republic of Cuba, et. al._

DEFENDANT, in favor of said _Plaintiffs_

as appears by the record filed in the Clerk's Office of said District Court on the _24_ day of _September_, in the year of _2008_

and if sufficient personal property of the said judgment debtor cannot be found in your District, that then you cause the same to be made out of the real property belonging to such judgment debtor on the above-mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United States District Court, for the Southern District of New York, at the City of New York, on the _20th_ day of _August_ in the year of our Lord _2010_, and of the Independence of the United States the two hundred twenty-seventh year.
　　　　　　　　　　*(year)*

(*) SEE GARNISHEES ATTACHED AS SCHEDULE "A"

　　　　　　　　　　　　　　　　　　　　　　　A CERTIFIED COPY
　　　　　　　　　　　　　　　　　　　　　　　RUBY J. KRAJICK, CLERK
　　　　　　　　　　　　　　　　　　　　　BY _Jameen Miles_ CLERK
　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

SDNY Web 7/2002

**United States District Court**
SOUTHERN DISTRICT OF NEW YORK

Jeannette Hausler, et. al.

-against-

The Republic of Cuba, et. al.

**EXECUTION AGAINST PROPERTY**

GREENBERG TRAURIG, LLP

Attorney for
Jeannette Hausler, et. al.

Borough of Manhattan
City of New York

To the Marshal:
You will levy and collect

ninety nine million plus accrued interest

_____ Dollars

and _____0_____ cents,

~~with interest from the~~ 19th

day of _____January_____, 2007

besides your fees, etc.

_____
*Attorney*

## SCHEDULE A

The foregoing writ is to be levied in accordance with section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, against any property of the Republic of Cuba and/or its agencies or instrumentalities, *i.e.,* any property (whether real or personal, tangible or intangible, including but not limited to cash, coins, bullion, deposits, accounts, real property, instruments, securities, security entitlements, security accounts, equity interests, claims and contractual rights, and/or interests of any kind in the foregoing) held, maintained, or in the possession or control of the banks listed below* that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*; and which is not held or maintained in the name of any individual Cuban person, whether living or dead, unless that person is either Fidel or Raul Castro.

The Amended Final Default Judgment Granting Full Faith and Credit to State Judgment, registered in this Court, is in the amount of $400,000,000.00, comprised of $100,000,000.00 in compensatory damages and $300,000,000.00 in punitive damages, plus interest. One million dollars in compensatory damages has already been paid against the Judgment.

The amount to be levied and collected is limited to compensatory damages in the amount of $99,000,000.00, plus accrued interest.

**\*Banks holding "blocked" property:**

- The Bank of New York Mellon Corporation, One Wall Street, 11th Floor, New York, NY 10286;

- Barclay's Bank PLC, 745 Seventh Avenue, New York, NY 10019;

- Credit Suisse Group AG, 12 East 49th Street, New York, NY 10017; and

- Lloyds TSB Bank, PLC, 1251 Avenue of Americas, 39th Floor, New York, NY 10020.