UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JEANETTE FULLER HAUSLER *et al.*        :
                                        :
        Petitioner,                 :
                                        :
  -against-                            :       09 Civ. 10289 (VM)
                                        :       ECF Case
JPMORGAN CHASE BANK, N.A. *et al.*      :
                                        :       Related to JPM Chase/Citibank
        Garnishee-Respondents.      :       Turnover Proceeding
------------------------------------------------------------x
JPMORGAN CHASE BANK, N.A. *et al.*      :       In Respect of a Judgment Entered
                                        :       in the State of Florida, Case No.
        Garnishee-Respondents       :       02-12475-CA-09
        and Third-Party Petitioners,:
                                        :
  -against-                            :
                                        :
BANCO FINANCIERO INTERNACIONAL          :
S.A. *et al.*                           :
                                        :
        Adverse Claimants-          :
        Respondents.                :
------------------------------------------------------------x

### ADVERSE CLAIMANT-RESPONDENT AEROFLOT RUSSIAN AIRLINES'S ANSWER TO THIRD-PARTY PETITION <u>ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER</u>

Adverse Claimant-Respondent Aeroflot Russian Airlines (formerly doing business as Aeroflot Lineas Aereas Sovieticas) ("Aeroflot"), by counsel, hereby files its Answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader dated October 29, 2010 ("the Third-Party Petition").

## Answers to Numbered Paragraphs

Aeroflot answers the numbered paragraphs of the Third-Party Petition as follows:

1. Aeroflot admits that it is a claimant to a blocked account targeted by Petitioner Jeannette Fuller Hausler ("Petitioner") for turnover, that it is adverse to Petitioner and that it has an interest in the blocked funds identified in paragraph 31(a) of the Third-Party Petition ("the Blocked Funds"). Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and, on that basis, Aeroflot denies such allegations.

2. Aeroflot admits that it is a claimant to a blocked account targeted by Petitioner for turnover, that it is adverse to Petitioner, that it has an interest in the Blocked Funds and that, upon information and belief, the Blocked Funds are in the custody of Garnishee-Respondent UBS AG ("UBS"). Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, on that basis, Aeroflot denies such allegations.

3. Aeroflot admits that it has an interest in the Blocked Funds and that it is identified in paragraph 26(b) of the Third-Party Petition. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, Aeroflot denies such allegations.

4. Aeroflot admits that it is a claimant to a blocked account targeted by Petitioner for turnover, that it is adverse to Petitioner and that it has an interest in the Blocked Funds, which are identified in paragraph 31(a) of the Third-Party Petition. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and, on that basis, Aeroflot denies such allegations.

5. Aeroflot admits that Garnishee-Respondents have no interest in the Blocked Funds. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and, on that basis, Aeroflot denies such allegations.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 6.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 7.

8. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, Aeroflot denies such allegations.

9. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, Aeroflot denies such allegations.

10. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, Aeroflot denies such allegations.

11. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, Aeroflot denies such allegations.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 12.

13. Aeroflot admits that it is a claimant to a blocked account targeted by Petitioner for turnover and that it has an interest in the Blocked Funds. Aeroflot lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and, on that basis, Aeroflot denies such allegations.

14. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, Aeroflot denies such allegations.

15. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, Aeroflot denies such allegations.

16. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, Aeroflot denies such allegations.

17. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, Aeroflot denies such allegations.

18. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, Aeroflot denies such allegations.

19. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, Aeroflot denies such allegations.

20. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, Aeroflot denies such allegations.

21. Aeroflot admits, upon information and belief, that the Blocked Funds are in the custody of Garnishee-Respondent UBS. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and, on that basis, Aeroflot denies such allegations.

22. Aeroflot admits that Banco Nacional de Cuba was the designated beneficiary bank of the wire transfer described in paragraph 31(a) of the Third-Party Petition. Aeroflot

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, on that basis, Aeroflot denies such allegations.

23. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, Aeroflot denies such allegations.

24. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, Aeroflot denies such allegations.

25. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, Aeroflot denies such allegations.

26. Aeroflot admits the allegations in paragraph 26(b). Aeroflot further states that it also does business under the name "Aeroflot Russian Airlines." Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, on that basis, Aeroflot denies such allegations.

27. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, Aeroflot denies such allegations.

28. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, Aeroflot denies such allegations.

29. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, Aeroflot denies such allegations.

30. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, Aeroflot denies such allegations.

31. Aeroflot admits the allegations in paragraph 31(a). Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and, on that basis, Aeroflot denies such allegations.

32. Aeroflot admits that it is a claimant to a blocked account targeted by Petitioner for turnover, that it is adverse to Petitioner and that it has an interest in the Blocked Funds. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and, on that basis, Aeroflot denies such allegations.

33. The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 33.

34. Aeroflot lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, Aeroflot denies such allegations.

35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 35.

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent that a response is required, Aeroflot denies the allegations in paragraph 36.

### General Denial

Aeroflot denies any allegation of the Third-Party Petition that is not specifically admitted in this Answer.

### Affirmative Defenses

Aeroflot states the following affirmative defenses, reserving the right to modify or supplement them:

1. As the originator and the beneficiary of the wire transfer described in paragraph 31(a) of the Third-Party Petition, Aeroflot has an interest in, and is the exclusive owner of,

6

the Blocked Funds. The Blocked Funds consist of revenues earned by Aeroflot from sales of tickets for transportation on its flights, and the foregoing wire transfer was part of Aeroflot's internal processing of such revenues.

2. The Blocked Funds are not assets of Banco Nacional de Cuba, the Republic of Cuba or any political subdivision, agency or instrumentality thereof. Neither Banco Nacional de Cuba, nor the Republic of Cuba, nor any political subdivision, agency or instrumentality thereof, has any interest in the Blocked Funds.

3. Petitioner is not entitled to turnover of the Blocked Funds under the Terrorism Risk Insurance Act of 2002, the Cuban Assets Control Regulations, the laws of the State of New York or any other law.

4. As an "instrumentality of a foreign state" (the Russian Federation) within the meaning of 28 U.S.C. § 1603, Aeroflot is entitled to the rights, privileges, immunities and defenses provided under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 *et seq.*

5. Garnishee-Respondents and Third-Party Petitioners have failed to state a cause of action entitling them to an award of attorneys' fees or costs from the Blocked Funds.

### Notice Regarding Foreign Law

Pursuant to Federal Rule of Civil Procedure 44.1, Aeroflot hereby gives notice that it intends to raise issues concerning the law of a foreign country in this action.

WHEREFORE, Adverse Claimant-Respondent Aeroflot Russian Airlines requests that the Court enter judgment (a) denying turnover of the Blocked Funds to Petitioner; (b) ordering that neither Banco Nacional de Cuba, nor the Republic of Cuba, nor any political subdivision, agency or instrumentality thereof, has any interest in the Blocked Funds and,

thus, that the Blocked Funds may not be used to satisfy any judgment against the Republic of Cuba or any political subdivision, agency or instrumentality thereof; (c) ordering the transfer of the Blocked Funds, plus all accrued interest, to Aeroflot Russian Airlines; and (d) granting Aeroflot Russian Airlines its costs and such other legal and equitable relief as the Court deems proper.

Dated:   New York, New York
         August 5, 2011

                                        Respectfully submitted,
                                        FREEHILL HOGAN & MAHAR LLP
                                        Attorneys for Adverse Claimant-Respondent
                                          Aeroflot Russian Airlines

                         By:   _____
                                        Patrick J. Bonner
                                        80 Pine Street
                                        New York, New York  10005
                                        (212) 425-1900
                                        (212) 425-1901 fax
                                        bonner@freehill.com
                                        N.Y. Bar No. 1316132

Of Counsel:
Kenneth S. Nankin, Esq.
Nankin & Verma PLLC
4550 Montgomery Avenue, Suite 775N
Bethesda, Maryland  20814
(202) 463-4911
(202) 463-6177 fax
ksn@nankin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2011, I served the foregoing ADVERSE CLAIMANT-RESPONDENT AEROFLOT RUSSIAN AIRLINES'S ANSWER TO THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER by filing it electronically in accordance with the Court's CM/ECF requirements and procedures.

_____
Patrick J. Bonner