UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| JEANNETTE HAUSLER, | 18 MS 302 and |
| | 09 Civ. 10289 (VM) |
| Petitioner, | |
| | (Related to JPM Chase/Citibank |
| -against- | Turnover Proceeding) |
| | |
| JPMORGAN CHASE BANK, N.A., | In Respect of a Judgment |
| CITIBANK, N.A., UBS AG, THE ROYAL | Entered in the State of Florida, |
| BANK OF SCOTLAND N.V. (FORMERLY | Case No. 02-12475-CA-09 |
| KNOWN AS ABN AMRO BANK N.V.), and | |
| NATIONAL BANK OF CANADA, | **ANSWER OF GARNISHEE-** |
| | **RESPONDENT JPMORGAN** |
| Respondents. | **CHASE BANK, N.A. TO THE** |
| | **PETITION FOR TURNOVER** |
| | **PURSUANT TO FEDERAL** |
| | **RULE OF CIVIL** |
| | **PROCEDURE 69 AND CPLR** |
| | **§ 5225(b)** |
| | |
| | **(TRANCHE VI)** |

---------------------------------------------------------------x

## ANSWER OF GARNISHEE-RESPONDENT JPMORGAN CHASE BANK, N.A. TO THE PETITION FOR TURNOVER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69 AND CPLR § 5225(b) (TRANCHE VI)

JPMorgan Chase Bank, N.A. ("JPM Chase"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows for its answer to the Sixth Petition for Turnover ("Turnover Petition VI"):

### Allegations as to the Nature of the Proceeding

1.  Denies the allegations contained in paragraph 1 of Turnover Petition VI, except refers to Turnover Petition VI for a description of its nature and purpose, admits that a writ of execution was issued on or about March 26, 2009, and refers to the writ of execution and to the Judgment and Florida Judgment referred to in paragraph 1 of

Turnover Petition VI for their respective terms, conditions, and effect. To the extent the allegations contained in paragraph 1 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 2, except admits that on or about May 12, 2009, the U.S. Marshal served JPM Chase with a writ of execution and refers to the writ of execution for the terms, conditions, and effect thereof. Denies the allegations contained in the second sentence of paragraph 2, except admits that to the extent JPM Chase holds property and/or property interests of the Republic of Cuba or any of its agencies or instrumentalities that may be subject to turnover pursuant to the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), the Cuban Assets Control Regulations, 31 C.F.R. part 515 (the "CACRs") prevent such turnover in the absence of a license issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") or a court order issued pursuant to TRIA. Denies the allegations contained in sentences three and four of paragraph 2, except admits that the accounts identified in Exhibit C to Turnover Petition VI are held on the books of JPM Chase and refers to Exhibit C for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 2 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Petitioner's purpose or motivation contained in paragraph 3. Denies the allegation contained in paragraph 3 concerning funds held by JPM Chase, and

notes and alleges that JPM Chase no longer holds any funds on behalf of the Judgment Debtors and/or their agencies or instrumentalities. To the extent the allegations contained in paragraph 3 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied, and refers to TRIA for the terms, conditions, and effect thereof.

4. Denies the allegations contained in paragraph 4, except refers to Turnover Petition VI for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 4 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

### Allegations as to Jurisdiction

5. Admits that this Court has jurisdiction over this proceeding.

6. Admits that venue is proper in this judicial district.

### Allegations as to the Parties

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and refers to the Florida Judgment referred to in paragraph 7 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 7 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

8. Denies the allegations contained in paragraph 8, except admits that it is a national banking association incorporated under the laws of the United States with offices in this district, and admits further that it maintains certain accounts, including the blocked accounts that are the subject of Turnover Petition VI and against which Petitioner has directed the U.S. Marshal to levy a writ of execution.

## Allegations as to Background

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and refers to the pleadings filed in the action that is cited in paragraph 9 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 9 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and refers to the Florida Judgment cited in paragraph 10 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 10 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and refers to the Florida Judgment cited in paragraph 11 for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 11 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

12. Paragraph 12 consists of quotations from Section 201(a) of TRIA, to which JPM Chase need not respond.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and refers to the July 28, 2008 Order and the August 20, 2008 Judgment for the terms, conditions, and effects thereof. To the extent that the allegations contained in paragraph 15 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16. To the extent that the allegations contained in paragraph 16 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 17 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, except admits that the U.S. Marshal served a writ of execution upon JPM Chase and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 18 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, except admits that the U.S. Marshal served

JPM Chase with a writ of execution and refers to the writ of execution for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 19 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, except admits that JPM has responded to document and information subpoenas served in connection with this case and refers to the document and information subpoenas served on JPM Chase and the affidavits of service with respect thereto for their respective dates.

