**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEANNETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER ("Bobby Fuller"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of Lynita Fuller Caskey surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, GRACE LUTES, JEANNETTE FULLER HAUSLER, IRENE MOSS, and FRANCES FULLER,<br><br>       Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA, FIDEL CASTRO RUZ, THE CUBAN REVOLUTIONARY ARMED FORCES, EL MINISTERIO DEL INTERIOR<br><br>       Defendant. | Case No. 09-CV-10289 (VM) |

**RICHARD M. MCGONIGAL'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO SUBSTITUTE AS A PARTY PURSUANT TO FRCP 25**

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Richard M. McGonigal Personal Representative*
*of the Estate of Jeannette Fuller Hausler, deceased, in her individual capacity*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF RELEVANT FACTS .....................................................................................1

ARGUMENT ..................................................................................................................................2

      THE MOTION SHOULD BE GRANTED AS MR. MCGONIGAL
      MEETS FRCP 25(a)(1)'s REQUIREMENTS FOR SUBSTITUTION .............................2

           A.     This Motion to Substitute is Timely ............................................................3
           B.     The Estate's Rights to the Judgment Survive Mrs. Hausler's Death ...........3
           C.     Mr. McGonigal as the Estate's Personal  Representative is a Proper Party
                  for Substitution............................................................................................3

CONCLUSION ...............................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bruccoleri v. Gangemi*,
  No. 17-CV-7443, 2019 U.S. Dist. LEXIS 20943 (E.D.N.Y. Feb. 7, 2019)...............................4

*Int'l Cablevision, Inc. v. Sykes*,
  172 F.R.D. 63 (W.D.N.Y. 1997).................................................................................................3

*Low v. Tian Yu Inc.*,
  2015 U.S. Dist. LEXIS 28823, 2015 WL 1011699 (S.D.N.Y. Mar. 9, 2015).........................34

*Mendez v. Knoblach*,
  No. 11-CV-961, 2013 U.S. Dist. LEXIS 168930, 2013 WL 6195750 (N.D.N.Y. Nov.
  27, 2013) ....................................................................................................................................4

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*,
  No. CV 13-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug. 3,
  2017) ..........................................................................................................................................4

*Roe v. City of New York*,
  2003 US DIST LEXIS 20705 at *3-4, Case No. 00-cv-9062 (RWS) (S.D.N.Y. 2003) ............3

*Variety Children's Hosp. v. Perkins*,
  382 So. 2d 331 (Fla. Dist. Ct. App. 1980) .................................................................................3

*Vera v. The Republic of Cuba*,
  Case No. 12-cv-1596 (AKH) ....................................................................................................1

**Statutes**

Fla. Stat. Ann. § 731.201(28)...........................................................................................................4

N.Y. Est. Powers & Trusts Law § 1.25............................................................................................4

N.Y. Est. Powers & Trusts Law § 11-3.1 ........................................................................................3

N.Y. Est. Powers & Trusts Law § 11-3.2 ........................................................................................3

**Other Authorities**

Fed. R. Civ. P. 25(a) ................................................................................................................2, 3, 4

Fed. R. Civ. P. 25(a)(1)..............................................................................................................2, 3

Richard M. McGonigal ("Mr. McGonigal"), as the Personal Representative of the Estate of Jeannette Fuller Hausler, deceased, in her individual capacity (the "Estate"), by his attorneys, Greenberg Traurig, LLP, respectfully submits this memorandum of law in support of his motion to substitute a party pursuant to Federal Rule of Civil Procedure ("FRCP") 25.

## PRELIMINARY STATEMENT

Petitioner Jeannette Fuller Hausler ("Mrs. Hausler") is a party herein in her individual capacity. Mrs. Hausler passed away on November 22, 2018. Mr. McGonigal's motion to substitute for Mrs. Hausler in her individual capacity as the Estate's Personal Representative should be granted because 1) this motion is being made timely, 2) Mrs. Hausler's individual claim to the judgment survives her death, and 3) Mr. McGonigal, as the Estate's Personal Representative pursuant to letters to administer the Estate, is a proper party for substitution.

## STATEMENT OF RELEVANT FACTS

In 2007, Mrs. Hausler, in her individual capacity, and as the representative of the Estate of Robert Otis Fuller (the "Fuller Estate"), obtained a judgment (ECF No. 1-1 at p. 9, the "Judgment")[1] in Florida state court against the Republic of Cuba and its agencies and instrumentalities for the extra-judicial killing of Robert Otis Fuller. (*See* ECF No. 1-1 at p. 9.) On

---

[1] The judgment was also in favor of several other parties, not relevant to this motion. The Florida state judgment was then granted full faith and credit in the United States District Court for the Southern District of Florida. The resulting federal judgment was then registered in the Southern District of New York under Case No. 18 Misc. 302. Separately, Florida state court garnishment proceedings were removed to the Southern District of Florida, and by order of that court transferred to the Southern District of New York under this docket number and was consolidated with the Miscellaneous proceeding. These judgments are collectively referred to in this motion as the "Judgment." Mrs. Hausler also intervened in *Vera v. The Republic of Cuba*, Case No. 12-cv-1596 (AKH) in further efforts to enforce the Judgment.

November 22, 2018, at the age of 89, Mrs. Hausler passed away. (10/11/2019 Perkins Decl. Exh. 1.)