### Allegations as to Blocked Cuban Accounts

21. Admits the allegations in the first sentence of paragraph 21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 21 and refers to Exhibit C for the terms, conditions, and effect thereof. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 21, refers to Exhibit C and the underlying documents produced pursuant to Petitioner's information subpoena for the accounts at issue for the terms, conditions, and effects thereof, and notes and alleges that the underlying documents produced pursuant to Petitioner's information subpoena make no reference to the allegations contained in the third sentence of paragraph 21, and alleges further that these accounts are custody accounts that have been monitored and maintained by the Fundacion Benefica N.S. Acea since at least October 1, 1969. To the extent that the allegations contained in paragraph

21 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, except admits that the accounts identified in Exhibit C are held by JPM Chase as custody accounts in the name of Fundacion Benefica N.S. Acea and refers to Exhibit C for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 22 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, refers to Exhibit C and the underlying documents produced pursuant to Petitioner's information subpoena for the accounts at issue for the terms, conditions, and effects thereof, and notes and alleges that the underlying documents produced pursuant to Petitioner's information subpoena make no reference to the allegations contained in paragraph 23. To the extent that the allegations contained in paragraph 23 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

**Allegations as to the Need for a Turnover Order**

24. Admits the allegations contained in paragraph 24 and refers to the CACRs for the terms, conditions, and effect thereof.

25. Denies the allegations contained in paragraph 25, except admits that no property held in any account blocked pursuant to the CACRs may be turned over to

Petitioner without a license issued by OFAC or a determination and order by the Court that the property is subject to execution and turnover pursuant to TRIA.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26. To the extent that the allegations contained in paragraph 26 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

27. Denies the allegations contained in paragraph 27, except admits that no release of funds pursuant to the Marshal's levy has been made in respect of the accounts that are the subject of Turnover Petition VI.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29 and refers to TRIA for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 29 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

30. Denies the allegations contained in paragraph 30 and refers to N.Y. C.P.L.R. § 5225(b) for the terms, conditions, and effect thereof. To the extent that the allegations contained in paragraph 30 purport to set forth legal conclusions or statements of law, JPM Chase need not respond to such allegations, which shall be deemed denied.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

### As and For a First Affirmative Defense

31. Turnover Petition VI fails to state a claim upon which relief may be granted.

### As and For a Second Affirmative Defense

32. The funds held in the three blocked accounts that are targeted for turnover by Turnover Petition VI are presumptively the property of the named account holder, Fundacion Benefica N.S. Acea, a charitable foundation that supports a hospice and two schools in the City of Cienfuegos, Cuba. The underlying documents produced pursuant to Petitioner's information subpoena reveal no basis for concluding that the Republic of Cuba or any other judgment debtor has an attachable interest in the three blocked accounts. Indeed, the underlying documents demonstrate that the three accounts have been monitored and maintained by the trustees of Fundacion Benefica N.S. Acea, who are located in the United States, since at least October 1, 1969 for the purpose of renewing charitable giving to the two schools and the hospice in Cienfuegos when the Castro regime comes to an end. As the trustees have stated in a letter to a predecessor of JPM Chase, "[t]he whole purpose of the trustees for the last 43 years has been to keep our presence with the Bank, so that when the Castro government falls and the funds are liberated, the Fundacion may continue to finance the cost of the three institutions created by Mr. Acea." JPM_000680 (Sept. 19, 2003 letter of Rene Silva, trustee of Fundacion Benefica N.S. Acea, to Michael Spogli, Chase Manhattan Bank).