Prior to her death, Mrs. Hausler had been enforcing the Judgment (in both her individual capacity and as the personal representative for the Fuller Estate) in various state and federal courts in Florida and New York including in this Court. (*See, e.g.*, ECF No. 31.) As part of the enforcement efforts, levies of writs of execution to enforce the Judgment have been extended herein by court order and remain active, with the most recent order granting extension of the levies to January 17, 2020. (ECF No. 691.)

On May 22, 2019, William O. Fuller was properly substituted in this case as the Successor Personal Representative of the Fuller Estate (ECF No. 690), leaving only Mrs. Hausler's individual rights unrepresented by a party since her death.

Although final judgments for various turnover petitions have been entered, there are multiple levies of writs of execution still pending. (*See* 10/11/2019 Perkins Decl. ¶ 8.)

On January 17, 2019, Mrs. Hausler and William Fuller's attorneys informed the Court via letter of Mrs. Hausler's passing. (ECF No. 683.) The Court extended the time to file this motion to October 11, 2019. (ECF Nos. 684, 689.)

## ARGUMENT

### THE MOTION SHOULD BE GRANTED AS MR. MCGONIGAL MEETS FRCP 25(a)(1)'s REQUIREMENTS FOR SUBSTITUTION

FRCP 25(a) governs the substitution of a party after the death of a party. FRCP 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

There are three requirements for substituting a party under FRCP 25(a)(1): "1) the motion must be timely; 2) the claims must survive the decedent's death, and 3) the party sought to be substituted for the decedent must be a proper party." *Low v. Tian Yu Inc.*, 2015 U.S. Dist. LEXIS 28823, *3-4, 2015 WL 1011699 (S.D.N.Y. Mar. 9, 2015) (citations omitted).

### A.   This Motion to Substitute is Timely

Pursuant to FRCP 25(a)(1) the motion to substitute must be brought within 90 days after service of the statement noting the death. FRCP 25(a)(1). By endorsed orders, the Court permitted a filing of this motion by no later than October 11, 2019. (ECF No. 684, 689.) *See Roe v. City of New York*, 2003 US DIST LEXIS 20705 at *3-4, Case No. 00-cv-9062 (RWS) (S.D.N.Y. 2003) (motion under FRCP 25(a) considered timely when filed within extension period granted by court).

### B.   The Estate's Rights to the Judgment Survive Mrs. Hausler's Death

The Estate's rights to enforce the Judgment survive Mrs. Hausler's death. *See Variety Children's Hosp. v. Perkins*, 382 So. 2d 331, 336-38 (Fla. Dist. Ct. App. 1980) ("It is a fundamental principle that a subsequent change in circumstances, including the death of a party, does not affect the validity or enforceability of a duly entered final judgment."); *Low v. Tian Yu Inc.*, 2015 U.S. Dist. LEXIS 28823, *5, ("Under federal common law, a federal claim survives the death of a party if it is remedial and not penal in nature.") (quoting *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 67 (W.D.N.Y. 1997); *see also* N.Y.E.P.T.L §§ 11-3.1, 11-3.2 (claims, exclusive of punitive damages, survive and may be maintained by a personal representative).

### C.   Mr. McGonigal as the Estate's Personal Representative is a Proper Party for Substitution

Rule 25(a) requires that the party to be substituted must be a "proper party" but does not define who is a proper party. *See* FRCP 25(a). Courts have generally held that a "proper party" includes a "representative lawfully designated by state authority to represent the decedent's

3

estate." *Bruccoleri v. Gangemi*, No. 17-CV-7443, 2019 U.S. Dist. LEXIS 20943, at *18-19 (E.D.N.Y. Feb. 7, 2019) (internal quotations and citations omitted). "For purposes of substitution, a representative is determined by the forum state's law . . . ." *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. CV 13-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752, at *12 (E.D.N.Y. Aug. 3, 2017) (quoting *Mendez v. Knoblach*, No. 11-CV-961, 2013 U.S. Dist. LEXIS 168930, 2013 WL 6195750, at *2 (N.D.N.Y. Nov. 27, 2013). "New York law defines a personal representative as a person who has received letters to administer the estate of a decedent." *Id.* at *12-13, 24 & n.5 (internal quotations and citations omitted) (also stating that the definitions for "'personal representative' as between New York and Florida law are coterminous for purposes of the instant motion [to substitute under FRCP 25(a)], the Court will apply the definitions provided under New York law." (citing N.Y. E.P.T.L §1.25 and Fla. Stat. Ann. § 731.201(28))). As Mr. McGonigal was appointed to serve as Mrs. Hausler's personal representative, has received letters to administer Mrs. Hausler's Estate, and has been granted "full power" to do so, Mr. McGonigal is a proper substitute for Mrs. Hausler in her individual capacity. (*See* 10/11/2019 Perkins Decl. Exh. 2.)

**[THIS SPACE LEFT INTENTIONALLY BLANK]**

4

**CONCLUSION**

For the foregoing reasons, Mr. McGonigal respectfully requests that the Court order substitution of Mr. McGonigal as Personal Representative of the Estate of Jeannette Fuller Hausler, deceased, in her individual capacity, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 11, 2019

GREENBERG TRAURIG, LLP

By:   /s/ James W. Perkins
James W. Perkins, Esq.
Ashley A. LeBlanc, Esq.
200 Park Avenue, 39th Floor
New York, New York 10166
Phone: (212) 801-9200
Fax:   (212) 801-6400
perkinsj@gtlaw.com
leblanca@gtlaw.com

*Attorneys for Richard M. McGonigal, Personal Representative of the Estate of Jeannette Fuller Hausler, deceased*

5