### JPM Chases' First Counterclaim

33. JPM Chase repeats and realleges its responses to paragraphs 1 to 32 hereof.

34. JPM Chase is entitled to judgment in its favor denying Petitioner's Prayer for Relief.

35. In the alternative, JPM Chase is entitled to judgment determining in respect of Petitioner's claim for turnover:

    (a) the specific identification of any blocked funds being made subject to attachment, attachment in aid of execution, execution, or turnover, the account of blocked funds, if any, to be turned over pursuant to any execution or turnover order, and the identity of the party, if any, to whom such turnover is to be made;

    (b) that the blocked funds against which turnover is ordered consist of the blocked property of the Republic of Cuba or an agency or instrumentality of the Republic of Cuba, and that TRIA allows the blocked property to be executed against to satisfy a judgment against the judgment debtors for compensatory damages, irrespective of whether it would otherwise be immune from attachment, attachment in aid of execution, or execution;

    (c) that each judgment as to which turnover is ordered is (i) against the Republic of Cuba as a terrorist party on a claim based on an act of terrorism within the meaning of TRIA, or (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

    (d) that the amount of each judgment as to which turnover is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as Section 201(a) of TRIA only permits execution upon blocked assets in aid of

execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(e) that, in respect of each judgment entered against a terrorist party by default, (i) a copy of such default judgment was sent to the foreign state in a manner provided for by 28 U.S.C. § 1608(a) and (e), (ii) Petitioner served the judgment debtors in accordance with 28 U.S.C. § 1608(a), to the extent service of the same is held necessary, and (iii) a reasonable period of time has elapsed following entry of said judgments and the giving of any notice to the judgment debtors required under 28 U.S.C. § 1608(3);

(f) that, to the extent TRIA is not relied upon, any turnover has been licensed by OFAC, and the blocked funds against which turnover is ordered consist of blocked property of a judgment debtor or property in which a judgment debtor has an attachable or executable property interest within the meaning of New York attachment and execution law, and is not immune from execution within the meaning of the Foreign Sovereign Immunities Act of 1976 or of the Vienna Convention on Diplomatic Relations or of the Vienna Convention on Consular Relations;

(g) that the blocked funds against which turnover is ordered do not consist of blocked property in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(h) that, upon the compliance by JPM Chase with any order of turnover, JPM Chase is and shall be discharged under N.Y. C.P.L.R. §§ 5209 and

6204 from any further liability or obligation to any parties to the Blocked Wire Transfers, or to any other party, in respect of any amount so turned over, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition;

(i) that, to the extent JPM Chase is ordered to hold, pending further order of the Court, or to pay into the registry of the Court upon issuance of a license by OFAC permitting such payment, any amount of a blocked deposit representing a blocked deposit debt owed to the judgment debtors an agency or instrumentality of the Republic of Cuba, JPM Chase shall be fully discharged pursuant to N.Y. C.P.L.R. §§ 5209 and 6204, as applicable, and discharged as well in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure in respect of adverse claimants to be named in any third-party petition, from any and all obligations or liabilities to the Republic of Cuba, to the agency or instrumentality of the Republic of Cuba otherwise entitled to the deposit, or to any other party to a blocked wire transfer to the full extent of such amount so held subject to further order of the Court, or paid over into the registry of the Court.

### JPM Chase's Second Counterclaim

36. JPM Chase repeats and realleges its responses to paragraphs 1 to 35 hereof.

37. JPM Chase is entitled to judgment in its favor awarding JPM Chase its costs and the reasonable attorneys fees incurred in responding to Petitioner's enforcement efforts, any such amount to be awarded out of the amount turned over pursuant to a

judgment entered under TRIA in Petitioner's favor, as well as such other and further relief as may be appropriate.

## Prayer for Relief

WHEREFORE, JPM Chase prays that the Court issue an Order denying Petitioner's Prayer for Relief or, in the alternative, issue an Order determining in respect of Petitioner's claim for turnover the items listed in paragraph 35 hereof. JPM Chase also prays that the Court issue an Order awarding JPM Chase its costs and the reasonable attorneys fees incurred in responding to the Petitioner's enforcement efforts, as well as such other and further relief as may be appropriate.

Dated:  New York, New York
        August 18, 2011

**Of Counsel**
Karen E. Wagner
Thomas M. Noone
Lauren B. Schorr

DAVIS POLK & WARDWELL LLP

By: _____
    James L. Kerr

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com
*Attorneys for Garnishee-Respondent
JPMorgan Chase Bank, N.A.*